CA 04 1747 FILED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:02-cv-00466-SJ-VVP
# Internal Use Only

Mag Jewelry Co., Inc. v. Cherokee, Inc. et al
Assigned to: Judge Sterling Johnson Jr.
Referred to: Magistrate-Judge Viktor V. Pohorelsky
Cause: 17:101 Copyright Infringement

Date Filed: 01/22/2002
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

-----------------------

**Mag Jewelry Co., Inc.** represented by **Kris R. Macaruso Marotti**
The Law Firm of Thomas A. Tarro III, Esq
The Summit East
Suite 330
300 Centerville Rd.
Warwick, RI 02886
401-737-7200
Fax: 401-732-3362
*LEAD ATTORNEY*

**Michael F. Maschio**
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036
212-790-9200
Fax: 212-575-0671
Email: MFM@CLL.Com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A TRUE COPY
DATED 5/12 2004
BY E. Fernandez
DEPUTY CLERK

(1)

**Thomas A. Tarro, III**
The Law Firm of Thomas A. Tarro III, Esq
The Summit East
Suite 330
300 Centerville Road
Warwick, RI 02886
401-737-7200
Fax: 401-732-3362
*LEAD ATTORNEY*

V.

**Defendant**

----------------------

**Cherokee, Inc.** represented by **Christine K. Ahern**
Duffy & Sweeney, Ltd.
One Turks Head Building.
Suite 1200
Providence, RI 02903
401-455-0700
*LEAD ATTORNEY*

**Craig M. Scott**
Duffy & Sweeney, Ltd.
One Turks Head Building
Suite 1200
Providence, RI 02903
401-455-0700
*LEAD ATTORNEY*

**William Dunnegan**
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
212-397-7008
Fax: 212-765-1460

Email:
Dunnegan@perkins-dunnegan.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald L. Zaslow**
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
212-397-7009
Fax: 212-765-1460
Email:
Zaslow@perkins-dunnegan.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Robert Margolis** | represented by | **Christine K. Ahern**<br>(See above for address)<br>*LEAD ATTORNEY*<br><br>**Craig M. Scott**<br>(See above for address)<br>*LEAD ATTORNEY*<br><br>**William Dunnegan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ronald L. Zaslow**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Target Corporation**<br>*dba*<br>Target Stores | represented by | **Christine K. Ahern**<br>(See above for address)<br>*LEAD ATTORNEY*<br><br>**Craig M. Scott**<br>(See above for address) |

*LEAD ATTORNEY*

**William Dunnegan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald L. Zaslow**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/22/2002 | 1 | Complaint filed and summons issued as to defendant(s) Cherokee, Inc., Robert Margolis, Target Corporation. Filing fee $150.00. Receipt number: 256687.. Filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Attachments: # 1 Civil Cover Sheet)(Villanueva, William) (Entered: 01/23/2002) |
| 02/15/2002 | 2 | Affidavit of Service for Summons and Complaint and Rules of Judge Johnson served on Target Corporation d/b/a Target Stores on 1/29/02 filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Fernandez, Erica) (Entered: 02/19/2002) |
| 02/15/2002 | 3 | Affidavit of Service for Summons & Complaint and Rules of Judge Johnson served on Cherokee, Inc. on 1/25/02 filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Fernandez, Erica) (Entered: 02/19/2002) |
| 02/22/2002 | 4 | Plaintiff's Motion for leave to appear pro hac vice *of Thomas A. Tarro, Esq.* filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Maschio, Michael) (Entered: 02/22/2002) |

| | | |
|---|---|---|
| 02/22/2002 | 5 | Plaintiff's Motion for leave to appear pro hac vice *of Kris R. Macaruso Marotti, Esq.* filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Maschio, Michael) (Entered: 02/22/2002) |
| 02/22/2002 | 6 | Consent to Electronic Case Filing filed by Michael Maschio, counsel for Plaintiff. Page 2 of the Registration Form is attached. (Vaughn, Terry) (Entered: 02/22/2002) |
| 02/28/2002 | 7 | Stipulation and order *(Proposed)* filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Attachments: # 1)(Zaslow, Ronald) (Entered: 02/28/2002) |
| 03/07/2002 | 8 | Letter from Ronald L. Zaslow to Michael F. Maschio dated 3.5.2 enclosing a copy of motion to dismiss for improper venue or to transfer w/supporting docs. (Noh, Kenneth) (Entered: 03/13/2002) |
| 03/13/2002 | 9 | Affidavit of Service for Summons & Complaint served on Cherokee, Inc. on 2/15/02 filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Reddy, Lisa) (Entered: 03/14/2002) |
| 03/15/2002 | 10 | Letter filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Zaslow, Ronald) (Entered: 03/15/2002) |
| 03/20/2002 | 11 | Letter filed by Ronald L. Zaslow, Esq. to Michael F. Maschio, Esq. dated 3/14/02 confirming that pltf has until 3/28/02 to oppose deft motion to transfer or dismiss and deft will have until 4/11/02 to reply. (Fernandez, Erica) (Entered: 03/20/2002) |

| | | |
|---|---|---|
| 03/25/2002 | 12 | Order granting motion for Kris R. Macaruso Marotti to appear pro hac vice for pltf. Fee of 25.00 paid, and receipt (#258081) attached. Signed by Judge Johnson on 3/11/02. (Reddy, Lisa) (Entered: 03/25/2002) |
| 03/25/2002 | | ** Attorney Kris R. Macaruso Marotti for Mag Jewelry Co., Inc. added to the case. (Reddy, Lisa) (Entered: 03/25/2002) |
| 03/25/2002 | 13 | Order granting motion for Thomas A. Tarro III to appear pro hac vice for pltf. Fee of 25.00 paid, receipt (#258080) attached. Signed by Judge Johnson on 3/11/02. (Reddy, Lisa) (Entered: 03/25/2002) |
| 03/25/2002 | | ** Attorney Thomas A. Tarro for Mag Jewelry Co., Inc. added to the case. (Reddy, Lisa) (Entered: 03/25/2002) |
| 04/08/2002 | 14 | Declaration */Memo in Support of Objection to Motion to Dismiss or Transfer* filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Reddy, Lisa) (Entered: 04/08/2002) |
| 04/08/2002 | 15 | Affidavit in opposition *to Application to Dismiss and/or Transfer* filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Reddy, Lisa) (Entered: 04/08/2002) |
| 04/10/2002 | 16 | Motion for leave to appear pro hac vice filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Zaslow, Ronald) (Entered: 04/10/2002) |
| 04/11/2002 | 17 | Motion to transfer to *U.S. District Court for the District of Rhode Island or Dismiss Plaintiff's* |

| | | |
|---|---|---|
| | | *Complaint* filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Attachments: # 1 Declaration of Service# 2 Plaintiff's Opposition Papers# 3 Reply Memo In Support and Second Trudell Affidavit# 4 Target Rule 1.9 Statement# 5 Cherokee Rule 1.9 Statement)(Zaslow, Ronald) (Entered: 04/11/2002) |
| 04/11/2002 | 18 | Declaration *of Service* filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Zaslow, Ronald) (Entered: 04/11/2002) |
| 04/16/2002 | | ** Set last document number to 18. (Reddy, Lisa) (Entered: 04/16/2002) |
| 04/16/2002 | 19 | Order granting dfts.' motion for Craig M. Scott and Christine K. Ahern to appear pro hac vice. Fee of 25.00 paid, receipt #260178 attached. (Reddy, Lisa) (Entered: 04/16/2002) |
| 04/16/2002 | | ** Attorneys Craig M. Scott Christine K. Ahern for Target Corporation; Cherokee, Inc. and Robert Margolis added to the case. (Reddy, Lisa) (Entered: 04/16/2002) |
| 05/24/2002 | 20 | Status Report *(Defendants' Rule 26(f) report)* filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Zaslow, Ronald) (Entered: 05/24/2002) |
| 06/06/2002 | 21 | Change of Address *for Perkins & Dunnegan* filed by Ronald L. Zaslow on behalf of Cherokee, Inc., Robert Margolis, Target Corporation. (Attachments: # 1 Declaration of Service)(Zaslow, Ronald) (Entered: 06/06/2002) |

| | | |
|---|---|---|
| 06/17/2002 | 22 | Letter filed by Ronald Zaslow to Gabriel O'Malley confirming the executed order by Judge Johnson granting pro hac vic admission to Craig M. Scott and Christine Ahern. (Black, Amanda) (Entered: 06/17/2002) |
| 08/22/2002 | 23 | Disclosure of interested party filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Maschio, Michael) (Entered: 08/22/2002) |
| 10/11/2002 | 24 | Order on discovery application. Motion to compel deposition denied; motion to stay discovery granted. (Pohorelsky, Viktor) (Entered: 10/11/2002) |
| 10/15/2002 | 25 | Letter filed by Michael F. Maschio, Esq. dated 09/09/02 to Magistrate Pohorelsky notifying the court that the attorney's for the parties cannot agree on a resolution of a discovery dispute and, as a consequence thereof, a ruling is requested. (exhibits attached) (Sica, Michele) (Entered: 10/15/2002) |
| 10/15/2002 | 26 | Letter filed by Craig M. Scott, Esq to Magistrate Pohorelsky dated 09/12/02. requesting that the defendants' position that there should be no further discovery in this case until dfts Motion To Dismiss is decided. Barring that, defendnants request that Plaintiff's letter request be denied and that the plaintiff be instructed to take Mr. Margolis' deposition, if at all, in California, at a mutually convenient date and time. (Sica, Michele) (Entered: 10/15/2002) |
| 10/15/2002 | 27 | Letter filed by Michael F. Maschio to Magistrate Pohorelsky dated 09/16/02 requesting a ruling on a Discovery dispute. (exhibits attached) (Sica, Michele) (Entered: 10/15/2002) |

| | | |
|---|---|---|
| 10/15/2002 | 28 | Stipulation and order *for the protection of confidential information* filed by Michael F. Maschio on behalf of Mag Jewelry Co., Inc.. (Maschio, Michael) (Entered: 10/15/2002) |
| 01/28/2003 | 29 | Letter from Michael F. Maschio, Esq. dated 11/4/03 to Judge Johnson requesting that the Court render a decision on deft's motion to dismiss at the earliest possible date. (Fernandez, Erica) (Entered: 01/28/2003) |
| 05/15/2003 | 30 | ORDER: Decision: The Plaintiff has moved to vacate an order staying discovery in this action. No circumstances have emerged to undercut the reasons underlying the court's decision, as articulated in the court's order staying discovery. Accordingly, for those reasons, the plaintiff's motion is denied . Signed by Judge Viktor V. Pohorelsky on 05/13/03. (Sica, Michele) (Entered: 05/15/2003) |
| 05/15/2003 | 31 | Letter dtd 05/08/03 from Christine K. Ahern to Judge Pohorelsky. requesting that plaintiff's request for reconsideration be denied. (Sica, Michele) (Entered: 05/15/2003) |
| 05/15/2003 | 32 | Letter dtd 05/01/03 from Michael F. Maschio to Magistrate Pohorelsky Regarding requesting that the stay be lifted and the parties be permitted to proceed with discovery. A continuation of the stay will further prejudice my client's position in this matter. (Sica, Michele) (Entered: 05/15/2003) |
| 03/31/2004 | | ***Motions terminated: 17 Motion to transfer to *U.S. District Court for the District of Rhode Island or Dismiss Plaintiff's Complaint* filed by Cherokee, Inc., Robert Margolis, Target Corporation. |

| | | |
|---|---|---|
| | | Memorandum an Order before Judge Johnson for signature(Marziliano, August) Modified on 3/31/2004 (Marziliano, August). (Entered: 03/31/2004) |
| 05/12/2004 | 33 | MEMORANDUM AND ORDER: Because venue is proper as to all defendants under 28 U.S.C. 1400(a), Defts' motion to dismiss under 28 U.S.C. 1406(a) is DENIED. Because this action originally could have been filed in the District of Rhode Island and Defendants have met their burden of demonstrating a basis for transfer, their motion to transfer to the District of Rhode Island under 28 U.S.C. 1404(a) is GRANTED. The Clerk is directed to transfer this case to the District of Rhode Island. Signed by Judge Sterling Johnson Jr. on 3/31/04. c/m by chambers.(Fernandez, Erica) (Entered: 05/12/2004) |
| 05/12/2004 | | Case transferred to District of Rhode Island. Original file, certified copy of transfer order, and docket sheet sent. (Fernandez, Erica) (Entered: 05/12/2004) |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK CV 02 0466

--------------------------------------------------------------- x

MAG JEWELRY CO., INC. :

Plaintiff, : No. 02 Civ.

-against- : PLAINTIFF DEMANDS A JURY TRIAL

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES

Defendants. :

--------------------------------------------------------------- x

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT, E.D.N.Y. ★ JAN 2 2 2002 ★ BROOKLYN OFFICE

JOHNSON, J.

POHORELSKY, M.J.

**COMPLAINT**

Plaintiff, by its attorneys, Cowan, Liebowitz & Latman, P.C., for its complaint against Defendants, alleges as follows:

**PARTIES**

1. Plaintiff, Mag Jewelry Co., Inc. ("Mag"), is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Cranston, Rhode Island;

2. Defendant, Cherokee, Inc. ("Cherokee"), upon information and belief is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 6835 Valjeen Avenue, Van Nuys, California 91406;

3. Defendant, Robert Margolis, upon information and belief is a resident of the State of California, and is a principal officer, director and shareholder of

Cherokee, holds a financial interest in Cherokee and supervises, directs and participates in the activities of Cherokee;

4. Defendant, Target Corporation d/b/a Target Stores ("Target"), upon information and belief is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business at 777 Nicolett Mall, Minneapolis, Minnesota 55402.

## JURISDICTION

5. Upon information and belief, the Defendants have the necessary minimum contacts with the State of New York to confer personal jurisdiction on this Court.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a) and 1367 in that this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq.; venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND FACTS

### A. Plaintiff's Copyrighted Work

7. Plaintiff Mag is in the business of designing, creating, manufacturing, and selling items of jewelry; one of the items of jewelry Plaintiff Mag created, manufactures, markets, and sells throughout the country is the "Crystal Angel", which is sold as earrings, necklace, and pin; a photocopy showing the "Crystal Angel" design is attached as Exhibit A.

8. The "Crystal Angel" was created by the Mag's employee and/or agent in 1992 and the manufacture and distribution of the same has continued by Mag from 1992 to the present. The "Crystal Angel" was a wholly original creation of Mag, by and through its employees and/or agents and was not copied from any previous design;

9. On or about November 29, 1995, Mag applied to the Register of Copyrights for a Certificate of Registration for the "Crystal Angel". The Certificate was duly issued by the Register of Copyrights with an effective date of November 29, 1995, and bearing Registration No. VA758-661. A photocopy of registration No. VA758-661 is attached as Exhibit B.

10. A supplemental registration was filed with Register of Copyrights by Mag on or about June 12, 1996, indicating that the correct date of first publication of the "Crystal Angel" by Mag was March 5, 1992. On or about June 13, 1996, a corrected Certificate was duly issued by the Register of Copyrights bearing Registration No. VA787-020. A photocopy copy of the registration Certificate No. VA787-020 is attached as Exhibit C.

11. Mag is the author of the "Crystal Angel" design, a work made for hire, which is an original creation and constitutes copyrightable subject matter under the Copyright Act.

12. Mag has duly complied with all relevant requirements of the Copyright Act with respect to the "Crystal Angel" design and the certificates of registration issued in connection with that design are valid and subsisting.

13. The "Crystal Angel" design has been widely sold commercially since 1992 and others within the jewelry industry have also had access to the design at trade shows since at least as early as 1994.

**B. Defendants' Infringement**

14. Upon information and belief Defendant Cherokee has within the past three years manufactured, marketed, distributed and sold crystal angel jewelry items comprised of four (4) crystal stones with a ring as a halo, which items are copied from, and identical and/or substantially similar to, Mag's copyrighted "Crystal Angel" design. Photographs of the Defendant Cherokee's infringing items are attached as Exhibit D.

15. Upon information and belief, Defendant Target has within the past three years marketed, advertised for sale and sold crystal angel jewelry items which are copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel" design; Photocopies of the Defendant Target's infringing items are attached as Exhibit E.

16. Upon information and belief, Defendants had access to Mag's highly successful "Crystal Angel" design prior to manufacturing, marketing or distributing the aforementioned items;

17. Without the Plaintiff's permission and in violation of the Plaintiff's rights, and with full knowledge of Plaintiff's copyright in same, the Defendants have deliberately caused the reproduction, manufacture, promotion, importation, distribution and/or sale of items of jewelry that are copied from, derived from, and

virtually identical to Plaintiff's registered design and have infringed upon the Plaintiff's original copyrighted jewelry design, "Crystal Angel."

18. As a direct and proximate result of the Defendants' acts of infringement, the Plaintiff has suffered damages;

19. The Defendants' acts of infringement have been and continue to be willful;

20. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains to which they are not in law or in equity entitled.

21. The aforementioned acts of Defendants have damaged and will continue to damage Mag and cause it irreparable harm, and Mag has no adequate remedy at law.

**CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT**

**17 U.S.C. § 101 ET. SEQ.**

22. By their actions alleged herein, the Defendants have infringed and willfully continue to infringe Plaintiff's copyright in and related to "Crystal Angel" by deliberately reproducing, manufacturing, marketing, promoting, distributing, and selling a product, which is copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel";

23. Plaintiff is entitled to recover from the Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and

advantages obtained by the Defendants, as a result of its acts of infringement as alleged herein;

24. Plaintiff is further entitled to an injunction restraining the Defendants, its officers, agents, and employees from engaging in further such acts, in violation of the copyright laws.

WHEREFORE, Plaintiff prays for the following relief:

A. That defendants, their agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be preliminarily and permanently enjoined from reproducing, making, reprinting, publishing, displaying, manufacturing, importing, selling, offering for sale, promoting, marketing, advertising, distributing and/or commercially exploiting in any manner, either directly or indirectly, jewelry or other articles which embody Mag's copyrighted "Crystal Angel" design, or any design substantially similar thereto, including but not limited to the items labeled and depicted on Exhibits D and E hereto.

B. That Mag be entitled to recover:

(1) (a) all damages suffered by Mag as a result of defendants' infringing acts, and (b) all profits derived from defendants' wrongful acts in an amount to be determined at the trial of this action; or

(2) in lieu of such damages and profits, should Mag so elect, an award of statutory damages with respect to each infringement as provided by 17 U.S.C. § 504(c);

C. That defendants be directed to (a) recall from defendants' customers and (b) deliver to Mag for destruction all jewelry, products, designs, artwork, advertising, brochures, catalogues, promotional materials, means of manufacture and/or other materials, which, if sold, distributed or used in any way would violate paragraph A above and (c) account for and pay to Mag all gains, profits and advantages derived by Defendants by their wrongful acts, with lawful interest.

D. That Mag recover from defendants all costs incurred in this action, including the reasonable attorney's fees incurred in connection with Mag's claim of copyright infringement with respect to the "Crystal Angel" design, together with such other and further relief as this Court may deem just and proper.

Plaintiff,
By and Through Its Attorneys,

Michael F. Maschio, Esq. (MFM 2366)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036
(212) 790-9200
(212) 575-0671 (fax)

Dated: January 18, 2002

PLAINTIFF HEREBY CLAIMS ITS RIGHT TO TRIAL BY JURY



A

# ...ATE OF REGISTR...ION

UNITED STATES COPYRIGHT OFFICE · THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
*United States of America*

# FORM VA

UNITED STATES COPYRIGHT OFFICE

REGI...

VA 758-661

EFFECTIVE DATE OF REGISTRATION

11 29 95
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**TITLE OF THIS WORK ▼**

CRYSTAL ANGEL

**NATURE OF THIS WORK ▼** See instructions

Jewelry design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**a** **NAME OF AUTHOR ▼**

Mag Jewelry Co., Inc.

**DATES OF BIRTH AND DEATH** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE
...the law, ...uthor" of a ...made for...

**NATURE OF AUTHORSHIP** Check appropriate box(es). See instructions

☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☒ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

07781103E

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See instructions

☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** 1995 ◀ Year. This information must be given in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ June Day ▶ 1 Year ▶ 1995
USA ◀ Nation

C... ...nd address must be given even if the claimant is the same as the author given in space...

Mag Jewelry Co., Inc.
838 Dyer Avenue, Cranston, RI 02920

...struc... ...completing ...ace.

**TRANSFER** If the claimant(s) named here in space 4 are dif... ...n space 2, give a brief statement of how the claimant(s) obtained ow...

EXHIBIT 2

APPLICATION RECEIVED
NOV 29 1995
ONE DEPOSIT RECEIVED
NOV 29 1995
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶ • Complete all applicable spaces (numb...

DO NOT WRITE HERE

**FORM CA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|---|---|---|---|---|---|---|---|---|

Effective Date of Supplementary Registration

.................. (MONTH) ....... (DAY) ........... (YEAR)

**DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY**

**A** Basic Instructions

**TITLE OF WORK:**
CRYSTAL ANGEL

**REGISTRATION NUMBER OF BASIC REGISTRATION:**
VA 758-661

**YEAR OF BASIC REGISTRATION:**
1995

**NAME(S) OF AUTHOR(S):**
Mag Jewelry Co., Inc.

**NAME(S) OF COPYRIGHT CLAIMANT(S):**
Mag Jewelry Co., Inc.

**B** Correction

**LOCATION AND NATURE OF INCORRECT INFORMATION IN BASIC REGISTRATION:**
Line Number ...3a...... Line Heading or Description Year in which creation of this work was completed

**INCORRECT INFORMATION AS IT APPEARS IN BASIC REGISTRATION:**
1995

**CORRECTED INFORMATION:**
1992

**EXPLANATION OF CORRECTION:** (Optional)

**C** Amplification

**LOCATION AND NATURE OF INFORMATION IN BASIC REGISTRATION TO BE AMPLIFIED:**
Line Number ............ Line Heading or Description ..............................

**AMPLIFIED INFORMATION:**

**EXPLANATION OF AMPLIFIED INFORMATION:** (Optional)

EXHIBIT
3

C

TARGET

12/02/01 5:10 PM
RETURN BEFORE 03/02/02

GIVING A GIFT? Include a gift receipt!
A receipt dated within 90 days is
required for all returns & exchanges.

| | | | |
|---|---|---|---|
| 001 | 215010318 CHEROKEE | T | 4.00↓ |
| 002 | 215010325 CHEROKEE | T | 4.00↓ |
| 003 | 215010322 CHEROKEE | T | 4.00↓ |
| 004 | 215010323 CHEROKEE | T | 4.00↓ |
| 005 | 215010314 CHEROKEE | T | 4.00↓ |
| 006 | 215010316 CHEROKEE | T | 4.00↓ |
| 007 | 215010317 CHEROKEE | T | 4.00↓ |
| 008 | 215010320 CHEROKEE | T | 4.00↓ |
| | SUBTOTAL | | 32.00 |
| | T= 7.000% TAX | | 2.24 |
| | TOTAL | | 34.24 |

AMERICAN EXPRESS CHARGE 34.24
ACCOUNT NUMBER * ***********4002
00 515748 02/99 01/02

RECEIPT ID# 2-1336-1188-0080-3534-6
VCD# 11506707 CSH# 046 8 ITEMS

↓ INDICATES SALE PRICE

SPEND $75 AT TARGET.COM & SAVE 10%
(MERCHANDISE ONLY). EXPIRES 12/15/01
ENTER THIS PROMOTION CODE: MYTARGET









Some jewelry on this page is enlarged to show detail.


