UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES<br>Defendants | : | |

**ANSWER OF DEFENDANTS, CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES**

Defendants, Cherokee, Inc. ("Cherokee"), Robert Margolis ("Margolis") and Target Corporation d/b/a Target Stores ("Target"), hereby respond to the Complaint filed by plaintiff, Mag Jewelry Co., Inc. ("Mag") as follows:

**PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore deny same.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit that Margolis is a resident of the State of California and is an officer, director and shareholder of Cherokee, but otherwise deny the remaining allegations contained in paragraph 3.

4. Defendants admit that Target is a Minnesota corporation and that its principal place of business is located at 1000 Nicolett Mall, Minneapolis, Minnesota, but otherwise deny the remaining allegations contained in paragraph 4.

**JURISDICTION**

5. Defendants deny the allegations contained in paragraph 5.

2

6. The allegations contained in paragraph 6 of plaintiff's Complaint state conclusions of law to which no response in required. To the extent a response is required, defendants deny the allegations contained in paragraph 6.

## BACKGROUND FACTS

### A. Plaintiff's Copyrighted Work

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 7 of plaintiff's Complaint and therefore deny same. Defendants deny the remaining allegations contained in paragraph 7 of plaintiff's Complaint.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants admit that Exhibit B purports to be a photocopy of Registration No. VA758-661. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and therefore deny same, and defendants specifically deny that plaintiff has a valid copyright in the so-called "Crystal Angel."

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny same. Defendants further specifically deny that the referenced Exhibit C reflects a photocopy of Registration Certificate No. VA787-020 or that plaintiff has a valid copyright in the so-called "Crystal Angel."

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's Complaint and therefore deny same.

**B. Defendants' Infringement**

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

**CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 ET. SEQ.**

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

Defendants deny that plaintiff is entitled to the relief requested in the Wherefore clause, so-called.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claimed copyright is not valid.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by its failure to mitigate any damages allegedly suffered.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver and acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because it engaged in fraudulent conduct in obtaining and maintaining the copyright at issue in this case.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of copyright misuse.

**TENTH AFFIRMATIVE DEFENSE**

None of the elements of plaintiff's "Crystal Angel" is an original creation, each element having been created by persons or entities other than plaintiff prior to plaintiff's claimed creation date.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by lack of subject matter jurisdiction to the extent plaintiff lacks valid registration of the copyright alleged in the Complaint.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

CHEROKEE, INC.,
ROBERT MARGOLIS AND
TARGET CORPORATION
d/b/a TARGET STORES,
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

Dated: May 24, 2004

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Michael F. Maschio, Esq.
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036

I hereby certify that I caused a true copy of the within *Answer of Defendants* to be transmitted by First Class Mail to the above named counsel of record on the 24 day of May, 2004.

Linda A. Cardente

*Style/Mag Jewelry/Pleadings/RI Action\Pleadings/Answer*