UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

## AMENDED COMPLAINT

Plaintiff, through its attorney brings its complaint against Defendants and alleges as follows:

### PARTIES

1. Plaintiff, Mag Jewelry Co., Inc. ("Mag"), is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Cranston, Rhode Island;

2. Defendant, Cherokee, Inc. ("Cherokee"), upon information and belief is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 6835 Valjeen Avenue, Van Nuys, California 91406;

3. Defendant, Robert Margolis, upon information and belief is a resident of the State of California, and is a principal officer, director and

6

shareholder of Cherokee, holds a financial interest in Cherokee and supervises, directs and participates in the activities of Cherokee;

4. Defendant, Target Corporation d/b/a Target Stores ("Target"), upon information and belief is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business at 777 Nicolett Mall, Minneapolis, Minnesota 55402.

5. Style Accessories, Inc., is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 3 Acorn Street, Providence, RI 02908

## JURISDICTION

6. Upon information and belief, the Defendants have the necessary minimum contacts with the State of Rhode Island to confer personal jurisdiction on this Court.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a) and 1367 in that this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq.; venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND FACTS

### A. Plaintiff's Copyrighted Work

8. Plaintiff Mag is in the business of designing, creating, manufacturing, and selling items of jewelry; one of the items of jewelry Plaintiff

Mag created, manufactures, markets, and sells throughout the country is the "Crystal Angel", which is sold as earrings, necklace, and pin; a photocopy showing the "Crystal Angel" design is attached as Exhibit A.

9. The "Crystal Angel" was created by the Mag's employee and/or agent in 1992 and the manufacture and distribution of the same has continued by Mag from 1992 to the present. The "Crystal Angel" was a wholly original creation of Mag, by and through its employees and/or agents and was not copied from any previous design;

10. On or about November 29, 1995, Mag applied to the Register of Copyrights for a Certificate of Registration for the "Crystal Angel". The Certificate was duly issued by the Register of Copyrights with an effective date of November 29, 1995, and bearing Registration No. VA758-661. A photocopy of registration No. VA758-661 is attached as Exhibit B.

11. A supplemental registration was filed with Register of Copyrights by Mag on or about June 12, 1996, indicating that the correct date of first publication of the "Crystal Angel" by Mag was March 5, 1992. On or about June 13, 1996, a corrected Certificate was duly issued by the Register of Copyrights bearing Registration No. VA787-020. A photocopy copy of the registration Certificate No. VA787-020 is attached as Exhibit C.

12. Mag is the author of the "Crystal Angel" design, a work made for hire, which is an original creation and constitutes copyrightable subject matter under the Copyright Act.

13. Mag has duly complied with all relevant requirements of the Copyright Act with respect to the "Crystal Angel" design and the certificates of registration issued in connection with that design are valid and subsisting.

14. The "Crystal Angel" design has been widely sold commercially since 1992 and others within the jewelry industry have also had access to the design at trade shows since at least as early as 1994.

**B. Defendants' Infringement**

15. Upon information and belief Defendant Cherokee has within the past three years manufactured, marketed, distributed and sold crystal angel jewelry items comprised of four (4) crystal stones with a ring as a halo, which items are copied from, and identical and/or substantially similar to, Mag's copyrighted "Crystal Angel" design. Photographs of the Defendant Cherokee's infringing items are attached as Exhibit D.

16. Upon information and belief, Defendant Target has within the past three years marketed, advertised for sale and sold crystal angel jewelry items which are copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel" design; Photocopies of the Defendant Target's infringing items are attached as Exhibit E.

17. Upon information and belief, Defendant Style Accessories, Inc. has manufactured, marketed, distributed and sold crystal angel jewelry items composed of four (4) crystal stones with a ring as a halo, which items are copies

from identical and/or substantially similar to Mag's copyrighted "Crystal Angel" design.

18. Upon information and belief, Defendants had access to Mag's highly successful "Crystal Angel" design prior to manufacturing, marketing or distributing the aforementioned items;

19. Without the Plaintiff's permission and in violation of the Plaintiff's rights, and with full knowledge of Plaintiff's copyright in same, the Defendants have deliberately caused the reproduction, manufacture, promotion, importation, distribution and/or sale of items of jewelry that are copied from, derived from, and virtually identical to Plaintiff's registered design and have infringed upon the Plaintiff's original copyrighted jewelry design, "Crystal Angel."

