**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**OBJECTION OF ALL DEFENDANTS TO**
**MOTION TO PRECLUDE EXPERT TESTIMONY**

Defendants hereby jointly object to the Motion of plaintiff Mag Jewelry Co., Inc. ("Mag") to preclude them from proffering expert testimony at trial. Defendants hereby rely upon the Joint Response memorandum filed contemporaneously herewith.

Dated: June 7, 2005

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

TARGET CORPORATION
d/b/a TARGET STORES,
CHEROKEE, INC., and
ROBERT MARGOLIS

By Their Attorneys,

Craig M. Scott (CKB)

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 7th of June, 2005, I served a true copy of this document to the following counsel of record by facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886.

Ellen M. Brunelle

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS' JOINT**
**RESPONSE AND OBJECTION TO**
**MOTION TO PRECLUDE EXPERT TESTIMONY**

Defendants hereby jointly object to the Motion of plaintiff Mag Jewelry Co., Inc. ("Mag") to preclude them from proffering expert testimony at trial. Plaintiff's Motion is misleading and wholly unnecessary. It is apparently based on the false premise that defendants are trying to block plaintiff from taking the deposition of the expert they have identified. That is not the case, and never was. Defendants have in fact *offered* the expert for deposition by plaintiff's counsel. Plaintiff also argues that defendants failed to timely identify their trial expert. This, too, is false. Defendants in fact identified their expert pursuant to the Court's *Amended Pre-Trial Order*.

## I. ARGUMENT

The Court's *Amended Pre-Trial Order* set the Closure Date at May 16, 2005. The *Order* directs the parties to identify testifying experts on or before the Closure Date. Defendants did so. On May 16, Counsel for the defendants made written identification of David R. Josephs, Esq., as defendants' intended testifying expert. The correspondence summarized the opinions Mr. Josephs intends to offer, and the bases thereof. Eight days

later, without any attempt to confer with counsel, Mag filed its *Motion In Limine* to preclude Mr. Josephs' testimony at trial. Mag claims prejudice and complains of a number of wrongs. None of Mag's complaints has merit.

First, Mag's counsel apparently complains because he received the identification in the mail on May 17. In doing so, counsel ignores several facts. The Federal Rules of Civil Procedure clearly provide that "[s]ervice by mail is complete upon mailing." Rule 5(b)(2)(B). The date of counsel's *receipt* of defendant's identification, or any other document served, therefore, is not controlling. Second, and more basic, plaintiff's protests ignore the fact that defendant's identification was both *faxed and mailed* to counsel on May 16. Plaintiff's counsel therefore received defendant's expert identification on May 16, 2005, the discovery closure date -- and not May 17. (A true copy of the May 16, 2005 facsimile transmission sheet confirming receipt by plaintiff's counsel is attached as *Exhibit A*.)

Mag also complains that defendants have merely *identified* their expert without yet providing an expert report. First, the Amended Pretrial Order directs identification of experts by May 16, 2005. This is exactly what defendants did, as Mag effectively stipulates in its Motion. Second, Mag has done no more concerning its own intended experts. Mag *identified* two intended experts by way of a partial interrogatory answer in December, 2004. As of this date, it has not proffered an expert report from either individual. Mag's complaint that the defendants have not done so therefore rings hollow. With respect to expert reports, plaintiff and the defendants are in the same position.

Defendants have noticed the depositions of the two individuals plaintiff has identified as its experts, but those two individuals are also fact witnesses with knowledge of

critical events in this matter.[1] As Rule 26(b)(4)(A) provides that depositions of experts "shall not be conducted until after the [expert's] report is provided," defendants anticipated that the depositions currently scheduled (of Mr. Salter and Mr. Donnelly) would be exclusive of their identified expert roles.

Finally, plaintiff is free to request the deposition of Mr. Josephs, but has not yet done so. The insinuation that defendants have tried to block access to Mr. Josephs therefore is a false one. In fact, defendants have now explicitly offered Mr. Josephs for deposition.

