**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANT STYLE ACCESSORIES, INC.'S OBJECTION TO MOTION TO STRIKE ADMISSIONS**

Defendant Style Accessories, Inc. ("Style") hereby objects to plaintiff's Motion to Strike Admissions, and relies further on the memorandum filed contemporaneously herewith.

Dated: June 7, 2005

STYLE ACCESSORIES, INC.

By Its Attorneys,

TRN

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 7th of June, 2005, I served a true copy of this document to the following counsel of record by facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886, and Craig M. Scott, Esq. and Christine K. Bush, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200 Providence, RI 02903

Ellen M. Brunelle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>v.<br><br>CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-174T |

**DEFENDANT STYLE ACCESSORIES, INC.'S RESPONSE AND OBJECTION TO MOTION TO STRIKE ADMISSIONS**

Defendants jointly object to the Motion to Strike filed by plaintiff Mag Jewelry Co., Inc. ("Mag") concerning a set of Admission Requests served by defendant Style Accessories, Inc. ("Style") on the last day of discovery. Mag's counsel complains solely because he received the admission requests in the mail on May 17, the day after the Closure Date.[1] Counsel for Style directed a set of nine (9) admission requests to Mag dated May 16, 2005, and served plaintiff by facsimile and First Class Mail on that day. Plaintiff's counsel several days later served and filed the motion to strike.

The sole basis of the motion to strike is that "Defendant failed to serve the Request for Admissions on the Plaintiff before May 16, 2005; [sic] the discovery closure date." Plaintiff's Memorandum, p.4. That position ignores the long-held rule, however, as clearly stated in the Federal Rules of Civil Procedure, that "[s]ervice by mail is complete upon mailing." Rule 5(b)(2)(B). The date of counsel's *receipt* of defendant's Request for Admissions by mail, or any other document served, is therefore not controlling. Moreover,

[1] The Court's *Amended Pre-Trial Order* set the Closure Date at May 16, 2005.

Style's requests were both *faxed and mailed* to plaintiff on May 16, so plaintiff's counsel had them in hand on the Closure Date. Plaintiff simply has no credible basis on which to bring its motion.[2]

WHEREFORE, defendants Style Accessories, Inc. respectfully requests that the plaintiff's motion to strike be denied.

Dated: June 7, 2005

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 7th of June, 2005, I served a true copy of this document to the following counsel of record by facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886, and Craig M. Scott, Esq. and Christine K. Bush, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200 Providence, RI 02903

Ellen M. Brunelle

[2] Moreover, the admission requests, made admittedly at the end of the discovery period, sought acknowledgment that as of that time, Mag had absolutely no basis on which to prove the allegation either that the defendants *copied* plaintiff's jewelry piece or did so willfully. They were propounded appropriately at the *end* of the discovery period with the hope of eliminating certain issues for trial.