UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174T |

**DEFENDANT STYLE ACCESSORIES, INC.'S MOTION TO STRIKE OBJECTIONS AND TO COMPEL PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF**

Defendant Style Accessories, Inc. ("Style") hereby moves for an order striking certain objections and compelling full and complete responses and compelling a full and complete production of documents by the plaintiff. Style submits this Motion on Request Nos. 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 18, 19, 24, 25, 29, and 31. Each Request at issue is set forth below, with plaintiff's answer or response and Style's argument thereon:

**REQUEST NO. 3**

**REQUEST NO. 3** An exemplar or sample of each and every style, type, design, and variation of the Mag Crystal Angel offered for sale at any time, excepting variations in the color of the crystals alone.

**RESPONSE TO REQ. NO. 3** Objection. Plaintiff objects to the Request in that it is overly broad, burdensome and exceeds the permissible scope of discovery. Without waiving the objection, see a sample piece of Mag's "Crystal Angel" necklace, which is attached hereto as Exhibit "1".

**ARGUMENT** Despite a crowded field of crystal angels since before the plaintiff's claimed creation of its crystal angel, Mag alleges that Style copied a Mag

crystal angel, and that the Mag angel was a unique and original creation and was the first design of a crystal angel by anybody. Style is not interested in variations of color alone, but is entitled to receive for inspection a sample of each style or iteration of the crystal angel Mag has made, and a request for the same is not overly broad, burdensome, or irrelevant. The defendants have challenged Mag's copyright based on, among other factors, the simplicity of its design, and the fact that other similar crystal angels were on the market at and before plaintiff's first claimed creation and sale. Mag cannot credibly claim that it does not have to show each iteration and style of crystal angel it has had over the years.

**REQUEST NO. 5**

**REQUEST NO. 5** A copy of each and every copyright registration in the name of or belonging to Mag or its principals concerning jewelry design of an angel shape or angel configuration of any type.

**RESPONSE TO REQ. NO. 5** Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter. Without waiving the objection, Plaintiff attaches hereto the copyright registrations related to the "Crystal Angel" jewelry piece, which is the subject matter of the instant litigation, as Bate Stamped Nos. 000001 through 000004.

**ARGUMENT** Mag claims in this action that although it originally attested to a creation date of June 1, 1995, that date was a mistake because Mag's principal didn't understand what the term "date of creation" sought on the copyright application really meant. (Months later, Mag would back-date the claimed creation date by more than three years.) Mag's experience in securing copyright registrations is highly relevant, and Mag has made no showing that this Request is objectionable for any of the grounds cited. The objection should be stricken and Mag ordered to produce all responsive documents.

**REQUEST NO. 6**

**REQUEST NO. 6** All documents concerning all transfers, assignments, and/or licenses from any person or entity to Mag or its principals concerning the rights to any Crystal Angel design at any time.

**RESPONSE TO REQ. NO. 6** Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter.

**ARGUMENT** The documents sought in this request are directly relevant to defenses in this action, namely, that there existed (whether admitted by Mag or not) other crystal angel designs (and registrations) predating and postdating Mag's claimed creation. If Mag has been transferred, assigned, or licensed any rights concerning crystal angels, Style is entitled to discover the same. Mag has given no basis to support any of the objections proffered.

**REQUEST NO. 7**

**REQUEST NO. 7** All documents concerning all transfers, assignments, and/or licenses from Mag to any person or entity permitting them to manufacture, assemble, advertise, offer for sale, distribute, or sell any Crystal Angel design at any time.

**RESPONSE TO REQ. NO. 7** Plaintiff objects to the request on the ground that it is overly broad, burdens, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter.

**ARGUMENT** Evidence of transfers or licenses from Mag to others is critical as the terms of those agreements permitting others to make, use, or sell the crystal angel may run to the benefit of the defendants in this action. Alternatively, such agreements could evidence acquiescence on Mag's part that others could continue making and selling crystal angel pieces. Either way, the defendants are entitled to discover such information, if it exists, and Mag has raised no supportable objection.

