**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANT STYLE ACCESSORIES, INC.'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED UPON THE PLAINTIFF**

Defendant Style Accessories, Inc. ("Style") hereby moves for an order compelling full and complete answers to interrogatories propounded upon the plaintiff. Style submits this Motion on Interrogatories 8, 11, 12, 16, and 22. Each is set forth below, with plaintiff's answer or response, and Style's argument thereon:

**INTERROGATORY NO. 8**

**INTERROGATORY NO. 8** Please identify the dates of the first five sales of the Mag Crystal Angel in any form to any person or entity and, for each such sale, identify:

(a) the person or entity to whom the sale was made;
(b) the type and quantity of products sold;
(c) the total dollar amount of the sale;
(d) the employee or sales representative who made the sale; and
(e) all documents that concern or evidence the sale.

**ANSWER TO INT. NO. 8**

I. (a) Merlite
(b) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000009-000011.
(c) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000009-000011.
(d) See purchase order, which was produced in Response to Request for

Production as Bate Stamped No. 000009-000011.

(e) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000009-000011.

II. (a) SWJ Southwest, Inc.

(b) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000012.

(c) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000012.

(d) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000012.

(e) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000012.

III. (a) Klassen Jewelers

(b) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000013.

(c) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000013.

(d) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 0000013.

(e) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000013.

IV. (a) Jewels and Such

(b) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000014.

(c) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000014.

(d) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000014.

(e) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000014.

V. (a) Marclar

(b) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000015.

(c) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000015.

.(d) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000015.

(e) See purchase order, which was produced in Response to Request for Production as Bate Stamped No. 000015.

**ARGUMENT** The documents referenced simply do not provide the

information requested including: a full identification (address, etc., as specified in the instructions) of each entity; the Mag person involved in the sale; and, an identification of all documents that evidence the sales. The information sought is not objectionable, and Mag should be compelled to provide a full and complete answer.

**INTERROGATORY NO. 11**

**INTERROGATORY NO. 11** Please list and identify each and every communication you have had with Elliott Salter, Esq., and/or any partner or associate of Mr. Salter since January 1, 1992, concerning in any way the Mag Crystal Angel, the Mag Crystal Angel Copyrights, the basis or necessity of the Supplemental Registration, and/or any alleged infringement by this defendant, and for each such communication, state:

(a) whether such communication was oral or in writing;
(b) all parties to such communication;
(c) the date of such communication;
(d) the nature and subject matter of such communication;
(e) whether Mag considers such communication to be privileged; and
(f) if such communication is in writing, all persons or entities that possess a copy of such writing.

**ANSWER TO INT. NO. 11** Objection. Plaintiff objects to the interrogatory as posed, in that it seeks information which is protected by the attorney/client privilege and constitutes attorney work product. Without waiving the objection, see Privilege Log attached hereto and marked Exhibit "1".

**ARGUMENT** Mag's communications with its copyright counsel are not *ipso facto* privileged. Communications concerning information that is itself intended to be communicated to someone outside the privilege sphere, i.e., the copyright office, are not privileged. Second, Mag has waived the privilege as concerns the crystal angel applications and registrations at issue by placing Mr. Salter directly in the middle of a claimed misunderstanding between Mag's owner and Mr. Salter concerning the registrations. Moreover, the "Privilege Log," so called, supplied by Mag, identifies a single document. (A copy of Mag's Privilege Log is attached hereto as Exhibit A.) As to that single document, no information is provided as to its subject matter or other criteria

on which a claim of privilege could be supported – or refuted. Finally, Mag's copyright counsel, Mr. Salter, has already testified in deposition and has produced documents that he had maintained in his file. Any privilege previously claimed has been absolutely waived. Defendants are entitled to receive the documents requested as contained in Mag's own business records.

**INTERROGATORY NO. 12**

**INTERROGATORY NO. 12** Identify by the title(s) of the publication(s) in which it appeared, the date of publication, and the geographic scope, the first print, photographic, or video advertisement depicting the Mag Crystal Angel.

**ANSWER TO INT. NO. 12** Objection. Plaintiff objects to the interrogatory on the grounds that it is vague and ambiguous.

**ARGUMENT** This interrogatory is neither vague nor ambiguous. To the extent Mag was confused, Style provided clarification in its effort to confer; Mag still has not answered. For the first advertisement, brochure, or other public dissemination utilizing a picture, print, or video of Mag's crystal angel, Mag should be ordered to identify where it was made, i.e., the publication or media it appeared in, and where it was distributed or shown. Mag claims its crystal angel creation was unique, and was the first of now countless imitators. Evidence of its public display and dissemination is basic to its claims in this action.

**INTERROGATORY NO. 16**

**INTERROGATORY NO. 16** Identify each and every person or entity whom Mag has licensed or permitted to manufacture, assemble, advertise, distribute, offer for sale, or sell the Mag Crystal Angel or any substantially similar variation thereof under a name or brand other than "Mag" at any time, and, to the extent applicable, state the dates on which each such person or entity commenced such activity and terminated such activity.

**ANSWER TO INT. NO. 16**
(a) Alan Gregerman & Co.;
(b) Acme Jewelry;
(c) Eden Jewelry Co., Inc.; and
(d) JJI International.

**ARGUMENT** Mag identified four licensees but did not provide the requested ancillary information concerning those purported licenses. Mag claims it was the first creator of the crystal angel design, and claims that others have acquiesced in such claim and have taken licenses from Mag. Identifying licensees of Mag may be highly relevant, and Mag should be compelled to answer.

**INTERROGATORY NO. 22**

**INTERROGATORY NO. 22** For each year or partial year since the date of first sale of the Mag Crystal Angel, please provide Mag's total sales, by dollar amount and by number of pieces, of the Mag Crystal Angel.

**ANSWER TO INT. NO. 22** Objection. Plaintiff objects to the interrogatory as posed, in that it is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT** Mag has outright refused to provide its sales data, without justification. Mag claims that defendants copied a Mag crystal angel. Proof of access is a necessary element of the claim. The defendants contend that the market has been crowded with crystal angels since before the date of Mag's claimed creation. The defendants are entitled to information concerning the penetration of Mag angels into the market of crystal angels over the course of time in order to rebut the allegation of access to Mag's piece.

WHEREFORE, defendant Style Accessories, Inc. hereby requests that this honorable Court order the plaintiff to provide fully responsive further answers to the above interrogatories within ten (10) days.

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

Dated: June 30, 2005

STYLE ACCESSORIES, INC.

By Their Attorneys,

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on June 30, 2005 I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and to Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

Ellen M. Brunelle

TRN/

# PRIVILEGE LOG

The principal of Mag Jewelry Co., Inc., Daniel Magnanimi, had telephone conversations with Attorney Elliot Salter prior to filing its initial copyright registration for the crystal angel and the supplemental registration. The substance of these conversations is protected by the attorney/client privilege. The exact date of the telephone conversations are not known to the Plaintiff, aside from the fact that they would have taken place prior to the filing of the initial copyright and the supplemental registration, respectively.

The Plaintiff has located correspondence between Plaintiff's counsel and Elliot Salter, Esq., dated March 14, 1996. Both documents are protected by attorney client privilege and attorney work product.

**Exhibit "A"**