**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS | : | |
| AND TARGET CORPORATION d/b/a | : | |
| TARGET STORES and STYLE | | |
| ACCESSORIES, INC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT, STYLE ACCESSORIES, INC.'S, MOTION TO STRIKE OBJECTIONS AND COMPEL PRODUCTION OF DOCUMENTS**

**REQUEST NO. 3:** An exemplar or sample of each and every style, type, design, and variation of the Mag Crystal Angel offered for sale at any time, excepting variations in the color of the crystals alone.

**RESPONSE:** Objection. Plaintiff objects to the Request in that it is overly broad, burdensome and exceeds the permissible scope of discovery. Without waiving the objection, see a sample piece of Mag's "Crystal Angel" necklace, which is attached hereto as Exhibit "1".

**DEFENDANT'S ARGUMENT:** Despite a crowded field of crystal angels since before the plaintiff's claimed creation of its crystal angel, Mag alleges that Style copied a Mag crystal angel, and that the Mag angel was a unique and original creation and was the first design of a crystal angel by anybody. Style is not interested in variations of color alone,

but is entitled to receive for inspection a sample of each style or iteration of the crystal angel Mag has made, and a request for the same is not overly broad, burdensome, or irrelevant. The defendants have challenged Mag's copyright based on, among other factors, the simplicity of its design, and the fact that other similar crystal angels were on the market at and before plaintiff's first claimed creation and sale. Mag cannot credibly claim that it does not have to show each iteration and style of crystal angel it has had over the years.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to the Request. Plaintiff objects to the Request in that it is overly broad, burdensome and exceeds the permissible scope of discovery. Without waiving the Objection, the Plaintiff has provided defense counsel a sample piece of Mag's "Crystal Angel" necklace in response to its Request for Production. Plaintiff submits that the "Crystal Angel" piece, which has been produced, is in the same style and form as the infringing piece, which is the subject matter of the instant infringing copyright action. Moreover, Plaintiff submits that the "Crystal Angel" is identical in size and configuration to the other forms in which it is sold and has been sold by Mag Jewelry (i.e. pin, earring). Accordingly, the Defendant's request seeking a sample of each style, type, design and variation of the "Crystal Angel" jewelry piece is overly broad, duplicitous and burdensome. Accordingly, the Defendant's Motion to Compel should be denied as to the Request.

**REQUEST NO. 5:** A copy of each and every copyright registration in the name of or belonging to Mag or its principals concerning jewelry design of an angel shape or angel configuration of any type.

**RESPONSE:** Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter. Without waiving the objection, Plaintiff attaches hereto the copyright registrations related to the "Crystal Angel" jewelry piece, which is the subject matter of the instant litigation, as Bate Stamp Nos. 000001 through 000004.

**DEFENDANT'S ARGUMENT:** Mag claims in this action that although it originally attested to a creation date of June 1, 1995, that date was a mistake because Mag's principal didn't understand what the term "date of creation" sought on the copyright application really meant. (Months later, Mag would back-date the claimed creation date by more than three years.) Mag's experience in securing copyright registrations is highly relevant, and Mag has made no showing that this Request is objectionable for any of the grounds cited. The objection should be stricken and Mag ordered to produce all responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its Objection to the Request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery and seeks information which is irrelevant to the instant matter. Without waiving its Objection, the Plaintiff has attached copies of the Copyright Registrations related to the "Crystal Angel" jewelry piece, which is the subject matter of the instant litigation. Plaintiff submits that copies of any other copyright registrations for other jewelry pieces, which have been obtained by the Plaintiff, Mag Jewelry Co., Inc., are entirely irrelevant to the instant action, particularly, where the "Crystal Angel" jewelry piece represents the first time that the Plaintiff sought a copyright registration for one of its jewelry pieces. Accordingly, there

would be no copyright registrations prior to the documents which have already been produced concerning the subject "Crystal Angel" jewelry piece. Accordingly, the Defendant's Motion to Strike and Compel should be denied.

