UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC<br>Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT, STYLE ACCESSORIES INC.'S, MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES.**

**INTERROGATORY NO. 11:** Please list and identify each and every communication you have had with Elliott Salter, Esq., and/or any partner or associate of Mr. Salter since January 1, 1992, concerning in any way the Mag Crystal Angel, the Mag Crystal Angel Copyrights, the basis or necessity of the Supplemental Registration, and/or any alleged infringement by this defendant, and for each such communication, state:

(a) whether such communication was oral or in writing;

(b) all parties to such communication;

(c) the date of such communication;

(d) the nature and subject matter of such communication;

(e) whether Mag considers such communication to be privileged; and

(f) if such communication is in writing, all persons or entities that possess a copy of such writing.

**ANSWER:** Objection. Plaintiff objects to the interrogatory, as posed, in that it seeks information which is protected by the attorney/client privilege and constitutes

attorney work product. Without waiving the objection, see Privilege Log attached hereto and marked Exhibit "1".

**ARGUMENT:** Mag's communications with its copyright counsel are not ipso facto privileged. Communiations concerning information that is itself intended to be communicated to someone outside the privilege sphere, i.e., the copyright office, are not privileged. Second, Mag has waived the privilege as concerns the crystal angel applications and registrations at issue by placing Mr. Salter directly in the middle of a claimed misunderstanding between Mag's owner and Mr. Salter concerning the registrations. Moreover, the "Privilge Log," so called, supplied by Mag, identifies a single document. (A copy of Mag's Privilege Log is attached hereto as Exhibit A.) As to that single document, no information is provided as to its subject matter or other criteria on which a claim of privilege could be supported – or refuted. Finally, Mag's copyright counsel, Mr. Salter, has already testified in deposition and has produced documents that he had maintained his file. Any privilege previously claimed has been absolutely waived. Defendants are entitled to receive the documents requested as contained in Mag's own business records.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates its objection to the Request. Specifically, Plaintiff objects to the request on the grounds that it seeks information which is protected by the attorney client privilege and attorney work product. Without waiving said objections, Plaintiff has produced a privilege log, attached hereto, which sets forth the date of the correspondence between Attorney Salter and Daniel Magnanimi of May 28, 1996, as well as the general subject matter thereof. Plaintiff also has provided to defense counsel, at deposition of Plaintiff on July 21, 2005, copy of a correspondence to Attorney Salter from Daniel Magnanimi, dated November 15, 1995.

Plaintiff states in response to the interrogatory that the principal of Mag Jewelry, Daniel Magnanimi, had a telephone conversation with Elliot Salter in and around the first copyright application was filed for the subject Crystal Angel. The subject matter of said conversation was the preparation of the copyright application.

original copyright application was not, in fact, the date that the piece was first published and/or sold to the public, and further, that the Plaintiff, Mag Jewelry, had been selling the Crystal Angel jewelry piece from as early as 1992. As a result of that

does not recall the exact dates of this conversation.

Plaintiff argues that Elliot Salter has been identified as an expert witness to testify on behalf of the Plaintiff in this case, and as such, there are communications related to his capacity as an expert witness which are clearly protected by the attorney client privilege and the attorney work product privilege. The defense counsel has already had an opportunity to conduct the deposition of Mr. Salter and obtain all the documents in his file related to the Plaintiff's subject Crystal Angel jewelry piece and the copyright applications pertaining thereto.

MAG JEWELRY CO., INC.,
By Its Attorney,

Thomas A. Tarro, III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
401-737-7200
401-732-3362 – Facsimile

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Supplemental response to Interrogatories regular mail on the 22 day of July, 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Turco

**EXHIBIT "A"**

**PRIVILEGE LOG**

| | SUBJECT MATTER |
|---|---|
| Correspondence from Elliot Salter, Esq. to Daniel Magnanimi of Mag Jewelry Co., Inc., ated May 28, 1996 | - Confirming receipt of copyright registration for the subject Crystal Angel, Registration No. VA 758-661, effective November 29, 1995.<br><br>- Date of first publication on initial copyright registration |