UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MAG JEWELRY CO., INC. :
:
v. : C.A. No. 04-174T
:
CHEROKEE, INC., ROBERT :
MARGOLIS et al. :

**MEMORANDUM AND ORDER**

Before this Court for determination is Defendant Style Accessories, Inc.'s ("Style") Motion to Strike Objections and to Compel Production of Documents from Plaintiff Mag Jewelry Co., Inc. ("Mag") (Document No. 31). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on August 4, 2005. For the reasons discussed below, Style's Motion is GRANTED in part and DENIED in part.

**Background**

This is a copyright infringement action involving a piece of jewelry known as the "Crystal Angel." Mag alleges that the design of the "Crystal Angel" was created by its employee and/or agent in 1992 and that Mag has manufactured and distributed this piece since that time through to the present. On November 29, 1995, Mag applied for and was granted a copyright registration which noted a creation date of June 1, 1995. On June 13, 1996, Mag applied for and was granted a corrected certificate of registration which it alleges corrected a prior error in the original registration regarding the date of creation. The date of creation was changed to March 5, 1992.

Style denies that it copied Mag's piece and asserts other legal defenses to Mag's claimed copyright. Style asserts that a crystal angel was independently created by Alan Gregerman in mid-

1994. Style also contends that other such pieces were created and distributed by others prior to Mag's claimed creation date.

Mag's copyright registration applications regarding the "Crystal Angel" were apparently prepared and submitted by its copyright counsel, Elliot A. Salter, Esquire. Attorney Salter has been identified by Mag as an expert witness and has been deposed in this action. It was represented to the Court at the August 4, 2005 hearing that Attorney Salter produced his "entire" file on the matter at his deposition, and Mag's counsel conceded that the produced file did contain documents which were attorney-client privileged communications.

**Discussion**

Style's Motion originally concerned seventeen document requests. Since the date Style's Motion was filed, the parties were able to resolve their differences as to twelve requests and another one (Request No. 31) was resolved at the hearing with the Court's assistance. The parties were not able to resolve their differences as to Requests Nos. 14, 16, 24 and 25 which are dealt with in turn below.

A. Request No. 14

Style requests production of a communication between Attorney Salter and Mag regarding the Crystal Angel and its copyright registration. Mag objected on the basis of the attorney-client privilege. It produced a privilege log identifying a letter from Attorney Salter to Mag dated May 28, 1996 (the "May Letter"). This letter has been submitted to the Court for *in camera* inspection.

As noted above, Mag has identified its copyright counsel, Attorney Salter, as an expert witness. Attorney Salter was deposed and purportedly produced his "entire" file on the matter to Defendants. This file concededly contained other attorney-client privileged documents which were

produced without objection from Mag. Neither Style nor Mag offered any specific explanation as to why the May Letter was not included in the "entire" file.

This Court has reviewed the May Letter and it deals primarily with the correction of the date of creation on the Crystal Angel copyright registration.[1] While the May Letter is an attorney-client privileged letter, Mag has waived that privilege under the particular circumstances of this case. First, Mag has identified Attorney Salter as an expert witness in support of its claim. Mag's attorney indicated at the hearing that Attorney Salter would likely testify at trial regarding the corrected copyright registration along with testimony from Mag's principal, Mr. Daniel Magnanimi. Second, Mag apparently did not assert the privilege when Attorney Salter was deposed and his "entire" file was produced.

Mag has put its communications with Attorney Salter "at issue" by identifying him as an expert and indicating that he will testify at trial regarding the amendment to the copyright registration. See, e.g., Dion v. Nationwide Mutual Ins. Co., 185 F.R.D. 288 (D. Mont. 1998). Mag also waived the privilege by voluntarily allowing Attorney Salter to produce his "entire" file. Mag presumably did so because it felt that production of this information would be beneficial to its case. Mag cannot, however, engage in selective disclosure and waive the privilege only as to beneficial communications. See, e.g., Rutgard v. Haynes, 185 F.R.D. 596, 601 (S.D. Cal. 1999) ("A party may not insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving. Voluntary disclosure of part of a privileged communication is a waiver as to the remainder of the privileged communications

[1] The last paragraph of the May Letter (the only text on page 2) deals with an unrelated copyright registration and may be redacted from the letter by Mag prior to production to Style.

