**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br><br>Plaintiff<br><br>VS.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br><br>Defendants | : | C.A. NO.: 04-174T |

**OBJECTION TO DEFENDANT, STYLE ACCESSORIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Motion for Summary Judgment filed by the Defendant, Style Accessories, Inc., on the grounds that the Defendant is not entitled to judgment from this Court based on the facts and circumstances of this case and the applicable law.

In support of its Objection, Plaintiff relies on the accompanying Memorandum of Law, the Rule 12.1(2) Statement of Disputed Facts and attached Exhibits.

MAG JEWELRY CO., INC.
By its Attorney,

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

Of Counsel:

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Objection regular mail on the 9th day of September, 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT STYLE ACCESSORIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Now comes your Plaintiff, Mag Jewelry Co., Inc. and objects to the Motion for Summary Judgment filed by the Defendant Style Accessories, Inc., on the grounds that the Defendant is not entitled to judgment from this Court based on the facts and circumstances of this case and the applicable law. More particularly, the Plaintiff states the following grounds in objection to the Defendant Style Accessories, Inc.'s Motion:

(1) Defendant's Motion should be denied on procedural grounds for failure to plead the affirmative defense of independent creation.

(2) Defendant's Motion should be denied as to Plaintiff's claim for copyright infringement where Mag's design is copyrightable.

(3) Defendant's Motion should be denied where Style had access to Mag's design.

(4) Defendant's Motion should be denied where the works are substantially similar as to protected expression.

(5) Defendant's Motion should be denied where Style's evidence of prior designs raises genuine factual issues in dispute.

## I. FACTUAL BACKGROUND

This matter involves a jewelry piece which depicts an angel titled "Crystal Angel", which has been designed, manufactured and marketed by Mag. The "Crystal Angel" is an original creation designed by the owner of Mag, Daniel Magnanimi. Mr. Magnanimi has averred that he created his original expression of an angel from four stones of various sizes and shapes, soddered together in a particular configuration to suggest the wings, body, and head of an angel, with a gold jump ring to represent the angel's halo (See Affidavit of Daniel Magnanimi).

There are a number of undisputed facts in this matter; first and foremost, it is undisputed that Mag applied for and received a copyright registration for its "Crystal Angel" jewelry piece. The application was filed after Mag consulted with Attorney Elliot Salter, wherein Attorney Salter opined that "Crystal Angel" jewelry piece was a copyrightable item (See opinion report of Elliot Salter, Esq.). Subsequently thereto, an application for copyright was sent to the Register of Copyrights. On November 29, 1995, the copyright office issued Copyright Registration No.VA758-661 for Mag's "Crystal Angel".

Subsequent to the filing of the application, it was discovered by Mag that the initial application for copyright contained incorrect information concerning the year of creation and date of publication of the jewelry piece (See Affidavit of Daniel Magnanimi). Accordingly, Attorney Salter filed a supplemental application with the copyright office indicating the correct year of creation as 1992 and the date of first publication of the "Crystal Angel" to

be March 1992 at the United Jewelry Show held in Providence, Rhode Island. On or about June 13, 1996, the copyright office issued Registration No. VA787-020.

The "Crystal Angel" design has been widely sold commercially since 1992 by Mag and others within the jewelry industry have also had access to the design at trade shows since at least as early as March 1992 (Affidavit of Daniel Magnanimi and Donald Donnelly).

On or about January 22, 2002, the Plaintiff filed a Compliant for copyright infringement against the Defendants Cherokee, Inc., Robert Margolis, and Target Corporation d/b/a Target Stores in the United States District Court for the Eastern District of New York.[1]

The Plaintiff learned through discovery that the Defendant Target Stores were supplied with the infringing angel piece by Style Accessories, Inc., a Rhode Island Corporation.[2] The Defendant Style Accessories, Inc. initially obtained the "Crystal Angel" from Alan Gregerman, Co.; a company, which had a license agreement to manufacture and sell the subject "Crystal Angel" piece. Subsequently, the Defendant Style Accessories had the piece copied by another Rhode Island company called Dannik, Inc. and a South Korean company (See answers to Style Accessories Interrogatories No. 9).

The Defendant Style Accessories, Inc. has now filed a Motion for Summary Judgment, seeking Judgment in its favor as a matter of law. The Plaintiff Mag Jewelry Co., Inc. submits that the Defendant Style Accessories,

---

[1] The matter was subsequently transferred to the United States District Court for the District of Rhode Island, pursuant to Order of Senior District Judge Sterling Johnson, Jr., dated March 31, 2004.

