**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MAG JEWELRY CO., INC.

Plaintiff

VS. : C.A. NO.: 04-174T

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.

Defendants

**PLAINTIFF'S SUPPLEMENTAL RULE 12.1(2) STATEMENT IN OPPOSITION TO DEFENDANT, STYLE ACCESSORIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and files the following Supplemental Rule 12.1(2) Statement of Disputed Facts in support of its Objection to the Defendant, Style Accessories, Inc.'s, Motion for Summary Judgment. The instant Supplemental Rule 12.1(2) Statement addresses only issues related to the Affidavit of Alan Gregerman of Alan Gregerman Company:

1. Alan Gregerman – the principal of Alan Gregerman Company – was aware that the subject Crystal Angel jewelry piece was created and designed by Daniel Magnanimi of Mag Jewelry, Co., Inc. (Affidavit of Alan Gregerman, attached hereto as Exhibit "1");

2. Alan Gregerman acknowledges that Mag has a copyright registration for the subject Crystal Angel jewelry piece and that Mag enforces its rights under said copyright. (Id.);

3. Based on an agreement with Daniel Magnanimi, Alan Gregerman Company can manufacture and sell the subject Crystal Angel jewelry piece to its customers (Id.);

4. It was and is the practice of Alan Gregerman to inform potential customers interested in purchasing the Crystal Jewelry piece that it has been copyrighted by Mag and that Alan Gregerman Company has an agreement with Mag, which enables it to manufacture and sell the piece (Id.);

5. To the best of his knowledge, Alan Gregerman informed Chad Mollica of Style Accessories, Inc. that the subject Crystal Angel piece had been copyrighted by Mag Jewelry Co., Inc., in and around the time that Style Accessories, Inc. (Id.).

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Of Counsel:

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Supplemental Rule 12.1(2) Statement regular mail on the 14th day of September 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC<br>Defendants | : | |

**AFFIDAVIT OF ALAN GREGERMAN**

I, Alan Gregerman, under oath do hereby state as follows:

1. I am the owner and principal of Alan Gregerman Company with a business address at 231 Elms Street, Warwick, RI 02888. Alan Gregerman Company is a corporation duly organized and existing under the laws of the State of Rhode Island in the business of jewelry manufacture and sales.

2. I have personal knowledge with respect to Mag Jewelry Co., Inc.'s "Crystal Angel" jewelry piece which is the subject of the instant matter.

3. It is my understanding that the subject "Crystal Angel" jewelry piece was created and designed by Daniel Magnanimi of Mag Jewelry Co., Inc.

4. I acknowledge that Mag Jewelry Co., Inc. has a copyright registration for the subject "Crystal Angel" jewelry piece and that Mag has enforced its rights under the copyright .

5. Based on an agreement with Daniel Magnanimi, Alan Gregerman Company can make and sell the subject "Crystal Angel" jewelry piece.

6. I inform any potential customer interested in purchasing the subject "Crystal Angel" piece that it has been copyrighted by Mag Jewelry Co., Inc. and that Alan Gregerman Company has an agreement with Mag and can make and sell the piece to its customers.

7. Alan Gregerman Company sold the subject "Crystal Angel" jewelry piece to Style Accessories, Inc., which is located at 3 Acorn Street, Providence, Rhode Island for a short period of time from May, 1997 to August, 1998.

8. To the best of my recollection, I informed Chad Mollica of Style Accessories, Inc. of the fact that the subject "Crystal Angel" piece was copyrighted by Mag Jewelry Co.

Further Affiant sayeth not.

Alan Gregerman, President

Alan Gregerman

State of Rhode Island
County of Kent

In Warwick said County on the 13th day of ~~August~~ September, 2005, before me personally appeared Alan Gregerman, each and all to me known, and known by me to be the party executing the foregoing instrument and he acknowledged said instrument, by his executed to be his free act and deed.

Notary Public
My Commission Expires: 11/04/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OBJECTION TO STYLE ACCESSORIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Now comes your Plaintiff, Mag Jewelry Co. Inc., and files the following Supplemental Memorandum in support of its Objection to Defendant, Style Accessories, Inc.'s, Motion for Summary Judgment. The instant Memorandum addresses only issues related to the Affidavit of Alan Gregerman, the principal of Alan Gregerman Company, which was received by Plaintiff after the date of filing its Objection and accompanying documents with the Court.

