**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANT STYLE ACCESSORIES, INC.'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**FROM THE PLAINTIFF**

Defendant Style Accessories, Inc. ("Style") hereby moves for an order compelling the plaintiff, Mag Jewelry Co., Inc. ("Mag"), to produce for immediate inspection and copying documents exchanged between the plaintiff or its counsel and a critical witness in this matter, Mr. Alan Gregerman, or his company. Mag is under a Court order to produce all communications and documents exchanged with Mr. Gregerman. (*See Memorandum and Order* of Magistrate Judge Lincoln D. Almond dated August 12, 2005, the "*August 12 Order*"). Plaintiff responded after that *August 12 Order* that it had no responsive documents. Now, ostensibly *new* documents are known to exist, and plaintiff's counsel is refusing to produce them.

By *Order* dated August 12, 2005, the Court directed Mag Jewelry Co., Inc. to supplement its discovery responses concerning several document requests, including Requests seeking documents exchanged with certain witnesses. One of those was Style's Request No. 24:

> All correspondence and communications, and all documents exchanged between you and Mr. Alan Gregerman and/or the Gregerman Company concerning any jewelry design or any rights thereto since January 1, 1990.

Mag objected to producing such documents on the basis that Request 24 (and two other Requests aimed at documents exchanged with two other witnesses) were "irrelevant." After Magistrate Judge Almond ordered responsive documents produced, Mag provided a further written Response dated August 19, 2005 that, despite the assertion of its earlier objection, it in fact had no Gregerman documents aside from those produced earlier pursuant to other requests.

Approximately four weeks later, as part of its opposition to a motion for summary judgment brought by the defendants, Mag filed and served a previously undisclosed affidavit it had obtained from Mr. Gregerman. See *Plaintiff's Supplemental Rule 12.1(2) Statement*, filed on or about September 15, 2005, and the *Affidavit of Alan Gregerman*, dated September 13, 2005 attached thereto. The affidavit concerns the jewelry design at issue. Mag's counsel in fact relied on the later-obtained Gregerman affidavit to defeat defendant's summary judgment motion at a hearing before Chief Judge Torres on October 21, 2005. Mag's counsel suggested that the affidavit set forth disputed facts – facts contrary to those contained in earlier sworn statements from Mr. Gregerman in which Mr. Gregerman attests to having independently created the jewelry design at issue.[1]

[1] The affidavit obtained by Mag in September in fact *does not* contradict or repudiate Mr. Gregerman's earlier testimony that he independently created the piece that was then sold to Style and then to Target, though Mag represented the opposite to the Court at Hearing.

Mr. Gregerman is a percipient witness whose credibility the plaintiff itself has placed in question.[2] Whatever effect the later-obtained Gregerman affidavit may have on his earlier testimony, there is simply no basis on which Mag or its counsel may withhold from production documents exchanged with Mr. Gregerman in the three to four weeks between plaintiff's August 19 discovery supplementation (stating that no communications existed and that no documents were exchanged) and the filing of the September 13 Gregerman affidavit *by the plaintiff*. It is obvious that Mag and Mr. Gregerman exchanged communications and documents, including, in all probability, drafts of the affidavit itself, after the date of Mag's further response. Documents of the description that the Court ordered produced then are no less relevant now. Style and the other defendants are entitled to explore – depending on which theory plaintiff chooses to advance next – either the basis of Mr. Gregerman's supposed repudiation of his earlier sworn statements, or the basis of the critical claim by Mag at the eleventh hour that what Mr. Gregerman created in 1994 and sold to Style thereafter is somehow different than the jewelry piece upon which the defendants are being sued.

**Conclusion**

For the reasons stated, defendant Style Accessories requests an order from the Court that the plaintiff produce all documents responsive to Style's Request No. 24 forthwith, within ten (10) days of the date of the hearing, which documents shall include all correspondence and communications between, and all documents exchanged between,

---

[2] Plaintiff's position would require one of two conclusions: (1) either that Mr. Gregerman committed perjury when providing his earlier testimony that he independently created his crystal angel piece; or (2) as counsel inferred in response to the Court's questions at the summary judgment hearing, that the piece Mr. Gregerman claims to have independently created is actually not the same piece at issue in this litigation, a position that is demonstrably false.

Mr. Gregerman or his company and the plaintiff, its principals, or its agents including litigation counsel.

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

Dated: November 17, 2005

STYLE ACCESSORIES, INC.

By Their Attorneys,

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on November 17, 2005 I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and to Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

TRN/