UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br><br>Plaintiff<br><br>VS.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br><br>Defendants | : | C.A. NO.: 04-174T |

**PLAINTIFF, MAG JEWELRY CO., INC.'S, OBJECTION TO DEFENDANT, STYLE ACCESSORIES, INC.'S, MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendant, Style Accessories, Inc.'s, Motion to Compel Production of Documents, specifically, concerning all communications and documents exchanged between the Plaintiff and Alan Gregerman or Alan Gregerman Company.

In support of its objection, Plaintiff submits that pursuant to this Court's Order, dated August 12, 2005, the Plaintiff supplemented its request for production of documents seeking all communications and documents exchanged between the Plaintiff and Mr. Gregerman and/or his company, indicating that it had no responsive documents. Since that date, the Defendant, Style Accessories, Inc., filed a Motion for Summary Judgment, which included an Affidavit signed by Alan Gregerman in a prior lawsuit against a different Defendant including infringement of the subject "Crystal Angel" piece.

In response, to the Motion for Summary Judgment, Plaintiff's counsel had communications with Mr. Gregerman and obtained an Affidavit in support of the Plaintiff's objection to the Defendant Style Accessories, Inc.'s Motion for Summary Judgment, which was signed by Mr. Gregerman, on behalf of Alan Gregerman Company.

Defendant now seeks any and all documents exchanged with Mr. Gregerman, as a result of the filing of Plaintiff's Objection to Defendant, Style Accessories, Inc.'s Motion for Summary Judgment. Your Plaintiff has indicated to Defendant that any such communications are protected as attorney work product, as said communications between Plaintiff's counsel and Mr. Gregerman were made in preparation for trial in this matter, and specifically, in objecting to the Defendant Style Accessories, Inc.'s Motion for Summary Judgment that had been previously filed with the Court.

The Plaintiff attaches hereto a privilege log, which identifies the documents exchanged. However, the Plaintiff submits that said documents are not subject to disclosure, pursuant to the Court's prior Order, dated August 12, 2005, as the Court's ruling as to that request was based solely on the issue of relevance. Plaintiff objects to the production of documents now sought on the grounds of attorney work product, which ground the prior Order does not take into consideration.

## CONCLUSION

Based on the foregoing, the Defendant Style Accessories, Inc.'s Motion to Compel Production of Documents should be denied.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Objection*** regular mail on the 23rd day of November, 2005 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

[signature]

# PRIVILEGE LOG

1. Correspondence, dated August 23, 2005, to Alan Gregerman of Alan Gregerman Company from Kris Macaruso Marotti, Esq. referencing Affidavit of Mr. Gregerman, which was prepared with respect to the Defendant Style Accessories Motion for Summary Judgment.

2. Correspondence, dated September 9, 2005, to Alan Gregerman of Alan Gregerman Company from Kris Macaruso Marotti, Esq. referencing Affidavit of Mr. Gregerman in opposition to Defendant Style Accessories, Inc.'s Motion for Summary Judgment.