UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| v. | : | C.A. No. 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS et al. | : | |

**MEMORANDUM AND ORDER**

Before this Court for determination is Defendant Style Accessories, Inc.'s ("Style") Motion to Compel Production of Documents from Plaintiff Mag Jewelry Co., Inc. ("Mag") (Document No. 68). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on December 12, 2005. For the reasons discussed below, Style's Motion is DENIED.

**Background**

This is a copyright infringement action involving a piece of jewelry known as the "Crystal Angel." Mag alleges that the design of the "Crystal Angel" was created by its employee and/or agent in 1992 and that Mag has manufactured and distributed this piece since that time through to the present. On November 29, 1995, Mag applied for and was granted a copyright registration which noted a creation date of June 1, 1995. On June 13, 1996, Mag applied for and was granted a corrected certificate of registration which it alleges corrected a prior error in the original registration regarding the date of creation. The date of creation was changed to March 5, 1992.

Style denies that it copied Mag's piece and asserts other legal defenses to Mag's claimed copyright. Style asserts that a crystal angel was independently created by Alan Gregerman in mid-

1994. Style also contends that other such pieces were created and distributed by others prior to Mag's claimed creation date.

**Discussion**

Style's Motion is directed at production of communications between Mag and Mr. Alan Gregerman or his company concerning "any jewelry design or any rights thereto since January 1, 1990." See Style's Request for Production No. 24. On August 12, 2005, this Court previously granted a Motion to Compel related to this request which was filed by Style. At that time, Mag was objecting to the request solely on relevance grounds, and Mag was ordered to produce any documents responsive to Request No. 24 within ten days of the August 12, 2005 Order.

Mag is now raising an objection on work-product grounds to production of two documents created after the August 12, 2005 Order. In particular, two letters (dated August 23, 2005 and September 9, 2005) from Mag's counsel to Mr. Gregerman regarding an Affidavit of Mr. Gregerman which was submitted to the Court and considered in connection with Mag's objection to Style's unsuccessful Motion for Summary Judgment. See Mag's Privilege Log. The Affidavit was executed by Mr. Gregerman on September 1, 2005. Since the documents were not in existence at the time of this Court's August 12, 2005 Order, Style's attempt to rely on that Order is misplaced. Mag has a duty to supplement its discovery responses and a right to interpose an objection to a supplemental production of documents which it believes, in good faith, are protected from disclosure. See Fed. R. Civ. P. 26(e). Mag has asserted work-product protection and has produced an appropriate privilege log. See Fed. R. Civ. P. 26(b)(5). This Court's August 12, 2005 Order is not controlling on the issue currently before the Court, and Mag's work product claim will be reviewed independent of that prior Order.

The two documents in dispute (the August 23, 2005 and September 9, 2005 letters from Mag's attorney to Mr. Gregerman) were submitted to this Court by Mag for in camera review. The two letters were plainly prepared and sent "in anticipation of litigation or for trial." In particular, they were prepared and sent in connection with the efforts of Mag's attorney in assembling a response to Style's Motion for Summary Judgment. After in camera review of those documents, it is undisputable that they are trial preparation materials protected by the attorney work product doctrine.

Style argues that, even if the documents are work product, Mag waived any protection by sending the documents to a third party, Mr. Gregerman. Styles relies upon the First Circuit's opinion in United States v. Mass. Inst. of Tech., 129 F.3d 681, 687 (1st Cir. 1997). However, in that case, the First Circuit recognized that "work-product protection is not as easily waived as the attorney-client privilege" and that only "disclosure to an adversary, real or potential, forfeits work product protection." Id. See also Morales v. United States, No. 94 Civ. 4865, 1997 WL 223080 (S.D.N.Y. May 5, 1997) (communications between defense counsel and non-party witnesses regarding upcoming depositions were protected by attorney work-product doctrine, and such protection was not waived by disclosure to such third-party witnesses).

Style has not shown that Mr. Gregerman is an adversary to Mag. See In re Steinhardt Partners, L.P., 9 F.3d 230, 234 (2nd Cir. 1993) (finding adversarial relationship between SEC and a regulated trader). It appears from the letters in question that Mr. Gregerman is currently cooperating with Mag, and while they may have been in an adversarial position in the past, it appears from the Gregerman Affidavits[1] that they are no longer adversaries and resolved any dispute they had by

[1] The two Affidavits are dated June 12, 2000 and September 1, 2005.

entering into an agreement in 1996. In addition, in connection with the August 12, 2005 Order, Style argued that it was entitled to additional documents, in part, to explore the business relationship between Mag and Mr. Gregerman and any potential for witness bias due to such relationship. It is hardly consistent to argue that there is a potential for witness bias due to Mr. Gregerman's relationship with Mag and, at the same time, argue that they are adversaries. In addition to failing in its waiver argument, Style did not specifically argue, and in any event has not established, substantial need/undue hardship necessary to overcome work-product protection under Fed. R. Civ. P. 26(b)(3).

**Conclusion**

For the reasons discussed above, Defendant Style's Motion to Compel Production (Document No. 68) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
December 13, 2005