**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174T |
| CHEROKEE, INC.,<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS' JOINT MOTION TO MODIFY PRETRIAL ORDER TO PERMIT LIMITED ADDITIONAL DISCOVERY**

Defendants hereby move for an order modifying this Court's Pretrial Order for the purpose of permitting limited additional discovery of a witness whose affidavit was submitted to the Court by the plaintiff in September 2005, after the close of discovery, in objection to defendants' Motion for Summary Judgment. The plaintiff claims that the affidavit repudiates and contradicts earlier testimony by that same witness, and at the same time has withheld documents in its possession that were exchanged with the witness after the close of discovery, under the guise of a claim of work-product. Defendants must be free to inquire whether the witness has in fact, as plaintiff has represented, changed his testimony, or has some other explanation for the position plaintiff now sets forth. In support of this motion, defendants rely on the accompanying Memorandum.

WHEREFORE, Defendants respectfully request that the Court's pretrial order be amended to allow for additional discovery of witness Alan Gregerman.

STYLE ACCESSORIES, INC.

By Their Attorneys,

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

Dated: December 30, 2005

CHEROKEE, INC., and
TARGET CORPORATION d/b/a
TARGET STORES

By Their Attorneys,

Craig M. Scott (TRN)

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
401) 455-0700
(401) 455-0701 (Facsimile)

Dated: December 30, 2005

**CERTIFICATION**

I hereby certify that on December 30, 2005 I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174T |
| CHEROKEE, INC.,<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO MODIFY PRETRIAL ORDER TO PERMIT LIMITED ADDITIONAL DISCOVERY**

The Defendants hereby jointly file this Memorandum in Support of their Motion to Modify this Court's Pretrial Order in order to allow limited additional discovery of one witness, whose testimony the plaintiff now claims has changed from prior testimony.

Pursuant to Paragraphs 2 and 4 of this Court's Pretrial Order dated August 17, 2004, as amended by this Court's Order dated February 1, 2005, defendants move to amend the Pretrial Order for the limited purpose of permitting additional discovery related to non-party witness Alan Gregerman, from whom plaintiff, Mag Jewelry Co., Inc. ("Mag"), obtained and submitted an affidavit in September 2005, after the close of discovery, in support of plaintiff's objection to defendants' Motion for Summary Judgment.

## I. Procedural Background

Discovery closed in this matter on May 16, 2005. In accordance with the timeline set forth in the amended pretrial order, defendants submitted summary judgment motions on or about July 29, 2005. The summary judgment motion submitted by defendant Style Accessories, Inc. ("Style") (which covered all claims against all defendants) included an

affidavit from Mr. Gregerman (the "First Affidavit") attesting to his earlier independent creation of a crystal angel piece that plaintiff's counsel had once called "virtually identical and infringing" to the same copyrighted piece claimed by Mag in this action. Mr. Gregerman had averred therein that he created his crystal angel in September 1994 and that he did not recall having seen any other crystal angel of similar design before his creation.[1]

Mag filed its opposition to Style's summary judgment motion and statement of disputed facts on or about September 9, 2005. On or about September 14, the plaintiff submitted what it called a "Supplemental Rule 12.1(2) Statement." Mag's supplemental filing was accompanied by an affidavit of Mr. Gregerman dated September 1, 2005 (the "Second Affidavit").

Despite the fact that the Second Affidavit does not explicitly or implicitly repudiate Mr. Gregerman's earlier claims of independent creation, Mag averred, in both its Supplemental Memorandum and at the hearing on Style's Motion for Summary Judgment, that this Second Affidavit *purportedly* demonstrates that Mr. Gregerman supplied Style with the crystal angel piece that was designed and created not by Gregerman, but by Mag.[2] At the October 21, 2005 hearing on Style's Motion for Summary Judgment, the Court had the following exchange with Mag's counsel regarding the two Gregerman affidavits:

> THE COURT: Mr. Clarida, these two affidavits look like they may be two ships passing in the dark here. In one affidavit he is saying that he created an original design on some angel, which according to [Style's counsel], we can link to the angel that he sold to or is allowing [Style] to distribute. On the other hand, the Affidavit you submitted simply says that he has an agreement with Mag Jewelry, a licensing agreement under which he is permitted to make and sell the piece on which Mag has a copyright. So on the one hand he hasn't disputed that the angel that's being

[1] The First Affidavit is attached to Style's summary judgment Rule 12.1 Statement as Exhibit F thereto.

