**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT, STYLE ACCESSORIES, INC.'S, OBJECTION AND APPEAL TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and files the instant response to the Defendant, Style Accessories, Inc.'s, Objection to the Magistrate Judge's Memorandum and Order entered on December 13, 2005, which upheld the work product claims of Plaintiff over documents exchanged between Plaintiff's counsel and Alan Gregerman, in preparation and response to the Defendant, Style Accessories, Inc,'s, Motion for Summary Judgment previously filed with the Court.

Plaintiff submits that the Defendant's objection and appeal of the Magistrate Judge's Memorandum and Order should be summarily denied and dismissed for failure to comply with the requirements for timely filing of objections pursuant to Rule 72 of the Federal Rules of Civil Procedure. Plaintiff further submits that even if Defendant's

objection and appeal had been timely filed, the Memorandum and Order of the Magistrate Judge should be affirmed as it is consistent with the law and not clearly erroneous.

Plaintiff relies further on the Memorandum in support filed contemporaneously herewith.

WHEREFORE, the Plaintiff requests that this Court summarily deny and dismiss the Defendant, Style Accessories, Inc.'s, objection and appeal to the Magistrate Judge's Memorandum and Order.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Response*** regular mail on the 10th day of January, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT, STYLE ACCESSORIES, INC.'S, OBJECTION AND APPEAL OF MAGISTRATE JUDGE'S MEMORANDUM AND ORDER**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and files the instant Response to the Defendant, Style Accessories, Inc.'s, Objection to the Magistrate Judge's Memorandum and Order entered on December 13, 2005, which upheld the work product claims of Plaintiff over documents exchanged between Plaintiff's counsel and Alan Gregerman, in preparation and response to the Defendant, Style Accessories, Inc,'s Motion for Summary Judgment

## I. STATEMENT OF FACTS

The Plaintiff's Complaint for copyright infringement was originally filed against the Defendants, Cherokee, Inc. and Target Corporation d/b/a Target Stores, in the United States District Court for the Eastern District of New York on or about January 22, 2002.

Subsequently, by Order of Judge Johnson of the United States District Court for the Eastern District of New York dated May 31, 2004, the matter was transferred to the United States District Court for the District of Rhode Island.

On or about December 23, 2004, the Plaintiff answered discovery propounded by the Defendants, and specifically, Interrogatories and Requests for Production of Documents. Pertinent to the instant matter, in response to Interrogatory No. 2, the Plaintiff Mag identified Alan Gregerman as a person with knowledge about the subject claims and defenses raised in the instant litigation. Moreover, in response to Interrogatory No. 16, Mag identified Alan Gregerman and his company as a licensee authorized to manufacture and sell the subject "Crystal Angel" piece. Accordingly, as early as December of 2004, defense counsel had knowledge as to the existence of Alan Gregerman and the license agreement between his company and Mag with respect to the manufacture and sale of the subject piece.[1]

Pursuant to this Court's Pre-Trial Order, dated August 17, 2004, discovery in this matter was to close on February 15, 2005.

The Defendant, Style Accessories, Inc., was added as a party Defendant in this matter upon the Court granting the Plaintiff's Motion to Amend its Complaint, dated October 5, 2004. The basis for Plaintiff's Motion to amend the Complaint to add Style Accessories as a party Defendant arose from information learned through discovery that the Defendant Target Corporation d/b/a Target Stores had purchased the infringing "Crystal Angel" piece from Style Accessories.

A Joint Motion to Extend the Discovery Closure Date and other filing dates was granted by the Court on February 1, 2005. As part of its Order, the Court noted that "no further extensions will be granted". (See Exhibit "1"). As a result, the discovery closure date was extended from February 15, 2005 to May 16, 2005 with Pre-Trial Memorandum to be filed 90 days thereafter.

In the interim, the Defendant, Style Accessories, requested a Summary Judgment conference with the Court. The said conference took place on June 8,

[1] As set forth herein, the Defendant Style Accessories originally purchased the subject "Crystal Angel" jewelry piece from Alan Gregerman's company, which is located in Rhode Island. Subsequent to purchasing the piece from Alan Gregerman from May 1997 to August 1998, the Defendant Style Accessories had the piece copied by another Rhode Island company called Dannik, Inc. and a South Korean company.

