**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' JOINT MOTION TO MODIFY PRE-TRIAL ORDER TO PERMIT LIMITED ADDITIONAL DISCOVERY**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants' Joint Motion to Modify Pre-Trial Order to Permit Limited Additional Discovery in the above-entitled matter. As grounds for its objection, Plaintiff relies on the attached Memorandum of Law, which is filed contemporaneously herewith.

**WHEREFORE,** Plaintiff respectfully requests that the Defendants' Joint Motion to Modify Pre-Trial to Permit Limited Additional Discovery be denied.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Objection*** regular mail on the 10th day of January, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Ashley Toneatt

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT ITS OBJECTION TO DEFENDANTS' JOINT MOTION TO MODIFY PRE-TRIAL ORDER TO PERMIT LIMITED ADDITIONAL DISCOVERY**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants' Joint Motion to Modify Pre-Trial Order to Permit Limited Additional Discovery in the above-entitled matter.

## I. FACTUAL BACKGROUND

The Plaintiff's Complaint for copyright infringement was originally filed against the Defendants, Cherokee, Inc. and Target Corporation d/b/a Target Stores, in the United States District Court for the Eastern District of New York on or about January 22, 2002.

Subsequently, by Order of Judge Johnson of the United States District Court for the Eastern District of New York dated May 31, 2004, the matter was transferred to the United States District Court for the District of Rhode Island.

On or about December 23, 2004, the Plaintiff answered discovery propounded by the Defendants, and specifically, Interrogatories and Requests for Production of Documents. Pertinent to the instant matter, in response to Interrogatory No. 2, the Plaintiff Mag identified Alan Gregerman as a person with knowledge about the subject claims and defenses raised in the instant litigation. Moreover, in response to

Interrogatory No. 16, Mag identified Alan Gregerman and his company as a licensee authorized to manufacture and sell the subject "Crystal Angel" piece. Accordingly, as early as December of 2004, defense counsel had knowledge as to the existence of Alan Gregerman and the license agreement between his company and Mag with respect to the manufacture and sale of the subject piece.[1]

Pursuant to this Court's Pre-Trial Order, dated August 17, 2004, discovery in this matter was to close on February 15, 2005.

Specific to the instant matter, Paragraph 2 of the Court's Pre-Trial Order provides as follows:

> Time for Disclosure. On or before the closure date, all interrogatories and request for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the closure date expect by agreement of all counsel or by Order of the Court.

Further along these lines, Paragraph 4 of the Court's Pre-Trial Order provides:

> Time for Motions. All Motions *** shall be filed promptly after counsel discovers, or should have discovered, the basis for such Motions. ***

The Defendant, Style Accessories, Inc., was added as a party Defendant in this matter upon the Court granting the Plaintiff's Motion to Amend its Complaint, dated October 5, 2004. The basis for Plaintiff's Motion to amend the Complaint to add Style Accessories as a party Defendant arose from information learned through discovery that the Defendant Target Corporation d/b/a Target Stores had purchased the infringing "Crystal Angel" piece from Style Accessories.

A Joint Motion to Extend the Discovery Closure Date and other filing dates was granted by the Court on February 1, 2005. As part of its Order, the Court noted that "no further extensions will be granted". (See Exhibit "1"). As a result, the discovery closure

[1] As set forth herein, the Defendant Style Accessories originally purchased the subject "Crystal Angel" jewelry piece from Alan Gregerman's company, which is located in Rhode Island. Subsequent to purchasing the piece from Alan Gregerman from May 1997 to August 1998, the Defendant Style Accessories had the piece copied by another Rhode Island company called Dannik, Inc. and a South Korean company.

date was extended from February 15, 2005 to May 16, 2005 with Pre-Trial Memorandum to be filed 90 days thereafter.

