**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 04-174T |
| CHEROKEE, INC.,<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANT STYLE ACCESSORIES, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO VACATE**

Defendant Style Accessories, Inc. ("Style") hereby objects to the plaintiff Mag Jewelry Co., Inc.'s Motion to Vacate the *Order* of this Court granting *Defendant's Joint Motion to Modify the Pretrial Order to Permit Limited Additional Discovery*.

Notwithstanding plaintiff's argument that the *Order* was entered prematurely, the *Order* must stand. Defendants have clearly demonstrated the need for additional discovery of a witness whose new affidavit, which the plaintiff claims repudiates and contradicts earlier sworn testimony of the same witness, was submitted by the plaintiff in September 2005, after the close of discovery. The defendants reiterate all bases for their motion and suggest that the *Order* reaches the correct result, regardless of the date it was entered. The defendants do not request either oral argument or an evidentiary hearing and instead rely on their *Joint Motion to Modify the Pretrial Order to Permit Limited Additional Discovery*, previously filed with this Court.

WHEREFORE, Defendants respectfully request that the Court's Pretrial Order be amended to allow for additional discovery of witness Alan Gregerman.

Dated: January 19, 2006

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 19th of January, 2006, I served a true copy of this document to the following counsel of record by Facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

Ann T. Kapriellian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 04-174T |
| CHEROKEE, INC.,<br>TARGET CORPORATION D/B/A<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S MEMORANDUM AND ORDER**

## I. INTRODUCTION

Defendant Style Accessories, Inc. ("Style") is compelled to reply to the plaintiff's *Response* to Style's *Objection and Appeal* of the Magistrate Judge's *Memorandum and Order* entered and served on counsel for the parties on December 15, 2005. The plaintiff, Mag Jewelry Co., Inc. ("Mag's") response memorandum fails to correctly apply the applicable Rule of Civil Procedure in the determination of the ten-day period in which Style was permitted to file an objection to the *Order*. Moreover, Mag's sole citation to legal authority for its averment that Style's objection and appeal should be denied on its merits is not controlling in this district, and more importantly, is not on point.

## II. ARGUMENT

### A. Style's Objection and Appeal of the Magistrate Judge's Memorandum and Order was Timely Filed.

Mag correctly outlines the fact that the *Memorandum and Order* was signed by the Magistrate Judge on or about December 13, 2005; but Mag fails to account for the fact that the *Memorandum and Order* was *served* on the parties and entered by the Court

two days later - on December 15, 2005. Mag also correctly cites to Rule 72(a) of the Federal Rules of Civil Procedure for the applicable ten-day period, *after service*, for an objection to be filed; but Mag fails to apply the rule for actually calculating that ten-day period - Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(a) provides in relevant part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. . . . *When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.* As used in this rule and in Rule 77(c), "legal holiday" includes . . . Christmas Day . . . .

Rule 6(a) (emphasis added)

It is undisputed that the *Order* was entered and served upon counsel for the parties *via* facsimile on December 15, 2005. *See Docket entry for December 15, 2005.* Under Rule 6(a), the day of the service is not included. Accordingly, December 16, 2005, is the first day of the response period. Additionally, "intermediate Saturdays, Sundays, and legal holidays" are to be excluded. Between December 16, 2005 and December 30, 2005, there were four weekend days plus the legal holiday for Christmas (on December 26). Consequently, Style had until December 30, 2005 to file its objections to the *Memorandum and Order*,[1] and Style *did so* on December 30. *See Docket entry for December 30, 2005.* Style's objection was therefore timely.

**B. <u>Mag's Sole Citation to Legal Authority is Neither Controlling nor On Point with the Facts of this Case.</u>**

Mag provides little in the way of legal analysis or authority in averring that Style's objection and appeal should be denied on the merits. In fact, Mag's memorandum

[1] The relevant dates for computing the applicable ten-day period are December 16, 19, 20, 21, 22, 23, 27, 28, 29, and 30.

does little more than mimic the Magistrate Judge's *Order* and urge this Court not to second guess that ruling. Mag's sole citation to legal authority – *Morales v. United States*, 1997 U.S. Dist. Lexis 6035 (S.D.N.Y. May 5, 1997) - is not controlling in this district. More importantly, *Morales* is far removed from the facts of this case. The District Court Judge in *Morales* denied the plaintiff's motion to compel two law enforcement officers to answer questions about the substance of certain oral conversations they had with an Assistant U.S. Attorney representing a defendant in preparation for their deposition.

This appeal involves neither law enforcement officers nor representatives of the U.S. Attorney's office, but rather documents exchanged with a non-party witness, whom Mag merely asserts is "no longer" an adversary. *Plaintiff's Response to Defendant, Style Accessories, Inc.'s, Objection and Appeal to Magistrate Judge's Memorandum and Order*, p 10-11.[2] Mag has clearly waived any work-product protection it may have claimed regarding those documents and Style is clearly entitled to those documents in order to probe the basis for this witness' supposed change-of-heart.

## III. <u>CONCLUSION</u>

The Court must overturn the *Memorandum and Order* and order that Mag immediately produce all materials exchanged with Mr. Alan Gregerman and his company, including correspondence and affidavits.

---

[2] The facts and history of their relationship strongly suggest that Mag and Mr. Gregerman were and remain actual and potential adversaries.

Dated: January 19, 2006

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 19th of January, 2006, I served a true copy of this document to the following counsel of record by Facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.