UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF DEFENDANTS' GROSS REVENUE**

**FACTS**

Defendants Cherokee, Inc., Target Corporation and Style Accessories, Inc. hereby move for an Order of this Court precluding plaintiff from making reference to or presenting evidence of defendants' gross revenue from all operations. Such information should be excluded pursuant to Fed. R. Evid. 402 because it is irrelevant, or, in the alternative, pursuant to Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice. As grounds for this Motion, defendants rely on the Memorandum of Law filed herewith.[1]

[1]The Honorable Mary Lisi granted a motion substantially similar to this Motion in the matter of *Mag Jewelry Co., Inc. v. Russ Berrie and Company, Inc.,* C.A. No. 01-383ML.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 27 day of February, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Motion in Limine Preclude Gross Revenue.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANTS' GROSS REVENUE**

Defendants Cherokee, Inc. ("Cherokee"), Target Corporation ("Target") and Style Accessories, Inc. ("Style") seek an Order of this Court precluding plaintiff Mag Jewelry Co., Inc. ("Mag") from presenting evidence or making any reference to defendants' gross revenue from all operations. Defendants anticipate that Mag will attempt to suggest to the jury that defendants would not be harmed by any verdict because of their gross revenue. Pursuant to Fed. R. Evid. 402, evidence of defendants' overall gross revenues is not relevant to the allegations of copyright infringement. Moreover, even if the evidence were relevant, the danger of unfair prejudice substantially outweighs any probative value pursuant to Fed. R. Evid. 403. For these reasons, the evidence should be excluded.

**A. Evidence of Defendants' Gross Revenue is Not Relevant to this Infringement Dispute.**

Pursuant to Fed. R. Evid. 401, "relevant evidence" is evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without said evidence. *Rollins v. Board of Governors for Higher Education*, 761 F. Supp. 939, 941 (D.R.I. 1991). Here, Mag complains that

defendants infringed its purported copyright in the "Crystal Angel." Defendants' gross revenues have no bearing on whether any defendant infringed plaintiff's purported copyright. Moreover, though evidence of defendants' sales of the so-called crystal angel may be relevant to a damages calculation should plaintiff prevail on liability, evidence of defendants' overall gross revenue will not be relevant to the damages calculation. *Davis v. Gap*, 246 F.2d 152, 160 (2d Cir. 2001) ("gross revenue" under 17 U.S.C. § 504(b) means gross revenues reasonably related to infringement, not unrelated revenues); *see Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983) (the plaintiff could have made out a prima facie case for an award of infringer's profits by showing the defendant's gross revenues from the sale of the infringing maps. It was not enough to show the defendant's gross revenues from the sale of everything he sold). Since evidence of defendants' gross revenue does not make any fact of consequence to the infringement analysis more or less probable, it does not meet the definition of "relevant evidence" and should be excluded pursuant to Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible").

**B. Even if the Evidence Were Minimally Relevant, it Should Not be Admitted.**

Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice...." Fed. R. Evid. 403; *La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731, 740 (1st Cir. 1994). Here, Mag will only seek to introduce evidence of defendants' overall gross revenues to suggest that defendants can pay a larger award. Even assuming Mag successfully argues that the evidence is relevant to the infringement analysis or damages, the danger of unfair prejudice substantially outweighs whatever minimal probative value the evidence could have. Allowing Mag to portray defendants as large successful companies which would not be harmed by a verdict may appeal to the jurors' emotions and sway them to award Mag damages simply

because the jury believes no one would be hurt by the award. The danger of that unfair prejudice justifies excluding the evidence. *See* Fed. R. Evid. 403 advisory committee's note (unfair prejudice for the purposes of exclusion means evidence "with an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court preclude Mag from presenting evidence or making any reference to defendants' gross revenue.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Memorandum in Support of Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 27 day of February, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Mem MIL Gross Revenue.doc