UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
FEB 27 2006
Property of U.S. District Court
District of Rhode Island

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF SETTLEMENTS WITH OTHER ENTITIES OF CLAIMS CONCERNING THE SUBJECT COPYRIGHT**

**FACTS**

Over the past few years, plaintiff Mag Jewelry Co., Inc. ("Mag") has filed at least fifteen (15) cases in the District of Rhode Island involving the same putative copyright that is the subject of this Complaint and, in addition, has threatened to sue other entities on the copyright at issue here.

Defendants Cherokee, Inc., Target Corporation and Style Accessories, Inc. hereby move for an Order of this Court precluding Mag from making reference to or presenting evidence of settlements with other entities of claims concerning the subject copyright. As grounds for this Motion, defendants rely on the Memorandum of Law filed herewith.[1]

[1]The Honorable Mary Lisi granted a motion substantially similar to this Motion in the matter of *Mag Jewelry Co., Inc. v. Russ Berrie and Company, Inc.,* C.A. No. 01-383ML.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 21 day of February, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Motion in Limine Preclude Prior Settlements.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF SETTLEMENTS WITH OTHER ENTITIES OF CLAIMS CONCERNING THE SUBJECT COPYRIGHT**

Defendants Cherokee, Inc., Target Corporation and Style Accessories, Inc. submit this Memorandum in Support of their Motion for an Order precluding plaintiff Mag Jewelry Co., Inc. ("Mag") from making any reference to or presenting evidence of settlements with other entities of claims concerning the subject copyright. Defendants anticipate that Mag will attempt to present evidence that other entities agreed to settle once confronted with allegations of infringement of the subject copyright. The evidence should be excluded under Fed. R. Evid. 402 because it is not relevant and has no probative value.

Pursuant to Fed. R. Evid. 401, "relevant evidence" is evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without said evidence. *Rollins v. Board of Governors for Higher Education*, 761 F. Supp. 939, 941 (D.R.I. 1991). To succeed on its claim of copyright infringement, Mag must prove that these defendants copied constituent elements of Mag's work which are original. *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct.

1282, 113 L. Ed. 2d 358 (1991); *see also, e.g., Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 60 (1st Cir. 2000); *Saenger Org. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 59 (1st Cir. 1997). Whether other entities allegedly infringed Mag's purported copyright and whether those entities elected to settle with Mag is irrelevant to whether these defendants manufactured, marketed, distributed and/or sold crystal angel jewelry items which are copied from, and identical and/or substantially similar to the subject copyright.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court preclude Mag from presenting evidence or making any reference to the fact that Mag settled with other entities claims concerning the subject copyright.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Memorandum of Law in Support of Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 27 day of February, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Motion in Limine Preclude Prior Settlements.doc