UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS CHEROKEE, INC. AND TARGET CORPORATION'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE THAT DEFENDANTS ARE PUBLICLY TRADED COMPANIES**

**FACTS**

Defendants Cherokee, Inc. ("Cherokee") and Target Corporation ("Target") are publicly traded companies. Pursuant to Fed. R. Evid. 402 and 403, Cherokee and Target hereby move for an Order of this Court precluding Mag from presenting evidence or making any reference to the fact that defendants are publicly traded. As grounds for this Motion, Cherokee and Target rely on the Memorandum of Law filed herewith.[1]

[1] The Honorable Mary Lisi granted a motion substantially similar to this Motion in the matter of *Mag Jewelry Co., Inc. v. Russ Berrie and Company, Inc.,* C.A. No. 01-383ML.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 27 day of February, 2006.

Theresa Berson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Motion in Limine Publicly Traded.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHEROKEE, INC. AND TARGET CORPORATION'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE THAT DEFENDANTS ARE PUBLICLY TRADED COMPANIES**

Defendants Cherokee, Inc. ("Cherokee") and Target Corporation ("Target") seek an Order of this Court precluding plaintiff Mag Jewelry Co., Inc. ("Mag") from presenting evidence or making any reference to the fact that Target and Cherokee are publicly traded companies. Defendants anticipate that Mag will attempt to suggest to the jury that Target and Mag would not be harmed by any verdict because of their size and financial status. Evidence of defendants' status as publicly traded companies is not relevant to the allegations of copyright infringement pursuant to Fed. R. Evid. 401. Moreover, even if the evidence were relevant, the danger of unfair prejudice substantially outweighs any probative value pursuant to Fed. R. Evid. 403. For these reasons, the evidence should be excluded.

**A. Evidence that Target and Cherokee are Publicly Traded is Not Relevant to this Infringement Dispute.**

Pursuant to Fed. R. Evid. 401, "relevant evidence" is evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without said evidence. *Rollins v. Board of Governors*

*for Higher Education*, 761 F. Supp. 939, 941 (D.R.I. 1991). Here, Mag complains that Target and Cherokee infringed its purported copyright in the "Crystal Angel." Whether either defendant is publicly traded has no bearing on whether either defendant manufactured, marketed, distributed and/or sold crystal angel jewelry items which are copied from, and identical and/or substantially similar to the subject copyright. Since evidence that defendants are publicly traded does not make any fact of consequence to the infringement analysis more or less probable, it does not meet the definition of "relevant evidence" and should be excluded pursuant to Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible").

**B. Even if the Evidence Is Minimally Relevant, it Should Not be Admitted.**

Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice...." Fed. R. Evid. 403; *La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731, 740 (1st Cir. 1994). Here, Mag will only seek to introduce evidence that defendants are publicly traded to suggest that defendants can pay a larger award. Even assuming Mag successfully argues that the evidence is relevant to the infringement analysis, the danger of unfair prejudice substantially outweighs whatever minimal probative value the evidence could have. Allowing Mag to portray defendants as large, publicly traded companies which would not be harmed by a verdict may appeal to the jurors' emotions and sway them to award Mag damages simply because the jury believes no one would be hurt by the award. The danger of that unfair prejudice justifies excluding the evidence. *See* Fed. R. Evid. 403 advisory committee's note (unfair prejudice for the purposes of exclusion means evidence "with an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

## CONCLUSION

For the foregoing reasons, defendants Cherokee and Target respectfully request that this Court preclude Mag from presenting evidence or making any reference to the fact that Cherokee and Target are publicly traded companies.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Dated: February 27, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Memorandum in Support of Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 27 day of February, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Mem MIL Publicly Traded.doc