UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC.,<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF TOTAL SALES OF ITS CRYSTAL ANGEL**

Defendants Cherokee, Inc., Target Corporation and Style Accessories, Inc. hereby move for an Order of this Court precluding plaintiff from making reference to or presenting evidence of plaintiff's total sales of its crystal angel. Such information should be excluded pursuant to Fed. R. Evid. 402 because it is irrelevant, or, in the alternative, pursuant to Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice. As grounds for this Motion, defendants rely on the Memorandum of Law filed herewith.

Respectfully Submitted,

Craig M. Scott (IRN)
Christine K. Bush (IRN)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**Counsel to Style Accessories, Inc.**

Dated: February 28, 2006

## CERTIFICATION

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Motion in Limine* to be sent via facsimile and First Class Mail to the above named counsel of record on the 28th day of February, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC.,<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF TOTAL SALES OF ITS CRYSTAL ANGEL**

Defendants Cherokee, Inc. ("Cherokee"), Target Corporation ("Target") and Style Accessories, Inc. ("Style") seek an Order of this Court precluding plaintiff, Mag Jewelry Co., Inc. ("Mag"), from presenting evidence or making any reference to plaintiff's total amount or the dollar value of crystal angel pieces it sold. Defendants anticipate that Mag will attempt to present to the jury the plaintiff's total sales of its crystal angel to suggest that plaintiff has superior rights in the crystal angel. Pursuant to Fed. R. Evid. 402, evidence of plaintiff's total sales of its crystal angel is not relevant to the allegations of copyright infringement. Moreover, even if the evidence were relevant, the danger of unfair prejudice substantially outweighs any probative value pursuant to Fed. R. Evid. 403. For these reasons, the evidence should be excluded.

**A. Evidence of Plaintiff's Total Sales of the Crystal Angel is Not Relevant to this Infringement Dispute.**

Pursuant to Fed. R. Evid. 401, "relevant evidence" is evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without said evidence. *Rollins*

*v. Board of Governors for Higher Education*, 761 F. Supp. 939, 941 (D.R.I. 1991). Here, Mag complains that defendants infringed its purported copyright in its crystal angel. Plaintiff's total sales of its crystal angel have no bearing on whether any defendant infringed plaintiff's purported copyright. Plaintiff will only seek to introduce evidence of plaintiff's total sales of its crystal angel to suggest that plaintiff has superior rights in the crystal angel. However, plaintiff's total sales of its crystal angel are irrelevant to the present claim of infringement or to any potential damages. Since evidence of plaintiff's total sales of its crystal angel does not make any fact of consequence to the infringement analysis more or less probable, it does not meet the definition of "relevant evidence" and should be excluded pursuant to Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible").

**B. Even if the Evidence Were Minimally Relevant, it Should Not be Admitted.**

Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice...." Fed. R. Evid. 403; *La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731, 740 (1st Cir. 1994). Here, plaintiff will only seek to introduce evidence of plaintiff's total sales of its crystal angel to suggest that plaintiff has superior rights in the crystal angel. Even assuming Mag successfully argues that the evidence is relevant to the infringement analysis or damages, the danger of unfair prejudice substantially outweighs whatever minimal probative value the evidence could have. Allowing Mag to present evidence of total sales of its crystal angel – evidence which includes sales outside of the relevant time period of any access argument plaintiff may present - may appeal to the jurors' emotions and sway them to believe that Mag has superior rights in the crystal

angel simply because Mag had substantially larger total sales than either the defendants or their supplier. The danger of that unfair prejudice justifies excluding the evidence. *See* Fed. R. Evid. 403 advisory committee's note (unfair prejudice for the purposes of exclusion means evidence "with an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

## CONCLUSION

For the foregoing reasons, defendants Cherokee and Target respectfully request that this Court preclude Mag from presenting evidence or making any reference to plaintiff's total sales of its crystal angel.

Respectfully Submitted,

Craig M. Scott (TRN)
Christine K. Bush (TRN)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc. and Target Corporation**

Thomas Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**Counsel to Style Accessories, Inc.**

Dated: February 28, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

I hereby certify that I caused a true copy of the within *Memorandum in Support of Motion in Limine* to be sent via First Class Mail to the above named counsel of record on the 28th day of February, 2006

Ann T. Kapielian