**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| VS. | : | |
| | : | C.A. NO. 04-174T |
| CHEROKEE, INC. ROBERT MARGOLIS and | : | |
| TARGET CORPORATION d/b/a | : | |
| TARGET STORES and STYLE | : | |
| ACCESSORIES, INC. | : | |

# MOTION IN LIMINE OF PLAINTIFF MAG JEWELRY CO., INC. TO PRECLUDE DEPOSITION TESTIMONY OF BHARAT DASS, JANICE WELLS AND KEVIN RUSSELL

Plaintiff, Mag Jewelry Co., Inc., ("Plaintiff") hereby files the instant motion in limine to exclude the deposition testimony of Bharat Dass, Janice Wells and Kevin Russell on the grounds that such testimony is inadmissible, irrelevant and would cause undue delay and waste the judicial resources of the Court under the Federal Rules of Evidence and controlling case law. Plaintiff states further that the proposed deposition is incompetent and fails to comply with the best evidence rule as applied in copyright cases.

In further support of its motion, Plaintiff relies on the accompanying memorandum of law.

MAG JEWELRY CO., INC.,
By its Attorney,

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A.TARRO III
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**Certificate of Service**

I hereby certify that a copy of the foregoing Motion in Limine of Plaintiff Mag Jewelry Co., Inc. to Preclude Deposition Testimony of Bharat Dass, Janice Wells and Kevin Russell was mailed, via first-class, faxed to all attorneys of record listed below at their regular business address on the 28th day of February 2006.

Thomas R. Noel, Esq.
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903

Craig M. Scott, Esq.
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place
Suite 1200
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| VS. | : | |
| | : | C.A. NO. 04-174T |
| CHEROKEE, INC. ROBERT MARGOLIS and TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF PLAINTIFF MAG JEWELRY CO., INC. TO PRECLUDE DEPOSITION TESTIMONY OF BHARAT DASS, JANICE WELLS AND KEVIN RUSSELL**

Plaintiff, Mag Jewelry Co., Inc., ("Plaintiff") hereby files the instant motion in limine to preclude the deposition testimony of Bharat Dass ("Dass"), Janice Wells ("Wells") and Kevin Russell ("Russell") on the grounds that such testimony is inadmissible, irrelevant and would cause undue delay and waste the judicial resources of the Court based upon the Federal Rules of Evidence and controlling case law. Plaintiff states further that the proposed deposition transcripts are incompetent evidence and fail to comply with the best evidence rule as applied in copyright cases.

## FACTUAL BACKGROUND

The Plaintiff, Mag Jewelry Co., Inc., is a corporation duly organized and existing under the laws of the State of Rhode Island and is in the business of manufacturing, distributing and selling religious and costume jewelry. In January or February, 1992, while designing new jewelry items, the President of Mag Jewelry, Daniel Magnanimi, sought to create a new angel design comprised of

crystal stones of various shapes, sizes and settings. In accordance with Mag's procedures with regard to the creation and the design of new pieces, he included a sample of the final design of the "Crystal Angel" piece, along with a breakdown of its component parts and costs, in one of Mag's production books. The entry was made somewhere between January 28, 1992 and the end of February, 1992.

In and around November 29, 1995, Mag applied to the Registry of Copyrights for a Certificate of Registration for the "Crystal Angel" jewelry piece. Thereafter, a Certificate of Registration was issued by the Copyright Office to Mag, with the effective date of November 29, 1995 and bearing Registration No. VA758-661. Subsequently, Mag filed a Supplemental Registration with the Copyright Office to correct inaccurate information which appeared in the original registration application concerning the date of first publication of the "Crystal Angel". Specifically, the original application for registration indicated the date of June 1, 1995 as the date of first publication. However, the actual date of first publication was March 5, 1992. As a result, the Copyright Office issued a revised Certificate of Registration, with an effective date of June 13, 1996 and bearing Registration No. VA787-020. Mag has continuously and exclusively used the title "Guardian Angel" on cards used to market its copyrighted "Crystal Angel" jewelry piece since March, 1994.

