**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY AT TRIAL**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and hereby files the instant Motion in Limine to Preclude Testimony – live or by deposition – of Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manuk Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, David McHale and Jim Morris at the Trial in this matter, on the grounds that said witnesses were never properly disclosed in accordance with the Rules of Civil Procedure. Furthermore, the testimony is inadmissible, irrelevant, and would cause undue delay and waste the judicial resources of the Court under the Federal Rules of Evidence and controlling case law. In support of its Motion, Plaintiff relies on the accompanying Memorandum of Law.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed + faxed a copy of the above ***Motion in Limine*** regular mail on the 28 day of February, 2006, to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Tarro

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY AT TRIAL**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and hereby files the instant Motion in Limine to Preclude Testimony – live or by deposition – of Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manuk Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, David McHale and Jim Morris at the Trial in this matter, on the grounds that said witnesses were never properly disclosed in accordance with the Rules of Civil Procedure. Furthermore, the testimony is inadmissible, irrelevant, and would cause undue delay and waste the judicial resources of the Court under the Federal Rules of Evidence and controlling case law.

**FACTUAL BACKGROUND**

This case involves a claim of copyright infringement brought by the Plaintiff against the Defendants Cherokee, Inc., Target Corporation d/b/a Target Stores and Style Accessories, Inc. The instant Motion seeks to preclude certain testimony and witnesses, which it is anticipated the Defendants will seek to introduce in defense of the copyright infringement claims.

By way of background, this matter was initially filed in the United States District Court for the Eastern District of New York against the Defendants Cherokee, Inc., Robert Margolis and Target Corporation d/b/a Target Stores[1]. After filing of the Complaint and pursuant to the requirements of Rule 26 of the Federal Rules of Civil Procedure, the Plaintiff filed a Rule 26A Disclosure with the Court, setting forth the names and addresses of individuals likely to have discoverable information, a description of the documents supporting the Plaintiff's claims, as well as Plaintiff's claim for damages.

At the time of the Rule 26(f) conference, which took place on May 14, 2002, the Defendants Cherokee, Inc., Robert Margolis, and Target Corporation d/b/a Target Stores objected to participated in Rule 26A required disclosure on the grounds that there was pending before the Court a Motion to Dismiss and/or Transfer this action to the United States District Court for the District of Rhode Island. The Defendants never made a Rule 26 Disclosure during the period of time that the matter was pending in the United States District Court for the Eastern District of New York, setting forth the names and addresses of individuals likely to have information and a description of the documents supporting Defendants' defenses.

Subsequently, pursuant to the Order of Senior District Judge Sterling Johnson, Jr. dated March 31, 2004, this matter was transferred to the United States District Court for the District of Rhode Island. At the time of the transfer, this Court had adopted Rule 26 and the required disclosures set forth therein, including the disclosure of all individuals likely to have discoverable information which the disclosing party may use to support its claim or defense, under Rule 26(a)(A), as well as the pre-trial disclosure of witnesses required under Rule 26(a)(3)(A).

The Defendants Cherokee, Inc. and Target Corporation d/b/a Target Stores have never filed a disclosure pursuant to Rule 26 in this matter.

As to the Defendant Style Accessories, it was added as a party Defendant to this matter on or about October 5, 2004. Likewise, Style has never provided

[1] Mr. Margolis has since been dismissed as a party defendant pursuant to Stipulation entered into between the parties dated June 8, 2005.

disclosure in accordance with the requirements of Rule 26 in this matter, setting forth the names and addresses of individuals likely to have discoverable information and a description of the documents supportive to Defendants' defenses.

Plaintiff propounded Request for Production of Documents on each of the Defendants. Specific to the instant motion, the Plaintiff sought any and all documents in the possession, custody or control of the Defendant which evidenced the original creation or design of the alleged infringing piece by any person or entity other than this Defendant.

In response to this document request, the Defendant Style posed an objection on the grounds that the request sought information that was protected from disclosure by attorney client privilege or work product. However, the Defendant did not include a privilege log pursuant to Rule 26 identifying any such documents which it alleged to be protected by privilege. The Defendant Style went on the respond that its counsel was gathering such documents and they would produce them in due course. Style never provided any documents as to independent creation or the "Crystal Angel" by the Defendant or some other third party during the discovery process and prior to the discovery closure date of March 16, 2005.

