UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**OBJECTION OF DEFENDANT, TARGET CORPORATION, TO PLAINTIFF'S MOTION IN LIMINE PRECLUDING THE INTRODUCTION OF EVIDENCE CONCERNING TO COSTS RELATED TO THE SALE OF THE ACCUSED CRYSTAL ANGEL PIECE**

Defendant Target Corporation ("Target") hereby objects to plaintiff Mag Jewelry Co., Inc.'s Motion in Limine to Preclude Defendants from Introducing Evidence at Trial as to Costs Regarding the Manufacture and/or Sale of the Crystal Angel Piece. As grounds for its objection, Target relies on the Memorandum of Law filed herewith.

TARGET CORPORATION
d/b/a TARGET STORES,
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

Dated: March 3, 2006

## CERTIFICATION

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Robert W. Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

I hereby certify that I caused a true copy of the within *Objection to Motion in Limine* to be sent via Facsimile and First Class Mail to the above named counsel of record on the 3rd day of March 2006.

______________________________

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Obj of Target to Motion in Limine.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-174 T |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S MOTION IN LIMINE PRECLUDING THE INTRODUCTION OF EVIDENCE CONCERNING TO COSTS RELATED TO THE SALE OF THE ACCUSED CRYSTAL ANGEL PIECE**

Plaintiff, Mag Jewelry Co., Inc.'s ("Mag"), Motion in Limine to Preclude Defendants from Introducing Evidence at Trial as to Costs Regarding the Manufacture and/or Sale of the Crystal Angel Piece against Target Corporation ("Target") is remarkably inaccurate. In sum, Mag ignores or mischaracterizes the cost information Target timely produced in its effort to convince this Court to preclude admissible evidence.

On December 15, 2004, Target produced detailed spreadsheets to plaintiff generated from Target's database that set forth the direct and indirect costs and expenses Target allocated to its promotion and sale of the accused crystal angel piece for 2001 through 2004, including the: (1) cost of goods sold; (2) direct expenses; (3) transfer expense; (4) Central Returns Center ("CRC") expense; (5) CRC income; (6) store fixed overhead; (7) headquarters fixed overhead; (8) distribution fixed overhead; (9) institutional advertising; (10) interest expense; and (11) taxes. (Target's document production as to this financial information has been designated confidential pursuant to the Protective Order and demarcated as Bates Nos. DEF 00115, 0116, 00121 and

00122.) Thus, Mag had documents reflecting Target's detailed cost and expense information for over a year.

Second, Plaintiff complains that Target failed to respond to Interrogatory No. 17. Again, Mag misstates the discovery exchanged. Plaintiff propounded Interrogatory No. 17[1] on May 15, 2002, when this case was still before the United States District Court for the Eastern District of New York. Target timely responded to Interrogatory No. 17 as follows:

> **RESPONSE NO. 17:**
>
> Defendant objects to Interrogatory No. 17 on the grounds that it is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendant further objects to responding to any part of Interrogatory No. 17 on the grounds that the number of interrogatories propounded exceeds the twenty-five (25) interrogatories permitted pursuant to Fed.R.Civ.P. 33.
>
> Without waiving said objections, and subject specifically thereto, this Interrogatory does not apply to Target because it did not manufacture the "Crystal Angel" necklace and therefore has no manufacturing costs, as identified.

On December 17, 2004, Target served a more responsive Answer to Interrogatory No. 17 as follows:

> **RESPONSE NO. 17**:
>
> This Interrogatory does not apply to Target because it did not manufacture the "Crystal Angel" necklace and therefore has no manufacturing costs, as identified, and Target has or will any identified all other "costs" associated with the "Crystal Angel," after execution of a protective order, in response to Interrogatory No. 4.

In its response to Interrogatory No. 4, Target identified, among others, the detailed spreadsheets discussed above.

