UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC.,<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**DEFENDANT STYLE ACCESSORIES, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CLAIMING SALES TO SETA CORPORATION**

Defendant Style Accessories, Inc. ("Style") hereby moves to preclude plaintiff from claiming as an element of damages in this action profits derived from sales to non-party Seta Corporation, which sales were disclosed to plaintiff in 2004 but were never identified by plaintiff as a target for recovery until the filing of plaintiff's Pretrial Memorandum. As grounds for this Motion, defendants rely on the Memorandum of Law filed herewith.

Respectfully Submitted,

STYLE ACCESSORIES, INC.

Thomas Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

Dated: March 3, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Motion in Limine* to be sent via facsimile and First Class Mail to the above named counsel of record on the 3rd day of March, 2006

Ann T. Kapinelian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : |
| vs.<br>C.A. No. 04-174 T | : |
| CHEROKEE, INC.,<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STYLE ACCESSORIES, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CLAIMING SALES TO SETA CORPORATION**

Defendant Style Accessories, Inc. ("Style") has moved to preclude plaintiff from claiming as an element of damages in this action profits derived from sales to non-party Seta Corporation. Plaintiff has never, until the filing of its Pretrial Memorandum on February 27, 2006, identified sales by Style to another entity, Seta Corporation, as an element of damages it intended to recover at trial.

This action concerns, on its face, sales of a crystal angel jewelry piece by defendant Target Corporation. Plaintiff commenced the action in the United States District Court for the Eastern District of New York naming Target and defendant Cherokee, Inc. and alleging that Target sold an infringing crystal angel necklace under the Cherokee brand. The action was moved to this district in 2004, and Style was joined to the action in October, 2004 as the supplier of the allegedly infringing piece.

In December, 2004, Style disclosed to plaintiff in its answers to interrogatories sales

of the crystal angel to another entity, Seta Corporation, which is not a party to this action. Style propounded its own interrogatories to the plaintiff. Two interrogatories were intended to, among other things, differentiate between damages plaintiff was seeking against Style, and damages plaintiff was seeking against the other defendants in this action. Style's Interrogatory No. 19 sought:

> Please detail all losses and damages Mag claims in this litigation, including but not limited to Mag's own lost sales, purportedly due to the alleged infringing activity and sales by Style Accessories, Inc.

Style's Interrogatory No. 20 sought:

> Please detail all losses and damages Mag claims in this litigation, including but not limited to Mag's own lost sales, purportedly due to the alleged infringing activity and sales by all defendants to this action *other than Style Accessories, Inc.*

Plaintiff declined the opportunity to differentiate, instead *objecting* on the grounds of work product. Plaintiff's responses to Interrogatories 19 and 20 were identical:

> Objection. Plaintiff objects to the interrogatory as posed, in that the information sought constitutes attorney work product. Without waiving its objection, Plaintiff is seeking the profits derived from the sales of the infringing piece by the Defendants.... Plaintiff reserves it right to supplement its answer to this Interrogatory, as discovery is ongoing.

Plaintiff supplemented its interrogatory answers on August 22, 2005. No supplemental answer to Style's Interrogatories 19 or 20 was provided. Thus, Mag has declined to identify in discovery what damages it was seeking from Style.[1]

On February 27, 2006, plaintiff filed and served its Pretrial Memorandum. Style thereupon learned for the first time that plaintiff intended to attempt to recover for Style's

---

[1] Moreover, upon information and belief, Mag never raised the Seta sales in court-annexed settlement conferences between the parties.

sales to Seta Corporation in that plaintiff listed, for the first time, the damages it was seeking.[2]

## CONCLUSION

A party should not be permitted to alter the landscape of litigation on the eve of trial. For the foregoing reasons, defendant Style Accessories, Inc. requests that the Court to preclude plaintiff from claiming as an element of its damages profits derived from Style's sales of crystal angel pieces to Seta Corporation.

Respectfully Submitted,

STYLE ACCESSORIES, INC.

Thomas Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

Dated: March 3, 2006

[2] It is noteworthy that more than half of the revenue Style derived from the Seta sales would be barred by the statute of limitations applicable to copyright infringement actions as those sales occurred more than three years prior to the commencement of the action in New York.

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Memorandum in Support of Motion in Limine* to be sent via facsimile and First Class Mail to the above named counsel of record on the 3rd day of March, 2006

Ann T. Kapuelian