**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF SETTLEMENTS WITH OTHER ENTITIES OF CLAIMS CONCERNING THE SUBJECT COPYRIGHT**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants' Motion in Limine to Preclude the Plaintiff from Using Any Evidence of Settlements with other Entities of Claims Concerning the Subject Copyright, on the grounds that this evidence is relevant pursuant to Fed. R. Evid. 402, regarding Plaintiff's efforts to protect its copyright. Further, said evidence is essential to rebut the Defendants' anticipated attempts to introduce testimony of witnesses in these other lawsuits in support of their contention that the Plaintiff's copyright is not valid or enforceable. It is critical for a jury to be appraised of the fact that none of the Defendants in these cases were willing to litigate the merits of their legal defenses in Court and that the cases were all resolved in the Plaintiff's favor. Furthermore, there is no basis to conclude that any perceived prejudice outweighs the probable value of this evidence, under a Rule 403 analysis.

In support of Plaintiff's objection, it relies on its Memorandum of Law, which is filed contemporaneously herewith.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Objection to Motion in Limine to Preclude Plaintiff from Presenting Evidence of Settlements regular mail on the 3rd day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF SETTLEMENTS WITH OTHER ENTITIES OF CLAIMS CONCERNING THE SUBJECT COPYRIGHT**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants' Motion in Limine to Preclude the Plaintiff from Using Any Evidence of Settlements with other Entities of Claims Concerning the Subject Copyright, on the grounds that this evidence is relevant pursuant to Fed. R. Evid. 402, regarding Plaintiff's efforts to protect its copyright. Further, said evidence is essential to rebut the Defendants' anticipated attempts to introduce testimony of witnesses in these other lawsuits in support of their contention that the Plaintiff's copyright is not valid or enforceable. It is critical for a jury to be appraised of the fact that none of the Defendants in these cases were willing to litigate the merits of their legal defenses in Court and that the cases were all resolved in the Plaintiff's favor. Furthermore, there is no basis to conclude that any perceived prejudice outweighs the probable value of this evidence, under a Rule 403 analysis.

## ARGUMENT

It is axiomatic under the Federal Rules of Evidence that "the initial inquiry in any evidentiary determination of admissibility is whether the evidence is relevant." United States v. Davis, 826 F. Supp. 617, 620 (DRI 1993) Once the evidence is relevant, it is admissible absent any overwhelming countervailing consideration. Fed. R. Evid. 402

The fact that the Plaintiff has brought numerous lawsuits to enforce its rights of ownership in the copyrighted "Crystal Angel" jewelry piece is relevant to the issues of ownership, validity and enforceability of the Plaintiff's copyright. Indeed, evidence regarding enforcement steps taken by the Plaintiff against other parties is also relevant to explain the proliferation and apparent ubiquitousness of the "Crystal Angel" jewelry in the retail market. Indeed, Mag has sold over 8 million "Crystal Angel" pieces, during the period of time from January 1, 1995 – December 31, 2000. The jury is entitled to be appraised of the fact that the "Crystal Angel" jewelry it may have observed for sale in the consumer retail market were likely Defendants in suits brought by Mag Jewelry.[1]

The fact that Plaintiff has settled prior lawsuits regarding its "Crystal Angel" jewelry is relevant to establish that Mag has zealously acted to protect and enforce its ownership in the copyright. Mag has not sat on its rights but has enforced them to the fullest extent possible. Mag has filed approximately 16 lawsuits claiming infringing of the subject "Crystal Angel" jewelry piece; all of which have been resolved in its favor –

---

[1] For example, it is probable that a juror may have seen the "Crystal Angel" jewelry for sale at a Walmart store, a Defendant whom Plaintiff successfully sued for marketing and sale of the infringing "Crystal Angel" jewelry. As such, if a juror has seen the "Crystal Angel" piece at a Walmart store, he or she may conclude that the piece is not unique and somehow generic. In this regard, the juror should be informed that Walmart has been sued by Mag with respect to infringement of its copyrighted "Crystal Angel" and that as a result of that suit, Walmart no longer sells the piece.

except for a claim brought against Lillian Vernon who successfully argued it acquired a claim through a copy Mag licensed to sell the "Crystal Angel".

Such action on behalf of Mag in vigorously enforcing its copyright in the "Crystal Angel" is simply not consistent with the Defendants' theory that Mag copied the piece from another source. The jury should be allowed to consider evidence of Mag's enforcement of its right under the copyright and whether such conduct is consistent with one who copied the subject piece.

The Defendants have expressed an intention to introduce witnesses and deposition testimony from these prior lawsuits.[2] If, in fact, the Court permits the introduction of these witnesses and/or testimony, the Plaintiff is entitled to complete the picture by informing the jury that these cases were resolved in Mag's favor.

