UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br><br>Plaintiff<br><br>VS.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br><br>Defendants | : | C.A. NO.: 04-174T |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF TOTAL SALES OF ITS CRYSTAL ANGEL**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants', Cherokee, Inc., Target Corporation and Style Accessories, Inc., Motion in Limine to Preclude the Plaintiff from Presenting Evidence of its Total Sales of the subject Crystal Angel, on the grounds that said evidence is relevant pursuant to Fed. R. Evid. 402. Said evidence is essential to rebut the Defendants' anticipated attempts to introduce testimony of witnesses in other lawsuits in support of their contention that Mag's copyright is not valid or enforceable. Further, there is no basis to conclude that any perceived prejudice outweighs the probable value of this evidence, under a Rule 403 analysis.

In support of its objection, Plaintiff relies on the Memorandum of Law which is filed contemporaneously herewith.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the above Memorandum in Support of its Objection to Motion in Limine to Preclude Plaintiff from Presenting Evidence of Total sales of its Crystal Angel regular mail on the 3rd day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE OF TOTAL SALES OF ITS CRYSTAL ANGEL**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants', Cherokee, Inc., Target Corporation and Style Accessories, Inc., Motion in Limine to Preclude the Plaintiff from Presenting Evidence of its Total Sales of the subject Crystal Angel, on the grounds that said evidence is relevant pursuant to Fed. R. Evid. 402. Said evidence is essential to rebut the Defendants' anticipated attempts to introduce testimony of witnesses in other lawsuits in support of their contention that Mag's copyright is not valid or enforceable. Further, there is no basis to conclude that any perceived prejudice outweighs the probable value of this evidence, under a Rule 403 analysis.

**ARGUMENT**

It is axiomatic under the Federal Rules of Evidence that "the initial inquiry in any evidentiary determination of admissibility is whether the evidence is relevant." United

States v. Davis, 826 F. Supp. 617, 620 (DRI 1993) Once the evidence Once the evidence is relevant, it is admissible absent any overwhelming countervailing consideration. Fed. R. Evid. 402

The fact that the Plaintiff has sold over 8 million "Crystal Angel" pieces during the period of time from January 1, 1995 through December 31, 2000 is relevant to the issue of ownership, validity and enforceability of the Plaintiff's copyright.

In this regard, the Defendants have expressed an intention to introduce witness and/or deposition testimony of individuals from prior lawsuits involving Mag's "Crystal Angel", who allege independent creation of the infringing work.[1] Said individuals are alleged to have either created or observed in the retail market "Crystal Angel" jewelry substantially similar to Mag's copyrighted piece. Defendant seeks to introduce said evidence to challenge the validity of Mag's copyright by suggesting that the piece is not sufficiently unique and is common and generic in design; therefore not entitled to copyright protection.

If the Plaintiff's Motion in Limine is denied, the jury is entitled to be appraised of Mag's total sales during the period of time prior to, during and after the alleged prior creations by other third parties. This evidence is not only relevant to explain the proliferation and apparent ubiquitousness of the "Crystal Angel" jewelry in the retail market, but, also to contradict the Defendants' arguments that the piece is not special or unique to entitle it to copyright production. Indeed, the volume of sales by Mag clearly

[1] Plaintiff has filed a Motion in Limine to Exclude the Deposition Testimony or Live Testimony of said individuals on the grounds that such testimony is inadmissible, irrelevant and would cause undue delay and waste of judicial resources of the Court under the Federal Rules of Evidence and controlling case law.

establishes that this piece was in no way common or generic. There is certainly something special about the piece that appealed to the public and resulted in such voluminous sales by Mag. Accordingly, the evidence of total sales is relevant.

The Plaintiff submits that the jury is entitled to be appraised of the fact that the voluminous nature of the sales of Mag's "Crystal Angel" piece by Mag, itself, and its customers and licensees. Indeed, it is undisputed that in the case herein, the Defendant, Style Accessories, first purchased the "Crystal Angel" piece from Alan Gregerman Company, which is authorized and licensed to manufacture and sell Mag's copyrighted work.

