**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| | : | |
| Defendants | : | |

**MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Plaintiff, Mag Jewelry Co., Inc., hereby moves to quash the subpoena served upon the Keeper of Records of Mag Jewelry Co., Inc. or, in the alternative, moves for a Protective Order, to prevent the production of twenty (20) documents listed on Schedule "A" to the Subpoena, on the grounds that said subpoena is unduly burdensome pursuant to Rule 45 of the Federal Rules of Civil Procedure and that it impermissibly seeks discovery of documents outside the discovery deadline set by this Court in violation of Rule 16 of the Federal Rules of Civil Procedure. In support of its Motion, Plaintiff relies the attached Memorandum of Law filed contemporaneously herewith.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida /s/
Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the above Motion to Quash and Protective Order regular mail on the 3rd day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Tarro

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| VS. | : | |
| | : | C.A. NO. 04-174T |
| CHEROKEE, INC. ROBERT MARGOLIS and TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER**

Plaintiff, Mag Jewelry Co., Inc., ("Plaintiff") hereby moves to quash the subpoena served upon the Keeper of Records of Mag Jewelry Co., Inc., and the subpoena served upon the Keeper of Records of The Law Firm of Thomas A. Tarro III, (the "Tarro Firm") or, in the alternative, moves for a protective order, to prevent the production of the twenty documents listed on Schedule A to the subpoenas on the grounds that said subpoenas are unduly burdensome pursuant to Rule 45 of the Federal Rules of Civil Procedure and that they impermissibly seek discovery of documents outside the discovery deadlines set by this Court in violation of Rule 16 of the Federal Rules of Civil Procedure. In addition, because the subpoena to the Tarro Firm involves a non party to this litigation, presently involved in trial preparation, the subpoena constitutes undue harassment which should not be sanctioned by this Court.

## PROCEDURAL HISTORY

This case involves claims of copyright infringement and trademark infringement brought by the Plaintiff against the Defendants. Style was added as a party defendant on or about August 2004. The instant motion seeks to quash subpoenas for documents served upon the Keeper of Records for Mag and the Keeper of Records for Mag's counsel, the Tarro Firm on February 28 and March 1, 2006 respectively, for production at trial on March 8, 2006. In the alternative, Plaintiff moves for a protective order on the grounds that the subpoenas are no more than a thinly veiled attempt to circumvent the pretrial orders and discovery deadlines mandated by this Court.

In its initial Pretrial Order issued August 17, 2004, this Court expressly set forth "No discovery may be conducted after the Closure Date except by agreement of all counsel of by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date." (Emphasis in original.) The Closure Date was originally February 15, 2005. Thereafter, by joint motion of the parties, the discovery closure date was extended to May 16, 2005. In its notation granting the motion, this Court stated that no further extension would be granted. Defendant

Style did not move for an extension of the discovery deadline prior to serving the subpoenas.

Defendant Style filed a motion for summary judgment in July 2005, attaching certain deposition transcripts in support of its defenses. None of the deposition transcripts were accompanied by the exhibits or documents referenced therein. Defendant Style made no document requests of the Plaintiff, counsel in the other copyright litigation, or any other party to attempt to secure the actual exhibits, despite the fact that Style's counsel was counsel for the Defendant with regards to two of the depositions.

On February 6, 2006, this Court issued its final Pretrial Order and the case was scheduled for jury impanelment on February 21, 2006. For the first time, in a pleading served February 21, 2006, Defendant Style indicated that it would be proffering deposition transcripts as evidence in this case. Plaintiff has filed a motion in limine to preclude the use of the deposition transcripts.

By letter dated February 23, 2006, Defendant Style's counsel demanded that Plaintiff's counsel produce a laundry list of documents by the next day, despite the fact that discovery had long since closed and there were no prior document requests to which these new documents would be responsive. Because it was under no obligation to do so, Plaintiff's counsel did not produce the documents.

Defendant Style has now sought to obtain the deposition exhibits, as well as various other documents, by way of two subpoenas served upon the Keeper of Records of Mag and the Keeper of Records of the Law Firm of Thomas A. Tarro, III to be produced at trial on March 8, 2006. These subpoenas were served after the jury was impaneled, after the date that the pretrial memoranda were due, February 27, 2006, and only days before trial is set to begin on March 7, 2006. Defendant Style did not seek any relief or permission from this Court to serve said subpoenas and has cannot demonstrate any good cause for failing to request these documents within the discovery deadlines set by this Court.

