UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**OBJECTION OF DEFENDANT STYLE ACCESSORIES, INC., TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY AT TRIAL**

Defendant Style Accessories, Inc. ("Style") hereby objects to the plaintiff Mag Jewelry Co., Inc.'s *Motion to Preclude Certain Testimony at Trial.* In support of its Objection, Style relies on the attached Memorandum of Law filed contemporaneously herewith.

Dated: March 6, 2006

STYLE ACCESSORIES, INC.

By Its Attorneys,

TRN

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 6th of March, 2006, I served a true copy of this document to the following counsel of record by Facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

Ann T. Kapnelian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS<br>AND TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-174 T |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT STYLE ACCESSORIES, INC., TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY AT TRIAL**

Defendant Style Accessories, Inc. ("Style") hereby objects to the plaintiff Mag Jewelry Co., Inc.'s ("Mag") *Motion to Preclude Certain Testimony at Trial.*

Mag's contention that the defendants should be precluded from presenting the testimony of Joseph Avanzato, Nicholas Verrechia, Robert Piro, Manoug Barsoumian, Bharat Dass, Janice Wells, Kevin Russell, Dave McHale, and Jim Morris at trial is without basis. The defendants are compelled to introduce the testimony of these witnesses as *rebuttal*, in part to challenge to the proffered expert testimony of one of Mag's expert witnesses, Donald Donnelly. Mr. Donnelly states that he never saw an expression of an angel through the use of crystal stones prior to Mag's creation and he opines that no other jewelry manufacturer or designer introduced an expression of an angel through the use of four crystal stones prior to March 1992. Defendants plan to introduce the testimony of the above named individuals to rebut the plaintiff's expert opinion and the plaintiff's claim to have been the first creator of the crystal angel design.

Moreover, Mag has been fully aware of these individuals, and their averments and testimony, for years. All except Mr. McHale and Mr. Morris[1] have been front and center in this litigation and numerous prior lawsuits involving Mag and the crystal angel over the last ten years. In fact, Mag and its counsel have participated in numerous depositions of witnesses Piro, Dass, Wells, and Russell, and Mag's counsel, Thomas A. Tarro, even represented Bharat Dass at one of the proffered depositions. Documents from Bharat Dass were the subject of a motion, objection, and an Order of this Court in this case in August, 2005. Mr. Barsoumian was only very recently located and even more recently agreed to testify at trial. (*See* footnote 1). The names of each of these witnesses (except for Mr. McHale and Mr. Morris) were raised, and the evidence available through each was set forth by the defendants in their *Motion for Summary Judgment* filed in this case. Mag cannot credibly claim any prejudice, harm, or surprise by their inclusion on defendants' witness list.

Finally, Mag's assertion that the testimony of these individuals is irrelevant to this action is disingenuous at best. Mag cannot seriously dispute that direct evidence of prior independent creation is relevant to this – or any – copyright case. Evidence that there were substantially similar crystal angels in the marketplace is clearly relevant to show, by circumstantial evidence of access and substantial similarity, that Mag copied the crystal angel from a prior creator. Mag claims that it was the *first* creator of the crystal angel piece; evidence adduced from these witnesses clearly demonstrates that Mag was not.

---

[1] The defendants, after extensive efforts, made telephone contact with Mr. Barsoumian only within the last three weeks and were not provided his address until very recently. Mr. Barsoumian provided the names of Dave McHale and Jim Morris during these recent telephone conversations. Defendants placed the names of Mr. McHale and Mr. Morris on the *voir dire* witness list out of an abundance of caution.

WHEREFORE, Defendant Style respectfully requests that the Court deny plaintiff's *Motion to Preclude Certain Testimony at Trial.*

Dated: March 6, 2006

STYLE ACCESSORIES, INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 6th of March, 2006, I served a true copy of this document to the following counsel of record by Facsimile and First Class Mail: Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

Ann T. Kapriolian