Gyorgy

S+10+46.88 fee

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Mag Jewelry Co., Inc.

V.

Cherokee, Inc., Target Corporation d/b/a Target Stores and Style Accessories, Inc.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-174T

TO: Keeper of Records
Mag Jewelry Co., Inc.
838 ~~138~~ Dyer Avenue
Cranston, RI 02920

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| United States District Court, District of Rhode Island One Exchange Terrace, Providence, RI 02903 | 9:30 a.m. March 8, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant, Style Accessories, Inc. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER (401) 272-7400
Thomas R. Noel, Esquire (#4239)
Noel & Gyorgy LLP, 50 South Main Street, Providence, RI 02903

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/28/06 | 838 Dyer Av Cranston, RI |

SERVED ON (PRINT NAME): MAG JEWELRY CO. INC.

MANNER OF SERVICE: ANTHONY PRATTICO CONTROLLER

SERVED BY (PRINT NAME): MICHAEL DEFALCO

TITLE: DISINTERESTED PARTY

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2/28/06
DATE

Michael DeFalco
SIGNATURE OF SERVER

35 Waveland St
ADDRESS OF SERVER
Johnston, RI 02919

X Anthony M Prattico
Anthony Prattico Controller

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents...

FILED MAR - 6 2006 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**Schedule A**

1. Documents and things constituting the first advertisement, promotion, or announcement depicting or concerning the Mag crystal angel.

2. Mag production books labeled "FW517" and "AB785."

3. The note/statement from Tanya Robinson marked as Exhibit 2 in the 6/10/97 deposition of Janice Wells.

4. The affidavit of Alice Cason marked as Exhibit 3 in the 6/10/97 deposition of Janice Wells.

5. The copy of the Bharat Dass "deposit material" marked as Exhibit 4 in the 6/10/97 deposition of Janice Wells.

6. The photograph of the Bharat Dass "deposit material" marked as Exhibit 4 in the 6/10/97 deposition of Kevin Russell.

7. The photograph of the "design board" marked as Exhibit 5 in the 6/10/97 deposition of Bharat Dass.

8. The Wing Ming invoice marked as Exhibit 6 in the 6/10/97 deposition of Bharat Dass.

9. The Bharat Dass copyright registration dated 1/22/96 and marked as Exhibit 2 in the 6/10/97 deposition of Bharat Dass.

10. The Bharat Dass supplemental registration marked as Exhibit 3 in the 6/10/97 deposition of Bharat Dass.

11. The Bharat Dass registration dated 6/3/97 and marked as Exhibit 4 in the 6/10/97 deposition of Bharat Dass.

12. The sales invoice from The Watch Factory to Kevin Russell marked as Exhibit 7 in the 6/10/97 deposition of Bharat Dass and as Exhibit 2 at the 6/10/97 deposition of Russell.

13. The sales invoice to Shoes Etc. marked as Exhibit 8 in the 6/10/97 deposition of Bharat Dass.

14. The letter from J&G Merchandise or J&G Gifts marked as Exhibit 7 in the 12/16/96 deposition of Daniel Magnanimi.

15. The letter from Maxine Denker marked as Exhibit 8 in the 12/16/96 deposition of Daniel Magnanimi.

16. The letter from Southwest Church Supply referenced in the 12/16/96 deposition of Daniel Magnanimi.

17. The "black book" or binder produced and provided to opposing counsel at the 12/16/96 deposition of Daniel Magnanimi.

18. The approximately 100 "design logs" which Daniel Magnanimi or Mag Jewelry Co., Inc. produced in 1995 for jewelry and referenced on page 20-23 of the 12/16/96 deposition of Daniel Magnanimi.

19. All records of attendance by Mag Jewelry Co., Inc., or its representatives or agents, at trade shows between January 1, 1989 and December 31, 2005.

20. All copyright registrations procured by or held in the name of the plaintiff or Daniel Magnanimi at any time.