**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT STYLE ACCESSORIES, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CLAIMING SALES TO SETA CORPORATION**

Now comes the Plaintiff, Mag Jewelry Co., Inc., and objects to the Motion in Limine filed by the Defendant to preclude Plaintiff from introducing evidence of sales to Seta Corporation. The grounds for this objection are set forth in the Memorandum filed contemporaneously herewith.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

/s/
Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I faxed a copy of the above ***Objection*** on the 6th day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Tarro
______________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO.: 04-174T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS | : | |
| AND TARGET CORPORATION d/b/a | : | |
| TARGET STORES and STYLE | | |
| ACCESSORIES, INC. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT STYLE ACCESSORIES, INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CLAIMING SALES TO SETA CORPORATION**

Now comes the Plaintiff, Mag Jewelry Co., Inc., and objects to the Motion in Limine filed by the Defendant to preclude Plaintiff from introducing evidence of sales to Seta Corporation.

In May 1999, Alan Gregerman sold to Style Accessories, Inc. a crystal angel pin, as illustrated:



This pin is identical to Mag's copyrighted work.



At that time, Mr. Gregerman informed Chad Mollica of Style Accessories that he had the right from Daniel Magnanimi, the owner of Mag Jewelry, to sell the crystal angel without legal repercussions from Mag. He discussed with Mr. Mollica Mag's copyright and assured him that he would not be sued by Mag Jewelry for copyright infringement.

At his deposition, Mr. Gregerman testified about his discussions with Mr. Mollica:

Q. So when you had this discussion with him, he had knowledge of the fact that Mag Jewelry had a copyright on the Crystal Angel pin consisting of four stones made up of rhinestones –strike that.
When you spoke to Mr. Mollica, you explained to him that Mag Jewelry had a copyright with regard to the Crystal Angel pin consisting of four rhinestones, a round stone for the head, pear-shaped rhinestone for the body, navette rhinestones for the wings and a jump ring; is that correct?

A. To the best of my recollection, I would have to say that I told him that Danny had given me the right – you know, the – we had an agreement and Danny said that I could make that angel without any repercussions, any legal repercussions, and that whoever I sold it to they wouldn't have any legal repercussions, and that I felt – that it was my understanding that Danny did have a copyright.
(Deposition of Alan Gregerman p. 69)

Q. And in your conversation with Mr. Mollica, he was aware of the copyright?
A. He was aware –
MR. NOEL: Objection.
A. He was aware that I could sell him that angel without any repercussions from Danny.
Q. He expressed concerns to you about being sued by Mag Jewelry?
A. I don't know if he expressed it, but I know I communicated that to him.
Q. Well, what did you say to him specifically?
A. Well, because it was more or less known in the industry that Danny was suing a lot of people over this angel, I had to inform him that I could make it and sell it to him because of my agreement with Danny. (Id. pp. 70-71).

The Agreement with Mag Jewelry was entered by Mr. Gregerman on September 15, 1996 and is embodied in a letter from Mr. Magnanimi, a copy of which is attached hereto and marked Exhibit "1".

At his deposition, Mr. Gregerman testified about this agreement as follows:

Q. With regard to the letter, it speaks to an agreement between yourself and Mag Jewelry. Did you have an understanding that you had an agreement between both --
MR. NOEL: Objection, form.
MR. SCOTT: Objection.
MR. LEACH: Go ahead.
A. I felt we had a verbal agreement, a gentleman's agreement.
Q. You had an agreement with Mag Jewelry with regard to the sale of the Crystal Angel –
A. Uh-huh.
Q. Consisting of four stones, four rhinestones, with a jump ring as a halo; is that correct?
A. I refer you to the letter, Exhibit 6.
Q. Well, tell me what you understood you agreed to.
A. What is in that letter contains the – everything that I remember and agreed to.
Q. You agreed to sell the angel, the Crystal Angel that was Mag copyrighted; isn't that correct?

> A. I agreed to sell the angel that was mentioned in – the agreement contains the information. It was – the way I understood it, it was a verbal agreement that he could make my angel with the metal wings and that he wouldn't – that he would allow me, without any further litigation, to make the Four Stone Angel that he claimed copyright to. (Id. pp. 59-61)

Style as taken the position that there was no Licensing Agreement between Alan Gregerman and Mag Jewelry. Style has also taken the position that the sales to Seta Corporation were crystal angels purchased from Gregerman.

