UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | C.A. No. 04-174 T |
| | : | |
| CHEROKEE, INC., ROBERT MARGOLIS | : | |
| AND TARGET CORPORATION d/b/a | : | |
| TARGET STORES and STYLE | : | |
| ACCESSORIES, INC. | : | |
| Defendants | : | |

**DEFENDANTS' MOTION PURSUANT TO FED. R. CIV. P. 58(c)(2)**
**FOR AN ORDER DEFERRING APPEAL FROM MARCH 23, 2006 JUDGMENT**

On March 23, 2006, the Court entered Judgment in favor of Defendants Cherokee, Inc. and Target Corporation and against Plaintiff, Mag Jewelry Co., Inc. ("Mag"). On March 29, 2006, Mag filed a Notice of Appeal of the March 23, 2006 Judgment.

On April 6, 2006, all Defendants moved for an award of attorneys fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54 (d)(2), LR Cv 54.1 and 17 U.S.C. § 505. Pursuant to Fed. R. Civ. P. 58(c), and in the interest of judicial economy, Defendants respectfully request that the Court Order that Defendants' Rule 54 Motion for Attorneys Fees be given the same effect for appellate purposes as a timely Rule 59(e) Motion, namely that Plaintiff's appeal of the Judgment be deferred until decision on this Motion. See Fed. R. App. P. 4(a)(4). As grounds for this Motion, Defendants rely on the Memorandum of Law filed herewith.

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc., Robert Margolis and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: April 6, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Robert W. Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

I hereby certify that I caused a true copy of the within *Motion* to be sent via First Class Mail to the above named counsel of record on the 6 day of April, 2006.

Theresa Jenson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Motion Per Rule 58.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MAG JEWELRY CO., INC. :
Plaintiff :
:
vs. : C.A. No. 04-174 T
:
CHEROKEE, INC., ROBERT MARGOLIS :
AND TARGET CORPORATION d/b/a :
TARGET STORES and STYLE :
ACCESSORIES, INC. :
Defendants :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO FED. R. CIV. P. 58(c)(2) FOR AN ORDER DEFERRING APPEAL FROM MARCH 23, 2006 JUDGMENT**

On March 23, 2006, the Court entered Judgment in favor of Defendants and against Plaintiff, Mag Jewelry Co., Inc. ("Mag"). On March 29, 2006, Mag filed a Notice of Appeal of the March 23, 2006 Judgment. Pursuant to Fed. R. Civ. P. 58(c), and in the interest of judicial economy, Defendants respectfully request that the Court Order that Defendants' Rule 54 Motion for Attorneys Fees be given the same effect for appellate purposes as a timely Rule 59(e) Motion, namely that Plaintiff's appeal of the Judgment be deferred until decision on this Motion. See Fed. R. App. P. 4(a)(4).

**ARGUMENT**

Attorneys' fees either are an element of damages to be proven at trial or a collateral matter to be determined following adjudication of the relevant claims. *Pride Hyundai, Inc. v. Chrysler Fin. Co., LLC*, 355 F. Supp. 2d 600 (D.R.I. 2005). Where, as here, the attorneys' fees claims are not part of a damages analysis, those fees are a collateral matter to be raised by a Rule 54 Motion. *E.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 100 L. Ed. 2d 178, 108 S. Ct. 1717 (1988). Fed. R. Civ. P. 58(c) provides that "when a timely motion for attorneys fees

under Rule 54(d)(2) has been filed,[1] the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Thus, Rule 58 authorizes a district court to treat a Rule 54 motion for attorneys' fees either as a Fed. R. Civ. P. 59 motion that delays the finality of judgment for appellate purposes[2] or as a collateral matter to be disposed of after judgment. (See Fed. R. Civ. P. 58 advisory committee's note to 1993 amendments).

Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure determines when Mag's Notice of Appeal "becomes effective" for the purposes of Rule 58(c) and provides as follows:

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Here, Mag filed its Notice of Appeal after Judgment entered on March 23rd but before the Court disposed of Defendants' timely Motion for Attorneys Fees under Rule 54, which is one of the Motions listed in Fed. R. App. P. 4(a)(4)(A). Thus, even though Mag filed the Notice of Appeal, its appeal is not effective as yet. See Fed. R. App. P.4(a)(4)(B)(i). Accordingly, and in the interest of judicial economy, Defendants respectfully request that the Court Order that Defendants Rule 54 Motion for Attorneys Fees be given the same effect for appellate purposes as a timely Rule 59(e) Motion, namely that Plaintiff's appeal of the Judgment be deferred until decision on Defendants' Motion for Attorneys Fees. See Fed. R. App. P. 4(a)(4).

---

[1] Per LR Cv 54.1, Defendants are required to filed their Motion for award of attorneys fees not later than fourteen (14) days after entry of judgment, or on or before April 6, 2006, which they did.

[2] *See Mendes Junior Int'l Co. v. Banco do Brasil*, 215 F.3d 306, 312 (2d Cir. 2000) ("Rule 58 expressly describes some of the temporal limitations on the district court's authority to order that a timely Rule 54 fee motion have the same effect as a timely motion under, for example, Rule 59").

Respectfully Submitted,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

**Counsel to Cherokee, Inc., Robert Margolis and Target Corporation**

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**Counsel to Style Accessories, Inc.**

Dated: April ___, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Robert W. Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

I hereby certify that I caused a true copy of the within *Memorandum of Law in Support of Motion* to be sent via First Class Mail to the above named counsel of record on the 6 day of April, 2006.

Theresa Beason

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Mem Motion Per Rule 58.doc