UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MAG JEWELRY CO., INC.,

      Plaintiff,

v.                                        C.A. No. 04-174T

CHEROKEE, INC., ROBERT MARGOLIS,
TARGET CORPORATION d/b/a TARGET
STORES, and STYLE ACCESSORIES, INC.,

      Defendants.

**ORDER GRANTING MOTION TO DEFER APPEAL**

    The defendants, jointly, have moved for an order, pursuant to Fed. R. Civ. P. 58(c)(2), deferring Plaintiff Mag Jewelry Co., Inc.'s appeal of this Court's judgment in favor of the defendants until the Court resolves the defendants' contemporaneously-filed motions for awards of attorneys' fees. For the reasons hereinafter stated, that motion is GRANTED.

    On March 23, 2006, judgment was entered for the defendants, pursuant to the Court's order granting their motion for judgment as a matter of law. On March 29, 2006, the plaintiff filed a notice of appeal and, on April 6, 2006, the defendants filed motions for attorneys' fees, pursuant to 17 U.S.C. § 505, Fed. R. Civ. P. 54(d)(2), and D.R.I. L.R. Cv 54.1, together with the instant motion.

    Fed. R. Civ. P. 58(c)(2), in effect, permits a district court to extend the time for filing a notice of appeal, and/or to delay the effective date of a notice already filed, when a timely motion for attorneys' fees has been made. The purpose of this provision is to avoid piecemeal appeals by permitting the district court to decide motions for attorneys' fees before any appeal on the merits is heard. See, e.g., White v. N.H. Dep't of Employment Sec., 455

U.S. 445, 454, 102 S. Ct. 1162, 1168, 71 L. Ed. 2d 325, 333 (1982); <u>see, e.g.</u>, <u>Hebert v. Wicklund</u>, 744 F.2d 218, 223 (1st Cir. 1984) (citation omitted). In order to effectuate that purpose, it is hereby ORDERED that:

1. the defendants' motion to delay the effective date of the plaintiff's appeal until the defendants' motion for attorneys' fees is decided is hereby GRANTED;
2. the defendants' motion for attorneys' fees is scheduled for argument at 2:00 PM on Friday, May 26, 2006, at which time the Court will decide only whether an award of attorneys' fees is warranted; and
3. if the Court decides that an award of attorneys' fees is warranted, the defendants' motion will be scheduled for argument with respect to the amount to be awarded.

By Order

*[signature]*
Deputy Clerk

ENTER:

*[signature]*
Ernest C. Torres
Chief Judge

Date: 5/1/06