CHEROKEE
FEBRUARY AMETHYST
AUSTRIAN CRYSTAL
PENDANT
NICKEL FREE
$4.99


CHEROKEE
215 01 0322
92150 10322 7
$4.99
APRIL CRYSTAL
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99


CHEROKEE
$4.99
MAY EMERALD
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99


CHEROKEE
215 01 0325
92150 10325 8
JULY RUBY
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99


CHEROKEE®
AUGUST PERIDOT
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0314
4 92150 10314 2


CHEROKEE®
OCTOBER ROSE
NICKEL FREE
$4.99
215 01 0316
$4.99


CHEROKEE®
NOVEMBER TOPAZ
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0317
4 92150 10317 3
$4.99


CHEROKEE®
DECEMBER BLUE ZIRCON
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0318
4 92150 10318 9




TARGET

01/17/02 7:40 PM
RETURN BEFORE 04/17/02

GIVING A GIFT? Include a gift receipt!
A receipt dated within 90 days is
required for all returns & exchanges.

| | | | | |
|---|---|---|---|---|
| 001 | 215010317 | CHEROKEE | T | 4.99 |
| 002 | 215010318 | CHEROKEE | T | 4.99 |
| 003 | 215010314 | CHEROKEE | T | 4.99 |
| | | SUBTOTAL | | 14.97 |
| | | T= 8.250% TAX | | 1.24 |
| | | TOTAL | | 16.21 |
| | | CASH PAYMENT | | 20.01 |
| | | CHANGE | | 3.80 |

RECEIPT ID# 2-2017-1344-0071-8688-8
VCD# 11036360 CSH# 125 3 ITEMS

AOL VERSION 7.0 NOW AT TARGET!
SIGN UP AND SAVE 10% ON TARGET.COM
SEE A CASHIER TO GET YOUR CD-ROM






JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

CV 02 0466

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MAG JEWELRY CO., INC.

**DEFENDANTS**

CHEROKEE INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF PROVIDENCE, RI
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____________
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 22 2002 ★
BROOKLYN OFFICE

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 790-9200

ATTORNEYS (IF KNOWN)

JOHNSON, J.

POHORELSKY, M.J.

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. &Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW(405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commercial/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selected Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Action for Copyright Infringement under the Copyright Act of 1976, 17 U.S.C. 101 et. seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMANDS$**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____________ DOCKET NUMBER ________

DATE 1/22/02 SIGNATURE OF ATTORNEY OF RECORD [signature] 466

*FOR OFFICE USE ONLY*

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE Johnson ________ MAG. JUDGE Pohorelsky

# ARBITRATION CERTIFICATION

I, MICHAEL F. MASCHIO, counsel for MAG JEWELRY CO., INC., PLAINTIFF do hereby certify pursuant to the Local Civil Rule 83. 10, at (d) (3), that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

X Relief other than monetary damages is sought.

## DISCLOSURE OF INTERESTED PARTIES - LOCAL CIVIL RULE 1. 9

Identify any corporate parents, subsidiaries or affiliates of named corporate parties:

NONE

Did the cause arise in Nassau or Suffolk County? NO

If you answered yes, please indicate which county. ____

County of residence of plaintiff(s) (1) PROVIDENCE, RI
(2) ____
(3) ____

County of residence of defendant(s) (1) LOS ANGELES, CA
(2) LOS ANGELES, CA
(3) HENNEPIN, MN

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

**Yes ☒** **No☐**

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes☐ **(If yes, please explain)** No☒

Please provide your E-MAIL Address and bar code below. Your bar code consist of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.

**(This information must be provided pursuant to local rule 11.1(b) of the local civil rules)**

**Attorney Bar Code:** MM2366

**E-Mail Address:** MFM@CLL.COM

GENERAL AFFIDAVIT OF SERV

Service n Corporation Through Sec ary of State

Index Number: CV 02 0466

~~STATE OF~~ ~~COURT~~ ~~COUNTY~~

Mag Jewelry Co., Inc.

Plaintiff - Petitioner

vs.

Cherokee Inc., Robert Margolis, et al.

Defendant - Respondent

STATE OF New York
COUNTY OF Schenectady

ss.: Tom Coyne, being duly sworn, deposes and says: THAT deponent is not a party to this action, is over 18 years of age and resides at Albany Co.
That on 1/29/02 at 12:15 P M.
in the office of the Secretary of State, of the State of NEW YORK
in the city of Albany deponent served the within
SUMMONS & COMPLAINT AND RULES OF JUDGE JOHNSON
upon Target Corporation d/b/a Target Stores,
the defendant therein named.
By delivering to and leaving with Alecia Dobbs
the Clerk in the office of the Secretary of State, of the State of New York, personally at the office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $ 40.00

That said service was made pursuant to Section 306 of the Business Corporation Law.

Deponent further says that he knew the person so served as aforesaid to be employed in the Office of Secretary of State of the State of New York and duly authorized to accept such service on behalf of said defendant(s).

DESCRIPTION - Deponent describes the individual served as follows:

| SEX | SKIN COLOR | HAIR COLOR | APPROX. AGE | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| F | Bl | Bl | 25 | 56 | 120 |

Sworn to before me, this 5th day of February, 2002

Notary Public

ROSEANN PECORARO
Notary Public - State of New York
No. 01PE4699135
Qualified in Schenectady County
My Commission Expires 1/31/06

Print Name

APR INTERNATIONAL
146-148 Barrett Street
P.O. Box 1049
Schenectady, New York 12301
Phone (518) 374-8390
258

2002 FEB 15 A 8: 58
CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF N.Y.

(2)

State of New York - Department of State
Receipt for Service

Receipt #: 200201290424
Date of Service: 01/29/2002
Service Company: D9 APR INTERNATIONAL

Cash #: 200201290397
Fee Paid: $40 - CHECK

Service was directed to be made pursuant to: SECTION 306 OF THE BUSINESS CORPORATION LAW

Party Served: TARGET CORPORATION

Plaintiff/Petitioner:
MAG JEWELRY CO., INC

Name of Plaintiff/Petitioner's Attorney:
MICHAEL F MASCHO

Service of Process Address:
TARGET CORPORATION
777 NICOLLET MALL
MINNEAPOLIS, MN 55402

Secretary of State
By ALICIA DOBBS

AL-258

AO 440 (Rev. 10/93) Summons in a Ci· ·ion

# United States District Court

## *Eastern District of New York*

MAG JEWELRY CO., INC.,

PLAINTIFF,

SUMMONS IN A CIVIL CASE

v.

CASE NUMBER: 02-CV CV 0466

JOHNSON, J.

POHORELSKY, M.J.

CHEROKEE INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,

DEFENDANT.

TO: (Name and address of defendant)

CHEROKEE INC.
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

ROBERT MARGOLIS
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

TARGET CORPORATION
d/b/a TARGET STORES
777 NICOLLET MALL, 1400
MINNEAPOLIS, MN 55402

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MICHAEL F. MASCHIO, ESQ.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

CLERK

JAN 22 2002

DATE

Miriam Ventre

(BY) DEPUTY CLERK

ECF

GENERAL AFFIDAVIT OF SERVI
Service ı Corporation Through Secr ary of State
Index Number: CV 02 0466

~~STATE OF~~ ~~COURT~~ ~~COUNTY~~

Mag Jewelry Co., Inc.

Plaintiff - Petitioner

vs.

Cherokee Inc., Robert Margolis, et al.

Defendant - Respondent

STATE OF New York
COUNTY OF Schenectady
ss.: Tom Coyne, being duly sworn,
deposes and says: THAT deponent is not a party to this action, is over 18 years of age and resides at Albany Co
That on 1/25/02 at 2:45 P M.
in the office of the Secretary of State, of the State of New York
in the city of Albany deponent served the within
SUMMONS & COMPLAINT AND RULES OF JUDGE JOHNSON
upon Cherokee, Inc.,
the defendant therein named.
By delivering to and leaving with Carol Vogt
the Clerk in the office of the Secretary of State,
of the State of New York, personally at the office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of $ 40.00

That said service was made pursuant to Section 306 of the Business Corporation Law.

Deponent further says that he knew the person so served as aforesaid to be employed in the Office of Secretary of State of the State of New York and duly authorized to accept such service on behalf of said defendant(s).

DESCRIPTION - Deponent describes the individual served as follows:

| SEX | SKIN COLOR | HAIR COLOR | APPROX. AGE | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| F | Wh | Br | 45 | 5'5 | 120 |

U.S. DISTRICT COURT
CLERK
2004 FEB 15 A 8:50

Sworn to before me, this
31ST day of January, 2002

Roseann Pecoraro

Notary Public

Print Name

APR INTERNATIONAL
146-148 Barrett Street
P.O. Box 1049
Schenectady, New York 12301
Phone (518) 374-8390
257

ROSEANN PECORARO
Notary Public - State of New York
No. 01PE4699135
Qualified in Schenectady County
My Commission Expires 1/31/06

(3)

State of New York - Department of State
Receipt for Service

Receipt #: 200201280157
Cash #: 200201280133
Date of Service: 01/25/2002
Fee Paid: $40 - CHECK
Service Company: D9 APR INTERNATIONAL

Service was directed to be made pursuant to: SECTION 306 OF THE BUSINESS CORPORATION LAW

Party Served: CHEROKEE INC.

Plaintiff/Petitioner:
MAG JEWELRY CO INC

Name of Plaintiff/Petitioner's Attorney:
COWAN LIEBOWITZ & LATMAN PC

Service of Process Address:
C/O THE PRENTICE-HALL CORPORATION SYSTEM
500 CENTRAL AVENUE
ALBANY, NY 12206-2290

Secretary of State
By CAROL VOGT
AL-257

AO 440 (Rev. 10/93) Summons in a Ci' 'ion

# United States District Court
## *Eastern District of New York*

MAG JEWELRY CO., INC.,

PLAINTIFF,

SUMMONS IN A CIVIL CASE

v.

CASE NUMBER: 02-CV CV 02 0466

JOHNSON, J.
POHORELSKY, M.J.

CHEROKEE INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,

DEFENDANT.

TO: (Name and address of defendant)

CHEROKEE INC.
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

ROBERT MARGOLIS
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

TARGET CORPORATION
d/b/a TARGET STORES
777 NICOLLET MALL, 1400
MINNEAPOLIS, MN 55402

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MICHAEL F. MASCHIO, ESQ.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN
CLERK

JAN 22 2002
DATE

[signature]
(BY) DEPUTY CLERK

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.** | |
| | **Civil No.: 02 CV 0466** |
| **Plaintiff,** | |
| | **ORDER GRANTING ADMISSION PRO HAC VICE** |
| **v.** | |
| **CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,** | **Hon. Sterling Johnson, Jr.** |
| **Defendants.** | |

THIS MATTER having been opened to the Court by Cowan, Liebowitz & Latman, P.C., attorneys for plaintiff Mag Jewelry Co., Inc., for an Order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hac vice* of Thomas A. Tarro, III, Esq., for plaintiff Mag Jewelry Co., Inc. in this action, and upon the affirmation submitted in support of this application, and for good cause shown, it is hereby

ORDERED that the Motion is GRANTED, and that Thomas A. Tarro, III be admitted to this Court *pro hac vice* for all purposes in connection with this action.

________________________________
HON. STERLING JOHNSON, JR.
U.S. DISTRICT COURT JUDGE

Dated: February __, 2002

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MAG JEWELRY CO., INC.** | ) | |
| | ) | **Civil No.: 02 CV 0466** |
| **Plaintiff,** | ) | |
| | ) | **NOTICE OF MOTION FOR** |
| **v.** | ) | **ADMISSION PRO HAC VICE** |
| | ) | |
| **CHEROKEE, INC., ROBERT** | ) | |
| **MARGOLIS AND TARGET** | ) | |
| **CORPORATION d/b/a TARGET** | ) | **Hon. Sterling Johnson, Jr.** |
| **STORES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ______________________________ | ) | |

PLEASE TAKE NOTICE that, upon the annexed affirmation of Michael F. Maschio, and the exhibit attached thereto, plaintiff Mag Jewelry Co., Inc, by their attorneys Cowan, Liebowitz & Latman, P.C., will move this Court before the Hon. Sterling Johnson, Jr., U.S.D.J., United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the __ day of February 2002, at 10:00 a.m., or as soon thereafter as counsel may be heard, for the *pro hac vice* admission of Thomas A. Tarro, III, Esq. to the Bar of this Court for the

purposes of representing plaintiff in this action, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 21, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By ______________________
Michael F. Maschio (MM 2366)
Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Tel.: (212)790-9200
Fax: (212) 575-0671
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

TO:

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MAG JEWELRY CO., INC.** | ) | |
| | ) | **Civil No.: 02 CV 0466** |
| **Plaintiff,** | ) | |
| | ) | **AFFIRMATION IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE** |
| **v.** | ) | |
| | ) | |
| **CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,** | ) | **Hon. Sterling Johnson, Jr.** |
| | ) | |
| **Defendants.** | ) | |

Michael F. Maschio, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the Plaintiff. I submit this affirmation in support of Plaintiff's motion for admission of Thomas A. Tarro, III, Esq., *pro hac vice*.

1. Thomas A. Tarro, III, Esq. is a non-resident attorney licensed to practice law in the State of Rhode Island and the United States District Court of

Rhode Island, and is a member in good standing in such jurisdiction. Certificates of Good Standing are annexed.

2. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the Plaintiff on the substantive and procedural matters pending before this Court, Mr. Tarro is familiar with certain issues and potential witnesses relative to this action.

3. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for the defendants on this 21 day of February 2002.

Respectfully Submitted,

Michael F. Maschio (MM 2366)
**COWAN, LIEBOWITZ & LATMAN, P.C.**

Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, NY 10036-6799
Tel.: (212)790-9200
Fax: (212) 575-0671

-and-

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-4233

State of Rhode Island and Providence Plantations

## This Certifies

That Thomas A. Tarro III of

East Greenwich, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 30th day of May A.D. 1978 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 12th day of February, A.D. 2002

Karen Macchiulli

Clerk.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was delivered by first class U.S. Mail (postage prepaid) this 21st day of February, 2002 to Cherokee Inc., 6835 Valjean Avenue, Van Nuys, CA 91406; Robert Margolis, 6835 Valjean Avenue, Van Nuys, CA 91406; and Target Corporation d/b/a Target Stores, 777 Nicollet Mall, 1400, Minneapolis, MN 55402.

SUSAN R. SCHICK

ECF
COURTESY COPY

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON, JR.
FEB 22 2002
TIME A.M.________
P.M.________

2002 FEB 22 A 9:20

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.** <br> **Plaintiff,** <br> **v.** <br> **CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,** <br> **Defendants.** | **Civil No.: 02 CV 0466** <br> **NOTICE OF MOTION FOR ADMISSION PRO HAC VICE** <br> **Hon. Sterling Johnson, Jr.** |

PLEASE TAKE NOTICE that, upon the annexed affirmation of Michael F. Maschio, and the exhibit attached thereto, plaintiff Mag Jewelry Co., Inc, by their attorneys Cowan, Liebowitz & Latman, P.C., will move this Court before the Hon. Sterling Johnson, Jr., U.S.D.J., United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the __ day of February 2002, at 10:00 a.m., or as soon thereafter as counsel may be heard, for the *pro hac vice* admission of Kris R. Macaruso Marotti, Esq. to the Bar of this Court for

Copy of #5

the purposes of representing plaintiff in this action, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 21, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By ______________________
Michael F. Maschio (MM 2366)
Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Tel.: (212)790-9200
Fax: (212) 575-0671
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

TO:

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**AFFIRMATION IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

Michael F. Maschio, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the Plaintiff. I submit this affirmation in support of Plaintiff's motion for admission of Kris R. Macaruso Marotti, Esq., *pro hac vice*.

1. Kris R. Macaruso Marotti, Esq. is a non-resident attorney licensed to practice law in the State of Rhode Island and the United States District Court of

Rhode Island, and is a member in good standing in such jurisdiction. Certificates of Good Standing are annexed.

2. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the Plaintiff on the substantive and procedural matters pending before this Court, Ms. Marotti is familiar with certain issues and potential witnesses relative to this action.

3. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for the defendants on this 21 day of February 2002.

Respectfully Submitted,

Michael F. Maschio (MM 2366)
**COWAN, LIEBOWITZ & LATMAN, P.C.**

Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, NY 10036-6799
Tel.: (212)790-9200
Fax: (212) 575-0671

-and-

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-4233

State of Rhode Island and Providence Plantations

This Certifies

That Kris Macaruso Marotti of

Albion, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 23rd day of October A.D. 1991 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 12th day of February, A.D. 2002

Kathleen Mcachrolt

Clerk.

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.** ) | |
| ) | **Civil No.: 02 CV 0466** |
| **Plaintiff,** ) | |
| ) | **ORDER GRANTING** |
| **v.** ) | **ADMISSION PRO HAC VICE** |
| ) | |
| **CHEROKEE, INC., ROBERT** ) | |
| **MARGOLIS AND TARGET** ) | |
| **CORPORATION d/b/a TARGET** ) | **Hon. Sterling Johnson, Jr.** |
| **STORES,** ) | |
| ) | |
| **Defendants.** ) | |
| ________________________________ ) | |

THIS MATTER having been opened to the Court by Cowan, Liebowitz & Latman, P.C., attorneys for plaintiff Mag Jewelry Co., Inc., for an Order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hac vice* of Kris R. Macaruso Marotti, Esq., for plaintiff Mag Jewelry Co., Inc. in this action, and upon the affirmation submitted in support of this application, and for good cause shown, it is hereby

ORDERED that the Motion is GRANTED, and that Kris R. Macaruso Marotti be admitted to this Court *pro hac vice* for all purposes in connection with this action.

HON. STERLING JOHNSON, JR.
U.S. DISTRICT COURT JUDGE

Dated: February __, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was delivered by first class U.S. Mail (postage prepaid) this 21st day of February, 2002 to Cherokee Inc., 6835 Valjean Avenue, Van Nuys, CA 91406; Robert Margolis, 6835 Valjean Avenue, Van Nuys, CA 91406; and Target Corporation d/b/a Target Stores, 777 Nicollet Mall, 1400, Minneapolis, MN 55402.

Susan R. Schick

SUSAN R. SCHICK

ECB

COURTESY COPY

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:01
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MAG JEWELRY CO., INC.** | ) | |
| | ) | **Civil No.: 02 CV 0466** |
| **Plaintiff,** | ) | |
| | ) | **NOTICE OF MOTION FOR ADMISSION PRO HAC VICE** |
| **v.** | ) | |
| | ) | |
| **CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,** | ) | **Hon. Sterling Johnson, Jr.** |
| | ) | |
| **Defendants.** | ) | |

PLEASE TAKE NOTICE that, upon the annexed affirmation of Michael F. Maschio, and the exhibit attached thereto, plaintiff Mag Jewelry Co., Inc, by their attorneys Cowan, Liebowitz & Latman, P.C., will move this Court before the Hon. Sterling Johnson, Jr., U.S.D.J., United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the __ day of February 2002, at 10:00 a.m., or as soon thereafter as counsel may be heard, for the *pro hac vice* admission of Thomas A. Tarro, III, Esq. to the Bar of this Court for the

Copy of #4

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:08
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**AFFIRMATION IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

Michael F. Maschio, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the Plaintiff. I submit this affirmation in support of Plaintiff's motion for admission of Thomas A. Tarro, III, Esq., *pro hac vice*.

1. Thomas A. Tarro, III, Esq. is a non-resident attorney licensed to practice law in the State of Rhode Island and the United States District Court of

Rhode Island, and is a member in good standing in such jurisdiction. Certificates of Good Standing are annexed.

2. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the Plaintiff on the substantive and procedural matters pending before this Court, Mr. Tarro is familiar with certain issues and potential witnesses relative to this action.

3. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for the defendants on this 21 day of February 2002.

Respectfully Submitted,

Michael F. Maschio (MM 2366)
**COWAN, LIEBOWITZ & LATMAN, P.C.**

Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, NY 10036-6799
Tel.: (212)790-9200
Fax: (212) 575-0671

-and-

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-4233

State of Rhode Island and Providence Plantations

This Certifies

That Thomas A. Tarro III of

East Greenwich, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 30th day of May A.D. 1978 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 12th day of February, A.D. 2002

Karen Maccarone (signature)

Clerk.

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:08

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**ORDER GRANTING ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

THIS MATTER having been opened to the Court by Cowan, Liebowitz & Latman, P.C., attorneys for plaintiff Mag Jewelry Co., Inc., for an Order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hac vice* of Thomas A. Tarro, III, Esq., for plaintiff Mag Jewelry Co., Inc. in this action, and upon the affirmation submitted in support of this application, and for good cause shown, it is hereby

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by first class U.S. Mail (postage prepaid) this 21st day of February, 2002 to Cherokee Inc., 6835 Valjean Avenue, Van Nuys, CA 91406; Robert Margolis, 6835 Valjean Avenue, Van Nuys, CA 91406; and Target Corporation d/b/a Target Stores, 777 Nicollet Mall, 1400, Minneapolis, MN 55402.

SUSAN R. SCHICK

2002 FEB 22 A 9:08
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ FEB 2 2 2002 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

MAG JEWELRY CO., INC.

Plaintiff,

-against-

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES

Defendants.

-------------------------------------------------x

Civil Action No. CV 02 0466
Judge Sterling Johnson

## Consent To Electronic Filing Procedures

The undersigned hereby consents to the use of the electronic filing procedures adopted by the Court in Administrative Order No. 97-12, *In re Electronic Filing Procedures, (EFP)*, and hereby consents to the electronic service of all papers.

Dated: February 15, 2002

[signature]
Signature

Counsel for: Plaintiff

Michael F. Maschio
Printed Name
Cowan, Liebowitz & Latman, P.C.

Signature
Counsel for: ____________________
Printed Name

Signature
Counsel for: ____________________
Printed Name

Signature
Counsel for: ____________________
Printed Name

6.

**United States District Court**
**Eastern District of New York**

# ECF Registration - Page 2

By submitting this form the undersigned agrees to abide by the following rules:

4. This System is for those cases designated by the Court for electronic filing. It may be used to file and view electronic documents and docket sheets.

5. Documents are to be submitted electronically *only* in **Portable Document Format (PDF)**.

6. The combination of the user identification and password will serve as the signature of the attorney/participant filing the document. Individuals must protect the security of their passwords and immediately notify the Court if they learn that their password has been compromised.