20. As a direct and proximate result of the Defendants' acts of infringement, the Plaintiff has suffered damages;

21. The Defendants' acts of infringement have been and continue to be willful;

22. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains to which they are not in law or in equity entitled.

23. The aforementioned acts of Defendants have damaged and will continue to damage Mag and cause it irreparable harm, and Mag has no adequate remedy at law.

## CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT

## 17 U.S.C. § 101 ET. SEQ.

24. By their actions alleged herein, the Defendants have infringed and willfully continue to infringe Plaintiff's copyright in and related to "Crystal Angel" by deliberately reproducing, manufacturing, marketing, promoting, distributing, and selling a product, which is copied from, and identical and/or substantially similar to, Plaintiff's copyrighted "Crystal Angel";

25. Plaintiff is entitled to recover from the Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by the Defendants, as a result of its acts of infringement as alleged herein;

26. Plaintiff is further entitled to an injunction restraining the Defendants, its officers, agents, and employees from engaging in further such acts, in violation of the copyright laws.

WHEREFORE, Plaintiff prays for the following relief:

A. That defendants, their agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be preliminarily and permanently enjoined from reproducing, making, reprinting, publishing, displaying, manufacturing, importing, selling, offering for sale, promoting, marketing, advertising, distributing and/or commercially exploiting in any manner, either directly or indirectly, jewelry or other articles which embody Mag's copyrighted "Crystal Angel" design, or any

design substantially similar thereto, including but not limited to the items labeled and depicted on Exhibits D and E hereto.

B. That Mag be entitled to recover:

(1) (a) all damages suffered by Mag as a result of defendants' infringing acts, and (b) all profits derived from defendants' wrongful acts in an amount to be determined at the trial of this action; or

(2) in lieu of such damages and profits, should Mag so elect, an award of statutory damages with respect to each infringement as provided by 17 U.S.C. § 504(c);

C. That defendants be directed to (a) recall from defendants' customers and (b) deliver to Mag for destruction all jewelry, products, designs, artwork, advertising, brochures, catalogues, promotional materials, means of manufacture and/or other materials, which, if sold, distributed or used in any way would violate paragraph A above and (c) account for and pay to Mag all gains, profits and advantages derived by Defendants by their wrongful acts, with lawful interest.

D. That Mag recover from defendants all costs incurred in this action, including the reasonable attorney's fees incurred in connection with Mag's claim of

E. copyright infringement with respect to the "Crystal Angel" design, together with such other and further relief as this Court may deem just and proper.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III, ESQ.
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

PLAINTIFF HEREBY CLAIMS ITS RIGHT TO TRIAL BY JURY



CATE OF REGISTRATION

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
*United States of America*

# FORM VA
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER: VA 758-661

EFFECTIVE DATE OF REGISTRATION: 11 29 95 (Month Day Year)

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** **TITLE OF THIS WORK** ▼ CRYSTAL ANGEL

**NATURE OF THIS WORK** ▼ See instructions: Jewelry design

**PREVIOUS OR ALTERNATIVE TITLES** ▼

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2** **a** **NAME OF AUTHOR** ▼ Mag Jewelry Co., Inc.

**DATES OF BIRTH AND DEATH** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country: OR { Citizen of ▶ ___ Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK** Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No. If the answer to either of these questions is "Yes," see detailed instructions.

NOTE: the law, "author" of a "work made for hire"...

**NATURE OF AUTHORSHIP** Check approriate box(es). See instructions
- ☐ 3-Dimensional sculpture
- ☐ 2-Dimensional artwork
- ☐ Reproduction of work of art
- ☐ Design on sheetlike material
- ☐ Map
- ☐ Photograph
- ☒ Jewelry design
- ☐ Technical drawing
- ☐ Text
- ☐ Architectural work

**b** **NAME OF AUTHOR** ▼

**DATES OF BIRTH AND DEATH** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country: OR { Citizen of ▶ ___ Domiciled in ▶ ___

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK** Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No. If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check approriate box(es). See instructions
- ☐ 3-Dimensional sculpture
- ☐ 2-Dimensional artwork
- ☐ Reproduction of work of art
- ☐ Design on sheetlike material
- ☐ Map
- ☐ Photograph
- ☐ Jewelry design
- ☐ Technical drawing
- ☐ Text
- ☐ Architectural work

E0778130770

**3** **a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** 1995 ◀ Year. This information must be given in all cases.