The cases cited by plaintiff are not helpful to its motion. Defendants do not dispute the Court's discretionary authority to preclude the introduction of expert testimony at trial, *Williams v. Monarch Machine Tool Co., Inc.*, 26 F.3d 228 (1st Cir 1994), or the use of specific evidence, *Fusco v. General Motors Corp.*, 11 F.3d 259 (1st Cir. 1993). *Williams*, however, stands for the proposition that where a party had identified two experts thirty days prior to a scheduled trial date, the trial court's *refusal* to preclude one of them at trial was properly within the trial court's discretion. 26 F.3d at 231. Likewise, in *Fusco*, the exclusion pertained to a disclosure made one month prior to trial, of a video of a technical experiment. 11 F.3d at 266. The party precluded in the Massachusetts district court case had ignored a series of discovery orders pertaining to experts and weeks of continued trial dates. *Ferrara v. Balistreri & DiMaio, Inc.*, 105 F.R.D. 147 (D. MA. 1985). In contrast, nothing at issue in this case is occurring "at the last possible moment before trial…", or even close to it. *Ferrara,* 105 F.R.D. at 150.

---

[1] Mr. Salter is plaintiff's copyright counsel who submitted the applications in question, and Mr. Donnelly is an employee and an officer of the plaintiff.

## II. CONCLUSION

Defendants have complied with the *Pre-Trial Order* and their discovery obligations to date, and will continue to do so. In fact, plaintiff is in no different position with regard to the identification of experts. It would be unfair and wholly unnecessary to preclude defendants from the use of Mr. Josephs at trial. Plaintiff's motion, taken even in the best light, is premature. At worst it is a wasteful though feeble attempt to gain an advantage in the matter that is wholly unwarranted. Defendants respectfully request that the motion be denied.

Dated: June 7, 2005

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

TARGET CORPORATION
d/b/a TARGET STORES,
CHEROKEE, INC., and
ROBERT MARGOLIS

By Their Attorneys,

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 7th of June, 2005, I served a true copy of this document to the following counsel of record by facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886.

Ellen M. Brunelle

NOEL & GYORGY LLP
50 SOUTH MAIN STREET • PROVIDENCE RI 02903
TELEPHONE 401-272-7400 • FAX 401-621-5688

# FAX TRANSMISSION

DATE: May 16, 2005 TIME: 4:44 PM

TO:

| | |
|---|---|
| Tom Tarro/Kris Macaruso Marotti, Esq. | 401-732-3362 |
| Craig M. Scott/Christine K. Bush, Esq. | 401-455-0701 |
| | |
| | |

FROM: Tom Noel, Esq.

This transmission consists of 5 pages, including this cover sheet. If you do not receive a complete and legible copy please call us at 401-272-7400 and we will resend the missing pages.

Message:

THIS TRANSMISSION MAY INCLUDE CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS, OR INFORMATION OTHERWISE PRIVILEGED FROM DISCLOSURE OTHER THAN TO THE RECIPIENT(S) NAMED ABOVE. IF IT APPEARS THAT YOU HAVE RECEIVED THIS MESSAGE BY MISTAKE, PLEASE CALL US AT 401-272-7400 SO THAT WE CAN SEND IT TO THE PERSON(S) FOR WHOM IT WAS INTENDED.

**hp officejet 7110**
**printer/fax/scanner/copier**

**Fax-History Report** for
John Gyorgy
401.621.5688
May 16 2005 4:47pm

**Last Transaction**

| Date | Time | Type | Identification | Duration | Pages | Result |
| --- | --- | --- | --- | --- | --- | --- |
| May 16 | 4:45pm | Fax Sent | 7323362 | 1:41 | 5 | OK |

**hp officejet 7110**
**printer/fax/scanner/copier**

**Fax-History Report** for
John Gyorgy
401.621.5688
May 16 2005 4:50pm

**Last Transaction**

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| May 16 | 4:48pm | Fax Sent | 4550701 | 1:50 | 5 | OK |