**REQUEST NO. 10**

**REQUEST NO. 10** All documents, notes, memoranda, minutes, and electronic mail concerning or constituting the internal communications of Mag, its officers,

employees, and/or agents concerning the conception, design, introduction, or manufacture of the Mag Crystal Angel.

**RESPONSE TO REQ. NO. 10** Plaintiff objects to the request on the grounds that it is overly broad, burdens, and exceeds the permissible scope of discovery. Without waiving the objection, see documents which were produced in response to Request No. 9.

**ARGUMENT** It is not possible to discern from the response whether Mag has documents, other than couple of pages cited, responsive to this Request. If other responsive documents exist, they would be highly relevant to evidence critical disputed facts concerning the creation date(s) claimed by Mag. Style is entitled to review them, and Mag has provided no basis whatsoever for the objections it has interposed. The objection should be stricken and Mag ordered to produce all responsive documents.

**REQUEST NO. 11**

**REQUEST NO. 11** All documents including but not limited to statements, notes, and memoranda, concerning or evidencing the claimed date of creation of the Mag Crystal Angel as declared on Copyright Reg. No. VA 758-661, and all such documents concerning or evidencing the claimed date of creation of the Mag Crystal Angel as declared on Copyright Reg. No. VA 787-020.

**RESPONSE TO REQ. NO. 11** Plaintiff objects to the request on the grounds that it is over broad, burdens, and exceeds the permissible scope of discovery. Without waiving the objection, see documents which were produced in response to Request No. 9. Said documents come from Mag's 1992 Production Book, which evidences the Crystal Angel piece was designed and created, prior to march 5th of that year. See also document attached hereto and Bate Stamped No. 8.

**ARGUMENT** The two copyright registration documents cited contain two different claimed dates of first creation of the piece by Mag. Evidence concerning that discrepancy is highly relevant. From Mag's response it is not possible to discern whether Mag has responsive documents that were not produced. If it does, they would be highly relevant to the claims and defenses at issue, and Mag has provided no basis whatsoever for any of its objections.

**REQUEST NO. 12**

**REQUEST NO. 12** All documents including but not limited to statements, notes, and memoranda, concerning or evidencing the claimed date of first publication of the Mag Crystal Angel as declared on Copyright Reg. No. VA 758-661, and all such documents concerning or evidencing the claimed date of first publication of the Mag Crystal Angel as declared on Copyright Reg. No. VA 787-020.

**RESPONSE TO REQ. NO. 12** Objection, on the grounds that the request is overly broad and burdensome.

**ARGUMENT** Mag has stated an objection, and provided no documents. As argued for Req. No. 11, Mag has reported to the copyright office two very different dates of first publication of the Mag crystal angel. The two copyright registrations are in conflict with each other, and are in dispute in this action. Moreover defendant's access to the Mag piece is an element of the plaintiff's case. Documents such as those requested concerning first publication of the Mag creation are directly relevant to the issue of access.

**REQUEST NO. 13**

**REQUEST NO. 13** All documents concerning, evidencing, or explaining the reason or reasons Mag filed a supplemental registration with the United States Copyright Office on or about June 12, 1996 altering the previously claimed date of creation and previously claimed date of first publication.

**RESPONSE TO REQ. NO. 13** Objection on the grounds the request is overly broad and burdensome.' Without waive said objection, see documents produced in response to Request No. 9 and 11.

**ARGUMENT** Mag must state whether it is holding further responsive documents subject to the objection. No showing has been made as to why the Request is overbroad or why producing the requested documents would be unduly burdensome. The objection should be stricken and Mag made to respond as to whether it has other responsive documents.

**REQUEST NO. 14**

**REQUEST NO. 14** A copy of each and every communication you have had with Elliott Salter, Esq., and/or any partner or associate of Mr. Salter since January 1, 1992, concerning in any way the Mag Crystal Angel, the Mag Crystal Angel Copyrights, or any communication, application, or registration with the United States Copyright Office concerning either.