**REQUEST NO. 6:** All documents concerning all transfers, assignments, and/or licenses from any person or entity to Mag or its principals concerning the rights to any Crystal Angel design at any time.

**RESPONSE:** Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter.

**DEFENDANT'S ARGUMENT:** The documents sought in this request are directly relevant to defenses in this action, namely, that there existed (whether admitted by Mag or not) other crystal angel designs (and registrations) predating and postdating Mag's claimed creation. If Mag has been transferred, assigned, or licensed any rights concerning crystal angels, Style is entitled to discover the same. Mag has given no basis to support any of the objections proffered.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its Objection to the Request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery and seeks information which is irrelevant to the instant matter in that the documents refers to any crystal angel design at any time by Mag Jewelry. With respect to Mag's "Crystal Angel" jewelry design, which is the subject matter of the instant litigation, Plaintiff will supplement its response to the Request and produce to the Defendant copies of transfers, assignment, and/or licenses from any person or entity to Mag with respect to same piece.

**REQUEST NO. 7:** All documents concerning all transfers, assignments, and/or licenses from Mag to any person or entity permitting them to manufacture, assemble, advertise, offer for sale, distribute, or sell any Crystal Angel design at any time.

**RESPONSE:** Plaintiff objects to the request on the grounds that it is overly broad, burdens, exceeds the permissible scope of discovery, and seeks information which is irrelevant to the instant matter.

**DEFENDANT'S ARGUMENT:** Evidence of transfers or licenses from Mag to others is critical as the terms of those agreements permitting others to make, use, or sell the crystal angel may run to the benefit of the defendants in this action. Alternatively, such agreements could evidence acquiescence on Mag's part that others could continue making and selling crystal angel pieces. Either way, the defendants are entitled to discovery such information, if it exists, and Mag has raised no supportable objection.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its Objection to the Request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery and seeks information which is irrelevant to the instant matter in that the documents refers to any crystal angel design at any time by Mag Jewelry. With respect to Mag's "Crystal Angel" jewelry design, which is the subject matter of the instant litigation, Plaintiff will supplement its response to the Request and produce to the Defendant copies of transfers, assignment, and/or licenses from Mag to any person or entity permitting them to manufacture, assemble, distribute or sell the subject "Crystal Angel" piece.

**REQUEST NO. 10**: All documents, notes, memoranda, minutes, and electronic mail concerning or constituting the internal communications of Mag, its officers, employees,

and/or agents concerning the conception, design, introduction, or manufacture of the Mag Crystal Angel.

**RESPONSE**: Plaintiff objects to the request on the grounds that it is overly broad, burdens, and exceeds the permissible scope of discovery. Without waiving the objection, see documents which were produced in response to Request No. 9.

**DEFENDANT'S ARGUMENT:** It is not possible to discern from the response whether Mag has documents, other than couple of pages cited, responsive to this Request. If other responsive documents exist, they would be highly relevant to evidence critical disputed facts concerning the creation date(s) claimed by Mag. Style is entitled to review them, and Mag has provided no basis whatsoever for the objections it has interposed. The objection should be stricken and Mag ordered to produce all responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its Objection to the Request on the grounds that it is overly broad, burdensome and exceeds the permissible scope of discovery. Without waving the objection, Plaintiff has produced to the Defendant copies of the Mag Production Workbook, which depicts the "Crystal Angel" jewelry piece. Plaintiff has also produced to Defendant at its 30(b)(6) deposition on July 21, 2005 copies of the Purchase Orders concerning the purchases of crystal stones by Plaintiff from Hurd Corporation for the period from May 1, 1995 to June 14, 1995, as well as copies of invoices of P & C Jewelry for the period from May 1, 1995 to June 6, 1995 for soldering work on the subject Crystal Angel piece.

Plaintiff states that with respect to creation date of the pieces, the Plaintiff has no other documents responsive to this Request, other than the Production Workbooks.