Case 1:04-cv-00174-T   Document 58   Filed 08/15/05   Page 4 of 6 PageID #: 443

about the same subject.") (citation omitted). Such partial disclosure would be highly prejudicial to Style. In other words, Mag cannot have its cake and eat it too. Thus, Style's Motion to Compel as to Request No. 14 is GRANTED. Mag shall produce the May Letter to Style and its Co-Defendants (with the last paragraph redacted if Mag chooses) within ten (10) days of the date of this Order.

B.   Request No. 16

Style requests production of expert opinions, including all versions, "disclosed" by Mag in "any prior litigation." Mag objects on the grounds that Style's request "exceeds the permissible scope of discovery and seeks information protected by attorney-client privilege and attorney work product doctrine." Mag cites no case law in support of its objection. Style contends that the opinions are discoverable statements of Mag and may be used for impeachment purposes in this litigation.

Mag has not met its burden of establishing that the prior expert opinions are protected from disclosure under either the attorney-client privilege or attorney work-product doctrine. In fact, at the hearing, Mag's counsel focused on the issue of relevancy and argued that the opinions were not discoverable because it was not Mag's "duty to go and search for these documents that are equally accessible to" Style. If that is the case, then this Court sees no basis for Mag to argue that these disclosed and "equally accessible" documents are privileged.

Style's request is, however, overbroad in that it extends to opinions rendered by "any expert" retained by Mag in "any prior litigation." This Court GRANTS Style's Motion to Compel as to Request No. 16 but only as to expert opinions regarding or related to the "Crystal Angel" dispute and expert opinions actually disclosed to the Court or an opposing party in prior litigation. If any such

documents are disclosed, this Court offers no opinion or ruling as to the admissibility of such documents at trial or relevance to the pending Rule 56, Fed. R. Civ. P., motions in this case.

C. Requests Nos. 24 and 25

In Request No. 24, Style requests production of communications between Mag and Mr. Alan Gregerman or his company concerning "any jewelry design or any rights thereto since January 1, 1990." Style argues that these documents are "highly probative of potential bias and credibility" since Mag has identified Mr. Gregerman as a witness in this action. Mag originally objected to this request (as well as Request No. 25) solely on relevance grounds. Mag also supplemented its response to produce a September 1996 assignment agreement between Mag and Gregerman. This Court agrees with Style that the relationship between Mag and Gregerman is at least relevant to the issue of bias and may be discovered under the broad relevance standard of Rule 26(b)(1), Fed. R. Civ. P.

In Request No. 25, Style requests production of similar communications and agreements between Mag and Mr. Bharat Dass. Mr. Dass has also been identified by Mag as a witness and Style makes the same argument as it did with respect to Request No. 24. Mag represents that it will produce a copy of the assignment agreement between Dass and Mag and that there are no other nonprivileged/responsive documents in existence.

Mag contends that its counsel, Attorney Tarro, represented Mr. Dass in connection with an attempt to quash a deposition in a prior litigation involving Mag. Thus, Mag argues that the communications between Attorney Tarro and Dass are "protected by the attorney-client privilege and attorney work product doctrine." Mag has not, however, produced a privilege log to Style pursuant to Rule 26(b)(5), Fed. R. Civ. P., and it is ordered to do so.

Style's Motion to Compel as to Request No. 24 is GRANTED and as to Request No. 25 is DENIED without prejudice to renewal after Style reviews Mag's privilege log. Mag shall produce the privilege log and any documents responsive to Request No. 24 within ten (10) days of the date of this Order.

**Conclusion**

For the reasons discussed above, Defendant Style's Motion to Strike Objections and Compel Production (Document No. 31) is GRANTED in part and DENIED in part.

LINCOLN D. ALMOND
United States Magistrate Judge
August 12, 2005