[2] As a result thereof, the Plaintiff filed a Motion to Amend its Complaint to add Style Accessories, Inc. as a party defendant, which motion was granted pursuant to this Court's Order, dated October 5, 2004.

Inc. is not entitled to Judgment as a matter of law in this matter for the reasons set forth herein.

## II. LEGAL ARGUMENT

### A. DEFENDANT'S MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS.

Rule 8 (c) of the Federal Rules of Civil Procedure requires a defendant to plead all affirmative defenses in its answer in order to give the opposing party notice of the defense and an opportunity to develop evidence and conduct discovery to controvert said defense. Affirmative defenses not so pleaded are waived. Knapp Shoes, Inc. v. Sylvannia Shoe Manufacturing Corp., 15 f.3d 1222 (1st Cir. 1994) (limitation of remedies defense waived); Wolf v. Reliance Standard Life Insurance Company, 71 F.3d 444 (1st Cir. 1995) (preemption defense waived). Here, Defendant did not plead the affirmative defense of independent creation in its answer.[3]

Thus Defendant here has waived the affirmative defense of independent creation and cannot raise it for the first time on the instant motion.[4] Absent a defense of independent creation, there can be no grounds

---

[3] In the copyright context, independent creation is considered by leading courts to be an affirmative defense. See Repp v. Webber, 132 F.3d 882, 889, 891 (2nd Cir. 1997); Well-Made Toy Mfg. Corp. v. Goffa International Corp., 210 F.Supp. 2d 147, 159 (E.D.N.Y. 2002). The First Circuit has also recognized that the defense of independent creation must be affirmatively proved by a defendant, subject to the same standard of proof as the plaintiff in order to rebut a valid presumption of copying. See Concrete Machinery Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600 (1st Cir. 1988); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F.Supp. 1165, 1180-1181 (D. Mass. 1989).

[4] In its memorandum in support of its motion for summary judgment, Style asserts for the first time that its original supplier, Alan Gregerman, independently created its crystal angel design. (Memorandum pps. 2, 3, 6). However, Style never asserted independent creation as an affirmative defense in its answer or any

for summary judgment in defendant Style's favor, as access and copying are at the very least issues of significant factual dispute.

**B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ON THE MERITS.**

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered in favor of the moving party:

> "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Summary judgment is an extreme remedy and will not be granted unless the moving party can establish that there are no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law. In ruling upon a motion for summary judgment, the Court does not pass upon the weight or the credibility of the evidence but must consider the affidavits and other pleadings and all reasonable inferences to be culled therefrom in the light most favorable to the non-moving party. Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993); Dunfey v. Roger Williams University, 824 F.Supp. 18, 21 (D. Mass. 1993).

As this court has recently held, "at the summary judgment stage, there 'is no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood.'" Doyle v. Huntress, Inc., 301 F.Supp. 2d 135,

---

supplemental pleadings. Therefore, evidence pertaining to Mr. Gregerman's alleged independent creation should not be considered by this Court.

141 (D.R.I. 2004) (quoting Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987)). Therefore, "when hearing a motion for summary judgment, it is the responsibility of the trial judge to determine whether a reasonable trier of fact could find for thenonmoving party based on the admissible evidence, and to refrain from invading the province of the jury by weighing the evidence or making credibility determinations." Tanya Creations, Inc. v. The Talbots, Inc., 356 F. Supp.2d 97 (D.R.I. 2005) (copyright case, denying summary judgment motion).

Under this standard, the motion here must fail. Defendant Style raises a raft of issues as to the originality of the Mag design, the quantum of creativity it embodies, access and copying by the defendants, the existence of similar third party works that allegedly pre-date the Mag design, and the similarity of Mag's work and the Style work. As in Tanya Creations, however, which also involved a claimed infringement of a jewelry pin design, these issues are the subject of genuine factual dispute between the parties and are not amenable to resolution on summary judgment. The court cannot here accept Defendants' position as to any of these issues, in the face of Mag's registered copyright and other contrary evidence of record.