## I. FACTUAL BACKGROUND

The Defendant, Style Accessories, Inc., has conceded that it originally obtained the subject Crystal Angel jewelry piece from Alan Gregerman Company, a jewelry manufacturer located in Warwick, Rhode Island. (See Style Accessories' Statement of Undisputed Facts at ¶8) Subsequently, Style Accessories, Inc. ceased purchasing the piece from Alan

Gregerman Company and had it copies by another Rhode Island company called Dannik, Inc. and a South Korean company. (See Style Accessories' Statement of Undisputed Facts at ¶9 and 10) In its Statement of Undisputed Facts and accompanying Memorandum in Support of its Motion for Summary Judgment, the Defendant, Style Accessories denies knowledge of Mag's Crystal Angel jewelry piece, as well as the fact that Mag had obtained a Copyright Registration for said piece. (See Style Accessories' Statement of Undisputed Facts at ¶11) Moreover, the Defendant, Style Accessories, asserts that Alan Gregerman independently created the Crystal Angel piece which was initially purchased by the Defendant, Style Accessories, and then copies at the request of the Defendant by another Rhode Island company and a South Korean company. (See Style Accessories' Statement of Undisputed Facts at ¶8,9, 10 and 12)

Your Plaintiff submits that the Affidavit of Alan Gregerman, which is attached hereto and filed herewith, directly disputes the allegations of the Defendant, Style Accessories, Inc., with respect to its knowledge of the Mag piece, its knowledge of Mag's copyright of the piece, as well as its knowledge that the piece was created and designed by an employee of Mag Jewelry.

Along these lines, Mr. Gregerman acknowledges that the Crystal Angel jewelry piece was created and designed by Daniel Magnanimi of Mag Jewelry Co. Inc., and further that Mag Jewelry Co., Inc. had a copyright registration for the subject piece. Moreover, pursuant to an agreement with Daniel Magnanimi, Alan Gregerman Company could manufacture and sell the subject Crystal Angel piece to its customers. Along these lines, Mr. Gregerman

acknowledged that for the period of time from May, 1997 to August 1998, Alan Gregerman Company sold the subject Crystal Angel piece to the Defendant, Style Accessories, Inc. (See Affidavit of A. Gregerman, attached hereto and marked Exhibit "1")

Lastly, and most pointedly, Mr. Gregerman indicates that it was his practice to inform potential customers interested in purchasing the Crystal Angel that it had been copyrighted by Mag Jewelry and that Alan Gregerman Company had an agreement with Mag enabling it to manufacture and sell the piece. Along these lines, Mr. Gregerman states that to the best of his recollection, he informed Chad Mollica – the principal of Defendant, Style Accessories, Inc., of the fact that the Crystal Angel piece was copyrighted by Mag Jewelry Co., Inc. at the time the sales were made from Alan Gregerman Company to the Defendant, Style Accessories, Inc. (Exhibit "1")

Based on the foregoing factual disputes, Plaintiff submits that the Defendant, Style Accessories, Inc., is not entitled to judgment as a matter of law. Therefore, the Defendant's Motion for Summary Judgment should be denied.

## II. <u>LEGAL ARGUMENT</u>

### A. The Defendant's Motion for Summary Judgment should be denied on its merits, where the Defendant, Style Accessories, had access to Mag's Crystal Angel jewelry piece.

As stated previously, the Defendant, Style Accessories, Inc.'s, suggestion that it had no "access" to the Mag piece borders on a Rule 11 violation, in view of the Affidavit of Alan Gregerman. Indeed, the company from whom Style Accessories acquired the accused design, Alan Gregerman Company asserts through its President, Alan Gregerman, that he, himself, told Chad Mollica of Style Accessories that the design was copyrighted by Mag

Jewelry Co., Inc. (Affidavit of Alan Gregerman at ¶8.) Therefore, Style Accessories cannot obtain Summary Judgment on the basis of any asserted lack of access. Style concedes that it obtained its design from Alan Gregerman Company, who concedes that the item was Mag's.

**B. Style Accessories' evidence of prior designs raises genuine factual issues which preclude Summary Judgment in its favor.**

In its Memorandum, the Defendant, Style Accessories, has maintained that Alan Gregerman independently created a crystal angel piece substantially similar to Mag's, and that, the Defendant, Style Accessories, copies the Gregerman work and not the Mag work.

The Affidavit of Alan Gregerman not only entirely disputes the Defendant, Style Accessories, Inc.'s, position, in this regard, but serves to bolster the Plaintiff's claim for a copyright infringement against the Defendant, Style Accessories, where:

(1) Alan Gregerman acknowledges in his Affidavit that the Crystal Angel jewelry piece was created and designed by Daniel Magnanimi of Mag Jewelry Co., Inc.; and further that Mag Jewelry Co., Inc. had a copyright registration for the subject Crystal Angel piece (Affidavit of A. Gregerman, ¶3 and 4);

(2) It was the practice of Alan Gregerman to inform any potential customer interest in purchasing the subject Crystal Angel piece that it had been copyrighted by Mag Jewelry and that Alan Gregerman Company had an agreement with Mag enabling it to manufacture and sell the piece to its customers (Affidavit of A. Gregerman, ¶6); and

(3) To the best of his recollection, Mr. Gregerman informed Chad Mollica, the Principal of Style Accessories, Inc. of the fact that the subject Crystal Angel piece was copyrighted by Mag Jewelry Co., Inc. (Affidavit of A. Gregerman, ¶8).

## CONCLUSION

The foregoing presents serious and substantial issues of disputed fact, which clearly preclude Summary Judgment in favor of the Defendant, Style Accessories, Inc.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Of Counsel:

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the above Supplemental Memorandum regular mail on the 14th day of September 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903