[2] Plaintiff maintains this assertion despite its earlier observation that the Gregerman and Mag pieces are "virtually identical and infringing."

> distributed by Mr. Noel's client is one that he independently created, and he is asserting that he is making and distributing it pursuant to a licensing agreement, which we don't know what licensing agreement he has with Mag. So do those two really clash with one another?
>
> Mr. Clarida: Well, I believe they do, your Honor. I believe there is conflict between the two affidavits, because as [Style's counsel] says the angels are the same. He is talking about the same angel in both cases, in one situation saying he created it independently, and I think there is evidence to present to a jury that he didn't, [b]ut in another affidavit saying it is something he is selling pursuant to a licensing to Mag - -

*See Transcript.*

Against all this, Mag has asserted a claim of work-product to materials exchanged with Mr. Gregerman immediately prior to the submission of the Second Affidavit, including correspondence and, apparently, versions of the affidavit itself.[3]

## II. Argument

Mag's position is both specious and illogical. Mag offers no explanation as to why Mr. Gregerman, despite independently creating his own crystal angel piece, would nevertheless supply Style with a purportedly substantially similar crystal angel created by Mag. Moreover, by claiming that the Second Affidavit repudiates the First Affidavit - despite the fact that nowhere in the second affidavit does Mr. Gregerman back off his claim of independent creation – Mag has, for all intents and purposes, averred that Mr. Gregerman perjured himself in his earlier testimony.

The defendants should have the opportunity to depose Mr. Gregerman and to conduct other discovery in an effort to probe the veracity of Mag's claim that there is a conflict between the two affidavits and, by implication, in what Mr. Gregerman will testify to at trial. Defendants should have the opportunity to question Mr. Gregerman as to the meaning and

[3] Style has contemporaneously filed an Objection to the Memorandum and Order entered on December 15, 2005 finding that the material is in fact work-product and that work-product status has not been waived.

implications of the possibly ambiguous statements contained in the Second Affidavit. While the defendants dispute Mag's position that Mr. Gregerman has now repudiated his earlier claim of independent creation, without an opportunity to depose Mr. Gregerman and to conduct other discovery, the defendants, and the Court, are left in the dark as to the actual meaning and import of the Second Affidavit and, by implication, Mr. Gregerman's anticipated trial testimony. Fundamental notions of fairness dictate that defendants have the opportunity to conduct further discovery into this matter. This motion is made necessary by the eleventh-hour filing by the plaintiff of the Second Affidavit, obtained and submitted to the Court by Mag after the close of discovery.

Moreover, to the extent that Mr. Gregerman is "currently cooperating with Mag" (*see* Memorandum and Order denying Style's Motion to Compel entered on December 15, 2005, at p. 3), defendants should be afforded an opportunity to depose Mr. Gregerman and to obtain documents from him in an effort to explore the extent of this cooperation and to investigate whether Mr. Gregerman, a critical fact witness in this case, has recently in fact changed his story or acquired any prejudice or bias.

WHEREFORE, defendants respectfully request that the Court's Pretrial Order be amended to allow for additional discovery related to the affidavit of Alan Gregerman dated September 1, 2005 and earlier testimony of Mr. Gregerman.

STYLE ACCESSORIES, INC.

By Their Attorneys,

Thomas R. Noel (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

Dated: December 30, 2005

CHEROKEE, INC., and
TARGET CORPORATION d/b/a TARGET STORES

By Their Attorneys,

Craig M. Scott (TRN)

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
401) 455-0700
(401) 455-0701 (Facsimile)

Dated: December 30, 2005

**CERTIFICATION**

I hereby certify that on December 30, 2005 I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886.