2005. Subsequent thereto, the Defendants filed separate Motions for Summary Judgment on or about July 29, 2005. Said Motions were heard by the Court on October 21, 2005. Pursuant to the Court's Order, dated November 3, 2005, both Motions of the Defendants for Summary Judgment were denied.

As part of the Defendant Style Accessories' Motion for Summary Judgment, it included an Affidavit, which had been executed by Alan Gregerman on June 12, 2000. The Affidavit was obtained as part of a prior lawsuit involving the subject "Crystal Angel" jewelry piece, which had been brought against a different Defendant than those in the instant matter. Defense counsel was able to obtain the Affidavit as a result of his representation of a prior party against whom the Plaintiff had filed a copyright infringement action involving the subject "Crystal Angel" jewelry piece.

In response thereto, Plaintiff filed timely Objections to the Motions for Summary Judgment filed by both Defendants. Specific to the instant matter, the Plaintiff filed a Supplemental Rule 12.1 Statement with the Court on September 14, 2005, which included an Affidavit of Alan Gregerman, which had been prepared and executed in the instant litigation. The Affidavit was signed by Mr. Gregerman on September 1, 2005.

Subsequent to the hearing on the Defendants' Motion for Summary Judgment and the Court's denial thereof, the Defendant Style Accessories filed a Motion to Compel Further Production of Documents with the Court on November 17, 2005. Specifically, the Defendant sought production of any and all correspondence, including draft versions of the Affidavit of Alan Gregerman, which had been exchanged between Plaintiff's counsel and Mr. Gregerman in response to the Defendants' Motions for Summary Judgment.

Plaintiff filed an Objection to the Motion to Compel, on the grounds that the information sought constituted attorney work product, in that they constituted trial preparation materials, and more specifically, materials in response to the Defendants' pending Motions for Summary Judgment.

The matter was heard by Magistrate Judge Almond on December 9, 2005. Subsequently on December 13, 2005, the Court issued an Order and Memorandum wherein it denied Defendant Style Accessories Motion to Compel Production of Documents exchanged between Plaintiff's counsel and in support of the Plaintiff's Objection to the Defendants' Motions for Summary Judgment. In its decision, the Court noted that its previous Order granting a Motion to Compel Document Requests made by the Defendant Style Accessories was not controlling with respect to the issue currently before the Court, where: (1) the documents being sought by the Defendant in the instant Motion did not exist at the time of the Court's Order; and (2) the Plaintiff had raised the objection of work product doctrine as grounds for objecting to the documents being sought in the Defendants' instant Motion.

The Court conducted an in camera review of the documents which were properly identified in the Plaintiff's Privilege Log, which was filed contemporaneously with its Objection to the Defendant's Motion to Compel Production. In its Memorandum and Order, the Magistrate Judge found as follows:

> "...The two letters were plainly prepared and sent 'in anticipation of litigation or for trial'. In particular, they were prepared and sent in connection with the efforts of Mag's attorney in assembling a response to Style's Motion for Summary Judgment. After in camera review of those documents, it is undisputable that they are trial preparation materials protected by the attorney work product doctrine" (Memorandum and Order dated December 13, 2005, p. 3).

The Court went on in its Order to find that Mag had not waived any protection under the work product doctrine by sending the documents to Mr. Gregerman, on the grounds that Style had not shown that Mr. Gregerman was an adversary to Mag. The Court further noted that although Style argued that the work product doctrine was waived in someway by Mag because of an alleged

adversarial relationship between them, Style contemporaneously offered a conflictive argument that it was entitled to the documents to explore any potential for witness bias, due to the business relationship between Mag and Gregerman. Along these lines, the Court held "It is hardly consistent to argue that there is a potential for witness bias due to Mr. Gregerman's relationship with Mag and, at the same time, argue that they are adversaries." (Memorandum and Order, dated December 13, 2005, p.4).

In closing, the Court found that there had been no waiver by Mag of the attorney work product doctrine with respect to the documents sought by Style, and further, that Style did not argue and in any event did not establish any substantial/undue hardship necessary to overcome the work product protection afforded under the Rules of Civil Procedure.

On or about December 13, 2005, the Memorandum and Order of the Magistrate Judge was entered by the Court. Subsequently, on December 15, 2005, counsel for the parties were served with a copy of the Memorandum and Order of the Court, by way of facsimile transmission.