On May 16, 2005, (the discovery closure date) the Defendant Style Accessories certified mailing a Request for Admissions Propounded Against the Plaintiff. Based on the fact that the pleading was not filed before the discovery closure date – as required by the Court's Pre-Trial Order – the Plaintiff filed an objection to the Request for Admissions and moved to strike the pleading in its entirety. Plaintiff's Objection and Motion to Strike was heard by the Court on June 27, 2005; at which time the Court granted the Plaintiff's Motion for failure to comply with the time requirements, as set forth in the Court's Pre-Trial Order.

In the interim, the Defendant, Style Accessories, requested a Summary Judgment conference with the Court. The said conference took place on June 8, 2005. Subsequent thereto, the Defendants filed separate Motions for Summary Judgment on or about July 29, 2005. Said Motions were heard by the Court on October 21, 2005. Pursuant to the Court's Order, dated November 3, 2005, both Motions of the Defendants for Summary Judgment were denied.

As part of the Defendant Style Accessories' Motion for Summary Judgment, it included an Affidavit, which had been executed by Alan Gregerman on June 12, 2000. The Affidavit was obtained as part of a prior lawsuit involving the subject "Crystal Angel" jewelry piece, which had been brought against a different Defendant than those in the instant matter. Defense counsel was able to obtain the Affidavit as a result of his representation of a prior party against whom the Plaintiff had filed a copyright infringement action involving the subject "Crystal Angel" jewelry piece.

In response thereto, Plaintiff filed timely Objections to the Motions for Summary Judgment filed by both Defendants. Specific to the instant matter, the Plaintiff filed a Supplemental Rule 12.1 Statement with the Court on September 14, 2005, which included an Affidavit of Alan Gregerman, which had been prepared and executed in the instant litigation. The Affidavit was signed by Mr. Gregerman on September 1, 2005.

Subsequent to the hearing on the Defendants' Motion for Summary Judgment and the Court's denial thereof, the Defendant Style Accessories filed a Motion to Compel Further Production of Documents with the Court on November 17, 2005. Specifically, the Defendant sought production of any and all correspondence, including draft versions of the Affidavit of Alan Gregerman, which had been exchanged between Plaintiff's counsel and Mr. Gregerman in response to the Defendants' Motions for Summary Judgment.

Plaintiff filed an Objection to the Motion to Compel, on the grounds that the information sought constituted attorney work product, in that they constituted trial preparation materials, and more specifically, materials in response to the Defendants' pending Motions for Summary Judgment.

The matter was heard by Magistrate Judge Almond on December 9, 2005. Subsequently on December 13, 2005, the Court issued an Order and Memorandum wherein it denied Defendant Style Accessories Motion to Compel Production of Documents exchanged between Plaintiff's counsel and in support of the Plaintiff's Objection to the Defendants' Motions for Summary Judgment. In its decision, the Court noted that its previous Order granting a Motion to Compel Document Requests made by the Defendant Style Accessories was not controlling with respect to the issue currently before the Court, where: (1) the documents being sought by the Defendant in the instant Motion did not exist at the time of the Court's Order; and (2) the Plaintiff had raised the objection of work product doctrine as grounds for objecting to the documents being sought in the Defendants' instant Motion.

The Court conducted an in camera review of the documents which were properly identified in the Plaintiff's Privilege Log, which was filed contemporaneously with its Objection to the Defendant's Motion to Compel Production. In its Memorandum and Order, the Magistrate Judge found as follows:

> "...The two letters were plainly prepared and sent 'in anticipation of litigation or for trial'. In particular, they were prepared and sent in connection with the efforts of Mag's attorney in assembling a response to Style's Motion for

> Summary Judgment. After in camera review of those documents, it is undisputable that they are trial preparation materials protected by the attorney work product doctrine" (Memorandum and Order dated December 13, 2005, p. 3).

The Court went on in its Order to find that Mag had not waived any protection under the work product doctrine by sending the documents to Mr. Gregerman, on the grounds that Style had not shown that Mr. Gregerman was an adversary to Mag. The Court further noted that although Style argued that the work product doctrine was waived in someway by Mag because of an alleged adversarial relationship between them, Style contemporaneously offered a conflictive argument that it was entitled to the documents to explore any potential for witness bias, due to the business relationship between Mag and Gregerman. Along these lines, the Court held "It is hardly consistent to argue that there is a potential for witness bias due to Mr. Gregerman's relationship with Mag and, at the same time, argue that they are adversaries." (Memorandum and Order, dated December 13, 2005, p.4).