This case involves claims of copyright infringement brought by the Plaintiff against the Defendants. The Plaintiff, Mag Jewelry Co., is suing the Defendants for copyright infringement and seek to recover damages in the form of profits earned by the Defendants by and through the sales of the infringing piece. Along these lines, it is undisputed that the Defendant, Style Accessories, first purchased the piece from Alan Gregerman & Co. It is undisputed and acknowledged by Alan Gregerman by and through his deposition – that Mag Jewelry Co. had a copyright in the subject "Crystal Angel" piece. Moreover, Mr. Gregerman acknowledged

and testified at his deposition that when he sold the piece to the Defendant Style Accessories, he informed its principal Chad Mollica that he had the right to sell the "Crystal Angel" piece without exposure to Style to a lawsuit for copyright infringement from Mag because he had a license agreement with Mag to sell Mag's copyrighted piece. The Defendant Style did, in fact, purchase the piece from Gregerman for a period of time from May 1997 through August 1998. Subsequently, and despite Style's knowledge of Mag's copyright, Style stopped purchasing the "Crystal Angel" piece from Gregerman and had the piece copied by two other manufacturers, and specifically a Rhode Island company called Dannik, Inc. and a South Korean company; both of whom were unauthorized and unlicensed to manufacture Mag's "Crystal Angel".

The instant motion seeks to preclude certain deposition testimony that Defendant Style Accessories, Inc. ("Style") has indicated that it seeks to introduce in defense of the copyright infringement claims. The proffered deposition transcripts contain irrelevant and immaterial testimony, intended to confuse and divert the jury from the pertinent legal and factual issues.

## LEGAL ARGUMENT

### I. The Deposition Transcripts Must be Precluded as Evidence in this Case Because Defendant Style Failed to Comply with the Federal Rules of Civil Procedure.

This case was initially filed by Plaintiff in the United States District Court for the Eastern District of New York. Plaintiff complied with its mandatory disclosures pursuant to Rule 26 (a) on August 21, 2002. On or about March 31, 2004, the case was transferred to the United States District Court for the District of Rhode Island. At that time, mandatory disclosure under Rule 26 (a) was applicable Rhode Island. Style was added as a party defendant on or about August 2004.

Style did not disclose its intention to use the deposition transcripts of Dass, Wells and Russell until February 21, 2006, the date of jury impanelment, in violation of the federal discovery rules and the orders of this Court.

Pursuant to Rule 26 (a)(1)(E) Style was required to make its mandatory disclosures thirty (30) days after being served or joined as a party. Despite the express requirement that a party produce all documents "that the disclosing party may use to support its claims or defenses," Style did not disclose its intent to use the deposition testimony of Dass, Wells or Russell in support of its defenses within the requisite time frame. Indeed, this information was not disclosed within the pre trial discovery time limit, which closed on May 16, 2005.

This Court may in its discretion exclude the deposition transcripts based solely upon Defendant Style's failure to comply with Rule 26 (a) pursuant to Rule 37 (c). Fed.R.Civ.P. 37(c) provides, in relevant part, as follows:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

In addition to failing to comply with mandatory disclosure rules, Defendant Style's belated disclosure violated its obligations under Rule 26(e)(2). Rule 26 (e)(2) of the Federal Rules of Civil Procedure requires that a party who has responded to a request for discovery "seasonably" supplement or correct the response with information thereafter acquired if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing. A party's failure to seasonably supplement *"shall not*, unless such failure is harmless, be permitted to use as evidence at a trial...any witness or information not so disclosed." Rule 37(c)(1) (emphasis added). This Rule is mandatory. *Klonski v. Mahlab,* 156 F.3d 255, 269 (1st Cir 1998). The Court in Klonski emphasized that "the new rule contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is *mandatory* preclusion." *Id.*

Furthermore, Rule 26(e) is to be read generously, in light of its dual purpose, the narrowing of issues and the elimination of surprise. *Pulin v. Greer*, 18 F.3d 979, 984 (1st Cir. 1994) (quoting *Johnson v. H.K. Webster, Inc.* 775 F.2d 1, 7 (1st Cir. 1985)). The presence of surprise and prejudice play a central role in the decision to preclude or not preclude testimony. *Id.* In reviewing the contention that discovery answers were not properly supplemented within the strictures of the rule, the court should look to the conduct of the trial, the importance of the evidence to the proponent, and the ability of the opposing party to formulate a response. *Thibeault v. Square D Co.,* 960 F.2d 239, 244 (1st Cir. 1992). The reason for the proponent's failure to update his discovery seasonably should also be carefully examined. *Id.* This Court is entitled to find that since this evidence will necessarily compromise Plaintiff's pretrial preparation, any supplementation came too late to be "seasonable" under the Federal Rules and must be precluded. *Fusco v. General Motors Corp.*, 11 F.3d 259 (1st Cir. 1993) (excluding exhibits untimely produced even though there was no rigid deadline for production).