The Defendant Target indicated that it had no documents in its possession, care or control responsive to the request for production concerning independent creation.

The Defendant Cherokee objected to the request, on the grounds that it sought information that was protected from disclosure by attorney client privilege and attorney work product. However, the Defendant Cherokee never provided a privilege log pursuant to the requirements of Rule 26 identifying any such protected documents. The Defendant Cherokee went on to respond to the request by indicating that it had no "non-privileged" documents responsive to the request.

Discovery in this matter closed on May 16, 2005, pursuant to this Court's Order dated February 1, 2005.

Subsequent to the closure of discovery, the Defendants Style Accessories and Cherokee filed Motions for Summary Judgment with this Court, which were heard

and denied pursuant to the Court's Order, dated November 3, 2005. In the Motion for Summary Judgment of the Defendant Style Accessories and its accompanying papers, the Defendant makes mention of the following individuals: Joseph Avanzato, Esq., Nicholas Verrechia, Robert Piro, Bharat Dass, Kevin Russell, and Janice Wells.[2] The documents filed along with the Defendant Style's Motion for Summary Judgment represent the first time that the Defendant Style Accessories makes mention of the aforementioned individuals who it alleges has knowledge concerning the subject matter of this litigation, and specifically, allegations concerning other independent creations of the infringing work by third parties subsequent to Mr. Magnanimi's date of creation of March 1992.[3]

In its List of Witness for Voir Dire Identification, which was provided to Plaintiff's counsel on February 21, 2006, the Defendant Style also lists the following witnesses for voir dire identification: Manuk Barsoumian, David McHale, and Jim Morris. None of these individuals have ever been identified by the Defendant in accordance with the requirements of Rule 26 during discovery in this matter nor in response to discovery requests. Style's List of Witnesses for Voir Dire Identification was provided to Plaintiff's counsel at the empanelment on February 21, 2006.

## LEGAL ARGUMENT

### I. The Plaintiff's Motion in Limine to Preclude the Testimony – Live or by Deposition – of Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manuk Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, David McHale and Jim Morris should be granted on procedural grounds, where the Defendants have failed to identify said individuals in compliance with the requirements of the Federal Court Rules of Civil Procedure.

Rule 26 of the Federal Rules of Civil Procedure in pertinent part as follows:

---

[2] The Defendant attached to its Motion for Summary Judgment as part of its 12.1 Statement excerpts from deposition testimony, Affidavits and correspondence of the aforementioned individuals, which were obtained in prior copyright infringement cases brought by the Plaintiff Mag against other Defendants who are not a party to this action.

[3] Defendant Style makes a single sentence reference to "Verrechia, Dass, Piro … angel creations and sales" in a correspondence forwarded to Plaintiff's counsel, pursuant to Paragraph 8 of this Court's Pretrial Order concerning Summary Judgment Motions.

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order a party must, without awaiting a discovery request, provide to other parties:

**(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information

***

**(3) Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

**(A)** the name and if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

***

Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial.

***

**(e) Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

***

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or

> corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

As indicated previously, the Defendants have never complied with the requirements of Rule 26 disclosure in this case. Discovery closed in this matter on May 16, 2005. However, the Defendants first identified the foregoing individuals as potential witnesses to testify at trial, on the date of empanelment, February 21, 2006; some nine months after discovery closure.

Your Plaintiff submits that where the Defendants have failed to make timely disclosure of the aforementioned witnesses they should be precluded from testifying – live/or by deposition – at the trial in this matter. Along these lines, Plaintiff urges the Court to recognize that Manuk Barsoumian, David McHale and Jim Morris have *never* been identified in any pleading or discovery response filed by the Defendants, in this matter, as individuals who had knowledge concerning the claims or who might testify on behalf of the Defendants in support of their defenses. The disclosure of these three individuals at this late date clearly prejudices the Plaintiff and they should be precluded from testifying – live or by deposition.