---

[1] Plaintiff's Interrogatory No. 17 asked that Target "Please set forth a breakdown of the cost, per piece, to this Defendant for the "Crystal Angel" necklace, including, but not limited to the cost for the component parts (i.e. stones, jump ring, etc.), the cost for plating or soldering or the cost for casting, and if casted, the cost for the gluing of stones into the piece."

Plaintiff never moved to compel any additional information from Target concerning sales, costs or expenses. Moreover, contrary to Mag's surprising suggestion that it never received cost or expense information, Mag itself referenced and examined at deposition two Target representatives about the very cost and expense spreadsheets it claims not to have received, referred to these documents during the Court-sponsored mediation before Mr. Mitchell and gleaned from these very same spreadsheets information it used to prepare its damage claim contained in its Pretrial Memorandum.

Mag also inaccurately portrays the Rule 30(b)(6) deposition of Target. Mag suggests that Target only designated and produced one witness, Lourdes Sanchez, in response to its Rule 30(b)(6) deposition notice. (Memorandum in Support of Motion in Limine, pp. 5-6.) That is false. Lourdes Sanchez is a buyer at Target and testified in June, 2005 about certain cost information, but her testimony largely concerned acquiring, selling, advertising and discontinuing the accused crystal angel piece, as well as her knowledge of crystal angel jewelry that goes back to the early 1990's. Thereafter, on August 5, 2005, Target produced David Anderson, a senior member of its finance team, as its designee to respond to subject areas 4 and 5 of the Rule 30(b)(6) deposition notice, which sought "The sales of Target's Crystal Angel jewelry piece by Target, including, but not limited to the total number of pieces sold, the cost directly related to the sales of the piece, the sales price, the number of pieces in the present inventory and, if any pieces were purchased by Target, but not sold and are not in inventory, the individual who can explain what happened to any unaccounted for pieces"[2] and "The cost to Target related to the purchase of Crystal Angel jewelry from Style Accessories, Inc. or any other source from which Target purchased the piece."[3] Plaintiff's counsel marked Target's cost and

---

[2] Subject area 4.
[3] Subject area 5.

expense spreadsheets as exhibits to Mr. Anderson's deposition and asked Mr. Anderson about the spreadsheets and the costs and expenses contained therein. The deposition, which took place in Minneapolis, Minnesota, adjourned at Mag's election after less than two hours. Mag never sought to compel from Target any additional testimony or information.

## ARGUMENT

After mischaracterizing the discovery exchanged and the deposition testimony adduced, Mag asks the Court to preclude Target "from introducing any evidence – aside from Target's cost to purchase the piece – at the trial in this matter."[4] In support of its request, Mag represents that "the only cost that the Defendant Target has set forth in discovery was the cost to purchase the piece from Style Accessories at $1.50, per piece." (Memorandum in Support of Motion in Limine, p. 10.) This representation is disturbingly false in light of the December, 2004 Target production of spreadsheets detailing the multiple categories of costs and expenses Target allocated to the accused crystal angel piece. In the intervening fourteen months, Mag deposed a senior finance person at Target concerning the cost and expense details of the spreadsheets and used the spreadsheets in preparing its Pretrial Memorandum. Mag cannot legitimately argue that it did not timely receive Target's cost and expense information or that it will be unfairly prejudiced or surprised if Target offers evidence Mag has had, analyzed and used since December, 2004.

## CONCLUSION

For the foregoing reasons, defendant Target respectfully requests that plaintiff's Motion in Limine to Preclude Defendants from Introducing Evidence at Trial as to Costs Regarding the Manufacture and/or Sale of the Crystal Angel Piece be denied.

[4] Memorandum in Support of Motion in Limine, p. 7.

TARGET CORPORATION
d/b/a TARGET STORES,
By its Attorneys

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

Dated: March 3, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Robert W. Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

I hereby certify that I caused a true copy of the within *Memorandum of Law in Support of Objection to Motion in Limine* to be sent via Facsimile and First Class Mail to the above named counsel of record on the 3rd day of March 2006.

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Mem Obj of Target to Motion in Limine.doc