Indeed, none of the witnesses listed by the Defendants can provide any relevant testimony with respect to whether or not Plaintiff copied its "Crystal Angel" from another source. None of these witnesses have testified, nor can they testify that Mag copied their designs. Unless Mag copied its designs from one of these allegedly prior sources, it cannot be denied copyright protection simply because they (allegedly) existed somewhere in the world, prior to Mag's creation. Accordingly, testimony regarding alleged prior creation dates by unrelated third parties is simply not relevant to this dispute.

---

[2] Plaintiff has filed a Motion in Limine to exclude the deposition testimony or live testimony of Nicholas L.Verrechia, Robert Piro, Bharat Dass, Janice Wells and Kevin Russell, on the grounds that such testimony is inadmissible, irrelevant and would cause undue delay and waste of judicial resources of the Court under the Federal Rules of Evidence and controlling case law.

Moreover, none of these cases were adjudicated on their merits. For example, Nicholas Verrechia and Robert Piro's depositions were taken in the case of Mag Jewelry Co., Inc. v. Colorfuls, Inc., et al, C.A. No. 97-0053ML. This case was settled in Mag's favor and dismissed. Thus the validity and enforceability of Mag's copyright was never litigated between these parties, nor determined in Court on the merits.

Likewise the depositions Bharat Dass, Janice Wells and Kevin Russell were taken in the case of Mag Jewelry Co., Inc. v. American Family Enterprises, et al, C.A. No. 97-526ML, which was resolved in Mag's favor after American Family filed for bankruptcy. A settlement was negotiated by Judge Politan of the United States District Court for the District of New Jersey, and an Order was entered allowing Mag's proof of claim in the amount of $175,000.00. Although the validity and enforceability of Mag's copyright was not litigated on its merits, the Defendant acceded to its validity and enforceability by agreeing to the allowance of Mag's proof of claim in the Bankruptcy Court.

Should this Court deny Plaintiff's Motion in Limine to exclude these witnesses, evidence that these prior actions were resolved in Plaintiff's favor is clearly admissible in rebuttal to establish that none of the parties to these cases felt that the witnesses' testimony was sufficient to invalidate Mag's copyright, as none of the Defendants were willing to litigate the merits of their defenses in Court.

In addition, Mag asserts that evidence concerning other cases resolved in Mag's favor is relevant to establish that other parties have expressly admitted to the validity and enforceability of Mag's copyright in the "Crystal Angel". In particular, the case of Eden Jewelry Co., Inc. V. Mag Jewelry Co., et al, C.A. No. 96-4650 (E.D.N.Y.), a settlement

was executed on behalf of Eden Jewelry and the Counter-Defendants, Oriental Trade & Company, Inc. Cox Enterprises, d/b/a/ Carol Wright Gifts, Ednbob, Inc. d/b/a Personalized Products, Cadie Products Corp. and National Syndications d/b/a American Family expressly admitting to the validity and enforceability of Mag's copyright in the "Crystal Angel". This settlement in the amount of $500,000.00 was mediated through the efforts of a mediator with consideration expertise in intellectual property.

By seeking to introduce testimony from witnesses from prior actions resolved in Mag's favor, Defendants have made the fact of the settlements of these cases relevant and cannot at the same time shout prejudice.

Rule 403 of the Federal Rules of Evidence provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." This Court may determine whether evidence should be excluded as a matter of law. Swajian v. General Motors Corp., 916 F.2d 31, 34 (1st Cir. 1990)

Defendants' cry of prejudice must fall on deaf ears. The relevant inquiry is whether the probative evidence is "substantially outweighed by the unfair prejudice". Swajian v. General Motors Corp., 916 F.2d at 34. In this regard, the First Circuit has iterated:

> We will not paint the lilly. All evidence is meant to be prejudicial; elsewise the proponent would be unlikely to offer it. It is a necessary corollary of this conventional wisdom that evidence cannot be kept from the jury merely because it hurts a party's chances. The element that triggers a need to exclude evidence under Rule 403 is not prejudice, but ***unfair*** prejudice.

> No such unfairness lurks in this record. Daigle v. Maine Medical Center Center, Inc., 14 F.3d 684, 690-91 (1st. Cir. 1994) (Citations omitted) (Emphasis added); (See also, Espeaignnette v. Gene Tierney Company, Inc., 43 F.3d 1 (1st Cir. 1994) (Stressing the importance of gauging the probative value of testimony and not over estimating the danger of unfair prejudice.")

The Defendants herein have made the settlements of prior actions regarding "Crystal Angel" relevant, and therefore, its Motion in Limine must be denied. Furthermore, any perceived prejudice could be easily cured by inappropriate jury instruction by this Court. See United States v. Magna, 127 F.2d 1, 6 (1st Cir. 1997) (Acknowledging juror are presumed to follow the Court's instructions.)

**CONCLUSION**

For the foregoing reasons, the Defendants' Motion in Limine should be denied in all respects.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Memorandum in Support of its Objection to Motion in Limine to Preclude Plaintiff from Presenting Evidence of Settlements regular mail on the 3rd day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Sans