The Defendants should not be permitted to introduce evidence of alleged independent creations of the infringing work, without the jury also being appraised of the total sales of Mag's copyrighted angel during the relevant time frame of the alleged independent creations by individuals, who are not parties to this action.

From a practical standpoint, Plaintiff submits that testimony that Defendants wish to introduce concerning alleged independent creations of the infringing work by individuals other than Mag is irrelevant to the instant matter and should clearly not be admitted at trial, where it is undisputed that none of the individuals can provide any relevant testimony with respect to whether or not Plaintiff copied its "Crystal Angel" from another source. None of these witnesses have testified, nor can they testify that Mag copied their designs. Unless Mag <u>copied</u> its designs from one of these allegedly prior sources, it cannot be denied copyright protection simply because they (allegedly) existed somewhere in the world, prior to Mag's creation. Accordingly, testimony

regarding alleged prior creation dates by unrelated third parties is simply not relevant to this dispute.

Moreover, none of these cases were adjudicated on their merits. For example, Nicholas Verrechia and Robert Piro's depositions were taken in the case of Mag Jewelry Co., Inc. v. Colorfuls, Inc., et al, C.A. No. 97-0053ML. This case was settled in Mag's favor and dismissed. Thus the validity and enforceability of Mag's copyright was never litigated between these parties, nor determined in Court on the merits.

Likewise the depositions Bharat Dass, Janice Wells and Kevin Russell were taken in the case of Mag Jewelry Co., Inc. v. American Family Enterprises, et al, C.A. No. 97-526ML, which was resolved in Mag's favor after American Family filed for bankruptcy. A settlement was negotiated by Judge Politan of the United States District Court for the District of New Jersey, and an Order was entered allowing Mag's proof of claim in the amount of $175,000.00. Although the validity and enforceability of Mag's copyright was not litigated on its merits, the Defendant acceded to its validity and enforceability by agreeing to the allowance of Mag's proof of claim in the Bankruptcy Court.

Should this Court deny the Plaintiff's Motion in Limine to exclude these witnesses, evidence concerning Mag's total sales of the "Crystal Angel" is clearly relevant and admissible in rebuttal to establish ownership, validity and enforceability of Mag's copyright.

By seeking to introduce testimony from witnesses in prior actions who allege independent creation of the subject work, Defendants have made the fact of the volume of

Mag's total sales of the "Crystal Angel" during the pertinent time frame relevant and cannot at the same time claim prejudice.

Rule 403 of the Federal Rules of Evidence provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." This Court may determine whether evidence should be excluded as a matter of law. Swajian v. General Motors Corp., 916 F.2d 31, 34 (1st Cir. 1990)

Defendants' cry of prejudice must fall on deaf ears. The relevant inquiry is whether the probative evidence is "substantially outweighed by the unfair prejudice". Swajian v. General Motors Corp., 916 F.2d at 34. In this regard, the First Circuit has iterated:

> We will not paint the lilly. All evidence is meant to be prejudicial; elsewise the proponent would be unlikely to offer it. It is a necessary corollary of this conventional wisdom that evidence cannot be kept from the jury merely because it hurts a party's chances. The element that triggers a need to exclude evidence under Rule 403 is not prejudice, but ***unfair*** prejudice. No such unfairness lurks in this record. Daigle v. Maine Medical Center Center, Inc., 14 F.3d 684, 690-91 (1st. Cir. 1994) (Citations omitted) (Emphasis added); See also, Espeaignnette v. Gene Tierney Company, Inc., 43 F.3d 1 (1st Cir. 1994) (Stressing the importance of gauging the probative value of testimony and not over estimating the danger of unfair prejudice.")

The Defendants herein have made Mag's total sales of the "Crystal Angel" relevant and therefore, its Motion in Limine must be denied. Furthermore, any perceived prejudice could be easily cured by an appropriate jury instruction from the Court. See

United States v. Magna, 127 F.2d 1, 6 (1st Cir. 1997) (Acknowledging jurors are presumed to follow the Court's instructions.)

## CONCLUSION

For the foregoing reasons, the Defendants' Motion in Limine should be denied in all respects.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the above Memorandum in Support of its Objection to Motion in Limine to Preclude Plaintiff from Presenting Evidence of Total Sales regular mail on the 3rd day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Lauro