## LEGAL ARGUMENT

### I. The Subpoenas Must be Quashed or a Protective Order Issued in this Case Because Defendant Style Failed to Comply with Rule 16 of the Federal Rules of Civil Procedure and the Pretrial Orders of this Court.

Rule 26 (c) authorizes this Court to grant an appropriate protective order upon the motion of a party and "for good cause shown" where justice so requires to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.Civ. P 26 (c). Rule 26 (b)(2) further provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some

> other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

It is clear that the subpoenas served by Defendant Style are actually belated document requests and not merely trial subpoenas and are subject to the discovery rules and deadlines. Consequently, the subpoenas should be quashed and a protective order should be issued absolving Mag and the Tarro Firm from producing the documents requested.

Other jurisdictions that have addressed the issue of the use of trial subpoenas to obtain discovery outside of court mandated deadlines have consistently granted motions to quash or, in the alternative, motions for protective order. Courts have reasoned that a subpoena pursuant to Fed. R. Civ. Proc. 45 to a third party is not exempt from discovery deadlines in scheduling orders. Rather, Rule 45 subpoenas are discovery under Rules 16 and 26 and are subject to the same deadlines as other forms of discovery. *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (citing cases); *Martin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) (granting plaintiff's motion for protective order with respect to subpoena issued to non party) ; *McNerney v. Archer Daniels Midland Co.*, 164 F.R. D. 584 (W.D.N.Y. 1995) (quashing subpoenas issued after

discovery deadline); *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002) (quashing subpoena duces tecum served on party five days before trial after discovery had closed).

These courts have refused to permit the mechanism of a trial subpoena to be used to engage in discovery after the discovery deadline has passed. *See Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 (E.D.Pa. 1997) (trial subpoena not appropriate means of ascertaining facts or uncovering evidence); *BASF Corp. v. Old World Trading Co.*, 1992 WL 24076 (N.D. Ill. 1992) (refusing to allow the parties to engage in discovery through trial subpoenas after discovery had been closed for eleven months); *Bufkin v. Norfolk Southern Corp.*, 2002 WL 32144317 (N.D. Ind. 2002) (quashing so-called trial subpoenas issued one week before trial as outside of discovery deadline). *See also American International Life Assurance Co. v. Vazquez*, 2003 WL 548736 (S.D.N.Y. 2003) (subpoena served upon intervenor's counsel one business day before trial quashed as unreasonable and untimely); *Revander v. Denman*, 2004 WL 97693 (S.D.N.Y. 2004) (quashing trial subpoenas where party was aware of existence of documents prior to close of discovery.)

Rule 16 (f) of the Federal Rules of Civil Procedure gives a trial judge faced with disregard of a pretrial order the power, upon motion or sua sponte, to "make such orders with regard thereto as are just, and among others any of the orders

provided in Rule 37(b)(2)(B)(C) and (D)." Preclusion is clearly included in this Court's quiver of available and appropriate sanctions. "The extent to which a party's failure to file pretrial papers in a timely manner puts an opponent into an unfair position, by causing unnecessary preparation, confusion or distraction . . . are tasks that must be left except in the most extraordinary circumstances to the good sense of the judge on the scene." *Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1996).

Defendant Style never sought leave to extend the discovery deadline or amend the Pretrial Orders in order to serve the subpoenas on Mag or the Tarro Firm. Moreover, Defendant Style cannot establish the requisite "good cause" for such extension or modification at this time. Lack of diligence or carelessness in obtaining discovery precludes a finding of "good cause." *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. at 105 (citing cases). Simply stated, when a party is aware of the existence of documents before the discovery cut off date and issues subpoenas after the discovery deadline has passed, then the subpoenas should be quashed. *McNerney v. Archer Daniels Midland Co.*, 164 F.R. D. 584 (W.D.N.Y. 1995).