Mag has always maintained that its copyright registration is superior to all others. Mag has never acknowledged Gregerman as the creator and designer of the crystal angel. To the contrary Mag put Gregerman on notice that he was an infringer of Mag's copyright. As a result of Mag's enforcement of its copyright, a licensing agreement was entered with Gregerman.

The letter of September 15, 1996, may not contain all of the sophistication and niceties of a formal contract, but it is undisputed that it embodies an agreement between Mag Jewelry and Alan Gregerman, whereby Gregerman has Mag's permission to sell the copyrighted angel.

If the Jury concludes that there is no license then all pieces sold by Style are infringing.

The problem with the sales to Seta Corporation is that Style has failed to produce in response to discovery request documentation that substantiates the fact that the pins sold to Seta came from Gregerman. Information concerning sales to Seta consists of the following:

> **ANSWER NO. 7:** Style does not claim to have independently created a crystal angel pin. Style did not manufacture the piece, but purchased and resold a quantity of crystal angel pins to Seta Corp. at approximately $1.30 per piece. Invoices compiled by Style thus far total 23, 760 pins shipped to Seta; Style has located additional invoices and is compiling them. The additional invoices show combined gross sales of $29,586.83 for additional pins *and* earring sets;

the breakdown for this additional amount of sales (as between pins and earring sets) it is at the time not known, and Style will supplement this Answer in due course. Style did not design the piece, which was widely available on the market in the early 1990's and, upon information and belief, prior to that time. No molds were utilized by Style. The pin sold to Seta was manufactured and supplied by Alan Gregerman Co., and later by Dannik, Inc. Style paid Gregerman $.78 per piece and Dannik $.72 per piece. Style is in the process of calculating the profit, if any, it derived from the sale of this piece after accounting for its hard costs and a percentage of overhead. Style has a few samples of this piece in inventory at this time at its Rhode Island place of business. Style did not copy any piece sold or created by Mag jewelry.

**ANSWER NO. 8:** Style does not claim to have independently created crystal angel earrings. Style did not manufacture the piece, but purchased and resold a quantity of the earring to Seta Corp. at approximately $2.50 per pair. Invoices compiled by Style thus far total 11,349 earring pairs shipped to Seta; Style has located additional invoices and is compiling them. The additional invoices show combined gross sales of $29,586.83 for additional pins *and* earring sets; the breakdown for this additional amount of sales (as between pins and earring sets) it is at this time not known, and Style will supplement this Answer in due course. The earrings sold to Seta was manufactured and supplied by Alan Gregerman Co., and later by Dannik, Inc. Style paid Gregerman and Dannik $1.24 per pair. Style is in the process of calculating the profit, if any, it derived from the sale of this piece after accounting for its hard costs and a percentage of overhead. Style has a few samples of this piece in inventory at this time at its Rhode Island place of business. Style did not copy any piece sold or created by Mag jewelry.

**ANSWER NO. 9:** Style does not claim to have independently created crystal angel necklace. Style did not manufacture the piece, but purchased and resold approximately 170,430 pieces. Style did not design the piece, which was widely available in the early 1990's and, upon information and belief, prior to that time. No molds were utilized by Style. Style adapted a piece purchased from Alan Gregerman Co. by removing the post from the earring

configuration and adding a bale to attach it to a necklace chain. Style sold the necklace to Target Stores, Inc. Style's records indicate it shipped 173,430 pieces to Target Stores, Inc. at $1.50 per piece, to which a ten-percent (10%) discount applied, leaving an actual sales price of $1.35 per piece. The sale price included wrapping and carding. The necklace sold to Target was manufactured and supplied by Seigee Jewelry Corp., from which Style purchased the piece at $.47 per piece. Additional hard costs to Style included shipping at $.09 per piece, carding at $.03 per piece. Freight of $.12 per piece, and duty of $.05 per piece. Style is in the process of calculating the profit, if any, it derived from the sale of the piece after accounting for its hard costs and a percentage of overhead. Style has a few samples of this piece in inventory at this time at its Rhode Island place of business. Style did not copy any piece sold or created by Mag jewelry.