**Applicant's Signature**

Dated: 2\11\02

**Return your completed form by mail, fax or e'mail to:**

**For Brooklyn Judges:**
Mr. Marc Brown
Assistant Administrative Manager
225 Cadman Plaza East, Room 130
Brooklyn, New York 11201
Telephone No.: (718) 260-2280, -2282
Fax: (718) 260-2264
E'mail: Marc.V._Brown@nyed.uscourts.gov

**For Central Islip Judges:**
Ms. Cinthia Mahon
Operations Supervisor
United States Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438
Telephone No.: (631) 712-6011
Fax: (631) 712-6028
E'mail:
Cinthia_Mahon@nyed.uscourts.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

MAG JEWELRY CO., INC. :

Plaintiff, :

-against- : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES : NOTICE OF PROPOSED STIPULATION

Defendants. :

- - - - - - - - - - - - - - - - - - -x

The defendants respectfully request that the Court so order the attached stipulation which the parties executed on February 20, 2002.

Dated: New York, New York
February 28, 2002

PERKINS & DUNNEGAN

By_s/William Dunnegan________
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, New York 10019
(212) 397-7020

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

MAG JEWELRY CO., INC. :

Plaintiff, :

-against- : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES : STIPULATION

Defendants. :

- - - - - - - - - - - - - - - - - - -x

IT IS HEREBY STIPULATED and agreed by and between the undersigned attorneys for the parties that the defendants' time to answer the complaint is extended until March 5, 2002.

Dated: New York, New York
February 20, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By_s/Susan R. Schick__________
Michael F. Maschio (MFM 2366)
Susan R. Schick (SS 5172)
Attorneys for Plaintiff
1133 Avenue of the Americas
New York, New York 10036
(212) 790-9200

PERKINS & DUNNEGAN

By_s/William Dunnegan_______
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, New York 10019
(212) 397-7020

So Ordered.

Dated: ________ __, 2002

______________________________
Hon. Sterling Johnson, Jr., U.S.D.J.

PERKINS & DUNNEGAN
ATTORNEYS AT LAW
720 FIFTH AVENUE
NEW YORK, NEW YORK 10019
212-397-7020

212-397-7009 WRITER'S DIRECT DIAL
212-765-1460 TELECOPIER

March 5, 2002

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
MAR - 7 2002
TIME A.M.________
P.M.________ 12

By Hand

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036

Re: Mag Jewelry v. Cherokee, Inc.
02 Civ. 0466 (SJ)

Dear Mr. Maschio:

Enclosed is a copy of our clients' notice of motion to dismiss for improper venue or to transfer, with the accompanying affidavit of Jayne Trudell, and its memorandum of law in support of the motion.

We have left the return date blank. Please call me at your convenience concerning a briefing schedule.

Very truly yours,

[signature]

Ronald L. Zaslow

Cc: Hon. Sterling Johnson, Jr., U.S.D.J. (cover letter only)
Hon. Viktor V. Pohorelsky, U.S.M.J. (cover letter only)

8

ECF Cowan 214620

## AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT EASTERN DISTRICT
County of NEW YORK

Index # 02 0466
Judge Johnson

MAG JEWELRY CO., INC.

Plaintiff(s),

- vs. -

CHEROKEE INC., ROBERT MARGOLIS, ET AL

Defendants(s),

State of California, County of Los Angeles ss.:

Paulette being duly sworn, deposes and says that deponent is over 18 years of age and not a party to this action; that on, Thu, February 15, 2002 at approximately 12:31 PM at CHEROKEE, INC., 6835 VALJEAN AVENUE, VAN NUYS, CA 91406 deponent served the annexed SUMMONS & COMPLAINT on ROBERT MARGOLIS(CHAIRMAN OR CEO) in the following manner:

☐ Individual — By delivering a true copy thereof to said recipient personally; deponent knew the person so served to be the described therein.

☐ Corporation — By delivering to and leaving with ______ who stated ☐he ☐she was authorized to accept on behalf of said corporation.

☒ Responsible Person — By delivering to and leaving with Sherrida Kasteller secretary a true copy thereof, a person of suitable age and discretion. Said premises being the recipient's ☐ dwelling place ☐ usual place of abode ☒ place of business within the State of ~~New York~~. California

☐ Affixing to Door — By affixing a true copy thereof to the door of said premises, which is recipient's ☐ dwelling place ☐ usual place of abode ☐ place of business within the State of New York. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called thereon:

☒ Mail — A true copy thereof was also deposited on 2-16-02 in a postpaid, properly addressed envelope, to the above address, bearing the legend "Personal and Confidential", in an official depository under the exclusive care and custody of the United States Postal Service.

☐ Description

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☒ Blond Hair | ☐ Mustache | ☒ 36-50 Yrs | ☐ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs | ☒ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☒ Glasses | ☐ Over 65 Yrs | ☐ Over 6' | ☐ Over 200 Lbs. |

To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States. At time of service the index number and date of filing were on the SUMMONS & COMPLAINT

Sworn to before me on Feb. 15, 2002
Sylmar, Ca. L.A. County
Jeronimo Merayo

Paulette M Sands
Server
Paulette M. Sands
Los Angeles Regis
No. 3928

JERONIMO MERAYO
Notary Public - California
Los Angeles County
My Comm. Expires Aug 13, 2003

Elite Process Servers, ... Parkway, Floral Park, NY 11001

9

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## *Eastern District of New York*

MAG JEWELRY CO., INC.,

PLAINTIFF,

SUMMONS IN A CIVIL CASE

v.

CASE NUMBER: 02-CV

CV 02 0466

JOHNSON, J.

POHORELSKY, M.J.

CHEROKEE INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,

DEFENDANT.

TO: (Name and address of defendant)

CHEROKEE INC.
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

ROBERT MARGOLIS
6835 VALJEAN AVENUE
VAN NUYS, CA 91406

TARGET CORPORATION
d/b/a TARGET STORES
777 NICOLLET MALL, 1400
MINNEAPOLIS, MN 55402

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MICHAEL F. MASCHIO, ESQ.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

CLERK

JAN 22 2002

DATE

[signature]

(BY) DEPUTY CLERK

PERKINS & DUNNEGAN
ATTORNEYS AT LAW
720 FIFTH AVENUE
NEW YORK, NEW YORK 10019
212-397-7020

March 14, 2002

212-397-7009 WRITER'S DIRECT DIAL
212-765-1460 TELECOPIER

By Hand

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C
1133 Avenue of the Americas
New York, New York 10036

Re: Mag Jewelry v. Cherokee, Inc.
02 Civ. 0466 (SJ)

Dear Mr. Maschio:

Pursuant to our conversation earlier this week, this will confirm that you will have until March 28, 2002 to oppose our motion to transfer or dismiss and we will have until April 11, 2002 to reply.

Very truly yours,

[signature]

Ronald L. Zaslow

Cc: Hon. Sterling Johnson, Jr., U.S.D.J.
Hon. Viktor V. Pohorelsky, U.S.M.J.

10

FILED
IN CLERKS OFFICE
U.S. ... N.Y.
MAR 25 2002
P.M.
TIME A.M.

ECF

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
FEB 22 2002
TIME A.M.
P.M.

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.** <br> **Plaintiff,** <br> **v.** <br> **CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,** <br> **Defendants.** | **Civil No.: 02 CV 0466** <br> **ORDER GRANTING ADMISSION PRO HAC VICE** <br> **Hon. Sterling Johnson, Jr.** |

THIS MATTER having been opened to the Court by Cowan, Liebowitz & Latman, P.C., attorneys for plaintiff Mag Jewelry Co., Inc., for an Order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hac vice* of Kris R. Macaruso Marotti, Esq., for plaintiff Mag Jewelry Co., Inc. in this action, and upon the affirmation submitted in support of this application, and for good cause shown, it is hereby



12

ORDERED that the Motion is GRANTED, and that Kris R. Macaruso Marotti be admitted to this Court *pro hac vice* for all purposes in connection with this action.

HON. STERLING JOHNSON, JR.
U.S. DISTRICT COURT JUDGE

Dated: ~~February~~ March 11, 2002

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
FEB 22 2002
TIME A.M.________
P.M.________

2002 FEB 22 A 9:10

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**NOTICE OF MOTION FOR ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

PLEASE TAKE NOTICE that, upon the annexed affirmation of Michael F. Maschio, and the exhibit attached thereto, plaintiff Mag Jewelry Co., Inc, by their attorneys Cowan, Liebowitz & Latman, P.C., will move this Court before the Hon. Sterling Johnson, Jr., U.S.D.J., United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the __ day of February 2002, at 10:00 a.m., or as soon thereafter as counsel may be heard, for the *pro hac vice* admission of Kris R. Macaruso Marotti, Esq. to the Bar of this Court for

the purposes of representing plaintiff in this action, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 21, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By ____________________
Michael F. Maschio (MM 2366)
Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Tel.: (212)790-9200
Fax: (212) 575-0671
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

TO:

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:10
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**AFFIRMATION IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

Michael F. Maschio, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the Plaintiff. I submit this affirmation in support of Plaintiff's motion for admission of Kris R. Macaruso Marotti, Esq., *pro hac vice.*

1. Kris R. Macaruso Marotti, Esq. is a non-resident attorney licensed to practice law in the State of Rhode Island and the United States District Court of

Rhode Island, and is a member in good standing in such jurisdiction. Certificates of Good Standing are annexed.

2. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the Plaintiff on the substantive and procedural matters pending before this Court, Ms. Marotti is familiar with certain issues and potential witnesses relative to this action.

3. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for the defendants on this 21 day of February 2002.

Respectfully Submitted,

Michael F. Maschio (MM 2366)
**COWAN, LIEBOWITZ & LATMAN, P.C.**

Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, NY 10036-6799
Tel.: (212)790-9200
Fax: (212) 575-0671

-and-

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-4233

State of Rhode Island and Providence Plantations

This Certifies

That Kris Macaruso Marotti of Albion, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 23rd day of October A.D. 1991 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 12th day of February, A.D. 2002

Kathleen Marchetti
Clerk.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by first class U.S. Mail (postage prepaid) this 21st day of February, 2002 to Cherokee Inc., 6835 Valjean Avenue, Van Nuys, CA 91406; Robert Margolis, 6835 Valjean Avenue, Van Nuys, CA 91406; and Target Corporation d/b/a Target Stores, 777 Nicollet Mall, 1400, Minneapolis, MN 55402.

SUSAN R. SCHICK

2002 FEB 22 A 9:11
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ECF

FILED
IN CLERK'S OFFICE
U.S. ... N.Y.
★ MAR 25 2002 ★
P.M.
TIME A.M.

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
FEB 22 2002
TIME A.M.______
P.M.______

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**ORDER GRANTING ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

THIS MATTER having been opened to the Court by Cowan, Liebowitz & Latman, P.C., attorneys for plaintiff Mag Jewelry Co., Inc., for an Order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hac vice* of Thomas A. Tarro, III, Esq., for plaintiff Mag Jewelry Co., Inc. in this action, and upon the affirmation submitted in support of this application, and for good cause shown, it is hereby



13

ORDERED that the Motion is GRANTED, and that Thomas A. Tarro, III be admitted to this Court *pro hac vice* for all purposes in connection with this action.

HON. STERLING JOHNSON, JR.
U.S. DISTRICT COURT JUDGE

Dated: ~~February~~ March 4, 2002

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:05
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
FEB 22 2002
TIME A.M.______
P.M.______

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAG JEWELRY CO., INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**<br><br>**Defendants.** | **Civil No.: 02 CV 0466**<br><br>**NOTICE OF MOTION FOR ADMISSION PRO HAC VICE**<br><br>**Hon. Sterling Johnson, Jr.** |

PLEASE TAKE NOTICE that, upon the annexed affirmation of Michael F. Maschio, and the exhibit attached thereto, plaintiff Mag Jewelry Co., Inc, by their attorneys Cowan, Liebowitz & Latman, P.C., will move this Court before the Hon. Sterling Johnson, Jr., U.S.D.J., United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, on the __ day of February 2002, at 10:00 a.m., or as soon thereafter as counsel may be heard, for the *pro hac vice* admission of Thomas A. Tarro, III, Esq. to the Bar of this Court for the

purposes of representing plaintiff in this action, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 21, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By ______________________
Michael F. Maschio (MM 2366)
Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Tel.: (212)790-9200
Fax: (212) 575-0671
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

TO:

Michael F. Maschio (MFM 2366)
Robert W. Clarida (RC 3190)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

Thomas A. Tarro, III, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200

2002 FEB 22 A 9:05
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MAG JEWELRY CO., INC.**

**Plaintiff,**

**v.**

**CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,**

**Defendants.**

**Civil No.: 02 CV 0466**

**AFFIRMATION IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**

**Hon. Sterling Johnson, Jr.**

Michael F. Maschio, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the Plaintiff. I submit this affirmation in support of Plaintiff's motion for admission of Thomas A. Tarro, III, Esq., *pro hac vice.*

1. Thomas A. Tarro, III, Esq. is a non-resident attorney licensed to practice law in the State of Rhode Island and the United States District Court of

Rhode Island, and is a member in good standing in such jurisdiction. Certificates of Good Standing are annexed.

2. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the Plaintiff on the substantive and procedural matters pending before this Court, Mr. Tarro is familiar with certain issues and potential witnesses relative to this action.

3. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for the defendants on this 21 day of February 2002.

Respectfully Submitted,

Michael F. Maschio (MM 2366)
**COWAN, LIEBOWITZ & LATMAN, P.C.**

Robert Clarida (RC 3190)
1133 Avenue of the Americas
New York, NY 10036-6799
Tel.: (212)790-9200
Fax: (212) 575-0671

-and-

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362
*Attorneys for Plaintiff*
*Mag Jewelry Co., Inc.*

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-4233

State of Rhode Island and Providence Plantations

This Certifies

That Thomas A. Tarro III of

East Greenwich, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 30th day of May A.D. 1978 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme

Court at Providence, this 12th day of

February, A.D. 2002

Karen Marchetti

Clerk.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was delivered by first class U.S. Mail (postage prepaid) this 21st day of February, 2002 to Cherokee Inc., 6835 Valjean Avenue, Van Nuys, CA 91406; Robert Margolis, 6835 Valjean Avenue, Van Nuys, CA 91406; and Target Corporation d/b/a Target Stores, 777 Nicollet Mall, 1400, Minneapolis, MN 55402.

SUSAN R. SCHICK

2002 FEB 22 A 9:05
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ECF EC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MAG JEWELRY CO., INC. :

Plaintiff, :

-against- :

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES :

Defendants. :

------------------------------------------------------------ x

Civil No. 02 CV 0466

FILED
IN CLERK'S OFFICE
U.S. ... N.Y.
APR 08 2002
P.M.
TIME A.M.

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 01 2002
TIME A.M.
P.M.

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>OBJECTION TO MOTION TO DISMISS OR TRANSFER</u>**

Michael F. Maschio, Esq.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

MFM/EMW/21589/05/515082.1

14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MAG JEWELRY CO., INC., :

Plaintiff, :

-against- : Civil No. 02 CV 0466

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS OR TRANSFER**

Mag Jewelry Co., Inc. ("Mag") Plaintiff in the above captioned action hereby objects to the motion to dismiss or transfer filed by Defendants Cherokee, Inc., Robert Margolis and Target Corporation d/b/a/ Target Stores. Defendants have moved to dismiss Plaintiff's Complaint alleging copyright infringement pursuant to Fed. R.Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) based upon improper venue or in the alternative have moved to transfer this action to Rhode Island pursuant to 28 U.S.C. § 1404(a). Plaintiff objects to the motion to dismiss on the grounds that the Eastern District of New York is a proper venue for this action and that Defendants have not meet their burden of proof to establish that transfer is necessary or appropriate under the facts and circumstances of this case.

**FACTS**

Plaintiff, Mag Jewelry Co., Inc., is in the business of designing, creating, manufacturing and selling items of jewelry. One of the items of jewelry Plaintiff created, manufactured, marketed and sold throughout the country is the "Crystal Angel," which is sold as earrings, necklace and pin. The "Crystal Angel" was created by Plaintiff's employees and/or agent in 1992 and the manufacturing and distribution of same has continued by Mag

Jewelry Co., Inc. since 1992. The "Crystal Angel" was a wholly original creation of the Plaintiff, by and through its employees and/or agents.

On or about November 29, 1995, the Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the "Crystal Angel." This Certificate was issued by the Register of Copyrights with an effective date of November 29, 1995 and bears Registration No. VA 758-661. A supplemental registration was filed with the Register of Copyrights by the Plaintiff, Mag Jewelry Co., Inc., on or about November 22, 1995 indicating that the correct date of first publication of the "Crystal Angel" by Mag Jewelry Co., Inc. was March 5, 1992. On or about June 13, 1996, a Certificate was issued by the Register of Copyrights with an effective date of June 13, 1996 bearing Registration No. VA 787-020 and indicating the date of creation of the "Crystal Angel" by Mag Jewelry Co., Inc. to be March 5, 1992.

Recently, Plaintiff discovered that Defendant Target has marketed, advertised for sale and sold crystal angel jewelry which are copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel" design. Items of infringing angel jewelry, attached to a card bearing the name "Cherokee," were purchased at Defendant Target's retail store in New York, and the receipt reflected a "Cherokee" sku number. The objective evidence indicates that infringing items were manufactured, marketed, distributed or sold by Defendant Cherokee to Defendant. Target.

This action seeks declaratory relief to establish Plaintiff's exclusive copyright to the "Crystal Angel" and seeks compensatory damages against Defendants for copyright infringement for the marketing, manufacture, distribution and sale of identical crystal angel jewelry.

## LEGAL ARGUMENT

### A. <u>This Court May Retain Jurisdiction Over this Action as Venue is Proper Pursuant to 28 U.S.C. § 1400 (a).</u>

The special venue statute for copyright actions, 28 U.S.C. §1400 (a) provides that such actions may be brought "in the district in which the defendant or his agent resides or

may be found." A defendant "may be found" wherever that person or corporation is amenable to personal jurisdiction under the state long arm statute. Business Trends Analysts v. Freedonia Group, Inc., 650 F. Supp. 1452, 1456 (S.D.N.Y. 1987). Thus, where a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper. Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207 (S.D.N.Y. 1995); Store Decor Division Of JAS International, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181 (N.D.Ill. 1991).

Under New York's long arm statute, CPLR § 302(a), a defendant is subject to jurisdiction where it transacts business within the state or contracts anywhere to supply goods or services within the state and the cause of action arises from the in state transactions. Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207 (S.D.N.Y. 1995). In the context of copyright infringement, which is in essence a commercial tort, the infringement is deemed to take place at the point of consumer purchase. Lipton v. The Nature Co., 781 F.Supp. 1032 (S.D.N.Y. 1992) affirmed 71 F.3d 464 (2nd Cir. 1992). Personal jurisdiction may be asserted over a non-domiciliary defendant so long as the allegedly infringing goods were sold in New York. Pilates, Inc. v. Pilates Institute, Inc., 891 F.Supp. 175, 182 (S.D.N.Y. 1995). Here, the infringing jewelry were purchased from Target's retail store in New York, bearing the Cherokee mark, and thus the cause of action arose from in state transactions, conferring personal jurisdiction over both Target and Cherokee.

Defendant Target does not contest that is amenable to personal jurisdiction in New York. Indeed, Target transacts substantial retail business in New York through its stores in Westchester and Long Island. Likewise, Defendant Cherokee is subject to personal jurisdiction in New York as its products are distributed and sold through the Target stores in New York. Moreover, Defendant Robert Margolis has not proffered any facts to refute the assertion of personal jurisdiction over him in the New York courts.

Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1400 (a) and there are no grounds for dismissal of this action.

**C. Defendants Have Failed to Establish that Transfer is Appropriate Pursuant to 28 U.S.C. § 1404 (a).**

Transfer of a case may be ordered pursuant to 28 U.S.C. § 1404 (a) for the interest of the parties and witnesses and in the interest of justice to any other district or division where the claim might have been brought. Defendants bear the burden of proving that transfer is warranted and must establish (1) that the proposed transferee court is one where the action "might have been brought" and (2) the convenience of the parties and the interests of justice require transfer. Berman v. Informix Corp., 30 F.Supp. 2d 653, 656 (S.D.N.Y. 1998). Defendants can not meet either of these criteria.

Plaintiff became aware that infringing works were being sold by Defendant Target bearing the name of Defendant Cherokee when said items were purchased in New York. Thus, the substantial event prompting this litigation occurred in New York. Although Defendants now assert that the infringing jewelry was purchased from a Rhode Island distributor, Style Accessories, Inc., this entity is not a Defendant in this case and cannot form the basis of jurisdiction in a Rhode Island court. Indeed, in arguing for transfer, Defendants have not asserted that they had any contacts with Rhode Island which would have been sufficient to confer jurisdiction in Rhode Island at the outset of this litigation.

As to the second prong of the transfer analysis, Defendants fall short of establishing that convenience of the parties and the interests of justice requires transfer. In considering the motion for transfer, a court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that the balance of convenience favors the defendants' choice." Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. at 216 (citations omitted). The following factors are relevant in determining whether transfer is warranted under § 1404 (a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of burdens of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the

not asserted any financial impediment to litigating this action in New York and indeed have no relationship with the State of Rhode Island.

The seventh factor, a forum's familiarity with governing law does not militate in favor of Rhode Island, as New York has a larger body of case law addressing copyright issues. Moreover, the fact that this Plaintiff has brought other infringement actions in Rhode Island does not alter this analysis at all but one of those cases were resolved by mutual settlement between the parties before the court had an opportunity to address substantive legal or factual issues. Only one case proceeded to judgment. Furthermore, none of those cases involved any of the Defendants named in this action. Cf. Berman v. Informix Corp., 30 F.Supp. 2d 653, 656 (S.D.N.Y. 1998) (transferring action to California where a class action by multiple parties against the same defendants was pending). In addition, one case involving the Plaintiff's "Crystal Angel" has already been resolved before this Court and there is one case presently pending.

With respect to the eighth factor, the plaintiff's choice of forum is generally accorded great weight, and is deferred to unless the balance is strongly in favor of the defendant. Lipton v. The Nature Co., 781 F.Supp. 1032 (S.D.N.Y. 1992) affirmed 71 F.3d 464 (2nd Cir. 1992) (denying transfer of copyright infringement action). Contrary to Defendants' assertion, deference to the plaintiff's choice of forum does not depend solely on whether or not plaintiff is a resident of the forum district. A plaintiff's choice of forum is entitled to deference where there is a "material connection or significant contact between the forum state and the events allegedly underlying the claim." Berman v. Informix Corp., 30 F.Supp. 2d 653, 659 (S.D.N.Y. 1998); United States Fidelity and Guaranty Company v. Republic Drug Company, Inc., 800 F.Supp. 1076, 1082 (E.D.N.Y. 1992) (no nexus between the action and the chosen forum). As argued above, significant events pertaining to Plaintiff's claim occurred in New York, in particular the sale of the allegedly infringing jewelry. Consequently, Plaintiff's choice of forum is appropriate, entitling it to substantial weight in the analysis of Defendants' motion to transfer.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ECF

FILED
IN CLERKS OFFICE
U.S ... N.Y.
★ APR 0 8 2002 ★
P.M. ______
TIME ______

---

MAG JEWELRY CO., INC. :

Plaintiff, : Civil No. 02 CV 0466

-against- : Affidavit in Opposition to Application to Dismiss and/or Transfer

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES :

Defendants. :

--- x

State of New York )
) ss:
County of New York )

Michael F. Maschio, being duly sworn, deposes and says:

1. I am a member of Cowan, Liebowitz & Latman, P.C., attorneys for the plaintiff Mag Jewelry Co. Inc. I submit this affidavit in opposition to the defendants' application to dismiss the plaintiff's complaint pursuant to Fed R Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or in the alternative to transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

2. Plaintiff Mag Jewelry Co. Inc. (Mag Jewelry) instituted this lawsuit for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq. Mag Jewelry is in the business of designing, creating, manufacturing and selling items of Jewelry, one of which items at issue herein is the "Crystal Angel," which is sold as earrings, necklace and pin. The "Crystal Angel" is sold throughout the United States.