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ June Day ▶ 1 Year ▶ 1995 USA ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Mag Jewelry Co., Inc.
838 Dyer Avenue, Cranston, RI 02920

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED: NOV 29 1995

ONE DEPOSIT RECEIVED: NOV 29 1995

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE — OFFICE USE ONLY

EXHIBIT 9

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.

DO NOT WRITE HERE

CERTIFICATE OF REGISTRATION

FORM CA

UNITED STATES COPYRIGHT OFFICE

UNITED STATES COPYRIGHT OFFICE · THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

REGISTRATION NUMBER

VA 787-020

Effective date of Supplementary Registration

6 (MONTH) 13 (DAY) 96 (YEAR)

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**A** Basic Instructions

TITLE OF WORK:
CRYSTAL ANGEL

| REGISTRATION NUMBER OF BASIC REGISTRATION: | YEAR OF BASIC REGISTRATION: |
|---|---|
| VA 758-661 | 1995 |
| NAME(S) OF AUTHOR(S): | NAME(S) OF COPYRIGHT CLAIMANT(S): |
| Mag Jewelry Co., Inc. | Mag Jewelry Co., Inc. |

**B** Correction

LOCATION AND NATURE OF INCORRECT INFORMATION IN BASIC REGISTRATION:

Line Number 3a Line Heading or Description Year in which creation of this work was completed

INCORRECT INFORMATION AS IT APPEARS IN BASIC REGISTRATION:

1995

CORRECTED INFORMATION:

1992

EXPLANATION OF CORRECTION: (Optional)

LOCATION AND NATURE OF INFORMATION IN BASIC REGISTRATION TO BE AMPLIFIED:

Line Number ............ Line Heading or Description ..........................

AMPLIFIED INFORMATION:

EXPLANATION OF AMPLIFIED INFORMATION: (Optional)

EXHIBIT 3

0

EXAMINED BY:

CHECKED BY:

CORRESPONDENCE: ☐ YES

REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION: ☒ YES ☐ NO

FORM CA: ED

JUN 13 1996

REMITTANCE NUMBER AND DATE:

DEPOSIT ACCOUNT FUNDS USED: ☐

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE · FOR COPYRIGHT OFFICE USE ONLY

**D Continuation**

CONTINUATION OF: (Check which) ☒ PART B OR ☐ PART C

Location and Nature of Incorrect Information in Basic Registration:

Line number: 3b Line heading or description: Date and nation of first publication of this particular work

INCORRECT INFORMATION AS IT APPEARS IN BASIC REGISTRATION:

June 1, 1995

CORRECTED INFORMATION:

March 5, 1992

**E Deposit Account and Mailing Instructions**

DEPOSIT ACCOUNT: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of account:

Name .......... Account Number ..........

CORRESPONDENCE: Give name and address to which correspondence should be sent:

Name Elliot A. Salter, Esq./SALTER & MICHAELSON Apt. No. ..........

Address 321 South Main Street (Number and Street) Providence (City) RI (State) 02903 (ZIP Code)

**F Certification (Application must be signed)**

CERTIFICATION * I, the undersigned, hereby certify that I am the: (Check one)

☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☒ authorized agent of: copyright claimant (Name of author or other copyright claimant, or owner of exclusive right(s))

identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) [signature]

Typed or printed name: Elliot A. Salter

Date: June 12, 1996

* 17 USC §506(e): FALSE REPRESENTATION—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

**G Address for Return of Certificate**

MAIL CERTIFICATE TO

SALTER & MICHAELSON (Name) zk

321 South Main Street (Number, Street and Apartment Number)

Providence, RI 02903 (City) (State) (ZIP code)

(Certificate will be mailed in window envelope)

GOVERNMENT PRINTING OFFICE: 1978—261-022/11

Apr. 1978—250,000

TARGET

12/02/01 5:10 PM
RETURN BEFORE 03/02/02

GIVING A GIFT? Include a gift receipt!
A receipt dated within 90 days is
required for all returns & exchanges.