**RESPONSE TO REQ. NO. 14** Objection. Plaintiff objects to the request on the grounds that it seeks information which is protected by the attorney client privilege. Without waiving said objection, see Privilege Log provided with Plaintiff's Answer to this Defendant's interrogatory.

**ARGUMENT** The privilege log vaguely identifies one document, and then provides no information on which a determination as to its status can be judged. Moreover, Mag has waived the privilege due to its contention that a communications misunderstanding with its copyright counsel resulted in the amended filing (and amended dates) with the copyright office, and due to the production by Mr. Salter of certain documents from his client file without objection from Mag. The objection should be stricken and Mag should be compelled to provide all responsive documents.

**REQUEST NO. 15**

**REQUEST NO. 15** All documents exchanged at any time between Mag and each and every person whom Mag intends to call as an expert witness at the trial in this matter.

**RESPONSE TO REQ. NO. 15** Objection. Plaintiff objects to the request on the grounds that it seeks information which exceeds the permissible scope of discovery and is otherwise protected by the Attorney Work Product Doctrine and attorney client privilege.

**ARGUMENT** Style is entitled to discover the bases of the opinions Mag intends to proffer. To the extent documents were exchanged, they fall under this category and are not privileged. Further, Mag has provided no information in its objection upon

which any determination of privilege could be made. Mag's objection should be stricken and it should be ordered to produce all responsive documents.

**REQUEST NO. 16**

**REQUEST NO. 16** Each and every opinion rendered by any expert retained by or on behalf of Mag in any prior litigation including but not limited to the litigation titled *Mag Jewelry Co., Inc. v. Russ Berrie and Company, Inc.* C.A. No. 01-383 and including all versions of said opinions that were disclosed by Mag at any time.

**RESPONSE TO REQ. NO. 16** Objection. Plaintiff objects to the Request on the grounds that it exceeds the permissible scope of discovery and seeks information protected by attorney client privilege and attorney work product doctrine.

**ARGUMENT** Mag has been involved in numerous court cases concerning the crystal angel. Prior expert reports are prior statements of the party on whose behalf they were rendered. To the extent Mag has proffered expert testimony in those cases, there is absolutely no basis on which to complain that Style should not discover it and be able to use it for cross examination at trial. To the extent such opinions were disclosed, there is absolutely no basis on which to claim privilege.

**REQUEST NO. 18**

**REQUEST NO. 18** Documents and things constituting the first advertisement, promotion, or announcement depicting or concerning the Mag Crystal Angel.

**RESPONSE TO REQ. NO. 18** Objection. Plaintiff objects to the request as posed as it is overly broad, burdensome, and seeks information which is entirely irrelevant to the instant action. Without waiving said objection, see response to Request No. 17.

**ARGUMENT** The date of creation and first publication of the Mag crystal angel are in dispute in this action. Mag cannot be permitted to throw up a blanket objection and simply refuse to provide documents that would evidence the first time the angel was published or advertised. The first advertisement, promotion, announcement or publication depicting the crystal angel would certainly provide some evidence concerning

plaintiff's claimed date of first publication and perhaps its date of creation. Access to the plaintiff's crystal angel in a crowded market of crystal angels is a central issue in this action. The request is not overly broad, unduly burdensome, or irrelevant. Mag's objection should be stricken and it should be ordered to produce all responsive documents.

**REQUEST NO. 19**

**REQUEST NO. 19** Documents sufficient to show the volume of sales of the Mag Crystal Angel, in whatever form or configuration, and the gross revenue and net revenue derived therefrom, for each year or partial year since the date of the first sale of the Mag Crystal Angel.

**RESPONSE TO REQ. NO. 19** Objection. Plaintiff objects to the request as posed, in that is seeks information which is entirely irrelevant to the instant action. Without waiving the objection, see response to Request No. 17.