Plaintiff's counsel will make the Production Workbooks available to defense counsel for inspection upon their request at a mutually convenient time at the office of Plaintiff's counsel. Accordingly, the Defendant's Motion to Strike and to Compel should be denied.

**REQUEST NO. 11**: All documents including but not limited to statements, notes, and memoranda, concerning or evidencing the claimed date of creation of the Mag Crystal Angel as declared on Copyright Reg. No. VA 758-661, and all such documents concerning or evidencing the claimed date of creation of the Mag Crystal Angel as declared on Copyright Reg. No. VA 787-020.

**RESPONSE:** Plaintiff objects to the request on the grounds that it is overly broad, burdens, and exceeds the permissible scope of discovery. Without waiving the objection, see documents which were produced in response to Request No. 9. Said documents come from Mag's 1992 Production Book, which evidences the Crystal Angel piece was designed and created, prior to March 5th of that year. See also documents attached hereto and Bate Stamped No. 8.

**DEFENDANT'S ARGUMENT:** The two copyright registration documents cited contain two different claimed dates of first creation of the piece by Mag. Evidence concerning that discrepancy is highly relevant. From Mag's response it is not possible to discern whether Mag has responsive documents that were not produced. If it does, they would be highly relevant to the claims and defenses at issue, and Mag has provided no basis whatsoever for any of its objections.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to this Request. Specifically, Plaintiff objects to the Request that it is overly broad, burdensome and exceeds

the permissible scope of discovery. Without waiving the Objection, Plaintiff has produced documents in response to Request No. 9, which are responsive to this Request. Said documents come from Mag's 1992 Production Book, which evidences the "Crystal Angel" piece was designed and created prior to March 5th of that year. Plaintiff's counsel will make the Production Books available for inspection by Defendant, at their request, at a mutually convenient time at the office of Plaintiff's counsel. Plaintiff also refers to documents attached to its initial Response to Request for Production, Bate Stamped No. 8.

**REQUEST NO. 12**: All documents including but not limited to statements, notes, and memoranda, concerning or evidencing the claimed date of first publication of the Mag Crystal Angel as declared on Copyright Reg. No. VA 758-661, and all such documents concerning or evidencing the claimed date of first publication of the Mag Crystal Angel as declared on Copyright Reg. No. VA 787-020.

**RESPONSE**: Objection, on the grounds the request is overly broad and burdensome.

**DEFENDANT'S ARGUMENT:** Mag has stated an objection, and provided no documents. As argued for Req. No. 11, Mag has reported to the copyright office two very different dates of first publication of the Mag crystal angel. The two copyright registrations are in conflict with each other, and are in dispute in this action. Moreover, defendant's access to the Mag piece is an element of the plaintiff's case. Documents such as those requested concerning first publication of the Mag creation are directly relevant to the issue of access.

**PLAINTIFF'S ARGUMENT:** Plaintiff has provided to the Defendants, at 30(b)(6) deposition of Mag Jewelry Co., Inc. on July 21, 2005, a copy of the Mag catalog, which depicts the "Crystal Angel" jewelry piece, as well as Mag catalogues 101, 102, 103, 104 and 105.

In further response to the Interrogatory, Plaintiff states that it sells its product to wholesalers at jewelry and trade shows throughout the United States and not directly to the general public. Plaintiff does not have any documents concerning jewelry or trade shows specifically related to the subject, "Crystal Angel", aside from the catalogs produced which may have been distributed at said shows. The piece would have been one of many samples displayed at the Mag Jewelry booth at said show.

**REQUEST NO. 13**: All documents concerning, evidencing, or explaining the reason or reasons Mag filed a supplemental registration with the United States Copyright Office on or about June 12, 1996 altering the previously claimed date of creation and previously claimed date of first publication.

**RESPONSE**: Objection on the grounds the request is overly broad and burdensome. Without waiving said objection, see documents produced in response to Request No. 9 and 11.