(1) The Defendant's Motion should be denied as to Plaintiff's Claim for Copyright Infringement

a. Mag's Design Is Copyrightable

As a threshold matter, Defendant has failed to come forward with evidence sufficient to rebut the statutory presumption of copyright validity to which Mag is entitled under 17 U.S.S. § 410(c). Indeed, Style conspicuously fails even to cite the relevant statutory language, let alone to demonstrate how

Style meets the heavy burden of overcoming the presumption of validity established by Mag's registration. See, e.g., Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989)(presumption rebutted only by showing of fraudulent misrepresentation to Copyright Office); Ganz Bros. Toys v. Midwest Importers of Cannon Falls, Inc., 834 F. Supp. 896 (E.D. Va. 1993).[5]

As the First Circuit held in CMM Cable Rep. Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1513 (1st Cir. 1996)(Torruella, CJ) the statutory presumption cannot be overcome unless the defendant sustains its burden of showing "evidence that the plaintiff copied from other works"(emphasis added). Defendant has come forward with no such evidence.[6] Thus Mag's

---

[5] "Midwest also argues that the copyrights are invalid because the Ganz application misstates the year the work was completed. Neither argument is persuasive. A simple misstatement or omission on a copyright registration, made without intent to defraud the Copyright Office, is not sufficient to invalidate a copyright registration." Id. at 900. Mag's misstatement of the creation date of its design was likewise inadvertent here. Moreover, any inquiry by the court into Mr. Magnanimi's intent at the time he filed the copyright application would clearly invade the province of the jury to weigh credibility issues at trial.

[6] Not one of the third parties cited in Defendant's brief, including Alan Gregerman and Bharat Dass, has demonstrated a creation date prior to Mag's, and none has been willing to litigate the issue when challenged by Mag. Given the popularity of the design, and the value of the copyright, their failure to put their stories before a jury cannot reasonably be attributed to cautious business judgment. Further, unless Mag copied its design from one of these allegedly prior sources, it cannot be denied copyright protection simply because they (allegedly) existed somewhere in the world prior to Mag's creation. Under CMM, supra, unless Defendant can prove that Mag copied its design from a prior source – and no prior source has even been

design, deemed copyrightable by the trained examiners of the Visual Arts section of the U.S. Copyright Office, must be presumed to possess sufficient creativity to be protectible.

Even apart from this presumption, the Mag design is sufficiently creative to warrant protection under governing law. As the U.S. Supreme Court has held, "the required level of creativity is extremely low; only a slight amount will suffice." Feist Publications v. Rural Telephone Services, 449 U.S. 340 (1991).

As Feist recognized, this "extremely low" threshold of original authorship applies to the original combination of otherwise unprotectable elements, and similarly the Compendium II of internal Copyright Office practices acknowledges that "a design, otherwise original, may be registrable even though it incorporates uncopyrightable standard forms, such as circles and squares." Comp. II 503.[7]

---

documented to exist – the statutory presumption cannot be overcome. In any event, these issues are not suitable for summary adjudication, because they would require the court to make a finding as to several disputed factual issues, i.e., whether third-party designs existed prior to Mag's and whether Mag had access to them.

[7] As the district court noted in Apple Computer, Inc. v. Microsoft Corp., 779 F. Supp. 133, 136 (N.D. Cal. 1991), aff'd, 35 F.3d 1435 (9th Cir. 1994), cert. denied, 115 S. Ct. 1176, a "painting composed entirely of geometric forms arranged in an original pattern" is plainly protectible even where each of its elements, considered individually, is in the public domain. See also E.F. Johnson v. Uniden Corp., 623 F. Supp. 1485, 1500 (D. Minn. 1985) ("The mere fact that the component parts of a work are not original to plaintiff does not preclude a determination that the

The correct post-Feist standard for determining the copyrightability of visual works which comprise a combination or arrangement of common graphic elements is the two-part "distinguishable variation/inevitability" test articulated in Judge (now Justice) Ginsburg's second opinion for the D.C. Circuit in Atari Games Corp. v. Oman, 979 F.2d 242 (D.C. Cir. 1992)("Atari II"). This decision reversed the Copyright Office's second refusal to register a simple video game called BREAKOUT, consisting of colored squares and rectangles.

Atari II left no doubt that after Feist, an independently created visual work combining, selecting and arranging common graphic elements need not be "unique" or even "distinctive" to warrant copyright protection, but need only constitute a "distinguishable variation in the arrangement and manner of presentation" of public domain elements. Atari II, 979 F.2d at 246. Mag's design is at the very least a distinguishable variation on any angel jewelry design which can be documented to have predated Mag's 1992 creation.