On December 30, 2005, the Defendant, Style Accessories, filed its objection and appeal of the Magistrate Judge's Memorandum and Order, entered on December 13, 2005.

## II. LEGAL ARGUMENT

### A. <u>DEFENDANT, STYLE ACCESSORIES', OBJECTION TO THE MAGISTRATE JUDGE'S MEMORANDUM AND ORDER SHOULD BE SUMMARILY DENIED AND DISMISSED FOR DEFENDANT'S FAILURE TO COMPLY WITH THE REQUIREMENTS FOR TIMELY FILING OF OBJECTIONS AS SET FORTH IN RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.</u>

From the outset, Plaintiff submits that the Defendant, Style Accessories', Objection to Magistrate Judge's Memorandum and Order, entered on December 13, 2005 should be summarily denied and dismissed for failure to comply with the requirements

for timely filing of objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

Along these lines, Rule 72 provides, in pertinent part, as follows:

> **Magistrate Judge's; Pre-Trial Orders**
> **(a) In nondispositive matters.** A Magistrate Judge to whom a Pre-Trial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the Magistrate Judge's Order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made. The District Judge to whom the case is assign shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law (Emphasis added)

Your Plaintiff submits that the Memorandum and Order, entered on December 13, 2005, to which the Defendant, Style Accessories, has filed an Objection and Appeal clearly is nondispositive, in nature. The Memorandum and Order, dated December 13, 2005, upheld the work product claims of the Plaintiff with respect to documents exchanged between Plaintiff's counsel and Alan Gregerman in response to the Defendant, Style Accessories', Motion for Summary Judgment previously filed with the Court. The Defendant, Style Accessories, sought to compel the materials by way of a Motion to Compel More Responsive Response to Request for Document Production, which had been previously propounded against Mag Jewelry. Accordingly, the Magistrate's Order denying the Defendant, Style Accessories', Pre-Trial Motion to Compel is a self-operating Order, which is valid when made. United States v. Ecker, 923 F.2d 7, 9(1st Cir. 1991) ("We have designated the two categories of Magistrates' Orders as 'self-operating' and 'non-self-operating'. United States v. Flaherty, 668 F.2d 566, 585 (1st Cir. 1981). 'Self-operating' Orders, which cover most pre-trial and discovery matters, are valid when made and can be 'appealed' by a motion for reconsideration directed to the District Court. See §636(b)(1)(A)")

Review of such self-operating, nondispositive Orders are controlled by Rule 72 of the Federal Rules of Civil Procedure. Specifically, Rule 72 of the Federal Rules of Civil Procedure provides that "within 10 days after being served with a copy of the Magistrate Judge's Order, a party may serve and file objections to the Order; a party may not thereafter assign as error a defect in the Magistrate Judge's Order to which objection was not timely made."

Your Plaintiff submits that the Defendant, Style Accessories', objection and appeal of the Magistrate's Memorandum and Order, dated December 13, 2005, should be summarily denied and dismissed for failure to file timely objections, in accordance with the provisions of Rule 72 as set forth above. Along these lines, it is undisputed that the Memorandum and Order was entered by the Court on December 13, 2005. Subsequently, on December 15, 2005, the Memorandum and Order was served on counsel for the parties, by way of facsimile transmission. The Defendant, Style Accessories, did not file its objection to the Memorandum and Order until December 30, 2005; some 15 days after service thereof. As such, the Defendant, Style Accessories', objection and appeal of the Magistrate's Memorandum and Order is not timely and should be denied and dismissed summarily by the Court. [See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) wherein the Court held "a party displeased with a Magistrate's Order on a nondispositive motion must serve and file objections to the Order within 10 days. *** If the aggrieved party preserves his rights in this fashion, the District Court can set aside the Magistrate's ruling if he finds it to be 'clearly erroneous or contrary to the law' *** If, however, the aggrieved party sits idly by and fails to object within the prescribed period, he 'may not thereafter assign as error a defect in the Magistrate's Order...'"