In closing, the Court found that there had been no waiver by Mag of the attorney work product doctrine with respect to the documents sought by Style, and further, that Style did not argue and in any event did not establish any substantial/undue hardship necessary to overcome the work product protection afforded under the Rules of Civil Procedure.

The Defendants have now filed a Joint Motion to Modify the Pre-Trial Order to Permit Limited Additional Discovery and specifically, the deposition of Alan Gregerman and disclosure of materials executed between Plaintiff's counsel and Mr. Gregerman.

## II. ARGUMENT

Your Plaintiff objects to the Defendants' Motion on the grounds that discovery closed in this matter on May 16, 2005. Moreover and more importantly, the defense counsel had knowledge as to Mr. Gregerman's involvement in this matter well before the discovery closure date, and yet, chose not to notice his deposition at any time prior thereto, despite the fact that: (1) Alan Gregerman Company was the source of the

original "Crystal Angel" pieces that were purchased by the Defendant Style Accessories and then later copied at the request of Style by other third parties; (2) defense counsel for Style Accessories had in its possession the Affidavit of Alan Gregerman, which it filed in support of its Motion for Summary Judgment well before the filing of the instant Motion, as well as the discovery closure date and (3) pursuant to the Memorandum and Order of this Court dated December 13, 2005, documents exchanged between Plaintiff's counsel and Alan Gregerman relative to his Affidavit which was submitted in support of Plaintiff's Objection to the Defendants' Motions for Summary Judgment are clearly protected by the attorney work product doctrine and not subject to disclosure.

It is apparent that the Defendants are using the instant Motion to modify the Pre-Trial Order to permit the deposition of Alan Gregerman and obtain materials exchanged between the parties, in order to circumvent this Court's Memorandum and Order dated December 13, 2005. Such action should not be condoned by this Court, particularly where the information relative to the existence of Alan Gregerman and his involvement with respect to the subject litigation was well known to defense counsel well before the discovery closure date of May 16, 2005, but defense counsel clearly chose not to notice his deposition within the discovery period set forth by this Court.

Along these lines, the Court's Pre-Trial Order dated August 17, 2004, provides in pertinent part as follows:

> Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. ***

Further, Paragraph 4 of the Order provides:

> Time for Motions. All motions *** shall be filed promptly after counsel discovers, or should have discovered the basis for such motions. ***

Despite the Defendants' knowledge of Alan Gregerman's involvement in this mater as set forth in the Plaintiff's Answers to Interrogatories, which were provided to

defense counsel on or about December 23, 2004, the Defendants took no action to notice the deposition of Alan Gregerman at any time during the discovery process and prior to the discovery closure date of May 16, 2005. Plaintiff urges the Court to recognize that the defense counsel knew that the Plaintiff had a license agreement with Alan Gregerman and his company which permitted him to manufacture and sell the subject "Crystal Angel" jewelry piece. Moreover, the Defendants knew that the Defendant Style Accessories initially purchased the "Crystal Angel" piece from Alan Gregerman, pursuant to said agreement. Indeed, counsel for Style Accessories has had within his possession an Affidavit of Alan Gregerman, dated June 12, 2000, which was obtained in a prior litigation involving the infringement of the subject "Crystal Angel" piece by a third party. Said Affidavit was relied upon by the Defendant Style Accessories in support of its Motion for Summary Judgment, which was denied by the Court, pursuant to its Order dated November 3, 2005.

Defense counsel chose not to take the deposition of Alan Gregerman to inquire as to facts and circumstances related to the instant litigation, despite all of the aforementioned knowledge. Alan Gregerman is a Rhode Island resident with a business located at 231 Elms Street, Warwick, RI 02888; clearly within the subpoena power of this Court, if Mr. Gregerman refused to voluntary appear for a deposition had it been noticed by Defendants prior to the discovery closure date.