In this case, Plaintiff served document requests upon Style in late 2004, specifically seeking the production of documents which would have encompassed the deposition transcripts and any exhibits thereto:

> **REQUEST NO 3**: Any and all documents in the possession, custody or control of this Defendant which evidence the original creation or design of the alleged infringing piece by any person or entity other than this Defendant.

> **REQUEST NO. 10**: Any and all documents upon which this Defendant relies to support its contention that some entity other than Plaintiff created and designed the "Crystal Angel."

In its December 30, 2004 response to both requests, Defendant Style represented:

> **RESPONSE**: Style objects to this Request to the extent it seeks documents and information protected from discovery by the attorney-client privilege or as work product. Without waiving the foregoing objection and subject to it, Style's counsel is gathering such documents and will produce them in due course.

Clearly, the deposition transcripts from other copyright litigation cases are not protected by the attorney-client or work product privilege. Just as clearly, because counsel for Style was also counsel in the American Family Enterprises litigation in which two of the depositions were taken, there was no justifiable reason why the deposition transcripts were not seasonably disclosed to the Plaintiff. Likewise, the apparent purpose for the deposition testimony is to dispute Plaintiff's independent creation of the crystal angel jewelry, which falls clearly within the scope of the discovery requests.

Defendant Style blatantly chose not to comply with the mandates of Rule 26 (e). The identification of these deposition transcripts the day of impanelment and one week before pretrial memoranda were to be filed with the Court warrants their automatic exclusion under Rule 37.

The harm and prejudice to Plaintiff in permitting the Defendant to introduce evidence not exchanged in discovery is obvious. The requests for production seeking exactly this type of document were served over one year ago. Discovery closed on May 16, 2005. The identification of these documents as trial testimony was made on the eve of trial after Plaintiff has already formulated its trial strategy. Defendant Style has presented no reason for its failure to timely supplement their discovery.

There is simply no justification for Defendant Style's failure to seasonably supplement discovery as mandated by Rule 26, and, accordingly, said deposition transcripts and any exhibits thereto must be precluded from being presented at the trial of this case. As the First Circuit has explained:

> The federal courts' supervision of the discovery process, and the courts' concomitant authority to upbraid those who do not play by the rules, is rooted in the need for maintaining the integrity of the trial process. . . Thus, in the Rule 26 (e) context, preclusion can be imposed in response to a party's subversion of the trial process, even if the responsible party was guilty of laxity rather than bad faith.

*Thibeault v. Square D Co.,* 960 F.2d at 244 (1st Cir. 1992). The adoption of Rule 37(c)(1) in 1993 "gave teeth to a significantly broadened duty" to comply with case management orders, *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 19 (1st Cir.2001), and "mandatory preclusion [is] 'the required sanction in the ordinary case,' " *id.* (quoting *Klonoski v. *235 Mahlab,* 156 F.3d 255, 269 (1st Cir.1998)).

This rationale is equally compelling in this case and, accordingly, Defendant Style's eleventh hour evidentiary submissions should be precluded by this Court.

## II. The Deposition Transcripts Must be Precluded as Evidence in this Case Because Defendant Style Failed to Comply with the Federal

**Rules of Civil Procedure and Orders of this Court Regarding the Use of Deposition Transcripts.**

The use of depositions in court proceedings is limned by Federal Rule of Civil Procedure 32 (a). A threshold condition precedent to admissibility is proof that the deponent is otherwise unavailable to testify at trial. Defendant Style has offered no evidence to support a claim of unavailability and, therefore, there is no basis to permit the use of the proffered deposition testimony.

The use of the proffered deposition testimony at trial is precluded by Court Order as well. On August 17, 2004, this Court entered its Pretrial Order expressly reaffirming the continuing obligation of all parties to update responses to discovery past the discovery closure date. Further, pursuant to ¶11 of the Court's order, "failure to submit any pretrial filing on or before the due date may result in the imposition of sanctions and/or the exclusion of any evidence that should have been disclosed in a timely fashion."