Likewise, Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Bharat Dass, and Janice Wells were only identified by the Defendant Style Accessories' in its Motion for Summary Judgment; which was filed approximately 2 ½ months after discovery had closed in this matter. Your Plaintiff submits that it will be prejudiced if the Defendant Style is permitted to introduce testimony from the aforementioned individuals at trial, either live or by way of deposition, where said witnesses were never properly disclosed by the Defendants pursuant to Rule 26 during the discovery process thereby precluding Plaintiff's counsel from conducting any discovery concerning these individuals in preparation for the trial in this matter.

Further along these lines, Plaintiff urges the Court to recognize that Plaintiff made a specific request for production upon the Defendant Style as follows:

> **<u>Request No. 10</u>**: Any and all documents upon which this Defendant relies to support its contention that some entity other than Plaintiff created and designed the "Crystal Angel."
>
> **<u>Response</u>**: Style objects to this request to the extent that it seeks documents and information protected from discovery by the attorney-client privilege or attorney work product. Without waiving the foregoing objection and subject to it, Style's counsel is gathering such documents and will produce them in due course. (Defendant Style Accessories Responses to Plaintiff's First Request for Production of Documents)

As stated previously herein, the Defendant Style never produced a privilege log identifying any documents which it claimed was subject to protection from disclosure. Likewise, *<u>no documents</u>* responsive to the request were ever produced to Plaintiff's counsel prior to the close of discovery on May 17, 2005. As stated previously, the documents were first disclosed to Plaintiff's counsel as attachments to the Defendant Style's Motion for Summary Judgment, which was provided to Plaintiff's counsel some 2 ½ months after discovery had closed in this matter.

Plaintiff anticipates that Defendants may argue that some of the individuals identified Style Accessories List of Witnesses for Voir Dire Identification have been mentioned in prior cases involving infringement of the crystal angel jewelry piece. However, your Plaintiff submits such an argument is not persuasive and it is without merit. Indeed, Plaintiff's counsel cannot be expected to speculate as to who the witnesses are that the Defendants may call at trial to support their defenses. The Defendant is under an affirmative duty to provide this information in response to the disclosure requirements of Rule 26 and in response to discovery requests properly propounded upon them during the discovery process. Defendants never identified these individuals in accordance with Rule 26, nor did the Defendant produce documents (i.e. Affidavits Deposition Transcripts and/or correspondence of said individuals) in response to the specific request for

documents supporting Defendant's claim that some one other tan Mag designed/created the "Crystal Angel".

Plaintiff's counsel was entitled to assume that the Defendant would abide by the Rules and supplement its response to discovery as required. Moreover, Plaintiff's counsel is entitled to rely on the discovery response provided by Defendant in preparing for trial, including, the fact that said responses have been properly supplemented in accordance with the requirements of the rules of Civil Procedure.

The First Circuit Court of Appeals recognized in Klonoski v. Mahlab, 156 F.3d 255, 270-271 that "the purpose of the discovery rules is to provide for the 'fullest possible' pretrial disclosure of admissible evidence, to 'reduc[e] the possibility of surprise' *Hickman*, 3329 US at 500-01, 67 S. Ct. 385, and to insure 'a fair contest' *Proctor & Gamble*, 356 US at 682, 78 S. Ct. 983." [See also Thibeault v. Square D Company, 960 F.2d 239, 243 (1st. Cir. 1992) "This circuit has recommended a straight forward approach to insure that the spirit of open discovery embodied in Rule 26 is not undermined by either evasion or by dilatory tactics."]

In the case at bar, your Plaintiff submits that the Defendants have failed to comply with the requirements of Rule 26(a)(1), (3) and (e). With respect to the latter, your Plaintiff submits that the Defendants have failed to supplement their response to request for production setting forth any documents which the Defendants intend to rely upon to support its contention that some entity other than Plaintiff created and designed the "Crystal Angel".