The harm and prejudice to Plaintiff in permitting the Defendant to engage in discovery at this late date is obvious. No requests for production seeking these documents were served within the discovery deadline. Discovery closed on May

16, 2005. No good cause has been or can be shown for waiting until the eve of trial after Plaintiff has already formulated its trial strategy to serve these subpoenas. Defendant Style has presented no reason for its failure to timely engage in this discovery. *See Thompson v. Glenmede Trust Co.*, 1996 WL 529691 (E.D.Pa. 1996) (quashing subpoenas and ruling that requiring a party to stop their trial preparation to produce the requested documents was unjust and unduly burdensome.)

There is simply no justification for Defendant Style's failure to conduct discovery as mandated by Rule 16 and Rule 26, and, accordingly, said subpoenas must be quashed or protective orders entered prohibiting the discovery sought be the subpoenas. As the First Circuit has explained:

> The federal courts' supervision of the discovery process, and the courts' concomitant authority to upbraid those who do not play by the rules, is rooted in the need for maintaining the integrity of the trial process. . . . Thus, in the Rule 26 (e) context, preclusion can be imposed in response to a party's subversion of the trial process, even if the responsible party was guilty of laxity rather than bad faith.

*Thibeault v. Square D Co.,* 960 F.2d at 244 (1st Cir. 1992). The adoption of Rule 37(c)(1) in 1993 "gave teeth to a significantly broadened duty" to comply with case management orders, *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 19 (1st Cir.2001), and "mandatory preclusion [is] 'the required sanction in the ordinary case,' " *id.* (quoting *Klonoski v. *235 Mahlab,* 156 F.3d 255, 269 (1st Cir.1998)).

This rationale is equally compelling in this case and, accordingly, Defendant Style's eleventh hour subpoenas should be quashed by this Court.

## II. The Subpoenas Must be Quashed Pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Rule 45 (c) of the Federal Rules of Civil Procedure requires that this Court quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." *See Bogosian v. Woloohojian Realty Corp.*, 323 F. 3d 55 (1st Cir. 2003) (quashing subpoena seeking marginally relevant information). A significant factor in this analysis is the burden placed on a non party. *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) ("Concern for the unwanted burden thrust upon non parties is a factor entitled to special weight in evaluating the balance of competing needs.") (internal citations omitted.) The issue is not one of "good faith," but rather whether the party serving the subpoena failed to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.." *See Liberty Mutual Ins.Co. v. Diamante*, 194 F.R.D. 20 (D. Mass. 2000).

Furthermore, the fact that subpoena was served on opposing counsel in this case demands even higher scrutiny. *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55 (1st Cir. 2003) (district court did not abuse its discretion in quashing

subpoena against opposing counsel). The Court in *Bogosian* acknowledged, that "although not strictly forbidden, the procurement of trial testimony from opposing counsel is generally disfavored." *Id.* at 66. The district court's order quashing the subpoena was affirmed based on the evidence of plaintiff's intent to harass the defense, notably service of the subpoena the day before trial without the slightest attempt to explain the failure to obtain the information during the discovery period. *Id* at 67. Here, Defendant Style has likewise served the subpoena on the Tarro Firm only days before trial, with no justification of its failure to obtain the requested information within the discovery period. Accordingly, the subpoena to the Tarro Firm must be quashed.

Finally, the arguments set forth in the preceding section warrants the granting of the motion to quash the subpoena served upon Mag pursuant to Rule 45 (c) as well.

## CONCLUSION

For the reasons set forth herein, Plaintiff Mag Jewelry Co., Inc. requests that its Motion to Quash Subpoenas and Motion for Protective Order in this case be granted in all respects.

Also, for the reasons set forth herein, non party, the Law Firm of Thomas A. Tarro, III, requests that its Motion to Quash Subpoena be granted in all respects.

MAG JEWELRY CO., INC.,
By its Attorney,

Thomas A. Tarro III

Thomas A. Tarro III, Esq. #2046
THE LAW FIRM OF THOMAS A. TARRO III
The Summit East - Suite 330
Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732- 3362 (facsimile)

Robert W. Clarida /s/

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**Certificate of Service**

I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Quash Subpoenas and Motion for Protective Order was mailed, via first-class, to all attorneys of record listed below at their regular business address on the 3rd the day of ~~February~~ March 2006.

Thomas R. Noel, Esq.
NOEL 7 GYORGY LLP
50 South Main Street
Providence, RI 02903

Craig M. Scott, Esq.
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place
Suite 1200
Providence, RI 02903

Judy Turco