The only documentation concerning sales to Seta consisted of an undated summaries, which are attached hereto and marked Exhibits "2" and "3".

Style has not provided any documentation to distinguish purchases from Gregerman as opposed to Dannik, which were resold to Seta.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion in Limine should be denied in all respects.

Plaintiff,
By and Through Its Attorney,

[signature]

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida /s/

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I faxed a copy of the above ***Memorandum*** on the 6th day of March, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Judy Tano

To: Allan Gregerman Co.
231 Elm
Warwick, RI 02888
Att. Allan Gregerman

From: Danny Magnanimi
Mag Jewelry Co. Inc.

Date: 9/15/96

Dear Allan,

Per our telephone conversation we have both agreed that you can make the crystal angel as copyrighted by Mag Jewelry Co..
You have been nice enough to call us with customers that have called you in looking to buy this item, and we have agreed with most of them. We feel that we know your customer base very well and that we will not try to chase them with both the pearl angel and the crystal angel with brass wings. As I stated on the phone, we will not try to sell the pearl angel to K & M or the crystal angel with the brass wings. If they call we will let you know.
We will be making both the crystal angel with the brass wings and the pearl angel if you cannot meet our delivery dates.

It is nice to know that there are still gentlemen in this business.
I feel that our business will only grow in the near future.

**Also please feel free to call us if you need any help in your delivery to your customers. <u>Let's both try to make some money this year.</u>**

Regards,

Danny Magnanimi

cc/Don Donnelly Sales
cc/Frank Vescera GM Mag Jewelry Co.

[redacted]

## STYLE ACCESSORIES INC.
### Items Sold to Seta

| Name | Item ID | Qty | Stocking U/M | Amount | Item Description |
|---|---|---|---|---|---|
| SETA CORPORATION | 63/APR | 3,114 | EA | 4,051.71 | PIN B/S ANGEL APRIL |
| SETA CORPORATION | 63/AUGUST | 1,643 | EA | 2,137.61 | PIN B/S ANGEL AUGUST |
| SETA CORPORATION | 63/DEC | 1,742 | EA | 2,266.49 | PIN B/S ANGEL DEC. LT. SAPPH. |
| SETA CORPORATION | 63/FEB | 1,956 | EA | 2,544.66 | PIN B/S ANGEL FEB |
| SETA CORPORATION | 63/JAN | 1,846 | EA | 2,401.69 | PIN B/S ANGEL JAN |
| SETA CORPORATION | 63/JULY | 2,793 | EA | 3,632.82 | PIN B/S ANGEL JULY |
| SETA CORPORATION | 63/JUNE | 1,397 | EA | 1,818.17 | PIN B/S ANGEL JUNE |
| SETA CORPORATION | 63/MAR | 1,832 | EA | 2,383.73 | PIN B/S ANGEL MARCH |
| SETA CORPORATION | 63/MARCH | 9 | EA | 11.97 | PIN B/S ANGEL MARCH/ AQUAMARIN |
| SETA CORPORATION | 63/MAY | 2,107 | EA | 2,741.35 | PIN B/S ANGEL MAY |
| SETA CORPORATION | 63/NOV | 1,488 | EA | 1,936.56 | PIN B/S ANGEL NOV. |
| SETA CORPORATION | 63/OCT | 1,658 | EA | 2,157.11 | PIN B/S ANGEL OCTOBER |
| SETA CORPORATION | 63/SEPT | 2,175 | EA | 2,830.41 | PIN B/S ANGEL SEPTEMBER |
| | | 23,760 | | 30,914.28 | |