15

8. The defendant, Cherokee, Inc., is a Delaware corporation with its principal place of business in Van Nuys, California. The defendant, Robert Margolis, is a principal officer of defendant Cherokee, Inc. and a resident of California. The defendant, Target Corporation, is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

9. The defendants have not attested that any of the events or documents listed below took place in Rhode Island or are located in Rhode Island.

(a) The negotiation of the license agreement referenced in the defendants' affidavit to dismiss or transfer.

(b) The formulation or implementation of all policy decisions concerning the license agreement.

(c) The formulation of distribution arrangements for the infringing work.

(d) Records of sales generated by the infringing work.

(e) Records of cost of sales related to the sale of the infringing work.

(f) Records of net profits realized as a result of the sale of the infringing work.

(g) The negotiation of agreements for the manufacture of the infringing work and all communications and documents relating thereto.

Co., Inc. and Daniel Magnanimi v. Denis Flyer, et al., 96 CV 4650 which action sought a declaration of non-infringement. After protracted discovery the action was successfully resolved by Mag Jewelry including the obtaining of a declaration as to the validity of the Mag Jewelry copyright to the "Crystal Angel" work. The Rhode Island lawsuits listed in defendants' memorandum of law were predominately against defendants that could only be sued in Rhode Island where most of this inexpensive jewelry is manufactured.

15. There is also currently pending in the United States District Court before Judge Nina Gershon an action entitled Mag Jewelry Co, Inc. v. Rhinestone Jewelry Corp. and Jeffrey Levy, 02 Civ 947 which action involves the infringement of the "Crystal Angel" copyrighted work.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b) and 1400(a). Included as part of Exhibit 4 to the complaint herein are sales receipts for purchases of the infringing work in defendant Target Corporation, Queens Blvd., Queens, New York store. The sales receipts prominently display Target Corporation's name and trademark and the Cherokee name for each Cherokee item purchased at the Target Corporation's Queens Boulevard store. The defendants' infringing Crystal Angel product purchased at the Target Queens store displays the Cherokee registered trademark.

17. The defendants have failed to establish that this Court lacks jurisdiction. The defendants have also failed to establish why the plaintiff's choice of

forum should be disregarded and why these defendants, having no relationship with the State of Rhode Island, are entitled to transfer this action to Rhode Island.

18. For the reasons set forth herein and in the accompanying memorandum of law, the defendant's motion should be denied.

MICHAEL F. MASCHIO

Sworn to before me this
28th day of March, 2002.

NOTARY PUBLIC

NOTARY PUBLIC, State of New York
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires June 30, 19 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 09 2002
TIME A.M.
P.M.

ECF

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ) (VVP)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

**NOTICE OF MOTION TO ADMIT COUNSEL PRO HAC VICE**

PLEASE TAKE NOTICE that, upon the annexed declaration of William Dunnegan in support of this motion and the Certificates of Good Standing attached thereto, defendants by their attorneys will move this Court before the Honorable Sterling Johnson, Jr., U.S.D.J. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 for an Order allowing the *pro hac vice* admission of Craig M. Scott, Esq. and Christine K. Ahern, Esq. to the Bar of this Court for the purposes of representing the defendants in this action, and for such other and further relief as the court may deem just and proper.

copy# 16

Dated: New York, New York
April 9, 2002

PERKINS & DUNNEGAN

By [signature]
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, New York 10019
(212) 397-7009

To: Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT OF MOTION TO ADMIT COUNSEL PRO HAC VICE**

William Dunnegan an attorney duly admitted to practice before this Court declares under penalty of perjury as follows:

1. I am a member of the law firm of Perkins & Dunnegan attorneys for the defendants. I submit this affirmation in support of defendants' motion for admission of Craig M. Scott, Esq. and Christine K. Ahern, Esq. *pro hac vice*.

2. Craig M. Scott, Esq. is a non-resident attorney licensed to practice law in the States of Massachusetts and Rhode Island, the United States District Court for the Districts of Massachusetts and Rhode Island and the United States Court of Appeals for the First and Ninth Circuits. Certificates of Good Standing for Mr. Scott are annexed hereto as Exhibit A.

2. Christine K. Ahern, Esq. is a non-resident attorney licensed to

practice law in the States of Massachusetts and Rhode Island, the United States District Court for the District of Rhode Island and the United States Court of Appeals for the First Circuit. Certificates of Good Standing for Ms. Ahern are annexed hereto as Exhibit B.

3. Although the undersigned has been retained as co-counsel and will continue to advise and consult with the defendants on the substantive and procedural matters pending before this Court, both Mr. Scott and Ms. Ahern are familiar with certain issues and potential witnesses relative to this action.

4. This motion will in no way burden or prejudice the opposing parties or unduly delay this matter.

Dated: New York, New York
April 9, 2002

Respectfully Submitted,

William Dunnegan (WD 9316)
**PERKINS & DUNNEGAN**

Ronald L. Zaslow (RZ 9384)
720 Fifth Avenue
New York, New York 10019
(212) 397-7009

-and-

Craig Scott, Esq.
Christine K. Ahern
Duffy & Sweeney, Ltd.
One Turks Head Road, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
Attorney for Defendants

# RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-3599

State of Rhode Island and Providence Plantations

## This Certifies

That Craig M. Scott of

North Kingstown, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 26th day of October A.D. 1989 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 18th day of March, A.D. 2000

Melanie Parfitt
Clerk.

(A)

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on the fourteenth day of June A.D. 1990, said Court being the highest Court of Record in said Commonwealth:

CRAIG M. SCOTT

being found duly qualified in that behalf, and having taken and subscribed the oaths required by law, was admitted to practice as an Attorney, and, by virtue thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth: that said Attorney is at present a member of the Bar, and is in good standing according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, this twenty-fifth day of March in the year of our Lord two thousand and two.

Maura S. Doyle

MAURA S. DOYLE, Clerk

* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification.

X3116

**UNITED STATES DISTRICT COURT**
**District of Rhode Island**

**CERTIFICATE OF GOOD STANDING**

I, David A. DiMarzio, Clerk of the United States District Court for the District of Rhode Island,

**DO HEREBY CERTIFY** that **Craig M. Scott** was duly admitted to practice in said Court on May 3, 1990 and is in good standing as a member of the bar of said Court.

Dated at Providence

on March 18, 2002

David A. DiMarzio, Clerk

By
Chief Deputy Clerk

RHODE ISLAND SUPREME COURT

Office of the Clerk

www.courts.state.ri.us

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903
401-222-3272
Fax: 401-222-3599

State of Rhode Island and Providence Plantations

This Certifies

That Christine K. Ahern of

Providence, Rhode Island is an

Attorney and Counsellor of the Supreme Court

of the State of Rhode Island, and as such was on the 20th day of November A.D. 1996 admitted to practice in all the courts of said State, as appears of record in this the office of the clerk of the Supreme Court of said State and is in good standing and qualified to practice in said Courts. The Supreme Court is the highest Court in the State.

Given under my hand and the seal of said Supreme Court at Providence, this 18th day of March, A.D. 2002

Melanie Perfetto
Clerk.

B

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

---

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on the nineteenth day of June A.D. 1997, said Court being the highest Court of Record in said Commonwealth:

CHRISTINE KELLEY AHERN

being found duly qualified in that behalf, and having taken and subscribed the oaths required by law, was admitted to practice as an Attorney, and, by virtue thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth: that said Attorney is at present a member of the Bar, and is in good standing according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, this twenty-seventh day of March in the year of our Lord two thousand and two.

Maura S. Doyle

MAURA S. DOYLE, Clerk

* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification.

X3116

**UNITED STATES DISTRICT COURT**
**District of Rhode Island**

## CERTIFICATE OF GOOD STANDING

I, David A. DiMarzio, Clerk of the United States District Court for the District of Rhode Island,

**DO HEREBY CERTIFY** that **Christine K. Ahern** was duly admitted to practice in said Court on May 9, 1997 and is in good standing as a member of the bar of said Court.

Dated at Providence

on March 18, 2002

David A. DiMarzio, Clerk

By ____________________
Chief Deputy Clerk

Courtesy Copy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ECF

MAG JEWELRY CO., INC.,

Plaintiff,

v.

02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES,

Defendants.

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 16 2002
TIME A.M.______
P.M.______

**NOTICE OF MOTION TO DISMISS OR TRANSFER**

PLEASE TAKE NOTICE that, upon the annexed affidavit of Jayne G. Trudell, and upon all prior proceedings had herein, defendants Cherokee, Inc., Robert Margolis, and Target Corporation d/b/a Target Stores, by their attorneys, will move this Court before the Hon. Sterling Johnson, Jr., United States District Judge, in his courtroom at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, on the 12th day of April, 2002 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order:

(i) dismissing plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or, in the alternative,

(ii) transferring this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a); and

(iii) granting such other and further relief as to this Court may seem just and

copy #17

proper.

Dated: New York, New York
March 5, 2002

PERKINS & DUNNEGAN

By  s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

OF COUNSEL,
Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700

Courtesy copy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

-------------------------------x

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

JAYNE G. TRUDELL, being duly sworn, deposes and says:

1. I am in-house counsel to defendant Target Corporation ("Target").

2. I have personal knowledge of the facts set forth herein except where the statements are upon information and belief, and I believe those statements to be true.

3. I am familiar with the claims asserted by Mag Jewelry Co., Inc. ("Mag") in this litigation and have investigated certain facts relating to those claims.

4. Cherokee, Inc. ("Cherokee") licenses certain trademarks to Target. Cherokee does not design, manufacture or distribute jewelry items for or to Target and did not sell to Target the accused works that are the subject of the Complaint.

5. Target purchased the accused works from a Rhode Island corporation, Style Accessories, Inc. ("Style").

6. If this matter is not resolved, it is anticipated that defendants' counsel will conduct discovery in Rhode Island, including reviewing documents produced by plaintiff Mag.

7. Defendants' counsel also expect to take the depositions of Mag's principals, representatives and employees, including Daniel Magnanimi, Donald Donnelly, Frank Vescera and Martha Medberry, all of whom are expected to testify as to Mag's purported rights in the accused work and its damage claims. Defendants expect that those depositions will be noticed for Rhode Island, where, upon information and belief, the above-referenced witnesses are located.

8. It is also anticipated that the depositions of certain principals and employees of Style, the distributor of the accused works, will be taken in Rhode Island because Style is based there. It is expected that the principals and employees of Style would testify as to defendants' right in and distribution of the accused work.

9. Finally, it is our understanding that Mag filed suit against a number of other manufacturers, distributors and/or sellers in Rhode Island involving the same putative copyright that is the subject of this complaint; defendants' counsel also intends to take the depositions of certain representatives of those defendants in Rhode Island, including Alan Gregerman of Warwick, Rhode Island, who, upon information and belief, has claimed to be the creator of the accused work, and Nicholas Verrechia, a former employee of Cathedral Art Manufacturing Co. (Providence, Rhode Island) who has, upon information and belief, claimed to be the creator of the accused work.

10. At this time, defendants do not foresee taking any discovery in, or calling any witnesses from, the Eastern District of New York.

11. Upon information and belief, Target has no documents relating to this action located in the Eastern District of New York.

12. For these reasons, it would be more efficient to transfer this matter to the United States District Court for the District of Rhode Island.

s/Jayne G. Trudell
JAYNE G. TRUDELL

SUBSCRIBED AND SWORN to before me this 4th day of March, 2002.

s/Susan D. Carlson
NOTARY PUBLIC

Courtesy Copy

ECF

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | 02 Civ. 0466 SJ |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | : | Honorable Sterling Johnson, Jr. |

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 16 2002
TIME A.M.______
P.M.______

**SECOND AFFIDAVIT OF JAYNE G. TRUDELL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

I, JAYNE G. TRUDELL, declare:

1. I am in-house counsel to defendant Target Corporation ("Target").

2. I have personal knowledge of the facts set forth herein except where the statements are upon information and belief, and I believe those statements to be true.

3. I am familiar with the two receipts Mag Jewelry Co., Inc. ("Mag") attached to its Complaint in this litigation and have investigated certain facts relating to those receipts.

4. The first receipt, dated December 2, 2001 for eight (8) items totaling $34.24 is a receipt from Target store 1188 in Warwick, Rhode Island.

5. The second receipt, dated January 17, 2002 for three (3) items totaling $16.2_ (illegible) is a receipt from Target store 1344 in Queens, New York.

s/ Jayne G. Trudell

JAYNE G. TRUDELL

SUBSCRIBED AND SWORN to before me this 11th day of April, 2002.

s/ Susan D. Carlson
NOTARY PUBLIC

Courtesy Copy

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 16 2002
TIME A.M.
P.M.

ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

-------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants, Cherokee, Inc. (Cherokee"), Robert Margolis ("Margolis") and Target Corporation d/b/a Target Stores ("Target"), hereby move to dismiss plaintiff's Complaint alleging copyright infringement pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or transfer this action pursuant to 28 U.S.C. § 1404(a). Simply put, this plaintiff filed suit in the wrong forum. This case should have been filed, if at all, in the District of Rhode Island: plaintiff, Mag Jewelry Co., Inc. ("Mag"), is a Rhode Island corporation; the distributor of the accused piece is a Rhode Island corporation; discovery will be conducted, in large part, in Rhode Island; Mag has filed at least fifteen (15) cases in the District of Rhode Island involving the same putative copyright that is the subject of this Complaint in the past few years; and those cases were/are all assigned to the same judge. In the interests of the parties and judicial economy, this matter should be dismissed and/or transferred to the United States District Court for the District of Rhode Island.

**FACTS**

Mag is a Rhode Island company, with its principal place of business in Rhode Island. (Complaint "Compl.," ¶ 1.) Cherokee is a Delaware corporation with its principal place of business in California. (Compl., ¶ 2.) Cherokee licenses certain trademarks to Target. (*See* Affidavit of Jayne G. Trudell, In-House Counsel to Target, "Trudell Aff.") Cherokee does not design, manufacture or distribute jewelry items for or to Target and did not sell to Target the accused works that are the subject of the Complaint. (Trudell Aff., ¶ 4.) Margolis is the Chief Executive Officer of Cherokee and is a California resident. (Compl., ¶ 3.) Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Compl., ¶¶ 2-4.)

Mag claims that it designed and created a piece of jewelry, the "Crystal Angel," in 1992 (Compl., ¶¶ 7-8), and that it is the registered copyright holder to the Crystal Angel work. (Compl., ¶¶ 9-12.) As the basis for this Complaint, Mag alleges, incorrectly, that Cherokee and Target violated Mag's putative copyright by causing the unauthorized reproduction, manufacture, promotion, importation, distribution and/or sale of copies of Mag's copyrighted "Crystal Angel." (Compl., ¶¶ 14-17.)

**ARGUMENT**

**A. This Case Should be Dismissed Pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a).**

Venue is "a privilege personal to each defendant." *Concession Consultants, Inc. v. Mirish*, 355 F.2d 369, 371 n.1 (2d Cir. 1966). Fed.R.Civ.P. 12(b)(3) permits a defendant to file a motion to dismiss based on improper venue. *Blass v. Capital Int'l Sec. Group*, 2001 U.S. Dist. LEXIS 3504, at * 5-6 (E.D.N.Y. Mar. 23, 2001). Similarly, 28 U.S.C. § 1404(a) provides, in relevant part:

> the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.

28 U.S.C. § 1404(a) (Emphasis added.) When a defendant objects to venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper in the forum. *See Rothstein v. Carriere*, 41 F. Supp.2d 381, 386 (E.D.N.Y. 1999).

Mag baldly claims that venue is proper here pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Its reliance on § 1391(b) is misplaced. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, and (3) a judicial district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Since Mag does not specify, it cannot be discerned which part of § 1391(b)(1) purportedly applies here. It is clear that subpart (1) is inapplicable: Target may technically "reside" in New York for the purposes of this venue analysis pursuant to 28 U.S.C. § 1391(c), but Cherokee does not, and Margolis is a California resident.[1] (Compl., ¶ 3.) Suit cannot be brought pursuant to § 1391(b) against multiple defendants in a district in which some, but not all, reside. *E.g., Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282 (1st Cir. 1983).

---

[1] The same analysis applies to plaintiff's claims that venue is appropriate here pursuant to 28 U.S.C. § 1400(a).

Subpart (2) also does not apply: the Complaint does not allege that any "event" or "omission" occurred in the Eastern District of New York, and certainly not "substantial" acts that gave rise to Mag's purported claim. *See* 28 U.S.C. § 1391(b)(2).

Finally, the "fallback" venue provision of 28 U.S.C. § 1391(b)(3) is equally inapplicable: there is plainly another district where this action could, and should, have been brought, namely Rhode Island, where Mag and the distributor are located and where Mag has sued companies from all over the United States over the same issue presented here (*see discussion infra*). *Friedman v. Revenue Management of New York, Inc.*, 839 F. Supp. 203, 206 (S.D.N.Y. 1993) aff'd 38 F.3d 668 (2d Cir. 1994) (fallback venue provision inapplicable where suit could have been brought elsewhere).

In sum, no section of 28 U.S.C. § 1391(b) confers venue on this Court. Because venue is improper, this case should be dismissed. *Agricultural Ins. Co. Inc. v. Ace Hardware Corp.*, 2000 U.S. Dist. LEXIS 15410, at *3 (S.D.N.Y. Oct. 20, 2000) (citing 28 U.S.C. §1406(a)); *Friedman*, 839 F. Supp. at 206 (dismissing counts of complaint without prejudice for improper venue when no subsection of § 1391(b) conferred venue).

### B. Even if the Court Does Not Dismiss the Case, it Should be Transferred to Rhode Island pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) states that "for the interest of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] New York courts have characterized §1404(a) as a "statutory recognition of the common law doctrine of forum non conveniens," that

[2] A forum *non conveniens* analysis is similar and leads to the same result. That analysis does not apply here, however, because defendants seek to transfer this matter to another federal court, rather than to a forum outside the United States. *DiRienzo v. Philip Svcs. Corp.*, 232 F. 3d 49, 56 (2d Cir. 2000) (common law forum *non conveniens* doctrine applicable only where the alternative forum is a foreign, i.e. non-American, one).

strives to prevent waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Berman v. Informix Corp.*, 30 F. Supp.2d 653, 656 (S.D.N.Y. 1998) (quoting *Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.*, 976 F. Supp. 174, 180 (W.D.N.Y. 1997)). Motions to transfer under §1404(a) lie within the broad discretion of the court and are determined based on notions of convenience and fairness on a case-by-case basis. *Berman*, 30 F. Supp.2d at 656; *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

The party moving to transfer must, in essence, show that the transfer is in the best interests of the litigation. *See Berman*, 30 F. Supp.2d at 656; *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218-19 (2d Cir. 1978), cert. denied 440 U.S. 908 (1979). The inquiry under § 1404(a) is two fold: (1) the Court must determine "whether the action sought to be transferred is one that 'might have been brought' in the transferee court; and (2) the Court must determine whether, considering the 'convenience of the parties and witnesses' and the 'interest of justice' a transfer is appropriate. *Orb Factory Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp.2d 203, 207 (S.D.N.Y. 1998).

The first part of the analysis requires that venue be proper in the district to which transfer is sought. *E.g., Billing v. Commerce One, Inc.*, 2002 U.S. Dist. LEXIS 1978, at *5 (S.D.N.Y. Feb. 8, 2002). Here, the fact that this case could have been brought in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b)(2) cannot reasonably be disputed: both Mag and the distributor of the accused works are located there and Mag has sued in Rhode Island at least 15 times in the past few years.

Therefore, the issue is whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interests of justice." 28 U.S.C. § 1404(a). In applying the

second step of the § 1404(a) analysis, the following factors are relevant:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of burdens of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Smart v. Goord*, 21 F. Supp.2d 309, 315 (S.D.N.Y. 1998); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F. Supp. 1247, 1250 (S.D.N.Y. 1995). Though these factors are essentially the same as those considered in determining whether an action should be dismissed for forum *non conveniens* grounds, § 1404(a) vests the Court with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the forum *non conveniens* analysis. *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991).[3]

**1. The Convenience of the Witnesses and the Parties and Compulsory Process.**

Convenience of the witnesses and the parties is one of the most important factors in determining whether to grant a motion under § 1404(a). *Smart*, 21 F. Supp.2d at 316; *see also Berman*, 30 F. Supp. 2d at 657 (convenience of both party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted). The logical starting point is a consideration of the residence of the parties. *See Hernandez*, 761 F. Supp. at 988. Here, none of the parties is a New York resident; there are

[3] Defendants may meet that burden by supporting the transfer motion with an affidavit detailing facts relevant to the factors to be considered, including the witnesses to be called and a general statement as to the substance of their expected testimony. *Hernandez*, 761 F. Supp. at 987; *see also Factors*, 579 F.2d at 218.

also no identified witnesses who are residents here. In contrast, Mag and the distributor, both of whom are likely targets of discovery, are residents of Rhode Island. Defendants anticipate taking the depositions of certain Mag employees and representatives in Rhode Island, including Daniel Magnanimi, Donald Donnelly, Frank Vescera and Martha Medberry, all of whom are expected to testify as to Mag's purported rights in the accused works and its damage claims. (Trudell Aff., ¶¶ 7, 8.)

Similarly, 'the availability of process to compel the testimony of important witnesses is another important consideration in transfer motions." *Arrow Electronics v. Ducommun, Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989). Fed.R.Civ.P. 45 provides district courts with limited enforcement rights concerning subpoenas. Under that rule, a district court can enforce a trial subpoena served on a witness within the judicial district of the court or within 100 miles of the court. *See* Fed.R.Civ.P. 45(b)(2) & (e). Several non-party witnesses (including employees of the distributor and current and former defendants in other Rhode Island based Mag cases, Alan Gregerman and Nicholas Verrechia)[4] reside in Rhode Island. Accordingly, to the extent these non-party witnesses are not willing to testify, the District of Rhode Island could compel their presence at trial, whereas this Court may not be able to compel that same result. Thus, this factor strongly supports transferring this case to Rhode Island.

**2. Locus of Operative Facts and Ease of Access to Sources of Proof.**

"The location of the operative events is a 'primary factor' in determining a § 1404(a) motion to transfer." *ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F.Supp.2d 274, 2279 (S.D.N.Y. 2000) (citing *Smart*, 21 F. Supp.2d at 316). "Courts routinely transfer cases where the

[4] The Trudell Affidavit identifies the non-party witnesses defendants intend to depose. Trudell Aff., ¶¶ 8, 9.

principal events occurred, and the principal witnesses are located in another district." *Totonelly v. Cardiology Assoc. of Corpus Christi*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996). In that same vein, the location of documents and the ease of access to sources of proof is an important consideration in motions to transfer. *Aquatic Amusement Assoc., Ltd v. Walt Disney World Co.,*734 F. Supp. 54, 58 (N.D.N.Y. 1990).