| | | | | |
|---|---|---|---|---|
| 001 | 215010318 | CHEROKEE | T | 4.00↓ |
| 002 | 215010325 | CHEROKEE | T | 4.00↓ |
| 003 | 215010322 | CHEROKEE | T | 4.00↓ |
| 004 | 215010323 | CHEROKEE | T | 4.00↓ |
| 005 | 215010314 | CHEROKEE | T | 4.00↓ |
| 006 | 215010316 | CHEROKEE | T | 4.00↓ |
| 007 | 215010317 | CHEROKEE | T | 4.00↓ |
| 008 | 215010320 | CHEROKEE | T | 4.00↓ |
| | | SUBTOTAL | | 32.00 |
| | | T= 7.000% TAX | | 2.24 |
| | | TOTAL | | 34.24 |

AMERICAN EXPRESS CHARGE 34.24
ACCOUNT NUMBER * ***********4002
00 515748 02/99 01/02

RECEIPT ID# 2-1336-11B8-0080-3534-6
VCD# 11506707 CSH# 046 8 ITEMS

↓ INDICATES SALE PRICE

SPEND $75 AT TARGET.COM & SAVE 10%
(MERCHANDISE ONLY). EXPIRES 12/15/01
ENTER THIS PROMOTION CODE: MYTARGET




D




A SPECIAL TELEVISION EVENT

8pm ET/7pm CT
tuesday december 4
on NBC

sponsored by
TARGET

aolkeyword: instyle






**17⁹⁹** 14K GOLD-FILLED NECKLACES. •All other 14K gold-filled and sterling silver necklaces also on sale.
Reg. 21.99 & 24.99

**29⁹⁹** 10K AND 14K GOLD BRACELETS. •All other 10K and 14K gold bracelets also on sale.
Reg. 39.99





**14⁹⁹** 10K GOLD EARRINGS. •All other 10K gold earrings also on sale.
Reg. 19.99

**49⁹⁹** GEMSTONE RINGS. Blue topaz, amethyst and created sapphire rings. •Other selected gemstone jewelry also on sale.
Reg. 59.99






**$4** CHEROKEE® ANGEL BIRTHSTONE PENDANTS. •All other Cherokee jewelry also on sale.
Reg. 4.99

**16⁸⁸** HAND-PAINTED JEWELRY BOXES. 3-drawer style. •2-drawer style, sale 13.88. •20% off all other hand-painted accessories. Accessories Dept.
Sale

Some jewelry on this page is enlarged to show detail.


CHEROKEE.
FEBRUARY AMETHYST
AUSTRIAN CRYSTAL
18" PENDANT
215 01 0320
92150 10320
NICKEL FREE
$4.99


215 01 0322
92150 10322
$4.99
CHEROKEE.
APRIL CRYSTAL
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99


CHEROKEE.
MAY EMERALD
AUSTRIAN CRYSTAL
18" PENDANT
01 0323
10323
$4.99
NICKEL FREE
$4.99


215 01 0325
92150 10325
CHEROKEE.
JULY RUBY
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99


CHEROKEE.
AUGUST PERIDOT
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0314
4 92150 10314 2


CHEROKEE.
OCTOBER ROSE
NICKEL FREE
$4.99
215 01 0316
4 92150 10316 6
$4.99


CHEROKEE.
NOVEMBER TOPAZ
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0317
4 92150 10317 3
$4.99


CHEROKEE.
DECEMBER BLUE ZIRCON
AUSTRIAN CRYSTAL
18" PENDANT
NICKEL FREE
$4.99
215 01 0318
4 92150 10318 0
$4.99




**TARGET**

01/17/02 7:40 PM
RETURN BEFORE 04/17/02

GIVING A GIFT? Include a gift receip
A receipt dated within 90 days is
required for all returns & exchanges.

| | | | | |
|---|---|---|---|---|
| 001 | 215010317 | CHEROKEE | T | 4.9 |
| 002 | 215010318 | CHEROKEE | T | 4.9 |
| 003 | 215010314 | CHEROKEE | T | 4.9 |
| | | SUBTOTAL | | 14.9 |
| | | T= 8.250% TAX | | 1.2 |
| | | TOTAL | | 16.2 |
| | | CASH PAYMENT | | 20.0 |
| | | CHANGE | | 3.8 |

RECEIPT ID# 2-2017-1344-0071-8688-8
VCD# 11036360 CSH# 125 3 ITEMS

AOL VERSION 7.0 NOW AT TARGET!
SIGN UP AND SAVE 10% ON TARGET.COM
SEE A CASHIER TO GET YOUR CD-ROM