**ARGUMENT** Mag has simply refused to provide its sales data, and has done so without justification. Mag claims that defendants copied a Mag crystal angel. The fact is that the market has been crowded with similar crystal angels since before the date of Mag's claimed creation. The defendants are entitled to adduce information concerning the penetration of Mag angels into the market of crystal angels over time. The request is highly relevant. As Mag has represented that it would not seek damages calculated on its own claimed lost sales in this action, documents showing *gross* sales numbers (as opposed to *net* sales) will be sufficient.

**REQUESTS 24, 25, and 29**

**REQUEST NO. 24** All correspondence and communications, and all documents exchanged between you and Mr. Alan Gregerman and/or the Gregerman Company concerning any jewelry design or any rights thereto since January 1, 1990.

**REQUEST NO. 25** With respect to Mr. Bharat Dass and any entity with which he is or was affiliated:

(a) all correspondence and communications, and all documents exchanged between Mag and Mr. Bharat Dass since January 1, 1990; and

(b) any and all settlement agreements and all documents constituting settlement agreements between Mag and Bharat Dass concerning the prior litigation with him.

**REQUEST NO. 29** All correspondence and communications, and all documents exchanged between Mag and an entity known as Empire Jewelry, Mr. John Bordieri, or Mr. Joe Bordieri, at any time.

**RESPONSE TO REQ. NOS. 24, 25, and 29** Objection. Plaintiff objects to these requests on the grounds that it seeks information which is irrelevant to the instant action.

**ARGUMENT FOR REQ. NOS. 24, 25, and 29** The plaintiff has identified Mr. Gregerman, Mr. Dass, and Mr. Bordieri as witnesses in this litigation. Style is entitled to discover the extent and nature of the relationship between these individuals (and their respective companies) and the plaintiff. Such documents will be highly probative of potential bias and credibility. Moreover, as plaintiff well knows, Mr. Gregerman and Mr. Dass were long involved in making and selling crystal angels. Mr. Dass created and sold a virtually identical crystal angel years before the plaintiff. Plaintiff now claims special relationships with Mr. Dass and with Mr. Gregerman and will apparently proffer evidence concerning those relationships at trial. Defendants certainly must be entitled to adduce evidence that can be used to challenge plaintiff's position.

**REQUEST NO. 31**

**REQUEST NO. 31** A copy of each and every order, decision, or opinion rendered by any court or tribunal concerning the Mag Crystal Angel Copyrights or any claim of copyright infringement involving them at any time.

**RESPONSE TO REQ. NO. 31** Objection. Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of

discovery and seeks information which is accessible and obtainable by Defendant.

**ARGUMENT** Style is seeking any decision concerning the copyrights at issue in this very case, or concerning any infringement thereof. This would include decisions concerning the status of the copyrights, and decisions concerning the question of infringement. They would obviously directly address and may define the plaintiff's rights *vis a vis* the copyrights at issue here. The request is not irrelevant, overly broad, or unduly burdensome. Finally, they are not equally available to Style as to the plaintiff, as it must be assumed that the plaintiff knows (1) what decisions, if any, exist and (2) where to get them. Style knows neither.

WHEREFORE, Style Accessories, Inc. respectfully requests that the Court strike the objections noted and order the plaintiff to produce all documents responsive to the above requests, within ten (10) days.

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

Dated: June 30, 2005

STYLE ACCESSORIES, INC.

By Their Attorneys,

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on June 30, 2005 I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and to Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

Ellen M. Brunelle

TRN/

# PRIVILEGE LOG

The principal of Mag Jewelry Co., Inc., Daniel Magnanimi, had telephone conversations with Attorney Elliot Salter prior to filing its initial copyright registration for the crystal angel and the supplemental registration. The substance of these conversations is protected by the attorney/client privilege. The exact date of the telephone conversations are not known to the Plaintiff, aside from the fact that they would have taken place prior to the filing of the initial copyright and the supplemental registration, respectively.

The Plaintiff has located correspondence between Plaintiff's counsel and Elliot Salter, Esq., dated March 14, 1996. Both documents are protected by attorney client privilege and attorney work product.

**Exhibit "A"**