**DEFENDANT'S ARGUMENT:** Mag must state whether it is holding further responsive documents subject to the objection. No showing has been made as to why the Request is overbroad or why producing the requested documents would be unduly

burdensome. The objection should be stricken and Mag made to respond as to whether it has other responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates it objection to the Request as posed. Without waiving the objection, Plaintiff has produced documents responsive to the Request in response to Request for Production Nos. 9 and 11. Plaintiff further states that it has no other responsive documents, with the exception of testimony of Daniel Magnanimi and Donald Donnelly's prior "Crystal Angel" infringement lawsuits, in the form of Answers to Interrogatories, depositions and trial testimony. If defense counsel seeks copies of these documents, Plaintiff's counsel will have to retrieve the relevant files from storatge and obtain copies at Defendant's expense.

**REQUEST NO. 14**: A copy of each and every communication you have had with Elliott Salter, Esq., and/or any partner or associate of Mr. Salter since January 1, 1992, concerning in any way the Mag Crystal Angel, the Mag Crystal Angel Copyrights, or any communication, application, or registration with the United States Copyright Office concerning either.

**RESPONSE**: Objection. Plaintiff objects to the request on the grounds that it seeks information which is protected by the attorney client privilege. Without waiving said objection, see Privilege Log provided with Plaintiff's Answer to this Defendant's interrogatory.

**DEFENDANT'S ARGUMENT:** The privilege log vaguely identifies one document, and then proves no information on which a determination as to its status can be judged. Moreover, Mag has waived the privilege due to it contention that a communications

misunderstanding with its copyright counsel resulted in the amended filing (and amended dates) with the copyright office, and due to the production by Mr. Salter of certain documents from his client file without objection from Mag. The objection should be stricken and Mag should be compelled to provide all responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to the Request. Specifically, Plaintiff objects to the request on the grounds that it seeks information which is protected by the attorney client privilege and attorney work product. Without waiving said objections, Plaintiff has produced a privilege log, attached hereto, which sets forth the date of the correspondence between Attorney Salter and Daniel Magnanimi of May 28, 1996, as well as the general subject matter thereof. Plaintiff also has provided to defense counsel, at deposition of Plaintiff on July 21, 2005, copy of a correspondence to Attorney Salter from Daniel Magnanimi, dated November 15, 1995.

Plaintiff states in response to the interrogatory that the principal of Mag Jewelry, Daniel Magnanimi, had a telephone conversation with Elliot Salter in and around the first copyright application was filed for the subject Crystal Angel. The subject matter of said conversation was the preparation of the copyright application. As a result of that conversation, Daniel Magnanimi prepared the June 1, 1995 document, which has already been produced by the Plaintiff in response to discovery in this matter.

Plaintiff further states that he believes that he had a second conversation with Elliot Salter concerning the fact the June 1, 1995 date, which was submitted in the original copyright application was not, in fact, the date that the piece was first published and/or sold to the public, and further, that the Plaintiff, Mag Jewelry, had been selling the Crystal Angel jewelry piece from as early as 1992. As a result of that conversation, Attorney Salter prepared an amended copyright registration for the

subject piece indicating the date of first publication to be March 5, 1992. Plaintiff does not recall the exact dates of this conversation.

Plaintiff argues that Elliot Salter has been identified as an expert witness to testify on behalf of the Plaintiff in this case, and as such, there are communications related to his capacity as an expert witness which are clearly protected by the attorney client privilege and the attorney work product privilege. The defense counsel has already had an opportunity to conduct the deposition of Mr. Salter and obtain all the documents in his file related to the Plaintiff's subject Crystal Angel jewelry piece and the copyright applications pertaining thereto.

**REQUEST NO. 15**: All documents exchanged at any time between Mag and each and every person whom Mag intends to call as an expert witness at the trial in this matter.