In addition to the distinguishable variation standard, which looks to the extent of the author's contribution, Atari II also applies an "inevitability" test which examines the nature of the contribution. This inquiry asks whether the

---

combination of such components as a separate entity is both original and copyrightable.")

author's distinguishable variation is "so commonplace that [it has] come to be expected as a matter of course" or is "practically inevitable." Id., quoting Feist, 111 S. Ct. at 1297. In Atari II, the choices made by the creators of BREAKOUT, such as the use of a square shape for the "ball" and a variable-sized rectangle for the "paddle," were held not "practically inevitable." Mag's selection and arrangement of component elements is far more complex than the simple arrangement of rectangles in Atari II.

Thus in this case, Atari II requires that because Mag's choices result in a "distinguishable variation" from documented prior designs and are neither "expected as a matter of course" nor "practically inevitable," those choices constitute copyrightable authorship.

Perhaps even simpler than the Mag design at issue here, a 12"x12" decorative architectural room divider panel, made up "entirely of intersecting straight lines and arc lines," was held copyrightable in Tennessee Fabricating Co. v. Moultrie Mfg. Co., 421 F.2d 279 (5th Cir. 1970). The Fifth Circuit in Tennessee Fabricating applied a "trivial variation" standard to hold that even a simple filigree design made up of intersecting lines was protectible. 421 F.2d at 282. The court also quoted extensively from Justice Holmes' decision in Bleistein v. Donaldson Lithographing Co. to hold that a defendant's "persistent desire to reproduce or capitalize on" a work is evidence of its copyrightability:

"That these pictures had their worth and their success is sufficiently shown by the desire to reproduce them without regard to plaintiff's rights." Tennessee Fabricating, 421 F.2d at 282, quoting Bleistein, 188 U.S. at 252.

These cases make clear that the elements of Mag's design constitute a copyrightable arrangement under the "distinguishable variation"/"inevitability" test of Atari II. Mag's selection and arrangement, in so far as the record discloses, is clearly distinguishable from all documented prior designs, and none of the variations, either individually or in combination, is "so commonplace that it has come to be expected as a matter of course." That is the analysis which Atari II requires. Moreover, as Justice Holmes recognized, the long series of copyists who have sought to duplicate the Mag design (see Style Mem. at 5) provide ample proof that the design is a work possessing a valuable degree of creativity. Although the resulting shape might be perceived as one particular representation of an angel, that cannot preclude protection unless this Court is prepared to vitiate copyright for all non-abstract works. Surely if an ordinary observer were asked to imagine the appearance of an angel, even a stylized angel made of crystal stones, Mag's specific selection and arrangement of elements would not be expected as a matter of course. Even though the individual shapes chosen by Mag are not separately copyrightable, Mag's selection of particular stones -- from the vast universe of

"stock" crystal sizes and shapes -- and the combination of them in Mag's specific arrangement are neither simple, commonplace, nor dictated by function, and should not therefore be denied protection on the basis of lack of original authorship.[8]

b. Style Had Access to Mag's Design

Defendant's suggestion that it had no "access" to the Mag work, Style Mem. at 4, borders on a Rule 11 violation. Because "access" in copyright law requires only that defendant had a "reasonable opportunity" to view the plaintiff's work, Gaste v. Kaiserman, 863 F.2d 1061, 1067 (2d Cir. 1988), accord, Grubb v. KMS Patriots, L.P., 88 F.3d 1, 4 (1st Cir. 1996), and because Mag has sold more than seven million (7,000,000) pieces nationwide over the past decade, Magnanimi Decl. ¶ 13, it is ludicrous for any competitor in the jewelry field to assert a lack of access to this top-selling item. See Acuff-Rose Music v. Josten's Inc., 988 F. Supp. 289, 293 (S.D.N.Y. 1997); Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc., 730 F. Supp. 1165 (D. Mass.

---

[8] Defendant's reliance on the Hawaiian decision in M & D Int'l Corp. v. Chan, 901 F. Supp. 1502 (D. Hawaii 1995) is misplaced. That court clearly and correctly recognized that an original "selection, coordination and arrangement" of stock crystal pieces into a representational form could be subject to copyright protection, but merely found (at 1512) that plaintiff's work did not meet that standard because (1) the crystal pieces at issue were prefabricated to serve as flower petals, shells, etc. (thus negating independent and creative "selection" by plaintiff) and (2) others in the industry had made substantially similar pieces predating plaintiff's works. Neither is the case here.