In the case of Sunview Condominium Association v. Flexel International, LTD., 116 F.3d 962 (1st Cir. 1997), the United States Court of Appeals for the First Circuit addressed the issue of appeals of Magistrate's Orders concerning nondispositive matters, and particularly, the timeframe permitted for the filing of objections pursuant to the Rules of Civil Procedure. Along this line, the Court noted:

Since the motion to compel discover involved a nondispositive matter, the

> magistrate's order was effective when made, and it was therefore immediately appealable to the district Court. See 28 U.S.C. §636(b)(1)(A). To receive such review, a party must file objections within ten days from service of a copy of the order. See Fed R. Civ. P. 72(a). Unless an objection is filed within this window of opportunity, a magistrate's order on a nondispositive matter, such as a self-operating order granting, denying, or limiting pretrial discovery, is not thereafter reviewable on appeal. See *Pagano v. Frank*, 983 E.2d 343, 346 (1st Cir. 1993); see also *Keating v. Secretary of HHS*, 848 F.2d 271, 275 (1st Cir. 1988) (per curiam) (explicating same rule in respect to a party's failure to file timeous objections to a magistrate's recommended disposition of a dispositive motion). The Civil rules are quite explicit on this point:
>
>> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objections was not timely mde.
>
> * * *
>
> [3] This court has applied the plain directive of Rule 72(a) straightforwardly and in accordance with its tenor. See *Pagano,* 983 F.2d at 346; *Unauthorized Practice of Law Comm. v. Gordon,* 979 F.2d 11, 13-14 (1st Cir. 1992) (per curiam; see also *United States v. Ecker,* 923 F.2d 7, 9 (1st Cir. 1991) (per curiam) (citing 28 U.S.C. §636(b)(1)(A)). These cases stand unambiguously for the proposition that, in order to receive review of a magistrate's order on a nondispositive matter *965 in a court of appeals, the aggrieved party first must have sought district court review by timely filing an objection to the order. 116 F.3d at 964-5

In the instant matter, it is apparent that the Defendant, Style Accessories, has failed to file timely objections in appealing the Memorandum and Order of the Magistrate Judge, dated December 13, 2005. Accordingly, in applying the "plain directive" of Rule 72, this Court should summarily deny and dismiss the Defendant's objection, at this time.

**B. THE DEFENDANT, STYLE ACCESSORIES', OBJECTION AND APPEAL OF THE MEMORANDUM AND ORDER, ENTERED DECEMBER 13, 2005, SHOULD BE DENIED ON ITS MERITS.**

**II. STANDARD OF REVIEW**

In viewing an objection to a Magistrate's Order on a nondispositive matter, the Court should defer to the Magistrate Judge's Order, unless it is clearly erroneous or

contrary to the law. Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1,6 (DRI 2004) "In conducting this review, the District Court must refrain from second guessing the Magistrate Judge's Pre-Trial discovery rulings" Id. (See also Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); Caranci v. Blue Cross and Blue Shield of Rhode Island, 194 F.R.D. 27, 31 (DRI 2000)

(1) The Magistrate's Memorandum and Order, dated December 13, 2005, should be affirmed as it is in accordance with the applicable law and not clearly erroneous.

This matter arises out of the Defendant's Motion to Compel further production of documents. Specifically, the Defendant, Style Accessories, sought production of any and all correspondence, including draft versions of the Affidavit of Alan Gregerman, which had been exchanged between Plaintiff's counsel and Mr. Gregerman, in response to the Defendant's Motions for Summary Judgment, which had been previously filed with the Court.

Plaintiff filed an objection to the Motion to Compel, on the grounds that the information sought constituted attorney work product, in that it was contemplated and prepared in preparation of trial, and more specifically, in direct response to the Defendant's pending Motions for Summary Judgment.

The matter was heard by Magistrate Judge Almond on December 9, 2005. Subsequently, on December 13, 2005, the Court issued a Memorandum and Order wherein it denied the Defendant, Style Accessories', Motion to Compel Production of Documents exchanged between Plaintiff's counsel and Alan Gregerman, relative to the Affidavit which was prepared and submitted in support of the Plaintiff's objection to the Defendants' Motion for Summary Judgment. In its decision, the Magistrate Judge noted that it's previous Order granting a Motion to Compel Document Request made by the Defendant, Style Accessories' was not controlling with respect to the issue currently before the Court where: (1) the documents being sought by the Defendant in the instant motion did not exist at the time of the Court's prior Order; and (2) the Plaintiff had raised

the work product doctrine, as a grounds for objecting to the documents being sought by the Defendants, by way of its Motion to Compel further document response.