The Defendants now seek to obtain additional discovery, including the deposition of Mr. Gregerman, which would in effect circumvent the Court's Memorandum and Order dated December 13, 2005, where the Court ruled that documents exchanged between Plaintiff's counsel and Mr. Gregerman in responding to the Defendants' Motions for Summary Judgment constituted attorney work product.

Defendants have had ample time from March 31, 2004 (when this matter was first transferred to the United States District Court for the District of Rhode Island) to May16, 2005 (the discovery closure date) to conduct the discovery they now seek to obtain. They chose not to do so, despite ample knowledge of Alan Gregerman's involvement in this matter and the fact that he may have information relevant to the issues in dispute.

The Defendant should not be allowed to disregard the Order of this Court concerning discovery closure, when they had knowledge or clearly should have known that Alan Gregerman might be individual with information pertinent to this matter to the defense. All depositions should have been completed by or before the discovery closure date of May 16, 2005. The Defendant did not notice the deposition of Alan Gregerman prior thereto, nor has any agreement been entered into between the parties to permit his deposition at this late date. This matter is ready for trial. Dispositive Motions were heard and denied by the Court in December 2005. Pre-Trial Memorandums are due to be filed with the Court within a matter of weeks. To permit the Defendant to reopen the discovery process, under the circumstances set forth herein, would be inappropriate, in violation requirements of this Court's Pre-Trial Order and ultimately result in a blatant circumvention of the Memorandum and Order of this Court dated December 13, 2005.

**CONCLUSION**

Based on the foregoing, Defendants' Joint Motion to Modify Pre-Trial Order to Permit Limited Additional Discovery should be denied.

Plaintiff,
By and Through Its Attorneys,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Memorandum*** regular mail on the 10th day of January, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Ashley Toneatto

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MAG JEWELRY CO., INC.
Plaintiff

vs. C.A. No. 04-174T

CHEROKEE, INC., ROBERT MARGOLIS
TARGET CORPORATION D/B/A
TARGET STORES and STYLE
ACCESSORIES, INC.
Defendants

FILED
JAN 27 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**JOINT MOTION FOR EXTENSION**
**OF DISCOVERY AND PRETRIAL SCHEDULE**

The parties to this action jointly move for an extension of the discovery and pretrial schedule for a period of ninety (90) days. The parties make this Motion following an initial Settlement Conference held before Court Mediator Mr. Berry B. Mitchell on January 12, 2005, wherein Mr. Mitchell and counsel for the parties agreed that additional time to, among other things, gather and supply more detailed and complete sales and historical data may enable the parties to more fully discuss and consider settlement options at a further Mediation session. Additionally, defendant Style Accessories, Inc. was joined to the action relatively recently, in October, 2004, and discovery upon Style and by Style has only recently commenced.

The PreTrial Order entered by the Court on or about August 17, 2004 set a Closure Date of February 15, 2005. The parties hereby respectfully request that the Court extend the Closure Date through and including May 16, 2005, and that the other pretrial compliance dates set forth in the Pretrial Order likewise each be reset by an additional ninety (90) days.

[redacted]

19

MAG JEWELRY CO., INC.

By Its Attorneys,

Thomas A. Tarro III, Esq. (# 2046)
Kris R. Macaruso Marotti, Esq. (#4605)
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (Facsimile)

Dated: 1/26, 2005

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel (# 4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

Dated: 1/27, 2005

TARGET CORPORATION d/b/a
TARGET STORES,
CHEROKEE, INC., and
ROBERT MARGOLIS

By Their Attorneys,

Christine K. Bush (TRN)

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
401) 455-0700
(401) 455-0701 (Facsimile)

Dated: 1/27, 2005

GRANTED No further extensions will be granted

Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
2/1/05

ENTERED AS AN ORDER of this Court this ______ day of ____________, 2005.

ORDER:

______________________

ENTERED:

______________________

TRN/