Paragraph 18 of the Pretrial Order addresses the uses of recorded testimony and requires that the party seeking to introduce a deposition transcript confer with opposing counsel ten (10) days before empanelment and file a highlighted copy of the transcript one week prior to empanelment. Here, Style's counsel never conferred with Plaintiff's counsel regarding the proposed deposition testimony. Also, Defendant Style highlighted the proffered deposition testimony in yellow, indicating agreement by all parties, which is obviously not accurate. The Pretrial Order clearly advises "Any failure by counsel for the proponent to comply with his or her obligations under this paragraph may constitute grounds for excluding the proffered evidence." Accordingly, the Defendant should be held to the requirements of the Order of this Court and the deposition transcripts and exhibits

which were not revealed in accordance with this Court's Order should be precluded from presentation at trial.

This Court's revised Pretrial Order of February 6, 2006 does not significantly alter the obligations of Defendant Style with respect to use of deposition transcripts. Said Order incorporates by reference Local Rule 39 (b) which requires the designation of deposition testimony two weeks before empanelment. Since Defendant Style listed the deposition testimony on ***the day of*** jury empanelment, it failed to comply with both time limits. Moreover, the February 6, 2006 Pretrial Order reiterates that failure to timely submit a pretrial finding may result in the imposition of sanctions or the exclusion of evidence.

Rule 16 (f) of the Federal Rules of Civil Procedure gives a trial judge faced with disregard of a pretrial order the power, upon motion or sua sponte, to "make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B)(C) and (D)." Preclusion is clearly included in this Court's quiver of available and appropriate sanctions. "The extent to which a party's failure to file pretrial papers in a timely manner puts an opponent into an unfair position, by causing unnecessary preparation, confusion or distraction . . . are tasks that must be left except in the most extraordinary circumstances to the good sense of the judge on the scene." *Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1996).

## III. The Deposition Transcripts are Inadmissible Under Rules 401 and 403 of the Federal Rules of Civil Procedure as They Do Not Contain Relevant Information and Any Marginal Relevance is Outweighed by Unfair Prejudice.

In order to prevail on a copyright infringement action, the Plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of the work by the alleged infringer. *Feist Publications, Inc. v. Rural Tel. Service Co., Inc.*, 111 S.Ct. 1282, 113 L.Ed. 2d 358 (1991). The law is well-settled that a copyright registration is prima facie evidence of ownership of the copyright. 17 U.S.C. § 401(c); *Lotus Development Corp. v. Borland International Ent'l Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)(collecting cases); *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2nd Cir. 1991)(fabric patterns).

It is undisputed that Plaintiff has a duly issued copyright for the "Crystal Angel". Accordingly, it is the Defendant's burden to prove that Plaintiff's copyright in the "Crystal Angel" is invalid and unenforceable. *Lotus Development Corp.,* 49 F.3d at 813. It is Defendant's burden to introduce ***relevant*** evidence to establish that Plaintiff's copyright is invalid by establishing that Plaintiff did not independently create its "Crystal Angel" but copied it from another source.

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is inconceivable how the proposed deposition testimony could provide testimony that could fall within these parameters and, therefore, such evidence is inadmissible. Fed. R. Evid. 402. It is Defendant Style's burden to establish the proffered deposition testimony is relevant in the first instance.

The proffered evidence is not competent or sufficient to rebut the statutory presumption of copyright validity to which Plaintiff is entitled under 17 U.S.C. § 410(c) because it does no more than suggest that Dass may have created some type of angel jewelry in Atlanta Georgia sometime in the early 1990's. As the First Circuit held in *CMM Cable Rep. Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d

1504, 1513 (1st Cir. 1996), the presumption of the validity of Plaintiff's copyright cannot be overcome unless the defendant sustains its burden of showing "evidence that the ***plaintiff copied*** from other works"(emphasis added) Defendant has come forward with no evidence of either access or copying.

None of the deposition testimony proffered by Defendant Style -- Bharat Dass, Janice Wells or Kevin Russell -- contain any relevant testimony with respect to whether or not Plaintiff copied its "Crystal Angel" from another source. None of these witnesses testified that the Plaintiff copied their designs. Likewise, none of these witnesses testified that anyone associated with the Plaintiff even had access to their angel jewelry, let alone purchased any samples at any time and certainly not prior to Plaintiff's creation date in 1992.[1] Unless the Plaintiff ***copied*** its design from one of these allegedly prior sources, it cannot be denied copyright protection simply because they (allegedly) existed somewhere in the world prior to Mag's creation. Accordingly, testimony regarding allegedly prior creations dates by unrelated third parties, in the absence of any nexus between those creations and Plaintiff, is simply not relevant to this dispute.