As Plaintiff has set forth in Section I herein, the Defendants never identified the individuals set forth in Style's List of Witnesses for Voir Dire Identification in accordance with Rule 26. Moreover, none of the correspondence, affidavits or deposition transcripts attached to the Defendant Style's Motion for Summary Judgment - which was filed 2 ½ months after discovery closure - were ever produced in response to the specific requests concerning documents which

the Defendant might rely upon to support its contention that someone other than Mag created and designed the subject "Crystal Angel". Even more troubling, three of the individuals named, Manuk Barsoumian, David McHale and Jim Morris have never been identified in any pleading filed by the defense in this matter, either during the discovery process or as part of the Defendant's Motion for Summary Judgment. Plaintiff's counsel simply does not know how these individuals are involved in this case, nor what knowledge they may have related thereto.

Your Plaintiff submits that the Defendant's conduct, as set forth above, is clearly in violation of the requirements of Rule 26 cited previously. More importantly, Plaintiff will suffer extreme prejudice to its case, if the testimony of these individuals, who were never properly identified as witnessed during the discovery stage, was allowed at trial.

In the matter of Thibeault v. Square D Company, 960 F.2d 239 (1st Cir. 1992) the First Circuit Court of Appeals acknowledged that in reviewing whether a party complied with the requirements of Rule 26(e) a court "should look to the conduct of the trial, the importance of the evidence to its proponent, and the ability of the [opposing party] to formulate a response." 960 F.2d at 244, citing Johnson v. H.K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985) The Court further ordered that the reason for the proponents failure to update discovery seasonably pursuant to the requirements of Rule 26(e) may also be considered by the Court.

Based on the foregoing, your Plaintiff submits that the Defendant should be precluded from introducing evidence, either live or by deposition, of the individuals set forth in Style's List of Witnesses for Voir Dire Identification, where the Defendants have failed to properly supplement their responses to discovery requests in compliance with the strict requirements of Rule 26, and particularly 26(e). Along these lines, Plaintiff urges the Court to recognize that the identification of some of the witnesses set forth in Defendant Style's Motion for Summary Judgment – which was filed 2 ½ months after discovery closed –

consist of documents which were clearly in the possession of defense counsel during the discovery process. However, the Defendant Style never supplemented its response to document request to provide the responsive documents. As a result, Plaintiff's counsel did not learn of the Defendant's intent to rely on certain documents authored by them until the Defendant's Motion for Summary Judgment. By that time, discovery had closed and Plaintiff was foreclosed from conducting meaningful discovery as to the individuals or the documents. Such a result is clearly not what was intended by the spirit of open discovery embodied in Rule 26.

Moreover, based on the analysis set forth in Thibeault as to whether supplementation within the requirements of Rule 26(e) has been satisfied, one cannot dispute the importance of the purported documents to the Defendants in this case; as they clearly go to the Defendants contention that some entity other than Mag created and designed the "Crystal Angel" piece. Moreover, where it is undisputed that the counsel for Style knew of these individuals and apparently had possession of the documents for some time, Plaintiff is hard-pressed to formulate any valid reason for Style's failure to update its discovery responses seasonably within the requirements of Rule 26.

Based on the foregoing, your Plaintiff submits that Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manuk Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, David McHale and Jim Morris should be precluded from testifying at trial – live or by deposition – due to the Defendants failure to make timely disclosure pursuant to the requirements of Rule 26 of the Federal Rules of Civil Procedure and in response to prior discovery.

**II. The Plaintiff's Motion in Limine to Preclude the Testimony – live/or by deposition of Attorney Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manuk Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, David McHale and Jim Morris should be granted on substantive grounds where said testimony is inadmissible, irrelevant and would cause undue delay and waste the judicial resources of the Court under the Federal Rules of Evidence and controlling case law.**

In order to prevail on a copyright infringement action, the Plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of the work by the alleged infringer. Feist Publications, Inc. v. Rural Tel. Service Co., Inc., 111 S.Ct. 1282, 113 L.Ed. 2d 358 (1991). The law is well-settled that a copyright registration is prima facie evidence of ownership of the copyright. 17 U.S.C. § 401(c); Lotus Development Corp. v. Borland International Ent'l Inc., 49 F.3d 807, 813 (1st Cir. 1995)(collecting cases); Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 763 (2nd Cir. 1991)(fabric patterns).