[redacted]

| | | | | | |
|---|---|---|---|---|---|
| SETA CORPORATION | 65/APR | 1,226 | PAIR | 3,068.78 | EARRINGS B/S ANGEL APRIL |
| SETA CORPORATION | 65/AUG | 1,030 | PAIR | 2,577.64 | EARRINGS B/S ANGEL AUGUST |
| SETA CORPORATION | 65/DEC. | 683 | PAIR | 1,709.00 | EARRINGS B/S ANGEL DEC. |
| SETA CORPORATION | 65/FEB | 855 | PAIR | 2,139.69 | EARRINGS B/S ANGEL FEB. |
| SETA CORPORATION | 65/JAN | 740 | PAIR | 1,851.89 | EARRINGS B/S ANGEL JAN. |
| SETA CORPORATION | 65/JULY | 1,572 | PAIR | 3,932.31 | EARRINGS B/S ANGEL JULY |
| SETA CORPORATION | 65/JUNE | 704 | PAIR | 1,761.17 | EARRINGS B/S ANGEL JUNE |
| SETA CORPORATION | 65/MAR. | 834 | PAIR | 2,087.07 | EARRINGS B/S ANGEL MARCH |
| SETA CORPORATION | 65/MAY | 1,148 | PAIR | 2,872.10 | EARRINGS B/S ANGEL MAY |
| SETA CORPORATION | 65/NOV. | 582 | PAIR | 1,456.44 | EARRINGS B/S ANGEL NOV. |
| SETA CORPORATION | 65/OCT | 726 | PAIR | 1,816.50 | EARRINGS B/S ANGEL OCT. |
| SETA CORPORATION | 65/SEPT | 1,249 | PAIR | 3,125.05 | EARRINGS B/S ANGEL SEPT. |
| | | 11,349 | | 28,397.64 | |

# INVOICE

**STYLE**
Style Accessories, Inc.
1515 ELMWOOD AVENUE
CRANSTON R.I. 02910
PHONE: (401) 941-3350
FAX: (401) 941-8779

INVOICE # 100904
P.O. # 0097479S
Sales Rep TMK

BILL TO: SETA CORPORATION
6400 EAST ROGERS CIRCLE
BOCA RATON, FL 33499
ATTN: ACCOUNTS PAYABLE

SHIP TO: SETA CORPORATION
6400 EAST ROGERS CIRCLE
BOCA RATON, FL 33499

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|---|---|
| PROVIDENCE | 03/11/98 | UPS | 1 | 7 LBS | ************** | NET 30 | | 03/11/98 |

| [illegible] | [illegible] | [redacted] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|
| #63 | #63 | [redacted] | 25 | TAC PIN ANGEL BIRTHSTONE JAN | $1.30 | $32.50 |
| #63 | #63 | [redacted] | 25 | TAC PIN ANGEL BIRTHSTONE FEB | $1.30 | $32.50 |
| #63 | #63 | [redacted] | 28 | TAC PIN ANGEL BIRTHSTONE MAR | $1.30 | $36.40 |
| #63 | #63 | [redacted] | 24 | TAC PIN ANGEL BIRTHSTONE APR | $1.30 | $31.20 |
| #63 | #63 | [redacted] | 28 | TAC PIN ANGEL BIRTHSTONE MAY | $1.30 | $36.40 |
| #63 | #63 | [redacted] | 24 | TAC PIN ANGEL BIRTHSTONE JUN | $1.30 | $31.20 |
| #63 | #63 | [redacted] | 31 | TAC PIN ANGEL BIRTHSTONE JLY | $1.30 | $40.30 |
| #63 | #63 | [redacted] | 28 | TAC PIN ANGEL BIRTHSTONE AUG | $1.30 | $36.40 |
| #63 | #63 | [redacted] | 31 | TAC PIN ANGEL BIRTHSTONE SEPT | $1.30 | $40.30 |
| #63 | #63 | [redacted] | 31 | TAC PIN ANGEL BIRTHSTONE OCT | $1.30 | $40.30 |
| #63 | #63 | [redacted] | 24 | TAC PIN ANGEL BIRTHSTONE NOV | $1.30 | $31.20 |
| #63 | #63 | [redacted] | 25 | TAC PIN ANGEL BIRTHSTONE DEC | $1.30 | $32.50 |
| 2226/SET | 2226/SET | [redacted] | 91 | PRL/GLD NECK & EAR SET | $2.90 | $263.90 |

SUB TOTAL: $685.10 4/21 20
SHIPPING: $4.39

PLEASE PAY: $689.49

*THANK YOU!*

CONFIDENTIAL

[redacted]

STYLE 0060