Here, the operative events likely involve the distribution of the works, which occurred from Rhode Island. Similarly, notes and records, of both the plaintiff and the distributor, and other manufacturers and distributors of the accused works, are located in Rhode Island. (*Cf.*, Trudell Aff., ¶ 11.) Thus, relative convenience and a lower cost of a trial in Rhode Island -- where the documents and the witnesses are located -- are factors which both weigh in favor of Rhode Island. *Berman*, 30 F. Supp.2d at 658; *see also Malone v. Commonwealth Edison Co.*, 2 F. Supp.2d 545, 547 (S.D.N.Y. 1998) (ordering transfer and citing, among other factors, the fact that "all of the relevant documents, evidence and witnesses will be found" in the transferee district); *Steinhardt Partners v. Smith Barney, Harris Upham & Co.*, 716 F. Supp. 93, 95-96 (S.D.N.Y. 1989) (consolidating pretrial discovery and minimizing expense are factors supporting transfer). This factor, too, weighs in favor of a transfer to Rhode Island.

**3. Plaintiff's Choice of Forum.**

Since an action is merely transferred under section 1404(a), not dismissed as with a forum *non conveniens* motion, plaintiff's choice of forum is not afforded any great significance in this analysis. *Hernandez*, 761 F. Supp. at 990. Even if it were, however, New York is not Mag's (a Rhode Island corporation) home forum, so Mag's choice of New York is entitled to little deference. *See ZPC 2000*, 86 F. Supp.2d at 280 (plaintiff's choice

of forum is entitled to little deference where it sued outside its home forum); *see also Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (plaintiff's "choice of the New York forum also is entitled to lesser weight because [plaintiff] has chosen a forum that is not his residence"). This is especially true in light of Mag's practice of litigating in the District of Rhode Island. Unfortunately, this looks like plaintiff forum shopped and ended up in the Eastern District of New York.

#### 4. Familiarity with Applicable Law, Trial Efficiency and Interests of Justice.

Defendants assume that both this Court and the District of Rhode Island are equally familiar with the legal principles necessary to resolve this case. That notwithstanding, two facts weigh heavily in favor of transferring this matter to Rhode Island. First, the Honorable Mary Lisi presided over 15 Mag copyright cases;[5] it is more than fair to assume that the District of Rhode Island Court has additional familiarity with at least one of the parties, and some of the issues, specific to this case. *See Berman*, 30 F. Supp.2d at 660 (one of the most important factors considered by courts in evaluating a motion to transfer is the existence of similar litigation in the transferee district); *see also Mishnayot v. MGM Mirage*, 2002 U.S. Dist. LEXIS 2791, at * 6-8 (S.D.N.Y. Feb. 22, 2002). Second, plaintiff filed a motion to admit its Rhode Island counsel (who represented Mag in each of the above-referenced 15 actions) *pro hac vice* here. (Exhibit A) If, in fact, Rhode Island counsel is most familiar with the issues and the witnesses necessary for this case (as represented in the affidavit filed with the *pro hac vice* motion), and the Court in Rhode Island is familiar with the facts, and Mag and the distributor are both Rhode Island corporations, it seems apparent that Rhode Island is the most convenient forum.

---

[5] A matrix showing the copyright cases Mag filed in Rhode Island is attached hereto as Exhibit A.

Moreover, trial efficiency and the interests of justice favor transfer. *See Red Bull Assoc. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988). The dockets of the competing districts are relevant to this inquiry. *Billing*, 2002 U.S. Dist. LEXIS 1978, at * 12. For the twelve month period ending September 30, 2000 (the most recent compilation), the Administrative Office of the United States Courts reported that there were **610** cases pending in the District of Rhode Island, compared to over **9,000** in the Eastern District of New York. Leonides Ralph Mecham, *Judicial Business of the United States Courts, 2000 Annual Report to the Director*, at Table C. This matter is likely to be resolved more quickly if it is transferred to the Rhode Island docket. Surely, that is Mag's goal.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) or transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404.

Dated: New York, New York
March 5, 2002

PERKINS & DUNNEGAN

By s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

OF COUNSEL,
Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700

**MAG JEWELRY CO., INC. CASES IN DISTRICT COURT OF RHODE ISLAND**

| CASE NAME | JUDGE | CASE NUMBER | PLAINTIFF COUNSEL |
|---|---|---|---|
| *Mag Jewelry Co., Inc. v. Anatone Jewelry Co., Inc., Robert Anatone d/b/a Ocean State Creations, Lauren Creations, Inc., Rhinestone Jewelry* | Lisi | 97-141 | Thomas A. Tarro, III<br>Kris R. Macaruso<br>Tarro Law Offices<br>300 Centerville Rd.<br>Warwick, RI 02886<br>737-7200 |
| *Mag Jewelry Co., Inc. v.Colorfuls, Inc. and Warren A. Stein* | Lisi | 97-053 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Bharat Dass* | Lisi | 97-070 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.USA Diamond Warehouse* | Lisi | 97-140 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Paramount Jewelry Mfg. Co. Paramount Sales Co., Inc., W.T. Starks* | Lisi | 97-281 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Cathedral Art Metal Co., Inc. and William J. Tracey* | Lisi | 97-513 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.American Family Publishers, Inc., American Family Enterprises, Lillian Vernon Corp. v. Eden Jewelry Co., Inc.* | Lisi | 97-526 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Transamerica Mailings, Inc. dba House of Windsor the "Windsor Collection"* | Lisi | 98-032 | Thomas A. Tarro, III<br>Kris R. Macaruso |

| | | | | |
|---|---|---|---|---|
| *Mag Jewelry Co., Inc. v.Fingerhut Corp.* | Lisi | 98-033 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Walmart Stores, Inc. dba Walmart* | Lisi | 98-034 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Botique Creations, Inc. and Michael Stansfield* | Lisi | 98-067 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Best Vast Imports, Inc. and Jong H. Kim* | Lisi | 98-110 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Waliga Imports & Sales, Inc. and William F. Waliga* | Lisi | 98-229 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Paramount Mfg. Co., Inc., Paramount Sales Co., Inc. and W.T. Starks* | Lisi | 99-135 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Russ Berrie & Company, Inc.* | Lisi | 01-383 | Thomas A. Tarro, III<br>Kris R. Macaruso | |

H:\Clients\STYLE\Mag Jewelry\Docs\MAG cases in RI- Exhibit Form.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**DECLARATION OF SERVICE**

Ronald L. Zaslow, hereby declares that on March 5, 2002 he caused to be delivered by hand a copy of (i) the Notice of Motion To Dismiss Or Transfer, (ii) the Affidavit In Support Of Defendants' Motion To Dismiss Or Transfer and (iii) the Memorandum Of Law In Support Of Defendants' Motion To Dismiss Or Transfer to the plaintiff's counsel at the following address:

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 5th day of March, 2002.

s/ Ronald L. Zaslow
Ronald L. Zaslow

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**NOTICE OF MOTION TO DISMISS OR TRANSFER**

PLEASE TAKE NOTICE that, upon the annexed affidavit of Jayne G. Trudell, and upon all prior proceedings had herein, defendants Cherokee, Inc., Robert Margolis, and Target Corporation d/b/a Target Stores, by their attorneys, will move this Court before the Hon. Sterling Johnson, Jr., United States District Judge, in his courtroom at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, on the 12th day of April, 2002 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order:

(i) dismissing plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or, in the alternative,

(ii) transferring this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a); and

(iii) granting such other and further relief as to this Court may seem just and

17

proper.

Dated: New York, New York
March 5, 2002

PERKINS & DUNNEGAN

By s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

OF COUNSEL,
Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

JAYNE G. TRUDELL, being duly sworn, deposes and says:

1. I am in-house counsel to defendant Target Corporation ("Target").

2. I have personal knowledge of the facts set forth herein except where the statements are upon information and belief, and I believe those statements to be true.

3. I am familiar with the claims asserted by Mag Jewelry Co., Inc. ("Mag") in this litigation and have investigated certain facts relating to those claims.

4. Cherokee, Inc. ("Cherokee") licenses certain trademarks to Target. Cherokee does not design, manufacture or distribute jewelry items for or to Target and did not sell to Target the accused works that are the subject of the Complaint.

5. Target purchased the accused works from a Rhode Island corporation, Style Accessories, Inc. ("Style").

6. If this matter is not resolved, it is anticipated that defendants' counsel will conduct discovery in Rhode Island, including reviewing documents produced by plaintiff Mag.

7. Defendants' counsel also expect to take the depositions of Mag's principals, representatives and employees, including Daniel Magnanimi, Donald Donnelly, Frank Vescera and Martha Medberry, all of whom are expected to testify as to Mag's purported rights in the accused work and its damage claims. Defendants expect that those depositions will be noticed for Rhode Island, where, upon information and belief, the above-referenced witnesses are located.

8. It is also anticipated that the depositions of certain principals and employees of Style, the distributor of the accused works, will be taken in Rhode Island because Style is based there. It is expected that the principals and employees of Style would testify as to defendants' right in and distribution of the accused work.

9. Finally, it is our understanding that Mag filed suit against a number of other manufacturers, distributors and/or sellers in Rhode Island involving the same putative copyright that is the subject of this complaint; defendants' counsel also intends to take the depositions of certain representatives of those defendants in Rhode Island, including Alan Gregerman of Warwick, Rhode Island, who, upon information and belief, has claimed to be the creator of the accused work, and Nicholas Verrechia, a former employee of Cathedral Art Manufacturing Co. (Providence, Rhode Island) who has, upon information and belief, claimed to be the creator of the accused work.

10. At this time, defendants do not foresee taking any discovery in, or calling any witnesses from, the Eastern District of New York.

11. Upon information and belief, Target has no documents relating to this action located in the Eastern District of New York.

12. For these reasons, it would be more efficient to transfer this matter to the United States District Court for the District of Rhode Island.

s/Jayne G. Trudell
JAYNE G. TRUDELL

SUBSCRIBED AND SWORN to before me this 4th day of March, 2002.

s/Susan D. Carlson
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Defendants, Cherokee, Inc. (Cherokee"), Robert Margolis ("Margolis") and Target Corporation d/b/a Target Stores ("Target"), hereby move to dismiss plaintiff's Complaint alleging copyright infringement pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or transfer this action pursuant to 28 U.S.C. § 1404(a). Simply put, this plaintiff filed suit in the wrong forum. This case should have been filed, if at all, in the District of Rhode Island: plaintiff, Mag Jewelry Co., Inc. ("Mag"), is a Rhode Island corporation; the distributor of the accused piece is a Rhode Island corporation; discovery will be conducted, in large part, in Rhode Island; Mag has filed at least fifteen (15) cases in the District of Rhode Island involving the same putative copyright that is the subject of this Complaint in the past few years; and those cases were/are all assigned to the same judge. In the interests of the parties and judicial economy, this matter should be dismissed and/or transferred to the United States District Court for the District of Rhode Island.

**FACTS**

Mag is a Rhode Island company, with its principal place of business in Rhode Island. (Complaint "Compl.," ¶ 1.) Cherokee is a Delaware corporation with its principal place of business in California. (Compl., ¶ 2.) Cherokee licenses certain trademarks to Target. (*See* Affidavit of Jayne G. Trudell, In-House Counsel to Target, "Trudell Aff.") Cherokee does not design, manufacture or distribute jewelry items for or to Target and did not sell to Target the accused works that are the subject of the Complaint. (Trudell Aff., ¶ 4.) Margolis is the Chief Executive Officer of Cherokee and is a California resident. (Compl., ¶ 3.) Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Compl., ¶¶ 2-4.)

Mag claims that it designed and created a piece of jewelry, the "Crystal Angel," in 1992 (Compl., ¶¶ 7-8), and that it is the registered copyright holder to the Crystal Angel work. (Compl., ¶¶ 9-12.) As the basis for this Complaint, Mag alleges, incorrectly, that Cherokee and Target violated Mag's putative copyright by causing the unauthorized reproduction, manufacture, promotion, importation, distribution and/or sale of copies of Mag's copyrighted "Crystal Angel." (Compl., ¶¶ 14-17.)

**ARGUMENT**

**A. This Case Should be Dismissed Pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a).**

Venue is "a privilege personal to each defendant." *Concession Consultants, Inc. v. Mirish*, 355 F.2d 369, 371 n.1 (2d Cir. 1966). Fed.R.Civ.P. 12(b)(3) permits a defendant to file a motion to dismiss based on improper venue. *Blass v. Capital Int'l Sec. Group*, 2001 U.S. Dist. LEXIS 3504, at * 5-6 (E.D.N.Y. Mar. 23, 2001). Similarly, 28 U.S.C. § 1404(a) provides, in relevant part:

> the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.

28 U.S.C. § 1404(a) (Emphasis added.) When a defendant objects to venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper in the forum. *See Rothstein v. Carriere*, 41 F. Supp.2d 381, 386 (E.D.N.Y. 1999).

Mag baldly claims that venue is proper here pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Its reliance on § 1391(b) is misplaced. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, and (3) a judicial district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Since Mag does not specify, it cannot be discerned which part of § 1391(b)(1) purportedly applies here. It is clear that subpart (1) is inapplicable: Target may technically "reside" in New York for the purposes of this venue analysis pursuant to 28 U.S.C. § 1391(c), but Cherokee does not, and Margolis is a California resident.[1] (Compl., ¶ 3.) Suit cannot be brought pursuant to § 1391(b) against multiple defendants in a district in which some, but not all, reside. *E.g., Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282 (1st Cir. 1983).

[1] The same analysis applies to plaintiff's claims that venue is appropriate here pursuant to 28 U.S.C. § 1400(a).

Subpart (2) also does not apply: the Complaint does not allege that any "event" or "omission" occurred in the Eastern District of New York, and certainly not "substantial" acts that gave rise to Mag's purported claim. *See* 28 U.S.C. § 1391(b)(2).

Finally, the "fallback" venue provision of 28 U.S.C. § 1391(b)(3) is equally inapplicable: there is plainly another district where this action could, and should, have been brought, namely Rhode Island, where Mag and the distributor are located and where Mag has sued companies from all over the United States over the same issue presented here (*see discussion infra*). *Friedman v. Revenue Management of New York, Inc.*, 839 F. Supp. 203, 206 (S.D.N.Y. 1993) aff'd 38 F.3d 668 (2d Cir. 1994) (fallback venue provision inapplicable where suit could have been brought elsewhere).

In sum, no section of 28 U.S.C. § 1391(b) confers venue on this Court. Because venue is improper, this case should be dismissed. *Agricultural Ins. Co. Inc. v. Ace Hardware Corp.*, 2000 U.S. Dist. LEXIS 15410, at *3 (S.D.N.Y. Oct. 20, 2000) (citing 28 U.S.C. §1406(a)); *Friedman*, 839 F. Supp. at 206 (dismissing counts of complaint without prejudice for improper venue when no subsection of § 1391(b) conferred venue).

**B. Even if the Court Does Not Dismiss the Case, it Should be Transferred to Rhode Island pursuant to 28 U.S.C. § 1404(a).**

Section 1404(a) states that "for the interest of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] New York courts have characterized §1404(a) as a "statutory recognition of the common law doctrine of forum non conveniens," that

[2] A forum *non conveniens* analysis is similar and leads to the same result. That analysis does not apply here, however, because defendants seek to transfer this matter to another federal court, rather than to a forum outside the United States. *DiRienzo v. Philip Svcs. Corp.*, 232 F. 3d 49, 56 (2d Cir. 2000) (common law forum *non conveniens* doctrine applicable only where the alternative forum is a foreign, i.e. non-American, one).

strives to prevent waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Berman v. Informix Corp.*, 30 F. Supp.2d 653, 656 (S.D.N.Y. 1998) (quoting *Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.*, 976 F. Supp. 174, 180 (W.D.N.Y. 1997)). Motions to transfer under §1404(a) lie within the broad discretion of the court and are determined based on notions of convenience and fairness on a case-by-case basis. *Berman*, 30 F. Supp.2d at 656; *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

The party moving to transfer must, in essence, show that the transfer is in the best interests of the litigation. *See Berman*, 30 F. Supp.2d at 656; *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218-19 (2d Cir. 1978), cert. denied 440 U.S. 908 (1979). The inquiry under § 1404(a) is two fold: (1) the Court must determine "whether the action sought to be transferred is one that 'might have been brought' in the transferee court; and (2) the Court must determine whether, considering the 'convenience of the parties and witnesses' and the 'interest of justice' a transfer is appropriate. *Orb Factory Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp.2d 203, 207 (S.D.N.Y. 1998).

The first part of the analysis requires that venue be proper in the district to which transfer is sought. *E.g., Billing v. Commerce One, Inc.*, 2002 U.S. Dist. LEXIS 1978, at *5 (S.D.N.Y. Feb. 8, 2002). Here, the fact that this case could have been brought in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b)(2) cannot reasonably be disputed: both Mag and the distributor of the accused works are located there and Mag has sued in Rhode Island at least 15 times in the past few years.

Therefore, the issue is whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interests of justice." 28 U.S.C. § 1404(a). In applying the

second step of the § 1404(a) analysis, the following factors are relevant:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of burdens of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Smart v. Goord*, 21 F. Supp.2d 309, 315 (S.D.N.Y. 1998); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F. Supp. 1247, 1250 (S.D.N.Y. 1995). Though these factors are essentially the same as those considered in determining whether an action should be dismissed for forum *non conveniens* grounds, § 1404(a) vests the Court with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the forum *non conveniens* analysis. *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991).[3]

**1. The Convenience of the Witnesses and the Parties and Compulsory Process.**

Convenience of the witnesses and the parties is one of the most important factors in determining whether to grant a motion under § 1404(a). *Smart*, 21 F. Supp.2d at 316; *see also Berman*, 30 F. Supp. 2d at 657 (convenience of both party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted). The logical starting point is a consideration of the residence of the parties. *See Hernandez*, 761 F. Supp. at 988. Here, none of the parties is a New York resident; there are

[3] Defendants may meet that burden by supporting the transfer motion with an affidavit detailing facts relevant to the factors to be considered, including the witnesses to be called and a general statement as to the substance of their expected testimony. *Hernandez*, 761 F. Supp. at 987; *see also Factors*, 579 F.2d at 218.

also no identified witnesses who are residents here. In contrast, Mag and the distributor, both of whom are likely targets of discovery, are residents of Rhode Island. Defendants anticipate taking the depositions of certain Mag employees and representatives in Rhode Island, including Daniel Magnanimi, Donald Donnelly, Frank Vescera and Martha Medberry, all of whom are expected to testify as to Mag's purported rights in the accused works and its damage claims. (Trudell Aff., ¶¶ 7, 8.)

Similarly, 'the availability of process to compel the testimony of important witnesses is another important consideration in transfer motions." *Arrow Electronics v. Ducommun, Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989). Fed.R.Civ.P. 45 provides district courts with limited enforcement rights concerning subpoenas. Under that rule, a district court can enforce a trial subpoena served on a witness within the judicial district of the court or within 100 miles of the court. *See* Fed.R.Civ.P. 45(b)(2) & (e). Several non-party witnesses (including employees of the distributor and current and former defendants in other Rhode Island based Mag cases, Alan Gregerman and Nicholas Verrechia)[4] reside in Rhode Island. Accordingly, to the extent these non-party witnesses are not willing to testify, the District of Rhode Island could compel their presence at trial, whereas this Court may not be able to compel that same result. Thus, this factor strongly supports transferring this case to Rhode Island.

**2. Locus of Operative Facts and Ease of Access to Sources of Proof.**

"The location of the operative events is a 'primary factor' in determining a § 1404(a) motion to transfer." *ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F.Supp.2d 274, 2279 (S.D.N.Y. 2000) (citing *Smart*, 21 F. Supp.2d at 316). "Courts routinely transfer cases where the

[4] The Trudell Affidavit identifies the non-party witnesses defendants intend to depose. Trudell Aff., ¶¶ 8, 9.

principal events occurred, and the principal witnesses are located in another district." *Totonelly v. Cardiology Assoc. of Corpus Christi*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996). In that same vein, the location of documents and the ease of access to sources of proof is an important consideration in motions to transfer. *Aquatic Amusement Assoc., Ltd v. Walt Disney World Co.,*734 F. Supp. 54, 58 (N.D.N.Y. 1990).

Here, the operative events likely involve the distribution of the works, which occurred from Rhode Island. Similarly, notes and records, of both the plaintiff and the distributor, and other manufacturers and distributors of the accused works, are located in Rhode Island. (*Cf.*, Trudell Aff., ¶ 11.) Thus, relative convenience and a lower cost of a trial in Rhode Island -- where the documents and the witnesses are located -- are factors which both weigh in favor of Rhode Island. *Berman*, 30 F. Supp.2d at 658; *see also Malone v. Commonwealth Edison Co.*, 2 F. Supp.2d 545, 547 (S.D.N.Y. 1998) (ordering transfer and citing, among other factors, the fact that "all of the relevant documents, evidence and witnesses will be found" in the transferee district); *Steinhardt Partners v. Smith Barney, Harris Upham & Co.*, 716 F. Supp. 93, 95-96 (S.D.N.Y. 1989) (consolidating pretrial discovery and minimizing expense are factors supporting transfer). This factor, too, weighs in favor of a transfer to Rhode Island.

**3. Plaintiff's Choice of Forum.**

Since an action is merely transferred under section 1404(a), not dismissed as with a forum *non conveniens* motion, plaintiff's choice of forum is not afforded any great significance in this analysis. *Hernandez*, 761 F. Supp. at 990. Even if it were, however, New York is not Mag's (a Rhode Island corporation) home forum, so Mag's choice of New York is entitled to little deference. *See ZPC 2000*, 86 F. Supp.2d at 280 (plaintiff's choice

of forum is entitled to little deference where it sued outside its home forum); *see also Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (plaintiff's "choice of the New York forum also is entitled to lesser weight because [plaintiff] has chosen a forum that is not his residence"). This is especially true in light of Mag's practice of litigating in the District of Rhode Island. Unfortunately, this looks like plaintiff forum shopped and ended up in the Eastern District of New York.

**4. Familiarity with Applicable Law, Trial Efficiency and Interests of Justice.**

Defendants assume that both this Court and the District of Rhode Island are equally familiar with the legal principles necessary to resolve this case. That notwithstanding, two facts weigh heavily in favor of transferring this matter to Rhode Island. First, the Honorable Mary Lisi presided over 15 Mag copyright cases;[5] it is more than fair to assume that the District of Rhode Island Court has additional familiarity with at least one of the parties, and some of the issues, specific to this case. *See Berman*, 30 F. Supp.2d at 660 (one of the most important factors considered by courts in evaluating a motion to transfer is the existence of similar litigation in the transferee district); *see also Mishnayot v. MGM Mirage*, 2002 U.S. Dist. LEXIS 2791, at * 6-8 (S.D.N.Y. Feb. 22, 2002). Second, plaintiff filed a motion to admit its Rhode Island counsel (who represented Mag in each of the above-referenced 15 actions) *pro hac vice* here. (Exhibit A) If, in fact, Rhode Island counsel is most familiar with the issues and the witnesses necessary for this case (as represented in the affidavit filed with the *pro hac vice* motion), and the Court in Rhode Island is familiar with the facts, and Mag and the distributor are both Rhode Island corporations, it seems apparent that Rhode Island is the most convenient forum.