**RESPONSE**: Objection. Plaintiff objects to the request on the grounds that it seeks information which exceeds the permissible scope of discovery and is otherwise protected by the Attorney Work Product Doctrine and attorney client privilege.

**DEFENDANT'S ARGUMENT:** Style is entitled to discovery the bases of the opinions Mag intends to proffer. To the extent documents were exchanged, they fall under this category and are not privileged. Further, Mag has provided no information in its objection upon which any determination of privilege could be made. Mag's objection should be stricken and it should be ordered to produce all responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its Objection to the Request on the grounds that it seeks information which exceeds the permissible scope of discovery and is otherwise protected by the attorney work product doctrine and the attorney client privilege. Without waiving this objection, Plaintiff states that it has provided to the defense counsel copies of its Rule 26 Expert Reports which respect to Elliot Salter, Esq., and Donald

Donnelly. Moreover, defense counsel has conducted the deposition of Elliot Salter and Donald Donnelly and obtained a copy of Attorney Salter's file concerning the subject Crystal Angel piece. As such, the Defendant's Motion to Strike and to Compel should be denied.

**REQUEST NO. 16**: Each and every opinion rendered by any expert retained by or on behalf of Mag in any prior litigation including but not limited to the litigation titled *Mag Jewelry Co., Inc. v. Russ Berrie and Company, Inc.* No. 01-383 and including all versions of said opinions that were disclosed by Mag at any time.

**RESPONSE**: Objection. Plaintiff objects to the Request on the grounds that it exceeds the permissible scope of discovery and seeks information protected by attorney client privilege and attorney work product doctrine.

**DEFENDANT'S ARGUMENT:** Mag has been involved in numerous court cases concerning the crystal angel. Prior expert reports are prior statements of the party on whose behalf they were rendered. To the extent Mag has proffered expert testimony in those cases, there is absolutely no basis on which to complain that Style should not discover it and be able to use it for cross examination at trial. To the extent such opinions were disclosed, there is absolutely no basis on which to claim privilege.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates objection to request on the stated grounds.

**REQUEST NO. 18**: Documents and things constituting the first advertisement, promotion, or announcement depicting or concerning the Mag Crystal Angel.

**RESPONSE**: Objection. Plaintiff objects to the request as posed as it is overly broad, burdensome, and seeks information which is entirely irrelevant to the instant action. Without waiving said objection, see response to Request No. 17.

**REQUEST NO. 18**: Documents and things constituting the first advertisement, promotion, or announcement depicting or concerning the Mag Crystal Angel.

**RESPONSE**: Objection. Plaintiff objects to the request as posed as it is overly broad, burdensome, and seeks information which is entirely irrelevant to the instant action. Without waiving said objection, see response to Request No. 17.

**DEFENDANT'S ARGUMENT:** The date of creation and first publication of the Mag crystal angel are in dispute in this action. Mag cannot be permitted to throw up a blanket objection and simply refuse to provide documents that would evidence the first time the angel was published or advertised. The first advertisement, promotion, announcement or publication depicting the crystal angel would certainly provide some evidence concerning plaintiff's claimed date of first publication and perhaps its date of creation. Access to the plaintiff's crystal angel in a crowded market of crystal angels is a central issue in this action. The request is not overly broad, unduly burdensome, or irrelevant. Mag's objection should be stricken and it should be ordered to produce all responsive documents.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to the Request. Specifically, Plaintiff objects to the Request as posed as it is overly broad, burdensome, and seeks information which is irrelevant to the instant matter. Without waiving its objection, the Plaintiff has provided to defense counsel copies of the first five sales of the subject "Crystal Angel" jewelry piece by Mag. Plaintiff further responds to this request by stating that it sells

it "Crystal Angel" piece directly to wholesalers. Mag does not sell to the general public. As such, it does not advertise or promote its jewelry pieces to the general public. The Plaintiff does have a catalog which depicts the subject "Crystal Angel" jewelry piece. A copy of the catalog were produced to defense counsel at the Plaintiff's 30(b)(6) deposition on July 21, 2005.