1989); <u>Gund, Inc. v. Fortunoff, Inc.</u>, 3 U.S.P.Q.2d 1556 (S.D.N.Y. 1986). For purposes of copyright law every American within driving distance of a mall has had access to the Mag work for over a decade.

c. <u>The Works Are Substantially Similar As To Protected Expression</u>

Style asserts that the only similarities between the works at issue relate to mere "ideas" and not to proctectible expression. Style Mem. at 21-23. This ludicrous argument is utterly belied by the record in this action. The similarities here are not simply that both pieces have halos, wings or other allegedly stereotypical features of angels, but rather that the Style design replicates the specific manner in which these features are rendered in jewelry form in the Mag work – the particular size, shape and position of each element relative to the others. The Style work infringes because it takes <u>more</u> than the abstract idea of an angel from the Mag design. It takes precisely the creative decisions that set the Mag design apart from all the other crystal angels that came before it. The string of citations to <u>Gemmy Industries</u>, <u>Eden Toys</u>, <u>Herbert Rosenthal</u>, <u>Country Kids</u>, and <u>Trifari</u>, Style Mem. at 22, is therefore utterly beside the point. Those cases simply say that <u>if</u> a defendant copies only ideas, no infringement will result. They do not absolve a defendant, like Style, who copies more than ideas.

---

Also unavailing is Style's argument that the "crowded crystal angel field" (Mem. at 23) somehow limits the scope of protectible expression in the Mag work. In fact, the presence of numerous other crystal angels which do not infringe the Mag design only serves to reinforce the obvious point that there are a virtually unlimited number of ways to represent an angel in crystal stones. Style was in no sense required or forced to copy Mag's design in order to represent an angel in crystal stones, but rather chose to do so, because the Mag design, above all others, was aethetically and commercially successful.

Style itself describes the "idea" of the Mag design as follows: "the idea of an angel form comprised of stock crystal stones." Mem. at 23. As noted above, the vast universe of "stock" crystal sizes and shapes permits a virtually unlimted number of possible designs which would resemble "an angel form." Style's infringing design takes much more than that "idea" from the Mag design, and is thus infringing. As the Southern District in New York recently held in Mannion v. Coors Brewing Co., No. 04 Civ. 1187, 2005 U.S. Dist. LEXIS 14686 (S.D.N.Y. July 22, 2005), "the 'idea' (if one wants to call it that) postulated by the defendants does not even come close to accounting for all the similarities between the two works . . . This alone is sufficient to dispose of the defendants' contention that [plaintiff's] claims must be rejected because he seeks to protect an idea rather than its expression." Id. at *29.

Finally, the determination of actionable similarity here – whether the defendant took expression or merely "ideas" – is not a summary judgment question: "Courts in this Circuit have gone so far as to state that 'because substantial similarity is customarily an extremely close question of fact summary judgment has traditionally been frowned upon in copyright litigation.'" Tanya Creations, Inc. v. The Talbots, Inc., 356 F. Supp. 2d 97, 102 (D.R.I. 2005) quoting Yankee Candle Co. v. Bridgewater Candle Co., LLC, 99 F. Supp. 2d 140, 146 (D. Mass. 2000), aff'd, 259 F.3d 25 (1st Cir. 2001).

d. Style's Evidence of Prior Designs Raises Genuine Factual Issues, which preclude Summary Judgment in its favor.

Style's proffered evidence of third-party crystal angel designs which allegedly pre-date the Mag design, or which is offered as indirect support for the claimed lack of originality of the Mag design, is inadequate to support an award of summary judgment for Style.

In its Memorandum, the Defendant, Style Accessories, Inc., has alleged that other third parties independently created a crystal angel substantially similar to Mag's copyrighted work. Specifically, the Defendant argues:

(1) Alan Gregerman independently created a crystal angel piece in mid 1994, which was initially purchased by the Defendant, Style Accessories,

Inc. and subsequently copied at the request of Style by other jewelry manufacturers in Rhode Island and South Korea;

(2) Alan Gregerman sold his crystal angel piece to Treasurer Chest, Inc., a company in Rumford, Rhode Island, which photographed the piece in a catalog entitled "Monarch Creations-Retail Catalogue 1995" which was distributed in January 1995;

(3) In 1992, Catalogue Ventures, a Massachusetts company produced a gift catalogue depicting a similar four-stone crystal angel; which pieces were obtained from a Rhode Island Manufacturer known as DMB Manufacturing in the Spring of 1992;

(4) Nicholas Verrecchia, independently, created essentially the same crystal angel piece in 1978 or 1979, while working for Empire Jewelry in Providence, Rhode Island; and

(5) Bharat Dass created a similar crystal angel in 1989 and obtained a copyright registration for the piece.