As part of its objection to Style Accessories' Motion to Compel the Plaintiff attached a privilege log setting forth certain documents that had been exchanged between Plaintiff's counsel and Alan Gregerman, related to the Affidavit filed by the Plaintiffs in support of its Objection to the Defendants' Motions for Summary Judgment.

Upon in camera review of the documents identified in the Privilege Log and in consideration of the applicable law, the Magistrate entered a Memorandum and Order denying the Defendant, Style Accessories', Motion to Compel further document response from the Plaintiff. In its decision, the Magistrate Judge stated:

> …"The two letters were plainly prepared and sent 'in anticipation of litigation or for trial'. In particular, they were prepared and sent in connection with the efforts of Mag's attorney in assembling a response to Style's Motion for Summary Judgment. After in camera review of those documents, it is undisputable that they are trial preparation materials protected by the attorney work product doctrine." (Memorandum and Order, dated December 13, 2005, at page 3.)

In its decision, the Magistrate Judge further ruled that Mag had not waived any protection under the work product doctrine by sending the documents to the third party, Alan Gregerman. Along these lines, the Court found that Style had not shown Mr. Gregerman to be an adversary to Mag. United States v. Mass. Inst. of Teckch, 129 F.3d 681, 687 (1st Cir. 1997) (See also Morales v. The United States, No. 94 Civ. 4865, 1997 WL 223080 (S.D.N.Y. May 5, 1997) (Communications between defense counsel and non-party witnesses regarding upcoming depositions were protected by attorney-work product doctrine, and such protection was not waived by disclosure to such third-party witnesses.)

The Magistrate Judge properly noted that the communication between Plaintiff's counsel and Mr. Gregerman evidenced the latter's cooperation with Mag with respect to this matter, in preparing and submitting his Affidavit in support of the Plaintiff's objection to the Defendants' Motions for Summary Judgment. As such, although the

parties may have been adversarial in the past,[2] the parties are no longer adversaries and have appeared to resolve any dispute they may have had over time.

Based on the foregoing, the Magistrate Judge properly found that the documents exchanged between Plaintiff's counsel and Alan Gregerman in preparing its response to Plaintiff's objection to Defendants' Motions for Summary Judgment constituted trial preparation materials protected by the attorney work product doctrine. The Magistrate Judge's Order is in accordance with the applicable law cited and does not constitute clear error. Accordingly, this Court should not second guess the Magistrate Judge's discovery ruling, in this regard, and the Memorandum and Order should be affirmed.

Along these lines, the Plaintiff further submits that the Magistrate Judge properly noted in its Memorandum and Order that although the Defendant, Style Accessories, argued that it was entitled to the documents exchanged between Plaintiff's counsel and Mr. Gregerman based on the waiver argument alleging that there was an adversarial relationship between Mag and Mr. Gregerman, the Defendant made a contemporaneous – and inconsistent – argument that the documents should be subject to disclosure to explore the business relationship between Mag and Alan Gregerman and any potential for witness bias due to said relationship. In this regard, the Magistrate Judge quite properly found "It is hardly consistent to argue that there is a potential for witness bias due to Mr. Gregerman's relationship with Mag and, at the same time, argue that they are adversaries." Memorandum and Order, dated December 13, 2005 at page 4.

Lastly, the Magistrate Judge noted that the Defendant failed to argue any substantial need or undue hardship necessary to overcome the work product protection. In any event, the Court found that the Defendant, Style Accessories, had not established any substantial need or undue hardship necessary to overcome the privilege.

[2] The Affidavit submitted by the Defendant Style in support of its Motion for Summary Judgment, signed by Alan Gregerman, was dated June 12, 2000, whereas the subsequent Affidavit signed by Mr. Gregerman in support of the Plaintiff's objection to the Defendants' Motions for Summary Judgment in the instant matter was dated September 1, 2005.

## III. CONCLUSION

Based on the foregoing, the Defendant, Style Accessories', Objection and Appeal to Magistrate Judge's Memorandum and Order, entered December 13, 2005, should be denied.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I hereby certify that I mailed a copy of the above ***Memorandum*** regular mail on the 10th day of January, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903