Moreover, the depositions from August 1999 were taken in the case of Mag Jewelry Co, Inc. v. Colorfuls, Inc. and American Family Enterprises and Lillian Vernon Corp., C.A. No. 97-526 ("American Family Enterprises litigation") which was resolved in Mag's favor after American Family filed for bankruptcy.

---

[1] Remarkably, a review of the deposition transcript reveals that Kevin Russell was not even questioned regarding any relationship or interaction with the Plaintiff. Similarly, Janice Wells had no recollection whatsoever of ever meeting or seeing Mr. Magnanimi, President of Mag Jewelry. (Deposition of August 25, 1999, p. 32) It is equally uncertain whether Bharat Dass, the purported creator of the prior crystal angel, ever showed the angel to Mr. Magnanimi or whether he observed it in the Atlanta showroom. (Deposition of August 25, 1999, p. 55-56, 58) This testimony is too attenuated and equivocal to be admissible as relevant or material to the claims or defenses in this case.

Consequently, the validity and enforceability of Plaintiff's copyright was never litigated between these parties or admitted between the parties.

Thus, the deposition testimony of these witnesses, standing alone, are not relevant or material to the resolution of any of the copyright infringement issues in this case. This is particularly true where it cannot be disputed in the instant case that the Defendant Style, by and through its principal Chad Mollica, knew that the "Crystal Angel" piece that it purchased initially from Gregerman was Mag's copyrighted piece and that Gregerman had the right to sell the piece to Style, pursuant to a license agreement with Mag. Despite Style's knowledge that the piece was copyrighted by Mag, it subsequently stopped purchasing the piece from Gregerman and had it copied by two (2) manufacturers who were unauthorized and unlicensed by Mag to make the "Crystal Angel".

Finally, even if there is some contrived basis whereby the deposition testimony of these witnesses could be deemed relevant, which Plaintiff denies, any such marginal relevance is clearly outweighed by the likelihood of undue delay, waste of judicial resources and confusion of the issues requiring exclusion under Fed. R. Evid. 403. Rule 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." This court may determine whether evidence should be excluded as a matter of law. *Swajian v. General Motors Corp.*, 916 F.2d 31, 34 (1st Cir. 1990); *see also, La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731 (1st Cir. 1994) (excluding evidence of defendant's profits as unfairly prejudicial under Rule 403).

Not one of the third party witnesses has conclusively proved a creation date prior to Plaintiff's, and none has been willing to litigate the issue when challenged by Plaintiff, as each of the cases in which these witnesses provided deposition

testimony were settled or otherwise resolved in Plaintiff's favor outside of court. Evidence regarding already resolved and settled copyright infringement cases could divert attention from the merits of this case to a collateral battle over cases concluded and dismissed years ago. Allowing the introduction of the deposition testimony would result in numerous mini trials regarding matters which the deponents themselves or the original proponents thereof did not consider trialworthy. Defendant Style should not be permitted to try cases previously dismissed from this Court in the context of this action.

These factors require the exclusion of both the deposition transcripts or live testimony of the proposed witnesses Bharat Dass, Janice Wells and Kevin Russell.

## IV. The Deposition Transcripts Are Inadmissible Because They Do Not Contain Competent Testimony Regarding the Copyright Issues in this Case.

As argued above, proof of plaintiff's copying of prior work to sustain the defense of lack of originality, requires proof of access and substantial similarity to the prior work. *See North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031 (9th Cir. 1992). Apart from the fact that the proffered deposition transcripts do not establish any access whatsoever, they are also not admissible because testimony cannot substitute for documentary evidence to show the alleged requisite substantial similarity. In other words, since no exhibits or samples of the alleged prior art have been submitted with the deposition transcripts, the transcripts are inadmissible under the best evidence rule.

The best evidence rule, as articulated in Rules 1001, 1002, 1003 and 1004 of the Federal Rules of Evidence, requires that the original of a document be introduced as evidence to prove the contents of a writing, recording or photograph. Pursuant to Rule 1004, other evidence may be admissible to prove the contents of a

writing, recording or photograph if the originals have been lost or destroyed, the original is not obtainable, the original is in the possession of the opponent, or if the evidence involves collateral matters. Secondary evidence may be admissible in place of the unavailable original, "but only if the proponent shows that a reasonable and diligent search has been made for the original without success. *See Harrington v. United States*, 504 F.2d 1306, 1313 (1st Cir. 1974) (excluding unsigned copy of agreement where showing of unavailability of original was inadequate); *Sylvannia Electric Products, Inc. v. Flanagan,* 352 F.2d 1005 (1st Cir. 1965) (secondary evidence of contents of writing inadmissible where proponent had not used all reasonable means to locate documents which were the foundation of claim).