It is undisputed that Mag has a duly issued copyright for the "Crystal Angel". Accordingly, it is the Defendant's burden to prove that Mag's copyright in the "Crystal Angel" is invalid and unenforceable. Lotus Development Corp., 49 F.3d at 813. It is Defendant's burden to introduce ***relevant*** evidence to establish that Mag's copyright is invalid by establishing that Mag did not independently create its "Crystal Angel" but copied it from another source.

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is inconceivable how the proposed witnesses could provide testimony that could fall within these parameters and, therefore, such evidence is inadmissible. Fed. R. Evid. 402.

Defendant has failed to come forward with evidence sufficient to rebut the statutory presumption of copyright validity to which Mag is entitled under 17 U.S.S. § 410(c). As the First Circuit held in CMM Cable Rep. Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1513 (1st Cir. 1996)(Torruella, CJ) the presumption cannot be overcome unless the defendant sustains its burden of showing "evidence that the plaintiff copied from other works"(emphasis added) Defendant has come forward with no such evidence. Thus Mag's design, deemed copyrightable by the

trained examiners of the Visual Arts section of the U.S. Copyright Office, must be presumed to possess sufficient creativity to be protectable.

None of the witnesses to be proffered by Defendant, Nicholas L. Verrechia, Robert Piro, Bharat Dass, Janice Wells, and Kevin Russell can provide any relevant testimony with respect to whether or not Plaintiff copied its "Crystal Angel" from another source[4]. None of these witnesses has testified nor can they testify that Mag copied their designs. Unless Mag copied its design from one of these allegedly prior sources, it cannot be denied copyright protection simply because they (allegedly) existed somewhere in the world prior to Mag's creation. Accordingly, testimony regarding allegedly prior creations dates by unrelated third parties is simply not relevant to this dispute.

A. Nicholas Verrechia

There is no credible testimony that Nicholas Verrechia created a crystal angel jewelry piece in 1978 or 1979 for his employer Empire Jewelry. Verrechia's employer, Joseph Bordieri of Empire Jewelry testified by way of deposition that Verrechia never created a crystal angel jewelry design while working for him. Thus, Verrechia's testimony cannot be introduced without permitting Mag to bring forth its own witnesses in rebuttal. This would create a trial within a trial regarding the existence and creation date of an irrelevant jewelry piece, as there is no testimony that Mag ever copied this purported jewelry piece in designing its "Crystal Angel."

Moreover, Nicholas Verrechia's deposition was taken in the case of Mag Jewelry Co, Inc. v. Colorfuls, Inc. and Warren A. Stein, C.A. No. 97-0053ML. This case was settled in Mag's favor and dismissed. Thus, the validity and

[4] As to Manuk Marsoumian, David McHale, and Jim Morris, Plaintiff reiterates that these individuals have never been disclosed in any form. As such, Plaintiff has no knowledge as to how they are involved in this matter nor as to what knowledge they have concerning same.

enforceability of Mag's copyright was never litigated between these parties or admitted between the parties. Accordingly, the testimony of Nicholas Verrechia must be excluded as irrelevant to the issue of the validity and enforceability of Mag's copyright.

B. Robert Piro

Robert Piro is an officer of Catalog Ventures. Catalog Ventures is a customer of Mag Jewelry; therefore, whether it featured a crystal angel in its catalogs has no bearing on the validity of Mag's copyright. In addition, Robert Piro never testified that Mag copied the jewelry pieces shown in his catalogs in designing its "Crystal Angel."

Moreover, Robert Piro's deposition was taken in the case of Mag Jewelry Co, Inc. v. Colorfuls, Inc. and Warren A. Stein, C.A. No. 97-0053ML. This case was settled in Mag's favor and dismissed . Thus, the validity and enforceability of Mag's copyright was never litigated between these parties or admitted between the parties. Accordingly, the testimony of Robert Piro must be excluded as irrelevant to the issue of the validity and enforceability of Mag's copyright.