[5] A matrix showing the copyright cases Mag filed in Rhode Island is attached hereto as Exhibit A.

Moreover, trial efficiency and the interests of justice favor transfer. *See Red Bull Assoc. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988). The dockets of the competing districts are relevant to this inquiry. *Billing*, 2002 U.S. Dist. LEXIS 1978, at * 12. For the twelve month period ending September 30, 2000 (the most recent compilation), the Administrative Office of the United States Courts reported that there were **610** cases pending in the District of Rhode Island, compared to over **9,000** in the Eastern District of New York. Leonides Ralph Mecham, *Judicial Business of the United States Courts, 2000 Annual Report to the Director*, at Table C. This matter is likely to be resolved more quickly if it is transferred to the Rhode Island docket. Surely, that is Mag's goal.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) or transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404.

Dated: New York, New York
March 5, 2002

PERKINS & DUNNEGAN

By s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Defendants
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

OF COUNSEL,
Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700

Exhibit A

**MAG JEWELRY CO., INC. CASES IN DISTRICT COURT OF RHODE ISLAND**

| CASE NAME | JUDGE | CASE NUMBER | PLAINTIFF COUNSEL |
|---|---|---|---|
| *Mag Jewelry Co., Inc. v. Anatone Jewelry Co., Inc., Robert Anatone d/b/a Ocean State Creations, Lauren Creations, Inc., Rhinestone Jewelry* | Lisi | 97-141 | Thomas A. Tarro, III<br>Kris R. Macaruso<br>Tarro Law Offices<br>300 Centerville Rd.<br>Warwick, RI 02886<br>737-7200 |
| *Mag Jewelry Co., Inc. v.Colorfuls, Inc. and Warren A. Stein* | Lisi | 97-053 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Bharat Dass* | Lisi | 97-070 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.USA Diamond Warehouse* | Lisi | 97-140 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Paramount Jewelry Mfg. Co. Paramount Sales Co., Inc., W.T. Starks* | Lisi | 97-281 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Cathedral Art ~~Metal Co., Inc. and William J. Tracey~~* | Lisi | 97-513 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.American Family Publishers, Inc., American Family Enterprises, Lillian Vernon Corp. v. Eden Jewelry Co., Inc.* | Lisi | 97-526 | Thomas A. Tarro, III<br>Kris R. Macaruso |
| *Mag Jewelry Co., Inc. v.Transamerica Mailings, Inc. dba House of Windsor the "Windsor Collection"* | Lisi | 98-032 | Thomas A. Tarro, III<br>Kris R. Macaruso |

| | | | | |
|---|---|---|---|---|
| *Mag Jewelry Co., Inc. v.Fingerhut Corp.* | Lisi | 98-033 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Walmart Stores, Inc. dba Walmart* | Lisi | 98-034 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Botique Creations, Inc. and Michael Stansfield* | Lisi | 98-067 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Best Vast Imports, Inc. and Jong H. Kim* | Lisi | 98-110 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Waliga Imports & Sales, Inc. and William F. Waliga* | Lisi | 98-229 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Paramount Mfg. Co., Inc., Paramount Sales Co., Inc. and W.T. Starks* | Lisi | 99-135 | Thomas A. Tarro, III<br>Kris R. Macaruso | |
| *Mag Jewelry Co., Inc. v.Russ Berrie & Company, Inc.* | Lisi | 01-383 | Thomas A. Tarro, III<br>Kris R. Macaruso | |

*H:\Clients\STYLE\Mag Jewelry\Docs\MAG cases in RI- Exhibit Form.doc*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. Plaintiff | : | |
| vs. | : | 02 Civ. 0466 (SJ) |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES Defendants | : | |

Pursuant to Rule 1.9 of the Local Rules of the United States District Court for the Eastern District of New York and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Target Corporation** (a private non-governmental party) certifies that the following are corporate parents, affiliates and/r subsidiaries of said party which are publicly held:

Target Receivables Corporation (MN).

s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

Dated: April 11, 2002

OF COUNSEL

Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

H:\Clients\STYLE\Mag Jewelry\Pleadings\Target Rule 1.9 Statement.doc

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | 02 Civ. 0466 (SJ) |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | : | |

Pursuant to Rule 1.9 of the Local Rules of the United States District Court for the Eastern District of New York and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Cherokee, Inc.** (a private non-governmental party) certifies that it has no corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

Dated: April 11, 2002

OF COUNSEL

Craig M. Scott, Esq.
Christine K. Ahern, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

H:\Clients\STYLE\Mag Jewelry\Pleadings\Reply Mem MDismiss.doc

Courtesy Copy

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MAG JEWELRY CO., INC. :

Plaintiff, :

-against- :

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES :

Defendants. :

------------------------------------------------------------- x

Civil No. 02 CV 0466

CF

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 16 2002
TIME A.M.______
P.M.______

**MEMORANDUM OF LAW IN SUPPORT OF**
**OBJECTION TO MOTION TO DISMISS OR TRANSFER**

Michael F. Maschio, Esq.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MAG JEWELRY CO., INC., :

Plaintiff, :

-against- : Civil No. 02 CV 0466

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :
Defendants.
:
------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS OR TRANSFER**

Mag Jewelry Co., Inc. ("Mag") Plaintiff in the above captioned action hereby objects to the motion to dismiss or transfer filed by Defendants Cherokee, Inc., Robert Margolis and Target Corporation d/b/a/ Target Stores. Defendants have moved to dismiss Plaintiff's Complaint alleging copyright infringement pursuant to Fed. R.Civ P. 12(b)(3) and 28 U.S.C. § 1406(a) based upon improper venue or in the alternative have moved to transfer this action to Rhode Island pursuant to 28 U.S.C. § 1404(a). Plaintiff objects to the motion to dismiss on the grounds that the Eastern District of New York is a proper venue for this action and that Defendants have not meet their burden of proof to establish that transfer is necessary or appropriate under the facts and circumstances of this case.

**FACTS**

Plaintiff, Mag Jewelry Co., Inc., is in the business of designing, creating, manufacturing and selling items of jewelry. One of the items of jewelry Plaintiff created, manufactured, marketed and sold throughout the country is the "Crystal Angel," which is sold as earrings, necklace and pin. The "Crystal Angel" was created by Plaintiff's employees and/or agent in 1992 and the manufacturing and distribution of same has continued by Mag

Jewelry Co., Inc. since 1992. The "Crystal Angel" was a wholly original creation of the Plaintiff, by and through its employees and/or agents.

On or about November 29, 1995, the Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the "Crystal Angel." This Certificate was issued by the Register of Copyrights with an effective date of November 29, 1995 and bears Registration No. VA 758-661. A supplemental registration was filed with the Register of Copyrights by the Plaintiff, Mag Jewelry Co., Inc., on or about November 22, 1995 indicating that the correct date of first publication of the "Crystal Angel" by Mag Jewelry Co., Inc. was March 5, 1992. On or about June 13, 1996, a Certificate was issued by the Register of Copyrights with an effective date of June 13, 1996 bearing Registration No. VA 787-020 and indicating the date of creation of the "Crystal Angel" by Mag Jewelry Co., Inc. to be March 5, 1992.

Recently, Plaintiff discovered that Defendant Target has marketed, advertised for sale and sold crystal angel jewelry which are copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel" design. Items of infringing angel jewelry, attached to a card bearing the name "Cherokee," were purchased at Defendant Target's retail store in New York, and the receipt reflected a "Cherokee" sku number. The objective evidence indicates that infringing items were manufactured, marketed, distributed or sold by Defendant Cherokee to Defendant. Target.

This action seeks declaratory relief to establish Plaintiff's exclusive copyright to the "Crystal Angel" and seeks compensatory damages against Defendants for copyright infringement for the marketing, manufacture, distribution and sale of identical crystal angel jewelry.

## LEGAL ARGUMENT

### A. <u>This Court May Retain Jurisdiction Over this Action as Venue is Proper Pursuant to 28 U.S.C. § 1400 (a).</u>

The special venue statute for copyright actions, 28 U.S.C. §1400 (a) provides that such actions may be brought "in the district in which the defendant or his agent resides or

may be found." A defendant "may be found" wherever that person or corporation is amenable to personal jurisdiction under the state long arm statute. Business Trends Analysts v. Freedonia Group, Inc., 650 F. Supp. 1452, 1456 (S.D.N.Y. 1987). Thus, where a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper. Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207 (S.D.N.Y. 1995); Store Decor Division Of JAS International, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181 (N.D.Ill. 1991).

Under New York's long arm statute, CPLR § 302(a), a defendant is subject to jurisdiction where it transacts business within the state or contracts anywhere to supply goods or services within the state and the cause of action arises from the in state transactions. Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207 (S.D.N.Y. 1995). In the context of copyright infringement, which is in essence a commercial tort, the infringement is deemed to take place at the point of consumer purchase. Lipton v. The Nature Co., 781 F.Supp. 1032 (S.D.N.Y. 1992) affirmed 71 F.3d 464 (2nd Cir. 1992). Personal jurisdiction may be asserted over a non-domiciliary defendant so long as the allegedly infringing goods were sold in New York. Pilates, Inc. v. Pilates Institute, Inc., 891 F.Supp. 175, 182 (S.D.N.Y. 1995). Here, the infringing jewelry were purchased from Target's retail store in New York, bearing the Cherokee mark, and thus the cause of action arose from in state transactions, conferring personal jurisdiction over both Target and Cherokee.

Defendant Target does not contest that is amenable to personal jurisdiction in New York. Indeed, Target transacts substantial retail business in New York through its stores in Westchester and Long Island. Likewise, Defendant Cherokee is subject to personal jurisdiction in New York as its products are distributed and sold through the Target stores in New York. Moreover, Defendant Robert Margolis has not proffered any facts to refute the assertion of personal jurisdiction over him in the New York courts.

Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1400 (a) and there are no grounds for dismissal of this action.

**B. This Court May Retain Jurisdiction Over this Action as Venue is Proper Pursuant to 28 U.S.C. § 1391 (b).**

The general venue statute, 28 U.S.C. § 1391 (b) provides, in pertinent part, that an action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no other district in which the action may otherwise be brought.

Plaintiff asserts that venue is proper under Section 1391 (b)(2). In this regard, a substantial event for venue purposes need not be a point of dispute between the parties. Rather, a plaintiff need only establish that the event was a substantial part of the historical predicate for the lawsuit. Uffner v. La Reunion Francaise, S.A., 244 F.3d 38 (1st Cir. 2001).

In this claim for copyright infringement, a substantial part of the events giving rise to the claim, namely the sale of the infringing work, occurred in New York. Whether or not additional events, such as the copying of the "Crystal Angel" or the manufacture of the infringing pieces occurred elsewhere does not alter the fact that substantial events for venue purposed occurred in New York. Pilates, Inc. v. Pilates Institute, Inc., 891 F.Supp. 175, 182 (S.D.N.Y. 1995). In infringement claims, court have held that venue may be proper in each jurisdiction where infringement is properly alleged to have occurred. Id at 182. See also Rothstein v. Carriere, 41 F.Supp. 2d 381 (E.D.N.Y. 1999) (venue proper where economic injury suffered by Plaintiff by acts occurring in New York).

In addition, Defendant Target clearly "may be found" in New York, permitting the exercise of jurisdiction by this Court under § 1391 (b)(3).

Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b) and there are no grounds for dismissal of this action.

**C. <u>Defendants Have Failed to Establish that Transfer is Appropriate Pursuant to 28 U.S.C. § 1404 (a).</u>**

Transfer of a case may be ordered pursuant to 28 U.S.C. § 1404 (a) for the interest of the parties and witnesses and in the interest of justice to any other district or division where the claim might have been brought. Defendants bear the burden of proving that transfer is warranted and must establish (1) that the proposed transferee court is one where the action "might have been brought" and (2) the convenience of the parties and the interests of justice require transfer. <u>Berman v. Informix Corp.</u>, 30 F.Supp. 2d 653, 656 (S.D.N.Y. 1998). Defendants can not meet either of these criteria.

Plaintiff became aware that infringing works were being sold by Defendant Target bearing the name of Defendant Cherokee when said items were purchased in New York. Thus, the substantial event prompting this litigation occurred in New York. Although Defendants now assert that the infringing jewelry was purchased from a Rhode Island distributor, Style Accessories, Inc., this entity is not a Defendant in this case and cannot form the basis of jurisdiction in a Rhode Island court. Indeed, in arguing for transfer, Defendants have not asserted that they had any contacts with Rhode Island which would have been sufficient to confer jurisdiction in Rhode Island at the outset of this litigation.

As to the second prong of the transfer analysis, Defendants fall short of establishing that convenience of the parties and the interests of justice requires transfer. In considering the motion for transfer, a court should not disturb a plaintiff's choice of forum "unless the defendants make a clear and convincing showing that the balance of convenience favors the defendants' choice." <u>Linzer v. EMI Blackwood Music, Inc.</u>, 904 F.Supp. at 216 (citations omitted). The following factors are relevant in determining whether transfer is warranted under § 1404 (a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of burdens of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the

> availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Viacom Int'l v. Melvin Simon Prods., 774 F.Supp. 858, 867-868 (S.D.N.Y. 1991).

The first three factors assess evidentiary convenience: to the parties, witnesses and accessibility to documentary evidence. Neither of the Defendants are incorporated or have their principal place of business in either New York or Rhode Island. Plaintiff intends to produce its witness and documents in New York. Thus, there is no demonstrable difference to having these parties or documents produced in New York or Rhode Island.

As to the fourth factor, it has been held that the location of operative events is a "primary factor" in determining a motion to transfer venue. Smart v. Goord, 21 F.Supp. 2d 309, 316 (S.D.N.Y. 1998). Here, the operative events are the manufacture, marketing, distribution and sale of the infringing angel jewelry. Sales, distribution and advertising of the angel jewelry all occurred in New York or other locations. Whether a non party may have also distributed or manufactured the jewelry in Rhode Island does not impact the location of the present litigation between the named parties. See Store Decor Division Of JAS International, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181 (N.D.Ill. 1991) (denying transfer of copyright action where *some* of alleged wrongdoing occurred in transferor forum). Defendants can point to no activities which they conducted in Rhode Island and have attested to no facts which purport to explain why the name "Cherokee" appears on the cards on which the infringing jewelry was attached when purchased in New York. Accordingly, the only operative facts which are presently known to the parties militate in favor of retaining venue in New York.

The fifth factor, the availability of process to compel attendance of unwilling witnesses, has no bearing on the instant motion to transfer as Defendants have made no showing that the anticipated non party witnesses would be unwilling to testify voluntarily. Likewise, the relative means of the parties does not require transfer, as the Defendants have

not asserted any financial impediment to litigating this action in New York and indeed have no relationship with the State of Rhode Island.

The seventh factor, a forum's familiarity with governing law does not militate in favor of Rhode Island, as New York has a larger body of case law addressing copyright issues. Moreover, the fact that this Plaintiff has brought other infringement actions in Rhode Island does not alter this analysis at all but one of those cases were resolved by mutual settlement between the parties before the court had an opportunity to address substantive legal or factual issues. Only one case proceeded to judgment. Furthermore, none of those cases involved any of the Defendants named in this action. Cf. Berman v. Informix Corp., 30 F.Supp. 2d 653, 656 (S.D.N.Y. 1998) (transferring action to California where a class action by multiple parties against the same defendants was pending). In addition, one case involving the Plaintiff's "Crystal Angel" has already been resolved before this Court and there is one case presently pending.

With respect to the eighth factor, the plaintiff's choice of forum is generally accorded great weight, and is deferred to unless the balance is strongly in favor of the defendant. Lipton v. The Nature Co., 781 F.Supp. 1032 (S.D.N.Y. 1992) affirmed 71 F.3d 464 (2nd Cir. 1992) (denying transfer of copyright infringement action). Contrary to Defendants' assertion, deference to the plaintiff's choice of forum does not depend solely on whether or not plaintiff is a resident of the forum district. A plaintiff's choice of forum is entitled to deference where there is a "material connection or significant contact between the forum state and the events allegedly underlying the claim." Berman v. Informix Corp., 30 F.Supp. 2d 653, 659 (S.D.N.Y. 1998); United States Fidelity and Guaranty Company v. Republic Drug Company, Inc., 800 F.Supp. 1076, 1082 (E.D.N.Y. 1992) (no nexus between the action and the chosen forum). As argued above, significant events pertaining to Plaintiff's claim occurred in New York, in particular the sale of the allegedly infringing jewelry. Consequently, Plaintiff's choice of forum is appropriate, entitling it to substantial weight in the analysis of Defendants' motion to transfer.

The final factor, trial efficiency and the interest of justice, does not require transfer, where, as here, the other factors dictate the this case be retained in Plaintiff's chosen forum in New York.

Based on the foregoing, Defendants have not demonstrated that transfer is necessary or appropriate under the facts and circumstances of this case and, therefore, their motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendants motion to dismiss or in the alternative, motion to transfer should be denied in all respects.

Dated: New York, New York
March 28, 2002

MAG JEWELRY CO., INC.
By its Attorney,

Michael F. Maschio, Esq. (MFM 2366)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036
(212) 790-9200
(212) 575-0671 (fax)

Thomas A. Tarro III, Esq. #2046 (Pro Hac Vice)
THE LAW FIRM OF THOMAS A. TARRO III, ESQ.
Attorneys for Mag Jewelry, Co., Inc.
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

**Certificate of Service**

I hereby certify that a copy of the foregoing Memorandum in Support of Objection to Motion to Dismiss or Transfer was mailed, via first-class, and faxed to all attorneys of record at their regular business address on the 28th day of March 2002.

Michael F. Maschio

Courtesy Copy

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.

APR 16 2002

TIME A.M.________
P.M.________

CF

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. Plaintiff | : | |
| vs. | : | 02 Civ. 0466 (SJ) |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES Defendants | : | |

**REPLY MEMORANDUM OF LAW IN FUTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

In December 2001, a Rhode Island company purchased from a Rhode Island store costume jewelry it believed infringed on its copyright. Did it file suit in the District of Rhode Island where it filed over a dozen similar actions concerning the same putative copyright? No. This Rhode Island company looked beyond its home state and its home court (it recently lost a case in the District of Rhode Island[1]), traveled the following month to Queens, New York, purchased some more accused jewelry from the same retail chain from which it purchased this jewelry the prior month in Rhode Island, and now claims that this District is the proper forum to resolve this dispute because a "substantial part" of the events leading up to this to this copyright infringement case occurred in this District.

In its zeal to avoid litigating in its home forum, plaintiff, Mag Jewelry Co., Inc. ("Mag"), went a step too far: its opposition memorandum misstates critical facts, and it submitted an attorney affidavit peppered with legal conclusions, speculation, hearsay and

[1] Mag Jewelry Co., Inc. v. American Family Publishers, Inc., American Family Enterprises, Lillian Vernon Corp. v. Eden Jewelry Co., Inc., C.A. No. 97-526.

factual inaccuracies[2]. The most egregious example misrepresents where Mag purchased the accused works. Specifically, Mag relies on two receipts attached to the Complaint as the basis for its claim that a "substantial part" of the events at issue took place in Queens, New York. Its opposition papers amplify this point by repeatedly trumpeting that the sales receipts "prominently" display Target's name and allegedly prove that the works were purchased in Queens. Those statements are false. The receipts attached to the Complaint reflect that Mag purchased the first eight (of the eleven, or 73%) of the accused works at Target's store 1188. Target store 1188 is located in Warwick, Rhode Island.[3]

**ARGUMENT**

Mag's Memorandum in Opposition to Defendants' Motion to Dismiss[4] harps on basic legal axioms, but glosses over (or misstates) critical facts, all of which require that this case be transferred to Rhode Island. For example, Mag makes much of the fact that the general venue statute, 28 U.S.C. § 1391(b)(2), allows for venue where a "substantial part of the events or omissions giving rise to the claim occurred..." Mag then concludes that "a substantial part of the events giving rise to the claim, namely the sale of the infringing work, occurred in New York." (Opp. Mem., p. 4.) Mag relies on the two receipts attached to its Complaint to support that claim.

---

[2] Paragraphs 11, 12, 13, 16 and 17 of the Affidavit of Michael Maschio should be stricken, or at least not considered by the Court, because those paragraphs contain inadmissible legal opinions, state "facts" that are not within the personal knowledge of Mr. Maschio, and contain at least one statement that is unequivocally false, as identified herein. *See, e.g., Gittes v. GMIS, Inc.*, 1999 U.S. Dist. LEXIS 10645, at *22-23 (S.D.N.Y. July 15, 1999); *Carnite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 449 (W.D.N.Y. 1997) (an attorney's affidavit not based on personal knowledge is an impermissible substitute for personal knowledge of a party); *Mason Tenders District Council Pension Fund v. Messera*, 958 F. Supp. 869, 891 (S.D.N.Y. 1997) (an affidavit based on hearsay from counsel, unsupported by other competent proof, "does not comply with Rule 56(e)").
[3] Second Affidavit of Jayne Trudell, ¶ 4.
[4] Hereinafter "Opp. Mem."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**DECLARATION OF SERVICE**

Ronald L. Zaslow, hereby declares that on April 11, 2002 he caused to be delivered by hand a copy of (i) the Reply Memorandum Of Law In Further Support Of Defendants' Motion To Dismiss Or Transfer and ii) the Second Affidavit of Jayne G. Trudell In Support Of Defendants' Motion To Dismiss Or Transfer to the plaintiff's counsel at the following address:

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 11th day of April, 2002.

s/Ronald L. Zaslow
Ronald L. Zaslow

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
IN CHAMBERS OF
HON. STERLING JOHNSON JR.
APR 09 2002
TIME A.M. ____
P.M. ____

ECF

-------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

-------------------------------x

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ APR 16 2002 ★
P.M.
TIME A.M.

**ORDER GRANTING ADMISSION TO PRACTICE PRO HAC VICE**

This matter having been opened to the Court by Perkins & Dunnegan attorneys for the defendants, for an order pursuant to Local Civil Rule 1.3(c) of the Local Rules governing the Admission and Practice of Attorneys, for the admission *pro hoc vice* of Craig M. Scott, Esq. and Christine K. Ahern, Esq. for the defendants in this action and upon the declaration of William Dunnegan submitted in support of this application, and for good cause shown, it is hereby

ORDERED that the motion is GRANTED, and that Craig M. Scott, Esq. and Christine K. Ahern, Esq. be admitted to this Court *pro hac vice* for all purposes in connection with this action

HON STERLING JOHNSON, JR.
U.S. DISTRICT COURT JUDGE

Dated: April 10, 2002

19

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | 02 Civ. 0466 SJ |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | : | |

**DEFENDANTS' RULE 26(f) REPORT**

1. On May 14, 2002 the parties conducted a telephone conference pursuant to Fed.R.Civ.P. 26(f). The participants were:

Michael F. Maschio and Thomas A. Tarro for plaintiff, Mag Jewelry Co., Inc. ("Mag"), and

Ronald L. Zaslow and Craig M. Scott for defendants, Cherokee Inc., Robert Margolis and Target Corporation d/b/a Target Stores.