**REQUEST NO. 19**: Documents sufficient to show the volume of sales of the Mag Crystal Angel, in whatever form or configuration, and the gross revenue and net revenue derived therefrom, for each year or partial year since the date of the first sale of the Mag Crystal Angel.

**RESPONSE**: Objection. Plaintiff objects to the request as posed, in that it seeks information which is entirely irrelevant to the instant action. Without waiving the objection, see response to Request No. 17.

**DEFENDANT'S ARGUMENT:** Mag has simply refused to provide its sales data, and has done so without justification. Mag claims that defendants copies a Mag crystal angel. the fact is that the market has been crowded with similar crystal angels since before the date of Mag's claimed creation. The defendants are entitled to adduce information concerning the penetration of Mag angels into the market of crystal angels over time. The request is highly relevant. As Mag has represented that it would not seek damages calculated on its own claimed lost sales in this action, documents showing gross sales numbers (as opposed to net sales) will be sufficient.

**PLAINTIFF'S ARGUMENT:** Plaintiff will supplement its response to this Request providing printouts of its sales of the "Crystal Angel" jewelry piece during the period of time from the date of first sale from November 1, 1993 to July 1, 1995.

**REQUEST NO. 24**: All correspondence and communications, and all documents exchanged between you and Mr. Alan Gregerman and/or the Gregerman Company concerning any jewelry design or any rights thereto since January 1, 1990.

**REQUEST NO. 25**: With respect to Mr. Bharat Dass and any entity with which he is or was affiliated:

(a) all correspondence and communications, and all documents exchanged between Mag and Mr. Bharat Dass since January 1, 1990; and

(b) any and all settlement agreements and all documents constituting the settlement agreements between Mag and Bharat Dass concerning the prior litigation with him.

**REQUEST NO. 29**: All correspondence and communications, and all documents exchanged between Mag and an entity known as Empire Jewelry, Mr. John Bordieri, or Mr. Joe Bordieri, at any time.

**RESPONSE TO REQUEST NOS. 24, 25 AND 29**: Objection. Plaintiff objects to the request on the grounds that it seeks information irrelevant to the instant action.

**DEFENDANT'S ARGUMENT FOR REQUEST NOS. 24, 25 AND 29:** The plaintiff has identified Mr. Gregerman, Mr. Dass, and Mr. Bordieri as witnesses in this litigation. Style is entitled to discovery the extent and nature of the relationship between these individuals (and their respective companies) and the plaintiff. Such documents will be highly probative of potential bias and credibility. Moreover, as plaintiff well knows, Mr.

Gregerman and Mr. Dass were long involved in making and selling crystal angels. Mr. Dass created and sold a virtually identical crystal angel years before the plaintiff. Plaintiff no claims special relationships with Mr. Dass and with Mr. Gregerman and will apparently proffer evidence concerning those relationships at trial. Defendants certainly must e entitled to adduce evidence that can be used to challenge plaintiff's position

**PLAINTIFF'S ARGUMENT AS TO REQUEST NO. 24:** Plaintiff restates its objection to the Request as posed on the grounds that it is overly broad and seeks information which is irrelevant to the instant action, in that the request seeks all correspondence, communications and documents exchanged between Mag Jewelry and Alan Gregerman and/or Gregerman Company concerning any jewelry design or any rights thereto since January 1, 1990. Without waiving the objection, Plaintiff will produce in supplemental response to discovery the license agreement between Alan Gregerman and/or Gregerman Company and Mag Jewelry concerning the subject Crystal Angel jewelry piece, which document was provided to defense counsel at the 30(b)(6) deposition of Mag Jewelry Co., Inc. on July 21, 2005

**PLAINTIFF'S ARGUMENT AS TO REQUEST NO. 25:**

(a) Plaintiff restates its objection to the request on the grounds that it is overly broad and seeks information irrelevant to the instant action. Without waiving the objection, Plaintiff states that there are no correspondence, communications or documents between Mag and Bhart Dass, other than communications from the Plaintiff's counsel, which are protected by the attorney client privilege and attorney work product doctrine.