The Plaintiff, Mag Jewelry Co., Inc., disputes each and every allegation of the Defendant, Style Accessories, Inc., as to third party independent creation of the crystal angel piece, as follows:

**(1) As to Alan Gregerman:**

The Plaintiff, Mag Jewelry Co., Inc., disputes the claim that Alan Gregerman independently created a similar crystal angel piece in 1994. Along these lines, Plaintiff submits that Alan Gregerman had access to Mag's Crystal Angel Jewelry piece, which had been displayed at Mag's showroom in the Biltmore Hotel continuously from the time it was first published during the United Jewelry Show in March 1992, through the alleged date of Gregerman's creation in the summer of 1994. To the contrary, Plaintiff submits that the Gregerman Crystal Angel is, in fact, the Mag Crystal Angel. Gregerman was authorized by Mag to manufacture and sell the piece pursuant to an Agreement reached between the parties, entered into in September 1996. Said Agreement permitted each company to market and sell the Crystal Angel to their own customers.[9] (Exhibit "6")

In further support of its position,Alan Gregerman has never challenged the validity of Mag's copyrighted Crystal Angel jewelry piece at any time.

---

[9] Plaintiff acknowledges that if the Defendant, Style Accessories, Inc., had purchased all of its Crystal Angel jewelry pieces from Alan Gregerman, Plaintiff would have no claim for copyright infringement; as said pieces were manufactured and sold pursuant to the License Agreement entered into between Mag and Gregerman. However, as to those pieces that were subsequently copied at the request of Defendant, Style Accessories, Inc., by another Rhode Island manufacturer and a South Korean copy, Plaintiff submits that said pieces infringed on the Plaintiff's copyright to the Crystal Angel piece. It is these sales upon which Plaintiff bases its claim for copyright infringement in this matter.

Lastly, as to the allegations by the Defendant, Style Accessories, Inc. that Gregerman sold his piece to Treasure Chest which, subsequently photographed the piece and published it in the "Monarch Creations – Retail Catalog 1995", Plaintiff submits that by the Defendant's own omission that catalog was first distributed in January of 1995; which is well after the date of first publication of the piece by Mag at the United Jewelry Show in March 1992, as well as the date Mag sent samples of the Crystal Angel to Merlite in September 1994. (Affidavit of D. Magnanimi, Exhibit "3"; Affidavit of D. Donnelly, Exhibit "8"; and Exhibit 10)

**(2) As to Catalog Ventures:**

The Defendant, Style Accessories, Inc., alleges that in 1992 Catalog Ventures, a Massachusetts company produced a gift catalog depicting a similar four-stone crystal angel. The piece was obtained by Catalog Ventures from a Rhode Island company known as DMB Manufacturing during the Spring of 1992.

Plaintiff submits that by Defendant's own admission, the samples obtained by Catalog Ventures from DMB Manufacturing took place during the Spring of 1992. Daniel Magnanimi created the Crystal Angel piece in February of 1992 and the piece was first displayed at the United Jewelry Show

in Providence, Rhode Island in March of 1992. (Affidavit of D. Magnanimi, Exhibit "3") Moreover, the piece remained on display in Mag's line throughout the period of time until it forwarded samples to Merlite and a number of other companies in September of 1994, which was followed with a barrage of sales of the Crystal Angel piece by Mag at the jewelry show in March 1995. Based on the foregoing, any representative of DMB Manufacturing - Providence company- would have access to Mag's piece which was displayed to the public at its showroom in Providence continuously from March 1992. The Defendant has failed to produce any evidence to indicate that Mag had any access to the piece allegedly manufactured by DMB Manufacturing and provided to Catalog Ventures. Further, the Defendant has failed to produce any evidence of creation of the piece by DMB Manufacturing, prior to Mag's date of publication of March 5, 1992.[10]