Here, Defendant Style has made no showing that the originals, or for that matter, the duplicate copies attached to the depositions, have been lost or destroyed. There is likewise no evidence that the exhibits are otherwise not obtainable, as there is no evidence of any efforts made by Defendant Style to obtain the exhibits ***prior to*** submitting the deposition transcript list to the Court.

By letter dated February 23, 2006, at the eleventh hour, Defendant Style sought to procure the missing deposition exhibits from Plaintiff's counsel. Presumably, Defendant Style realized that without the referenced exhibits the bare deposition testimony was not competent evidence. This last minute effort to locate the missing exhibits is not sufficient to meet the due diligence standard for the admission of secondary evidence for several reasons.

First, Defendant Style's counsel conducted two of the depositions in the context of the American Family Enterprises litigation. Thus, he had equal access to the deposition exhibits and had the means to obtain them at that time. Second, the depositions in the Eden Jewelry cases were conducted by New York counsel and it is unknown whether any attempt was made to procure the exhibits from that

source. Third, Defendant Style's counsel had ample opportunity to obtain the deposition exhibits long before the transcripts were proffered as evidence, and indeed had the obligation to do so. Fourth, the request made to Plaintiff's counsel is nothing more than a document request made over nine months after the discovery closure date. Contrary to the accusations in the February 23, 2006 letter, there are no rules, interrogatories or document requests that would have compelled Plaintiff to produce the deposition exhibits from previous cases to the Defendant. Fifth, notwithstanding the foregoing procedural infirmities, Plaintiff's counsel is not in possession of any of the requested deposition exhibits or related documents.

Furthermore, it cannot credibly be argued that the exhibits refer to collateral matters, as the issues of independent creation and substantial similarity require a comparison between Plaintiff's Crystal Angel and the alleged prior art.

Finally, other jurisdictions that have addressed the best evidence rule in the context of copyright infringement actions have concluded that documentary evidence of the samples of the work must be introduced into evidence and that oral testimony, recollections or reconstruction's are inadmissible under the best evidence rule to establish independent creation or infringement. *See Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1987) (applying best evidence rule to drawings upon which claim of infringement was based, excluding testimony regarding reconstruction and requiring production of original or showing of unavailability through no fault or bad faith of the proponent for reconstruction to be admissible); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998) (artist's reconstruction of cartoon from memory did not satisfy copyright registration requirement); *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002) (artist's reconstruction of song from memory did not satisfy copyright registration requirement).

In *Carter v. Jackson*, 59 F.3d 1046 (10th Cir. 1995), the Court concluded that the Plaintiff's failure to make a diligent effort to locate demo tapes which were given out to family, friends and record companies, precluded the introduction of her oral testimony regarding her version of the song and her efforts to recreate her original version. The Court found that the proponent's failure to subpoena the critical demo tapes precluded the use of secondary evidence to prove her case and that the only way for her to prove access was through the demo tapes themselves. *Id* at 1049.

The foregoing cases establish that the deposition transcripts, without the original samples of the alleged prior art, are not admissible under the best evidence rule. Moreover, duplicate copies, as secondary evidence, are not admissible because Defendant Style has not made the requisite showing that the originals are unavailable, lost or destroyed after conducting a diligent search. Style's failure to produce the deposition exhibits, themselves duplicates, renders the deposition transcripts inadmissible as evidence in this case.

## CONCLUSION

For the reasons set forth herein, Plaintiff Mag Jewelry Co., Inc. requests that its Motion in Limine to preclude introduction of the deposition testimony of Bharat Dass, Janice Wells and Kevin Russell as evidence in this case be granted in all respects.

MAG JEWELRY CO., INC.,
By its Attorney,

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A.TARRO III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**Certificate of Service**

I hereby certify that a copy of the foregoing Memorandum in Support of Motion in Limine of Plaintiff Mag Jewelry Co., Inc. to Preclude Deposition Testimony of Bharat Dass, Janice Wells and Kevin Russell was mailed, via first-class, to all attorneys of record listed below at their regular business address on the 28 the day of February 2006.

Thomas R. Noel, Esq.
NOEL 7 GYORGY LLP
50 South Main Street
Providence, RI 02903

Craig M. Scott, Esq.
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place
Suite 1200
Providence, RI 02903