C. Bharat Dass, Janice Wells and Kevin Russell

The case between Bharat Dass and Mag, captioned Mag Jewelry Co., Inc. v. Bharat Dass, C.A. No. 97-070B involved claims of both parties as the validity and enforceability of their respective copyrights. Janice Wells and Kevin Russell were witnesses proffered by Bharat Dass in support of his claim of copyright infringement. However, to the extent it could be established that Bharat Dass created a crystal angel prior to Mag's "Crystal Angel", Dass assigned all of his interest in his design to Mag by an agreement dated August 19, 1997 and, therefore, Mag is the rightful and legal owner of any copyright that Dass may have held. Thus, the validity and enforceability of Mag's copyright was never litigated between these parties or admitted between the parties. Accordingly, the testimony

of Bharat Dass, Janice Wells and Kevin Russell must be excluded as irrelevant to the issue of the validity and enforceability of Mag's copyright.

Moreover, these deposition were taken in the case of Mag Jewelry Co, Inc. v. Colorfuls, Inc. and American Family Enterprises and Lillian Vernon Corp., C.A. No. 97-526 which was resolved in Mag's favor after American Family filed for bankruptcy. Thus, the validity and enforceability of Mag's copyright was never litigated between these parties or admitted between the parties.

In summary, even if there is some contrived basis whereby the testimony of these witnesses could be deemed relevant, which Plaintiff denies, any such marginal relevance is clearly outweighed by the likelihood of undue delay, waste of judicial resources and confusion of the issues and should be excluded under Fed. R. Evid. 403. In this regard, Rule 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." This court may determine whether evidence should be excluded as a matter of law. Swajian v. General Motors Corp., 916 F.2d 31, 34 (1st Cir. 1990); see also, La Plante v. American Honda Motor Co., Inc., 27 F.3d 731 (1st Cir. 1994) (excluding evidence of defendant's profits as unfairly prejudicial under Rule 403);

As stated in Plaintiff's accompanying Motion in Limine and Memoranda filed in this matter, the Plaintiff Mag is suing the Defendants for copyright infringement of the "Crystal Angel" jewelry piece. It is undisputed that the Defendant Style Accessories initially purchased the piece from Alan Gregerman Co who has a license agreement to manufacture and sell Mag's copyrighted crystal angel. It is further undisputed that Alan Gregerman told Style Accessories through its principal Chad Mollica – that Mag had a copyright in the crystal angle,

and further, that he had the right to manufacture and sell the piece without exposure to Style to a lawsuit from Mag for copyright infringement based on his agreement with Mag. Despite this knowledge, after Style purchased the piece for a period of time from Gregerman it stopped and had the piece copied by two other manufacturers; both of which were unauthorized and unlicensed to manufacture Mag's copyrighted piece. Accordingly, there can be no dispute as to the fact that Style knew that Mag had a copyright in the Crystal Angel, and further, that it had the piece copied by unauthorized unlicensed manufacturer, after it ceased purchasing the piece from Alan Gregerman Company.

Not one of the third party witnesses has demonstrated a creation date prior to Mag's, and none has been willing to litigate the issue when challenged by Mag inasmuch as all of the cases in which these witnesses provided deposition testimony were settled or otherwise resolved in Mag's favor outside of court. Evidence regarding already resolved and settled copyright infringement cases could divert attention from the merits of this case to a collateral battle over cases resolved and dismissed years ago. Permitting these witnesses to testify would result in numerous mini trials regarding matters which the deponents themselves or the original proponents thereof did not consider trialworthy. Defendants herein should not be permitted to try cases previously dismissed from this Court in the context of this action.

These factors require the exclusion of both depositions or live testimony of the proposed witnesses, Nicholas L. Verrechia, Robert Piro, Bharat Dass, Janice Wells, Kevin Russell, Manuk Barsoumian, David McHale and Jim Morris.

**CONCLUSION**

For the reasons set forth herein, Plaintiff Mag Jewelry Co., Inc. requests that its Motion in Limine to exclude testimony of Nicholas L. Verrechia, Robert

Piro, Bharat Dass, Janice Wells, Kevin Russell, Manuk Barsoumian, David McHale and Jim Morris, be granted in all respects.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed /faxed a copy of the above Memorandum in Support of Motion in Limine to Preclude Certain Testimony regular mail on the ______day of February, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903