2. It is defendants' position that neither party should be required to make initial disclosures pursuant to Fed.R.Civ.P. 26(a) until the Court has considered and rendered a decision of defendants' Motion to Dismiss plaintiff's Complaint because, if granted, this case will either be dismissed or transferred to the District of Rhode Island.

Specifically, on March 5, 2002, defendants moved to dismiss plaintiff's Complaint or to transfer venue to the United States District Court for the District of Rhode Island, where (i) the majority of the accused works in this alleged copyright infringement case were purchased, (ii) plaintiff Mag is based, and (iii) Mag has litigated numerous other cases involving the same putative copyright at issue in this case before the Honorable Mary Lisi.

JD

Plaintiff objected to defendants' Motion to Dismiss. Defendants' Motion to Dismiss has not been assigned a date for hearing.

3. For the same reason, it is defendants' position that discovery should be stayed until this Court renders a decision on defendants' Motion to Dismiss plaintiff's Complaint because, among other reasons, the parties' proposed discovery would be rendered moot by a dismissal or affected by a transfer of this matter to the United States District Court for the District of Rhode Island.

4. Defendants request a pre-trial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

Defendants,
CHEROKEE, INC.; ROBERT MARGOLIS; and TARGET CORPORATION

By Their Attorneys,

s/William Dunnegan
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

Craig M. Scott, Esq. (*Pro hac vice)*
Christine K. Ahern, Esq. (*Pro hac vice)*
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Dated: May 24, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ) (VVP)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

-------------------------------x

**NOTICE OF ADDRESS CHANGE**

PLEASE TAKE NOTICE that the undersigned has moved its offices to:

45 Rockefeller Plaza
New York, New York 10111

Dated: New York, New York
June 5, 2002

PERKINS & DUNNEGAN

s/William Dunnegan
William Dunnegan (WD9316)
Ronald L. Zaslow (RZ9384)
Perkins & Dunnegan
45 Rockefeller Plaza
New York, New York 10111
(212) 332-8300

To: Michael F. Mashcio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036

21

Thomas A. Tarro, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East – Suite 330
Centerville Road
Warwick, Rhode Island 02886

Craig M. Scott, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

MAG JEWELRY CO., INC., :

Plaintiff, :

v. : 02 Civ. 0466 (SJ)

CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a
TARGET STORES, :

Defendants. :

------------------------------x

**DECLARATION OF SERVICE**

Ronald L. Zaslow, hereby declares, pursuant to 28 U.S.C. § 1746 that on June 5, 2002, he served by U.S. mail a true copy of Perkins and Dunnegan's Notice of Change of Address to:

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036

Thomas A. Tarro, Esq.
The Law Firm of Thomas A. Tarro, III, Esq.
The Summit East – Suite 330
Centerville Road
Warwick, Rhode Island 02886

Craig M. Scott, Esq.
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 5th day of June, 2002.

s/Ronald L. Zaslow
Ronald L. Zaslow

PERKINS & DUNNEGAN

ATTORNEYS AT LAW
720 FIFTH AVENUE
NEW YORK, NEW YORK 10019
212-397-7020

212-397-7009 WRITER'S DIRECT DIAL
212-765-1460 TELECOPIER

April 15, 2002

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2002 ★
TIME A.M.

Gabriel O'Malley
Chambers of the Hon. Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Mag Jewelry v. Cherokee, Inc.
02 Civ. 0466 (SJ)

Dear Mr. O'Malley:

Please allow this letter to confirm that Judge Johnson executed the order granting *pro hac vice* admission to Craig M. Scott, Esq. and Christine K. Ahern, Esq. for this matter. We respectfully request that you mail us a copy of the order in the enclosed self-addressed stamped envelope.

Respectfully yours,

Ronald L. Zaslow

Enclosure

Cc: Michael F. Maschio, Esq. (By Telecopy)
Christine K. Ahern (By Telecopy)

22

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

MAG JEWELRY CO., INC. :

Plaintiff, :

-against- :

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES, :

Defendants. :

---------------------------------------------------------- x

C.A. NO.: 02-0466

RULE 26A - PLAINTIFF'S REQUIRED DISCLOSURE

The attorneys for the parties have participated in a Rule 26(f) Conference of Parties. The conference was held on May 14, 2002. Counsel for the defendants objected to the plaintiff's request that the parties enter into a plan for discovery and objected to participating in Rule 26A required disclosure on the grounds that there is pending before this Court a motion to dismiss and/or transfer this action to the United States District Court, District of Rhode Island.

Set forth below is the plaintiff's required disclosure pursuant to Rule 26A F.R.C.P.

A. The name and address of each individual likely to have discoverable information:

Dan Magnanimi

Don Donnelly

Robert Santucci

23

c/o Mag Jewelry Co., Inc.
838 Dyer Avenue
Cranston, Rhode Island 02920

B. Description by category and location of all documents that the disclosing part may use to support claims:

The registered copyrights, production workbook, purchase orders, customer letters and products are all located at the law offices of Thomas A. Tarro, The Summit East-Suite 330, 300 Centerville Road, Warwick, Rhode Island 02886.

C. Computation of any category of damages:

The plaintiff will rely upon statutory damages, and/or the profits derived from defendants together with legal fees.

D. Insurance Agreement:

None applicable.

Dated: August 21, 2002

COWAN, LIEBOWITZ & LATMAN, P.C.

By: ______________________________
Michael F. Maschio
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was delivered via facsimile and via by first class U.S. Mail (postage prepaid) this 21st day of August, 2002 to William Dunnegan, Esq. Perkins & Dunnegan, 45 Rockefeller Plaza, New York, New York 10111 and to Craig M. Scott, Duffy & Sweeney, Ltd., One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

MICHAEL F. MASCHIO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------x
MAG JEWELRY CO., INC.,

Plaintiff,

- v -

CHEROKEE, INC., et al.,

Defendants.
--------------------------------------------x

**DECISION AND ORDER**

CV-02-466 (SJ)(VVP)

The parties have addressed to the court two disputes concerning discovery in this action. The plaintiff seeks an order compelling the defendant Margolis, who resides in California, to appear for a deposition in New York. The defendants oppose any requirement that Margolis be required to travel to New York for his deposition, and in addition they seek a stay of further discovery until their motion to dismiss or to transfer this action is decided. No answer has yet been filed in this action, and issue therefore has not been joined. Pre-answer discovery might therefore prove pointless, and the attendant expense wasteful, if the case is dismissed. In these circumstances, unless there is a compelling reason for pre-answer discovery, and none has been offered, the stay requested by the defendants is appropriate. In addition, should the case be transferred to another district, discovery disputes of the type now addressed to this court are more appropriately resolved by the court that ultimately has jurisdiction of the action. Accordingly, the plaintiff's motion to compel the deposition of Margolis is DENIED, and the defendants' motion to stay further discovery pending determination of their motions is GRANTED.

**SO ORDERED:**

____________________________
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 11, 2002

24

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | 02 Civ. 0466 SJ |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | : | Honorable Sterling Johnson, Jr. |

**PROTECTIVE ORDER**

Plaintiff, Mag Jewelry Co., Inc. ("Mag Jewelry"), and defendants, Cherokee, Inc. ("Cherokee"), Robert Margolis ("Margolis") and Target Corporation d/b/a Target Stores ("Target"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action.

1. Any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential."

28

With respect to any deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to paragraphs 4, 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Confidential - Attorneys Eyes Only." Confidential Information designated "Confidential - Attorneys Eyes Only" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) counsel of record and office personnel employed and assisting them in this case;

(b) any outside, non-party expert, investigator or consultant, retained by counsel in connection with this case;

(c) the Court before which this case is pending; and

(d) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

No such information shall be disclosed to any party.

5. Any pleading, brief, or other document which refers to or incorporates any Confidential Information shall be filed with the Court in this case under seal.

6. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

7. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(a), 3(c), 3(d) or 4(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

8. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

9. Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential" or "Confidential - Attorney's Eyes Only."

10. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

11. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

STIPULATED AND AGREED TO:

Defendants,
CHEROKEE, INC.; ROBERT MARGOLIS; and TARGET CORPORATION d/b/a TARGET STORES

By Their Attorneys,

Craig M. Scott, Esq. (RI 4237)
Christine K. Ahern, Esq. (RI 5587)
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
(401) 455-0700
(401) 455-0701 (Facsimile)

William Dunnegan (WD 9316)
Ronald Zazlow (RZ 9384)
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

Dated: October 7, 2002

Plaintiff,
MAG JEWELRY CO., INC.

By Its Attorneys,

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (Facsimile)

Michael F. Mashcio, Esq. (FMF2366)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
(212) 575-0671 (Facsimile

Dated: 10/4, 2002

ENTERED AS AN ORDER of this Court this _____ day of ____________, 2002.

ORDER:

______________________

ENTERED:

______________________

## EXHIBIT A

## AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the Eastern District of New York, in the above-captioned action on ________________, 2002, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the Eastern District of New York for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

______________________________________________________________

____________________________________________

____________________________________________

____________________________________________

______________________________________

Signature: ________________

Name: __________________

Employer: ________________

Title: ___________________

Subscribed and sworn to before me in the said County of ___________

______,

State of ________________, this ________ day of ______________, 2002.

________________________

Notary Public

My Commission Expires: ______

H:\Clients\STYLE\Mag Jewelry\Pleadings\Protective order-final.doc

ECF

**Cowan, Liebowitz & Latman, P.C.**
LAW OFFICES

1133 Avenue of the Americas • New York, NY 10036-6799

*Telephone* (212) 790-9200 • *Web* www.cll.com • *Fax* (212) 575-0671

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 28 2003 ★
P.M.
TIME A.M.

**Michael F. Maschio**
Direct (212) 790-9270
*mfm@cll.com*

November 4, 2002

RECEIVED
IN CHAMBERS OF
HON STERLING JOHNSON JR.
NOV 5 2002
TIME A.M.
P.M.

Honorable Sterling Johnson, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Mag Jewelry Co., Inc. v. Cherokee, Inc.
~~01~~ 02 Civ. 0466 SJ (VVP)

Dear Judge Johnson:

We write as counsel for the plaintiff, Mag Jewelry Co., Inc., in the above-referenced matter to inquire about the status of defendants' motion, entered April 11, 2002, to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or in the alternative to transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S. § 1404(a). In view of an October 11, 2002 order by Magistrate Judge Viktor V. Pohorelsky staying further discovery in this matter, our client respectfully requests that the Court render a decision on defendants' motion so that the case may proceed in the appropriate venue and the parties may have an opportunity to both conduct and complete proper discovery in advance of a trial date.

Subsequent to defendant's aforementioned application, the parties have proceeded in good faith to commence the requisite discovery, including plaintiff's propounding of interrogatories and defendants' responses to same and plaintiff's requests for document production. Related to this, the parties entered into a protective order governing discovery disclosure. However, Magistrate Judge Pohorelsky's order of October 11, 2002 has now halted discovery at a critical stage, with documents about to be provided to the plaintiff. Because co-defendant Target Corporation is a major national retailer, the effects of any continuing contributory copyright infringement on its part will be significant.

29

In his Decision and Order, Magistrate Judge Pohorelsky observed that

> "No answer has yet been filed in this action, and [the] issue therefore has not been joined. Pre-answer discovery might therefore prove pointless, and the attendant expense wasteful, if the case is dismissed."

However, defendants' aforementioned Fed. R. Civ. P. 12(b)(3) motion automatically stayed defendants' time to answer, pursuant to Fed. R. Civ. P. 12(a)(4)(A). Consequently, once the Court rules on defendants' motion, irrespective of venue, defendants will be obligated under Fed. R. Civ. P. 12(a)(4)(A) to serve their answer within ten (10) days of the Court's action and, similarly, discovery will resume. However, upon such resumption, should the Court or a court of different venue further order an immediate trial, our client's ability to fully prosecute its claim in the absence of a proper and immediate discovery will be sorely compromised.

Therefore we respectfully request that the Court render a decision on defendant's aforementioned motion at the earliest possible date.

Very truly yours,

Michael F. Maschio

cc: William Dunnegan, Esq., Perkins & Dunnegan
Ronald Zaslow, Esq., Perkins & Dunnegan
Craig M. Scott, Esq., Duffy & Sweeney, LTD
Christine K. Ahern, Esq., Duffy & Sweeney, LTD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MAG JEWELRY CO., INC.,

Plaintiff,

- v -

CHEROKEE, INC., et al.,

Defendants.

-------------------------------------------------------x

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT

**DECISION**

CV-02-466 (SJ)(VVP)

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ MAY 15 2003 ★

P.M. ______
TIME A.M. ______

The plaintiff has moved to vacate an order staying discovery in this action. No circumstances have emerged to undercut the reasons underlying the court's decision, as articulated in the court's order staying discovery. Accordingly, for those reasons, the plaintiff's motion is denied.

SO ORDERED:

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
May 13, 2003

(30)

DOCKET & FILE

DUFFY & SWEENEY, LTD
BUSINESS LAW AND LITIGATION

RECEIVED
MAY 12 2003
IN CHAMBERS OF
HON. VIKTOR V. POHORELSKY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 ... ★
P.M.
TIME A.M.

One Turks Head Place, Suite 1200
Providence, RI 02903
Tel 401-455-0700
Fax 401-455-0701

150 Federal Street, 12th Floor
Boston, MA 02110
Tel 617-261-9606
Fax 617-261-9605

www.duffysweeney.com

*Christine K. Ahern*
*cahern@duffysweeney.com*

May 8, 2003

***Via First Class Mail***

Hon. Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Mag Jewelry Co., Inc. v. Cherokee, Inc., Robert Margolis and Target Corporation, d.b.a Target Stores,* 02 Civ. 0466 SJ

Dear Magistrate Judge Pohorelsky:

This firm represents defendants, Cherokee, Inc., Robert Margolis and Target Corporation d/b/a Target Stores, in the above-referenced matter. We respond to the May 1, 2003 correspondence to the Court from counsel to plaintiff, Mag Jewelry Co., requesting that the Court reconsider its October 11, 2002 Order staying discovery (the "Order"). We respectfully request that the Court reject plaintiff's request.

The pretext for plaintiff's request for reconsideration is a claim that the stay prejudices plaintiff because, it alleges, a "major retailer" continues to infringe Mag Jewelry Co.'s copyright. That assertion is inaccurate. The manufacturer of the alleged infringing works sold through its inventory over a year ago, and has not sold to any "major retailer" since. To our knowledge, no "major retailer" is currently selling the alleged infringing items. Moreover, the Court entered the Order in light of defendants' Motion to Dismiss pending before Judge Johnson. That Motion remains pending. Thus, since the procedural posture of this case is the same now as it was in October when the Order entered, reconsideration is unwarranted.

The Court should reconsider the Order, if at all, only after Judge Johnson renders a decision on the Motion to Dismiss. For all these reasons, defendants respectfully request that plaintiff's request for reconsideration be denied.

31

Thank you for your consideration.

Respectfully submitted,

Christine K. Ahern

CKA/tmb

cc: Michael Maschio, Esq.
William Dunnegan, Esq.
Craig M. Scott, Esq.

H:\Clients\STYLE\Mag Jewelry\Letters\Pohorelsky1.doc

Cowan, Liebowitz & Latman, P.C.
LAW OFFICES
1133 Avenue of the Americas • New York, NY 10036-6799
Telephone (212) 790-9200 • Web www.cll.com • Fax (212) 575-0671

DOCKET & FILE

RECEIVED
MAY 05 2003
IN CHAMBERS OF
HON. VIKTOR V. POHORELSKY

Michael F. Maschio
Direct (212) 790-9270
mfm@cll.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2003 ★
P.M.
TIME A.M.

May 1, 2003

**VIA FIRST CLASS MAIL**
Hon. Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Mag Jewelry Co., Inc. vs. Cherokee Inc., Robert Margolis and Target Corporation, d/b/a/ Target Stores. CV-02-0466 (SJ)(VVP)

Dear Magistrate Pohorelsky:

We write as counsel for plaintiff, Mag Jewelry Co., Inc. in the above-referenced matter. The defendant filed a motion to dismiss the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or in the alternative to transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). That motion has been pending since April of 2002. On October 11, 2002 Your Honor entered an Order staying further discovery in this matter. At the time of Your Honor's October 11, 2002 Order this office anticipated receipt of a decision by Judge Johnson on the pending motion. On November 4, 2002 we communicated with Judge Johnson by letter requesting the Court to render a decision at the earliest possible date. In that letter, a copy of which is annexed, Judge Johnson was advised that the stay of discovery had been halted at a critical stage, after a protective order governing discovery disclosure had been entered into by the parties, with documents to be provided to the plaintiff.

In view of the fact that there has been no decision by Judge Johnson and a stay has been in effect for over six (6) months, we respectfully request that the stay be lifted and the parties be permitted to proceed with discovery. A continuation of the stay will further prejudice my

32

client's position in this matter where a major retailer continues to infringe my client's copyright.

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN

By: ______________________
Michael F. Maschio

Enclos.

cc: William Dunnegan, Esq., Perkins & Dunnegan
Ronald Zaslow, Esq., Perkins & Dunnegan
Craig M. Scott, Esq., Duffy & Sweeney, LTD
Christine K. Ahern, Esq., Duffy & Sweeney, LTD

**Cowan, Liebowitz & Latman, P.C.**
LAW OFFICES

1133 Avenue of the Americas • New York, NY 10036-6799

*Telephone* (212) 790-9200 • *Web* www.cll.com • *Fax* (212) 575-0671

**Michael F. Maschio**
Direct (212) 790-9270
*mfm@cll.com*

**COPY**

November 4, 2002

Honorable Sterling Johnson, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Mag Jewelry Co., Inc. v. Cherokee, Inc.
01 Civ. 0466 SJ (VVP)

Dear Judge Johnson:

We write as counsel for the plaintiff, Mag Jewelry Co., Inc., in the above-referenced matter to inquire about the status of defendants' motion, entered April 11, 2002, to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or in the alternative to transfer this matter to the United States District Court for the District of Rhode Island pursuant to 28 U.S. § 1404(a). In view of an October 11, 2002 order by Magistrate Judge Viktor V. Pohorelsky staying further discovery in this matter, our client respectfully requests that the Court render a decision on defendants' motion so that the case may proceed in the appropriate venue and the parties may have an opportunity to both conduct and complete proper discovery in advance of a trial date.

Subsequent to defendant's aforementioned application, the parties have proceeded in good faith to commence the requisite discovery, including plaintiff's propounding of interrogatories and defendants' responses to same and plaintiff's requests for document production. Related to this, the parties entered into a protective order governing discovery disclosure. However, Magistrate Judge Pohorelsky's order of October 11, 2002 has now halted discovery at a critical stage, with documents about to be provided to the plaintiff. Because co-defendant Target Corporation is a major national retailer, the effects of any continuing contributory copyright infringement on its part will be significant.

In his Decision and Order, Magistrate Judge Pohorelsky observed that

> "No answer has yet been filed in this action, and [the] issue therefore has not been joined. Pre-answer discovery might therefore prove pointless, and the attendant expense wasteful, if the case is dismissed."

However, defendants' aforementioned Fed. R. Civ. P. 12(b)(3) motion automatically stayed defendants' time to answer, pursuant to Fed. R. Civ. P. 12(a)(4)(A). Consequently, once the Court rules on defendants' motion, irrespective of venue, defendants will be obligated under Fed. R. Civ. P. 12(a)(4)(A) to serve their answer within ten (10) days of the Court's action and, similarly, discovery will resume. However, upon such resumption, should the Court or a court of different venue further order an immediate trial, our client's ability to fully prosecute its claim in the absence of a proper and immediate discovery will be sorely compromised.

Therefore we respectfully request that the Court render a decision on defendant's aforementioned motion at the earliest possible date.

Very truly yours,

Michael F. Maschio

cc: William Dunnegan, Esq., Perkins & Dunnegan
Ronald Zaslow, Esq., Perkins & Dunnegan
Craig M. Scott, Esq., Duffy & Sweeney, LTD
Christine K. Ahern, Esq., Duffy & Sweeney, LTD

CA 04 174 T

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 12 2004 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
MAG JEWELRY CO., INC.,

Plaintiff,

-against-

CHEROKEE, INC., ROBERT MARGOLIS, & TARGET CORP. d/b/a TARGET STORES,

Defendants.
---------------------------------------------X

02 CV 0466 (SJ)

MEMORANDUM AND ORDER

A P P E A R A N C E S:

COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
Counsel for Plaintiff
By: Michael F. Maschio

PERKINS & DUNNEGAN
720 Fifth Avenue
New York, NY 10019
Counsel for Defendant
By: William Dunnegan

JOHNSON, Senior District Judge:

Defendants Cherokee, Inc. ("Cherokee"), Robert Margolis ("Margolis"), and Target Corporation d/b/a Target Stores ("Target") (collectively, "Defendants") move to dismiss the complaint of Plaintiff Mag Jewelry Inc. ("Plaintiff" or "Mag") on the ground that venue is improper pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1391(b) and

33

P-049

1406(a). Alternatively, Defendants seek to transfer venue to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). For the reasons described herein, Defendants' motion to dismiss is DENIED, but their motion to transfer is GRANTED.

**BACKGROUND**

Plaintiff brought this action on January 22, 2002 by filing a complaint alleging that Defendants infringed upon Plaintiff's copyrighted jewelry design, "Crystal Angel," by causing the unauthorized reproduction, manufacture, promotion, importation, distribution, and/or sale of a product that is copied from and identical and/or substantially similar to "Crystal Angel."[1] (Compl. ¶¶ 14-17, 22.) Federal jurisdiction is asserted pursuant to 17 U.S.C. § 101, *et. seq*, the series of statutes governing copyright infringement. It is undisputed that Target sold at least three of the alleged copies of Crystal Angels in its store in Queens, New York. (Compl. at Ex. 4; Maschio Aff. in Opp'n to Motion ("Maschio Aff.") ¶ 16; Second Trudell Aff. in Supp. of Defs.' Mot. ("Trudell Aff. II") ¶ 5.)

Mag is a Rhode Island company, with its principal place of business in Rhode Island. (Compl. ¶ 1; Defs.' Mot. to Dismiss or Transfer ("Defs.' Mot.") at 2.) Cherokee is a Delaware corporation with its principal place of business in California. (Compl. ¶ 2; Defs.' Mot. at 2.) Margolis is a resident of California and is Chief Executive Officer

---

[1] Included in Plaintiff's complaint is a copy of its Certificate of Registration for the "Crystal Angel" with the United States Copyright Office, with an effective date of November 29, 1995 and Registration No. VA758-661. (Compl. ¶ 9, Ex. B.)

("CEO") of Cherokee. (Compl. ¶ 3; Defs.' Mot. at 2.) Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota and with stores in several locations throughout New York, including at least two in this district. (Compl. ¶ 4; Defs.' Mot. at 2; Pl.'s Mem. L. in Opp'n to Motion to Dismiss or Transfer ("Pl.'s Opp'n") at 3; Maschio Aff. ¶ 16.)

Defendants argue that venue is improper pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1391(b) and 1406(a), and the case should therefore be dismissed. Even if the Court does not dismiss the case, Defendants argue, it should transfer the case to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). Plaintiffs counter that venue is proper pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1391(b), 1400(a), and 1406(a), and that transfer is not warranted.