(b) Plaintiff will produce a copy of the Assignment between Bhart Dass and Mag Jewerly Co., Inc. in its Supplemental Response to Defendant, Style Accessories, Inc.'s, Request for Production of Documents. Additionally, the Settlement Agreement between Mag Jewelry Co., Inc. and Bhart Dass was produced to defense counsel at the 30 (b)(6) deposition of Mag Jewelry Co., Inc., which was conducted on July 21, 2005.

**PLAINTIFF'S ARGUMENT AS TO REQUEST NO. 29:** Plaintiff restates its objection to the Request on the grounds that it seeks information which is relevant to the instant action. Moreover, Plaintiff states that defense counsel has misrepresented in its argument that Plaintiff has identified Mr. Gregerman, Mr. Dass and Mr. Bordieri as witnesses in this litigation. To the contrary, the Plaintiff identified those individuals as individuals who have knowledge concerning the subject Crystal Angel piece. They have never been identified in Plaintiff's response to discovery as witnesses on behalf of the Plaintiff. In further response to the Request, Plaintiff states that there are no correspondence, communications or documents from Mag Jewelry Co., Inc. to Empire Jewelry or John Bordieri concerning the subject Crystal Angel piece.

**REQUEST NO. 31**: A copy of each and every order, decision, or opinion rendered by any court or tribunal concerning the Mag Crystal Angel Copyrights or any claim of copyright infringement involving them at any time.

**RESPONSE**: Objection. Plaintiff objects to the request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery and seeks information which is accessible and obtainable by Defendant.

**DEFENDANT'S ARGUMENT:** Style is seeking any decision concerning the copyright at issue in this case, or concerning any infringement thereof. This would include decisions concerning he status of the copyrights, and decisions concerning the question of infringement. They would obviously directly address and may define the plaintiff's rights vis a vis the copyrights at issue here. The request is not irrelevant, overly broad, or unduly burdensome. Finally, they are not equally available to Style as to the plaintiff, as it must be assumed that the plaintiff knows (1) what decisions, if any, exists and (2) where to get them. Style knows neither.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to the Request on the grounds that it is overly broad, burdensome, exceeds the permissible scope of discovery and seeks information which is irrelevant and otherwise accessible and obtainable by the Defendant. In support of its objection, your Plaintiff submits that there have been approximately 18 other Crystal Angel infringement cases in litigation in the United States District Court for the District of Rhode Island and in the United States District Court in the State of New York. All of Plaintiff's counsel's files with respect to said matters are in storage. In order for Plaintiff's counsel to obtain documents responsive to the Defendant's request, Plaintiff's counsel would have to take substantial time to review all of the files in storage to obtain the documents requested. Your Plaintiff submits that the Request is overly burdensome and excessive in this regard, especially where the documents which are being sought (orders, decisions or opinions concerning the Crystal Angel jewelry piece) are public records, and therefore, accessible to defense counsel.

MAG JEWELRY CO., INC.,
By Its Attorney,

Thomas A. Tarro, III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
401-737-7200
401-732-3362 – Facsimile

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Memorandum in Support of its Objection to Strike Objections and Compel Response to Request for Production regular mail on the 22 day of July, 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

**EXHIBIT "A"**

**PRIVILEGE LOG**

| | **SUBJECT MATTER** |
|---|---|
| Correspondence from Elliot Salter, Esq. to Daniel Magnanimi of Mag Jewelry Co., Inc., ated May 28, 1996 | - Confirming receipt of copyright registration for the subject Crystal Angel, Registration No. VA 758-661, effective November 29, 1995.<br><br>- Date of first publication on initial copyright registration |