Plaintiff submits it is much more probable that Catalog Ventures saw Mag's piece and then had it copied. Along these lines, Catalog Ventures was a customer of Mag Jewelry Co. Inc. Indeed, Robert Piro, the principal of Catalog Ventures (and other representatives thereof) attended Mag's showroom at the Biltmore Hotel in Providence, Rhode Island in March 1992

[10] DMB Manufacturing is a defunct business and has been for a number of years.

when the Crystal Angel was first displayed. (Exhibit 13 and Affidavit of D. Donnelly, Exhibit "8")

Accordingly, the evidence establishes Mr. Piro's access to Mag's Crystal Angel piece, thereby supporting the Plaintiff's position that Mag's piece was copied by Catalog Ventures.

**(3) As to Nicholas Verecchia**:

Defendant alleges that Nicholas Verecchia designed a similar Crystal Angel piece in 1978 or 1979 when he was employed by a company called Empire Jewelry in Providence, Rhode Island. Plaintiff disputes the allegations in this regard. Particularly, Joseph Bordieri, the owner of Empire Jewelry, has testified that no such crystal angel jewelry piece was in the Empire Jewelry line, nor was the piece sold by Empire Jewelry during the relevant time period. (Exhibit "14") Moreover, the Defendant has produced no documentary evidence, on the part of Nicholas Verecchia to corroborate his alleged creation of the piece in 1978 or 1979. [Coles v. Wonder, 283 F.3d 798 (6th Cir. 2002); Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998); Seiler v. Lucasfilm, 808 F.2d 1316 (9th Cir. 1987) A reconstruction of the allegedly prior work from memory is not permissible; one must have contemporaneous documents to show that the work was created at the time.]

**(4) As to Bharat Dass:**

Lastly, Defendant alleges Dharat Dass created and sold a nearly identical crystal angel piece in 1988 or 1989 and that Mr. Dass obtained a copyright registration for the piece.

Mag disputes that Bharat Dass created and sold a nearly identical crystal angel piece in 1988 or 1989. However, to the extent that it could be established that Mr. Dass created a crystal angel piece prior to Mag's Crystal Angel, the fact remains that Mag Jewelry Co., Inc., sued Dass for copyright infringement of said piece. As a result of the litigation, Dass assigned all of his right, title and interest in his design to Mag, as well as the copyright registration he obtained for the piece. (See Assignment, dated August 19, 1997, attached as Exhibit "15")

Moreover, from a practical standpoint, Plaintiff submits that the Defendant has no documentation to support its position that Dass created and sold an identical crystal angel piece in 1988 or 1989. . [Coles v. Wonder, 283 F.3d 798 (6th Cir. 2002); Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998); Seiler v. Lucasfilm, 808 F.2d 1316 (9th Cir. 1987) A reconstruction of the allegedly prior work from memory is not permissible; one must have contemporaneous documents to show that the work was created at the time.]

Plaintiff sets forth the following chart to summarize the material facts in dispute with regard to the third party alleged independent creation of the Crystal Angel piece.

| **Alleged Third Party Designer** | **Alleged Date of Creation** | **Similarity** | **Copyright Registration** | **Other Documents** | **Other** |
|---|---|---|---|---|---|
| Verecchia | "20 years" | No contempo-raneous photos or sketches | None | Recent sketch from memory | Employer disputes the piece was in line or sold by Empire |
| Dass | 1989 | No contempo-raneous photos or sketches | Yes – assigned to Mag Assignment dated 8/17/97 | Sales slip, no photo or sketch | Mag owns |
| Catalog Ventures | 1992 (after first Mag show) | Same Design | None | 1992 catalog | R.I. source (DMB Mfg.) now defunct; Catalog Ventures was customer of Mag and visited showroom in March 1992 |
| Gregerman | Mid-1994 (after first Mag show & sample) | Same Design | None | Treasure chest catalog 1995 | Had access to Mag design, made agreement with Mag when challenged. |



21589/005/714334.1

The foregoing clearly presents numerous genuine issues of material fact in dispute, which preclude summary judgment for the Defendant, Style Accessories, Inc.

## III. CONCLUSION

Based on foregoing, the Defendant, Style Accessories, Inc.'s, Motion for Summary Judgment should be denied.

MAG JEWELRY CO., INC.
By its Attorney,

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

Of Counsel:

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Memorandum*** regular mail on the 9th day of September, 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903



21589/005/714334.1