## DISCUSSION

### I. Venue

Title 28 of the United States Code Section 1406(a) provides that if a case is filed in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In an action for copyright infringement, venue is controlled by 28 U.S.C. § 1400(a), which states that an action may be brought "where the defendant or his agent resides or may be

found."[2] Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 66 (S.D.N.Y. 1993). "It is well-established that a defendant 'may be found' in any district in which he is amenable to personal jurisdiction; thus, venue and jurisdiction are coextensive." Id.; see also Lipton v. The Nature Co., 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992); Bus. Trends Analysts v. Freedonia Group, Inc., 650 F. Supp. 1452, 1456 (S.D.N.Y. 1987). In order to sufficiently demonstrate personal jurisdiction to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists. See Editorial, 829 F. Supp. at 64. Plaintiff's complaint and affidavits are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. See Id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To determine personal jurisdiction over a non-domiciliary in a federal question case, this Court applies the long-arm statute of the forum state. Editorial, 829 F. Supp. at 64; U.S. v. First Nat'l City Bank, 379 U.S. 378, 381 (1965). Under New York's long-arm statute, a court may exercise jurisdiction "over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state." N.Y.C.P.L.R. 302(a)(2) (2004) ("CPLR 302(a)(2)"). This Court is imbued with personal jurisdiction over non-domiciliary copyright infringers under CPLR 302(a)(2) in several circumstances: when

---

[2] Plaintiff's assertion that venue is proper under 28 U.S.C. § 1391(b) is incorrect. (Compl. ¶ 6; Pl.'s Opp'n at 4.) Venue in copyright infringement actions is exclusively controlled by 28 U.S.C. § 1400(a). See, e.g., Capitol Records, Inc. v. Kuang DYI Co. of RM, et al., No. 03 Civ. 0520, 2004 WL 405961, at *1-2 (S.D.N.Y. March 4, 2004); Sun Hill Indus., Inc. v. Holiday Trims, Inc, et. al., No. 91 Civ. 1765, 1991 WL 307253, at *4 (E.D.N.Y. Sept. 13, 1991); World Film Servs., Inc. v. Rai Radiotelevisione Italiana S.P.A., No. 97 Civ. 8627, 1999 U.S. Dist. LEXIS 985, at *7 (S.D.N.Y. Feb. 3, 1999). Therefore, Defendants' arguments with respect to § 1391(b) will not be considered by this Court.

the infringer has offered at least one copy of an infringing work for sale in New York, even if there is no actual sale, see Editorial, 829 F. Supp. at 64-65; Bus. Trends, 650 F. Supp. at 1455-56; when the infringer has sold a product to a company with full knowledge that the product would or could reasonably be expected to be resold in the jurisdiction, where it would infringe the plaintiff's mark, see Topps Co. v. Gerrit J. Verburg Co., 961 F. Supp. 88, 91 (S.D.N.Y.1997), Dan-Dee Int'l, Ltd. v. KMart Corp., No. 99 Civ. 11689, 2000 WL 1346865, at *4 (S.D.N.Y. Sept. 19, 2000); and, with respect to corporate officers, when an individual with a financial interest in a company and the ability to supervise or control infringing activity has caused or directed the manufacture of an infringing product that is or could reasonably be expected to be resold in New York, see Editorial, 829 F. Supp. at 66; Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 517 F. Supp. 900, 904 (S.D.N.Y. 1981) (finding corporate officer personally liable for copyright infringement).

Once a Court has established statutory jurisdiction, it must proceed to the constitutional due process prong of the analysis and inquire as to whether a defendant not physically present within the forum state has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Asahi Metal Indus. Co. v. Superior Ct. of California, 480 U.S. 102 (1987); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Sufficient "minimum contacts" are established when "the defendant's conduct and connection with

the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). These minimum contacts must be based upon "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State. . . ." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted).

In the instant case, all Defendants are subject to this Court's jurisdiction. Target is alleged to have purposely marketed, advertised, and sold the infringing Crystal Angel product in New York. (Compl. ¶ 15.) See Editorial, 829 F. Supp. at 64. Cherokee, a non-domiciliary and, as it describes itself, "one of the most recognized names in the [apparel and accessories] industry," is alleged to have manufactured, marketed, distributed, and sold the Crystal Angel product to Target. (See www.thecherokeegroup.comchkestory.html; Compl. ¶ 14.) Cherokee's website lists Target as its only United States affiliate, and it is thus presumed that Cherokee had knowledge of Target's operations in New York through its prior course of dealing with the company. (See www.thecherokeegroup.com.) Topps, 961 F. Supp. at 91.[3] Margolis, as Cherokee's CEO, is alleged to have supervised, directed, and participated in

[3] This Court also has personal jurisdiction over Target and Cherokee under N.Y.C.P.L.R. 302(a)(1) (2004), which focuses on whether the non-domiciliary has transacted business or contracted anywhere to supply goods or services in the state. Proof of one transaction is sufficient. Editorial 829 F. Supp. at 65. Contracting with a distributor to distribute an infringing work in New York renders personal jurisdiction proper under this section. Id.; Bus. Trends, 650 F. Supp. at 1455, n.8 (holding that shipping one copy into New York is sufficient).

Cherokee's activities, thus making him subject to suit under 302(a)(2). (Compl. ¶3.) See Editorial, 829 F. Supp. at 66; Lauratex, 517 F. Supp. at 904.

Moreover, the Court's exercise of personal jurisdiction in this case does not offend due process. "Ordinarily ... if jurisdiction is proper under the CPLR, due process will be satisfied because CPLR § 302 does not reach as far as the constitution permits." Topps, 961 F. Supp. at 90; Capitol Records, 2004 WL 405961, at *2. Here, minimum contacts analysis is satisfied in light of Margolis' alleged supervision, direction, and participation in Cherokee's activities; Cherokee's alleged manufacture, marketing, distribution, and sale of the Crystal Angel product to Target; and Target's alleged marketing, advertising, and sale of the Crystal Angel product to consumers in New York. Accordingly, venue is properly exercised by this Court under New York long-arm statute CPLR 302(a)(2).

## II. Transfer

### A. Section 1404(a) Considerations

Title 28 of the United States Code § 1404(a) states: "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Motions for transfer "lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip.

Corp., 980 F.2d 110, 117 (2d Cir. 1992). The moving party bears a heavy burden of establishing that there should be a change of venue. Capitol Records, 2004 WL 405961, at *3.

The inquiry on a motion to transfer is twofold. First, the court determines "whether the action sought to be transferred is one that 'might have been brought' in the transferee court." Berman v. Informix Corp., 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998) (citations omitted). Second, the court determines whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interest of justice" under § 1404(a). Id.

In determining whether transfer is appropriate under the second prong, courts generally consider several factors: the plaintiff's choice of forum; the convenience of witnesses and parties; the locus of the operative facts; the location of relevant documents and relative ease of access to sources of proof; the availability of process to compel the attendance of unwilling witnesses; the forum's familiarity with the governing law; the relative financial means of the parties; calender congestion and trial efficiency; and the interests of justice generally. 28 U.S.C. § 1404(a); Orb Factory, Ltd. v. Design Sci. Toys, Ltd., 6 F. Supp. 2d 203, 208 (S.D.N.Y.1998); Sun Hill, 1991 WL 307253, at *6. As discussed below, Defendants have met their burden of demonstrating a basis for transfer.

B. **The Relevant Factors Applied**

Venue and personal jurisdiction over Defendants exist in the District of Rhode Island. As discussed above, venue and jurisdiction are coextensive under 28 U.S.C. § 1400(a). Editorial, 829 F. Supp. at 66. To determine personal jurisdiction over Defendants in the District of Rhode Island, this Court applies the long-arm statute of that state.[4] Because the Rhode Island long-arm statute has been held to reach to the fullest extent of the Fourteenth Amendment of the federal Constitution, Almeida v. Radovsky, 506 A.2d 1373, 1374 (R.I. 1986); Roger Williams Gen. Hosp. v. Fall River Trust Co., 423 A.2d 1384 (R.I. 1981), any defendant with sufficient "minimum contacts" with Rhode Island may be subject to personal jurisdiction in the District of Rhode Island. New Eng. Health Care Employees Union, District 1199, et. al. v. Fall River Nursing Home, Inc. ("New Eng. Health"), 802 F. Supp. 674, 677 (D.R.I. 1992). The same constitutional due process standards discussed infra apply here. See Barry v. Mortgage Servicing Acquisition Corp., 909 F. Supp. 65, 72 (D.R.I. 1995); New Eng. Health, 802 F. Supp. at 677-78.

Target has at least one store in the District of Rhode Island, and at least eight of the allegedly infringing Crystal Angel products were sold in that store. (Compl. at Ex. 4; Defs.' Reply at 3.) Minimum contacts analysis as to Target is satisfied based on this

---

[4] The Rhode Island long-arm statute provides that all non-domiciliaries "that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to [Rhode Island] jurisdiction . . ." R.I. Gen. Laws § 9-5-33 (1956).



P-049

alleged sale and the other allegations in the complaint. (Compl. ¶15.) See New Eng. Health, 802 F. Supp. at 678-79. Minimum contacts analysis as to Cherokee is satisfied based on the allegations in the complaint and Cherokee's substantial, ongoing, and financially-rewarding relationship with Target stores nationwide, including, presumably, the Rhode Island store. (Compl. ¶14.) See New Eng. Health, 802 F. Supp. at 678-79; Samson Cordage Works v. Wellington Puritan Mills, Inc., 303 F. Supp. 155 (D.R.I. 1969). Minimum contacts analysis as to Margolis is satisfied based on the allegations in the complaint. (Compl. ¶3.) See Marks v. Polaroid Corp., 237 F.2d 428, 435 (1st Cir.1956) (finding personal liability for a corporate officer who was "the moving, active conscious force behind [his company's] infringement"); Polo Fashions, Inc. v. Branded Apparel Merch., Inc., 592 F. Supp. 648, 652 (D. Mass 1984).

Because all Defendants have sufficient minimum contacts with Rhode Island to subject them to personal jurisdiction in the District of Rhode Island, and because venue and jurisdiction are coextensive under § 1400(a), the Court concludes that this action could have originally been filed in the District of Rhode Island. The Court now proceeds to determine whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interest of justice" under § 1404(a).

*Plaintiff's Choice of Forum*

Traditionally, the plaintiff's choice of forum is accorded great deference, unless the balance of conveniences strongly favors the defendant. Sun Hill, 1991 WL 307253,

at *6; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). However, the choice is not entitled to the weight it is normally accorded when the plaintiff is not located in its chosen forum and when the litigation "has little material connection with the forum." Sun Hill,1991 WL 307253, at *6 (citations omitted). In the present case, Plaintiff is not located in this district, and the alleged copyright infringement implicates activity in Rhode Island, New York, and possibly other locations in the United States.[5] (Defs.' Mot. at 7-8; Pl.'s Opp'n at 6; Defs.' Reply at 3.) However, because some of the alleged infringement took place in New York, this factor tips the balance against transfer, but only slightly.

*Convenience of Witnesses & Parties*

The convenience of party and non-party witnesses is generally considered the most important factor in a motion to transfer venue. Capitol Records, 2004 WL 405961, at *3. "In order to meet its burden, the motion of the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." Editorial, 829 F. Supp. at 66-67. Defendants have named specific Mag employees and representatives and non-party witnesses whom they seek to depose in

---

[5] The Complaint does not specify the locations in which Defendants' alleged infringement took place. (Compl. ¶¶ 14-21.) Plaintiff's and Defendants' briefs point to purchases of Crystal Angels from Target in Warwick, Rhode Island and Queens, New York.

Rhode Island, as well as the topics of these individuals' anticipated testimony.[6] (Trudell Aff. I ¶¶ 6-9.) Plaintiff, on the other hand, has simply stated that it "intends to produce its witnesses . . . in New York," without naming these individuals or describing their anticipated testimony.[7] (Pl.'s Opp'n at 6; Trudell Aff. I ¶10.) Thus, this factor weighs in favor of transfer.

All of the corporate parties in this case are incorporated and have their principal places of business outside of New York. Margolis is an out-of-state resident. Target, with at least two stores in this district, is the only party that "resides" here for purposes of venue under 28 U.S.C. § 1391(c). Even though Mag is opposed to transfer, it would appear to be more convenient for Mag, a Rhode Island company, to litigate this case in Rhode Island – particularly because some of its counsel is based in Rhode Island. Therefore, this factor weighs slightly in favor of transfer.

*Locus of the Operative Facts & Relevant Documents*

Defendants claim that the operative events in this case "likely involve the distribution of the works, which occurred in Rhode Island."[8] (Defs.' Mot. at 8.)

---

[6] Mag has previously filed suit against fifteen other manufacturers, distributors, and/or sellers in Rhode Island involving the same putative copyright that is the subject of this complaint. Defendants intend to take the depositions of certain named representatives of those defendants in Rhode Island. (Trudell Aff. in Supp. of Defs.' Mot. ("Trudell Aff. I") ¶9; Defs.' Mot., Ex. A.)

[7] Plaintiff concedes that "there is no demonstrable difference to having these parties . . . produced in New York or Rhode Island." (Pl.'s Opp'n at 6.)

[8] Defendants claim that Target purchased the accused works not from Cherokee, but from Style Accessories, Inc. ("Style"), a Rhode Island corporation. (Trudell Aff. I ¶¶4-5.)

Plaintiffs counter that the operative events "all occurred in New York or other locations." (Pl.'s Opp'n at 6.) The only evidence indicating any connection between this case and this district is the purchase of three allegedly infringing "Crystal Angels" from Target in Queens, New York. (Compl. at Ex. 4; Maschio Aff. ¶16; Trudell Aff. II ¶5; Defs.' Reply at 3.) In contrast, eight allegedly infringing "Crystal Angels" were purchased at Target in Rhode Island, and other purportedly infringing activity may have occurred there. (Compl. at Ex. 4; Defs.' Reply at 3.)

Documents will play a significant role in the discovery and trial phases of this case. Defendants claim that they have no documents related to this case in New York, whereas, they claim, important notes and records are located in Rhode Island. (Defs.' Mot. at 8; Trudell Aff. I ¶11.) Plaintiffs do not point to any relevant documents located in New York. Accordingly, these factors weigh in favor of transfer.

*Forum's Familiarity with the Governing Law*

Because this is a simple copyright infringement action, the courts of either forum are presumed to be equally familiar with the governing law. Capitol Records, Inc., 2004 WL 405961, at *4. However, as Defendants persuasively point out, over fifteen Mag cases involving the same putative copyright have already been brought in the District of Rhode Island. (Defs.' Mot. at 9.) See Berman, 30 F. Supp. 2d at 660 (finding that transfer was appropriate when multiple cases alleging nearly identical claims had already

been filed against the same defendant in the transferee district). This factor weighs in favor of transfer.

*Other Factors*

Not one of the other factors weighs in Plaintiff's favor. In the event that non-party witnesses located in Rhode Island would be unwilling to testify in New York, this Court could not, except under certain circumstances, enforce a trial subpoena on them, since they would be served more than 100 miles from the Court. See Fed. R. Civ. P. 45(b)(2); (c)(3)(A)(ii); c(3)(B)(iii). All parties appear financially capable of litigating the case in either Rhode Island or New York. The Rhode Island-based attorneys representing Plaintiff have represented Mag in Rhode Island in each of the aforementioned fifteen actions. (Defs.' Mot. at 9.) According to the 2002 Annual Report of the Administrative Office of the United States Courts, the median time for cases pending before pretrial stage in the Eastern District of New York is 9.6 months, compared with 7 months in the District of Rhode Island. Judicial Business of the United States Courts: 2002 Annual Report of the Director, at http://www.uscourts.gov/judbus2002/appendices/c05sep02.pdf. All of these factors favor transfer.

## CONCLUSION

Because venue is proper as to all defendants under 28 U.S.C. § 1400(a), Defendants' motion to dismiss under 28 U.S.C. § 1406(a) is DENIED. Because this action originally could have been filed in the District of Rhode Island and Defendants

have met their burden of demonstrating a basis for transfer, their motion to transfer to the District of Rhode Island under 28 U.S.C. § 1404(a) is GRANTED. The Clerk is directed to transfer this case to the District of Rhode Island.

SO ORDERED.

Dated: March 31, 2004
Brooklyn, New York

Senior U.S.D.J.

A TRUE COPY
ATTEST
DATED 5/12 2004
ROBERT C. HEINEMANN
CLERK
BY
DEPUTY CLERK



P-049

DOCKET & FILE

RECEIVED

SEP 20 2002

IN CHAMBERS OF
HON. VIKTOR V. POHORELSKY

DUFFY & SWEENEY, LTD
BUSINESS LAW AND LITIGATION

One Turks Head Place, Suite 1200
Providence, RI 02903
Tel 401-455-0700
Fax 401-455-0701

150 Federal Street, 12th Floor
Boston, MA 02110
Tel 617-261-9606
Fax 617-261-9605

www.duffysweeney.com

*Christine K. Ahern*
*cahern@duffysweeney.com*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 15 2002 ★

P.M.
TIME A.M.

September 19, 2002

*Via Federal Express*

The Honorable Judge Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Mag Jewelry Co., Inc. v. Cherokee, Inc. et al,* 02 Civ. 0466 SJ

Dear Magistrate Judge Pohorelsky:

This firm represents Defendants Cherokee, Inc., Robert Margolis and Target Corporation in the above-referenced matter. Enclosed is Defendants' response to Plaintiff's September 16, 2002 correspondence to the Court.

Thank you for your consideration.

Respectfully submitted,

Christine Ahern

Christine K. Ahern

CKA/kkht
Enclosures

cc: Michael F. Maschio, Esq. *(via Federal Express)*
William Dunnegan, Esq.

h:\style\mag jewelry\letters\maschio5

34

DUFFY & SWEENEY, LTD
BUSINESS LAW AND LITIGATION

One Turks Head Place, Suite 1200
Providence, RI 02903
Tel 401-455-0700
Fax 401-455-0701

150 Federal Street, 12th Floor
Boston, MA 02110
Tel 617-261-9606
Fax 617-261-9605

www.duffysweeney.com

*Christine K. Ahern*
*cahern@duffysweeney.com*

September 19, 2002

***Via Federal Express***

Michael F. Maschio, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

Re: *Mag Jewelry Co., Inc. v. Cherokee, Inc. et al,* 02 Civ. 0466 SJ

Dear Mr. Maschio:

This letter responds to your September 16, 2002 correspondence to Magistrate Judge Pohorelsky.

First, Defendants have not frustrated discovery. Notwithstanding the fact that Plaintiff propounded discovery well outside the boundaries of the Federal Rules of Civil Procedure, Defendants fully responded to Plaintiffs' interrogatories and document requests. Also, the attached correspondence memorializes that on August 19, 2002, we informed your colleague, Kris Macaruso Marotti, that documents responsive to Plaintiff's Requests for Production are bates-stamped and ready to be produced, subject to execution of a standard Protective Order. We forwarded a proposed Protective Order to Ms. Marotti on August 19, 2002, and have heard nothing since.

Second, Defendants inadvertently overlooked Plaintiff's Second Request for Production of Documents as a result of an administrative oversight. Defendants' Responses to Plaintiff's Second Requests for Production of Documents are enclosed herewith and responsive documents are bates-stamped and ready for production subject to execution of the above-referenced Protective Order. We assume this satisfies your concerns.

Finally, we would appreciate it if Plaintiff would comply with its Initial Disclosure requirements and forward to this office all documents which should have been disclosed pursuant to Fed.R.Civ.P.26(a). Please send the invoice for any copying cost directly to this office.

Thank you, and we look forward to hearing from you.

Very truly yours,

Christine K. Ahern

CKA/kkht
Enclosures

cc: Hon. Viktor V. Pohorelsky *(via Federal Express)*
William Dunnegan, Esq.

h:\style\mag jewelry\letters\maschio5

COPY

DUFFY & SWEENEY, LTD
BUSINESS LAW AND LITIGATION

One Turks Head Place, Suite 1200
Providence, RI 02903
Tel 401-455-0700
Fax 401-455-0701

150 Federal Street, 12th Floor
Boston, MA 02110
Tel 617-261-9606
Fax 617-261-9605

www.duffysweeney.com

*Christine K. Ahern*
*cahern@duffysweeney.com*

August 19, 2002

***Via First Class Mail***

Ms. Kris R. Macaruso Marotti
300 Centerville Road
Warwick, RI 02886

Re: *Mag Jewelry Co., Inc. v. Cherokee, Inc. et al.*, CV-02-0466

Dear Kris:

I received your correspondence requesting copies of documents response to Plaintiff's First Request for the Production of documents directed to Target Corporation, d/b/a Target Stores. Enclosed is a Protective Order relating to those documents. Please call me if you have any questions or proposed changes. Otherwise, please execute the Protective Order and return it to me.

Thank you.

Very truly yours,

Christine K. Ahern

CMS/kkht

cc: Ronald Zaslow, Esq.
Craig M. Scott, Esq.

*H:\Clients\STYLE\Mag Jewelry\Letters\marotti2.doc*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 02 Civ. 0466 SJ<br><br>Honorable Sterling Johnson, Jr. |

**PROTECTIVE ORDER**

Plaintiff, Mag Jewelry Co., Inc. ("Mag Jewelry"), and defendants, Cherokee, Inc. ("Cherokee"), Robert Margolis ("Margolis") and Target Corporation d/b/a Target Stores ("Target"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain due to a designating party's voluntary publication shall govern any discovery, including discovery from non-parties, in this action.

1. Any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to paragraphs 4, 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Confidential - Attorneys Eyes Only." Confidential Information designated "Confidential - Attorneys Eyes Only" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) counsel of record and office personnel employed and assisting them in this case;

(b) any outside, non-party expert, investigator or consultant, retained by counsel in connection with this case;

(c) the Court before which this case is pending; and

(d) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

No such information shall be disclosed to any party.

5. Any pleading, brief, or other document which refers to or incorporates any Confidential Information shall be filed with the Court in this case under seal.

6. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

7. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(a), 3(c), 3(d) or 4(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

8. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

9. Any signatory hereto, upon duly noticed motion, may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential" or "Confidential - Attorney's Eyes Only."

10. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

11. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

STIPULATED AND AGREED TO:

Defendants,
CHEROKEE, INC.; ROBERT MARGOLIS; and TARGET CORPORATION d/b/a TARGET STORES

By Their Attorneys,

__________________________
Craig M. Scott, Esq. (RI 4237)
Christine K. Ahern, Esq. (RI 5587)
Duffy & Sweeney, LTD
One Turks Head Place, Suite 1200
(401) 455-0700
(401) 455-0701 (Facsimile)

William Dunnegan (WD 9316)
Ronald Zazlow (RZ 9384)
Perkins & Dunnegan
720 Fifth Avenue
New York, NY 10019
(212) 397-7020

Dated: __________________, 2002

Plaintiff,
MAG JEWELRY CO., INC.

By Its Attorneys,

______________________
Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (Facsimile)

Michael F. Mascio, Esq. (FMF2366)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
(212) 575-0671 (Facsimile

Dated: _______________, 2002

ENTERED AS AN ORDER of this Court this ______ day of _______________, 2002.

ORDER:

____________________________

ENTERED:

____________________________

**EXHIBIT A**

**AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the Eastern District of New York, in the above-captioned action on ________________, 2002, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the Eastern District of New York for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________