**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br><br>Plaintiff<br><br>VS.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br><br>Defendants | : | C.A. NO.: 04-174T |

**PLAINTIFF'S OBJECTION TO THE DEFENDANT, STYLE ACCESSORIES, INC., MOTION FOR ALLOWANCE OF BILL OF COSTS**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendant, Style Accessories, Inc.'s, Motion for Allowance of Bill of Costs. Plaintiff's relies on the attached Memorandum of Law filed contemporaneously herewith in support of its objection.

Plaintiff,
By and Through Its Attorney,

[signature]

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida /s/
Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Objection to Motion for Allowance of Bill of Costs regular mail on the 3rd day of ~~April~~ May, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

Ashley Thomas

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT STYLE ACCESSORIES, INC.'S MOTION FOR ALLOWANCE OF BILL OF COSTS**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and hereby objects to portions of the Bill of Costs, and accompanying request for allowance of Bill of Costs filed by the Defendant Style Accessories, Inc. in the above-entitled matter, as follows:

**I. THE DEFENDANT'S BILL OF COSTS SEEKING CERTAIN COURT REPORTER FEES FOR ALL OR ANY PART OF TRANSCRIPT SHOULD BE DENIED.**

Plaintiff submits that the Defendant, Style Accessories Bill of Costs seeking certain court reporter fees totaling $3,181.39 should not be allowed. Specifically, the Plaintiff objects to the Motion for Costs related to the costs of the deposition transcripts of (1) Chad Mollica, in the amount of $268.55; (2) David Josephs, Esq., in the amount of $384.00; (3) Alan Gregerman, in the amount of $499.14; (4) Frank Vescera, in the amount of $192.60; (5) Elliot Salter, Esq., in the amount of $325.75; (6) Dave Anderson, in the amount of $217.75; (7) Donald Donnelly, in the amount of $558.70; and (8) Martha Freitas, in the amount of

$432.70. Plaintiff further objects to Defendant Style Accessories request for costs in the amount of $66.00 related to a transcript of a pre-trial hearing, in this matter, as well as the cost in the amount of $227.60, related to the deposition transcript of the trial in the matter of *Mag Jewelry vs. Russ Berrie*, C.A. No.: 01-383ML.

Plaintiff submits that the aforementioned costs should not be allowed where: (1) Chad Mollica, David Josephs, Esq., and Alan Gregerman were defense witnesses who were expected to testify, in person, at the trial in this matter, on behalf of the Defendant Style Accessories; (2) the deposition transcripts of Frank Vescera, Elliot Salter, David Anderson, Alan Gregerman, David Josephs, Martha Freitas, Donald Donnelly and Chad Mollica where never introduced into evidence at trial nor used at trial; (3) the transcript of the pre-trial hearing, was never introduced into evidence at trial, and (4) the transcript of the trial in the matter of *Mag Jewelry vs. Russ Berrie*, C.A. No.: 01-383ML was never introduced into evidence at trial, and further, the transcript relates to a separate copyright infringement litigation, in which the Defendants herein were not parties, such that the transcript was merely used to assist defense counsel and was not necessary to the trial.

**A. The deposition transcripts of Alan Gregerman, Chad Mollica, and David Josephs, Esq. were transcripts of Style Accessories' own witnesses, and therefore, the costs related thereto, in the amount of $1,151.69, should not be allowed.**

Pursuant to 28 USC § 1920(2), the Court may permit taxation as costs: "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." However, such fees only include the cost of deposition transcripts that are introduced into evidence or used at trial. *Templeman vs. Chris Craft Corp.*, 770 F.2d 245, 249, (1st Cir. 1985), cert. *denied* 747 US 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). The only time the Court may exercise its discretion to tax costs of transcript fees that are not introduced into evidence or used at trial is when there are "special circumstances" warranting

the action. _Imperial Arrow Assoc. Cerv. vs. Peerless Insurance Co._, 2000 WL 32105766 (DRI 2002 citing _Templeman vs. Chris Craft Corp._, 770 F.2d at 249.

This Court has recognized that no special circumstances are shown with respect to transcripts of a party's own witnesses, since they are obtained in preparation of trial to assist counsel. _Donnelly vs. Rhode Island Board of Governors for Higher Education_, 946 F. Supp. 147, 152 (D.R.I. 1996), (denying costs related to deposition transcripts of Defendant's own witnesses, where the testimony of those witnesses where neither used at trial nor were a necessary part of Defendant's trial preparation, but rather, were obtained for convenience and to assist defense counsel.)

In the case at bar, the Defendant Style Accessories, Inc. obtained the deposition transcript of Chad Mollica, David Josephs, Esq. and Alan Gregerman. Mr. Mollica is the principal of the Defendant Corporation Style Accessories, Inc. David Josephs, Esq. was retained on behalf of the Defendant Style Accessories as an expert to testify in this case. All three individuals – Mr. Mollica, Mr. Josephs, and Mr. Gregerman – where identified in the Defendant's Witness and Exhibit List, as defense witnesses who would be presented, in person, to testify at trial on behalf of Style Accessories, Inc.

In accordance with the aforementioned, well-settled law, the cost for the deposition transcripts of Chad Mollica, David Josephs, and Alan Gregerman – the Defendant's own witnesses – should properly be denied where: (1) it is undisputed that the deposition transcripts relate to Defendant's own witnesses, whom Defendant intended to call to testify at trial, in person; and (2) it is undisputed that the deposition transcripts were not introduced as evidence at trial nor were they used at trial by the Defendant. Rather, the transcripts were obtained by defense counsel for convenience and to be helpful to defense counsel.

Accordingly, Defendant Style Accessories' Motion for Costs, totaling $1,151.69 regarding the costs of the deposition transcripts for the aforementioned defense witnesses should be denied.

**B. The deposition transcripts of Frank Vescera, Elliot Salter, Martha Freitas, Donald Donnelly and Dave Anderson were not introduced at trial nor used at trial, and therefore, the cost in the amount of $1,727.50 should be denied.**

Pursuant to 28 USC § 1920(2), the Court may permit taxation as costs: "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." However, such fees only include the cost of deposition transcripts that are introduced into evidence or used at trial. *Templeman vs. Chris Craft Corp.*, 770 F.2d 245, 249, (1st Cir. 1985), cert. *denied* 747 US 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). The only time the Court may exercise its discretion to tax costs of transcript fees that are not introduced into evidence or used at trial is when there are "special circumstances" warranting the action. *Imperial Arrow Assoc. Cerv. vs. Peerless Insurance Co.*, 2000 WL 32105766 (DRI 2002) citing *Templeman vs. Chris Craft Corp.*, 770 F.2d at 249. Special circumstances have been shown where the transcripts were necessary for the purposes of cross-examination of adverse party witnesses.

During the trial in this matter, Defendant, Style Accessories, did have occasion to use the deposition transcripts of Daniel Magnanimi, during his cross-examination in the Plaintiff's presentation of its case in chief. However, defense counsel did not introduce nor use the deposition transcripts at anytime in cross-examination of Donald Donnelly, Martha Freitas, Frank Vescera, or Elliot Salter[1]. Additionally, defense counsel did not introduce or use the deposition transcript of Dave Anderson, a witness for Target Corporation[2].

As such, the Defendant's Motion for Allowance of Costs, in the total amount of $1,727.50, related to the deposition transcripts of the aforementioned individuals should not be allowed.

---

[1] Defense counsel did use a deposition transcript of Donald Donnelly from a prior Mag case entitled *Mag Jewelry Co., Inc. vs. Russ Berrie Co.*, C.A. No.: 01-383ML. However, defense counsel did not introduce or use the deposition transcript of Mr. Donnelly, in this matter, during his cross-examination, or at any other time during the trial.

[2] Dave Anderson did not testify in person in the Plaintiff's case in chief. But, in any event, defense counsel did not use his deposition nor introduce it into evidence at the trial in this matter.

**C. <u>The cost for the Pre-Trial Hearing transcript should not be allowed.</u>**

This Court has recognized that fees for transcripts of pre-trial arguments on various Motions ordinarily are not taxable as costs. <u>*Donnelly vs. Rhode Island Board of Governors for Higher Education*</u>, 946 F. Supp. at 152 (D.R.I. 1996).

In the instant matter, the Defendant seeks to recover the cost of a transcript of a pre-trial hearing in the amount of $66.00. The hearing date, as shown on the invoice submitted by Style Accessories with its Bill of Costs indicates a hearing date of December 12, 2005. On that date, the Court heard the Defendant's Motion to Compel Production of Documents.

You Plaintiff submits that the transcript of the pre-trial hearing was not introduced into evidence at trial. This fact taken in view of this Court's prior ruling that fees for transcripts of pre-trial arguments are ordinarily not taxable as costs, supports Plaintiff's position that the Defendant's request for an award of costs in the amount of $66.00 related to the fee for the transcript of said pre-trial hearing should not be allowed.

**D. <u>The Defendant's Bill of Costs seeking the fee for the transcript of the trial of *Mag vs. Russ Berrie*, C.A. No.: 01-383ML is not a proper taxable cost, and therefore, should not be allowed.</u>**

Defendant Style Accessories seeks to recover the amount of $1,227.60, which relates to the transcript fee to obtain the trial transcript of the matter of <u>*Mag Jewelry Co., Inc. vs. Russ Berrie*</u>, C.A. No.: 01-383ML. Your Plaintiff submits that the fee sought by the Defendant is not a proper taxable cost, pursuant to 28 USC § 1920, where the transcript was never introduced into evidence at trial, and further, the transcript relates to a separate copyright infringement action, in which the Defendants herein <u>were not</u> parties. In sum, Plaintiff submits that the Defendant's decision to obtain the trial transcript of the matter of <u>*Mag Jewelry Co., Inc. vs. Russ Berrie*</u> was a tactical one on the part of defense counsel, who used the transcript to assist him at trial, but, was not necessary to the trial.

Along these lines, Plaintiff urges the Court to recognize that defense counsel for Style Accessories referred to the trial transcript in the matter of *Mag Jewelry Co., Inc. vs. Russ Berrie* in his cross-examination of Daniel Magnanimi on only one occasion. Moreover and more importantly, defense counsel's use of the transcript of Mr. Magnanimi in no way impeached Mr. Magnanimi's creditability, in that the question which was posed by Style Accessories' counsel was different from that which had been posed to Mr. Magnanimi at trial in the *Mag Jewelry Co., Inc. vs. Russ Berrie* matter. Mr. Magnanimi pointed out the difference in his cross-examination upon responding to defense counsel on this issue (See trial transcript, dated March 7, 2006 at pp. 128-129 attached hereto and marked Exhibit "A").

Based on the foregoing, your Plaintiff submits that the Defendant's request to tax costs in the amount of $1,227.60 against the Plaintiff related to the trial transcript of *Mag Jewelry Co., Inc. vs. Russ Berrie Co.* should be denied.

**II. THE DEFENDANT'S BILL OF COSTS SEEKING FEES FOR EXEMPLIFICATION AND COPIES PERTAINING TO COPYRIGHT APPLICATIONS OBTAINED FROM THE LIBRARY OF CONGRESS, COPYRIGHT OFFICE SHOULD BE DENIED.**

As part of Style Accessories' Motion for Allowance of Costs, it seeks fees for exemplification and copies of papers necessarily obtained for use in the case. Along these lines, the total amount of costs which Defendant seeks to have taxed is $4,034.36. The Plaintiff objects to only one item listed with respect to exemplification and copies, and specifically, the cost related to obtaining certified copies of five registrations, search fee for five registrations, and certified copies of deposit materials and fee to expedite request in the amount of $760.00.

Your Plaintiff submits that the fee related to obtaining certified copies of copyright applications is not within the scope of copying costs permitted by 28 USC § 1920, where the cost includes a fee for searching for the particular records requested by defense counsel by the United States Copyright Office and other

charges. Moreover, the receipt from the Library of Congress, Copyright Office related to the fee to obtain the copyright registration certificate(s) refers to VA 873-382 and four others, which are not identified. Copyright Registration VA 873-382 does not correspond to the registration numbers at issue during the trial in this matter/

This Court has consistently held that in order for copies to be taxable in a case, the parties seeking to tax the cost must show some evidence of necessity. *Johnson vs. State of Rhode Island Department of Corrections, et al*, 2000 WL303305, 14 (DRI 2000).

In the case at bar, the purported cost to obtain certified copyright applications by the Defendant Style have not been sufficiently itemized, particularly in view of the fact that the invoice submitted with the Defendant's Motion for Award of Costs refers to Copyright Registration VA 873-382, which does not relate to any of the copyright registrations at issue in the trial, which were introduced as exhibits. Moreover, the fact that the request was a "rush", presumably resulted in a higher fee, which should not be born by the Plaintiff; as Defendant had full control over when the request for these documents where made on its behalf. Lastly, the fee sough includes a "search fee" which Plaintiff submits is not within the scope of permissible cost of copying or exemplification of documents under 28 USC § 1920.

Accordingly, your Plaintiff submits that these types of costs are not within the scope of copying costs allowed pursuant to 28 USC § 1920, and therefore, they should not be allowed by the Court.

**III. THE DEFENDANT'S BILL OF COSTS SEEKING FEES FOR WITNESSES IN THE AMOUNT OF $99.64 RELATED TO POTPOURRI, INC. SHOULD BE DENIED.**

As part of Defendant Style Accessories' Motion for Allowance of Costs, it seeks fees for witnesses totaling $479.39. Plaintiff objects to only one item listed

with respect to same, and specifically, the cost related to Potpourri, Inc. in the total amount of $99.64.

Plaintiff objects to the cost, in the amount of $99.64, related to Potpourri, Inc. because Plaintiff has no knowledge as to the significance of Potpourri, Inc. to the instant litigation. The Potpourri, Inc. was not identified by the Defendant at any time as a business entity which had some significance to the issues related to the Plaintiff's copyright infringement action against the Defendants.

Defendant Style Accessories had failed to set forth in its Memorandum in Support of its Motion for Award of Costs the significance of Potpourri, Inc. to the litigation, nor the need for witness subpoena to be served on that business entity with respect to the trial in this matter.

Accordingly, the cost related to Potpourri, Inc. in the amount of $99.64 should not be allowed.

**CONCLUSION**

Based on the foregoing, Plaintiff seeks an Order of the Court denying certain portions of the Bill of Costs submitted by the Defendant Style Accessories, totaling $3,804.83 for the reasons set forth herein.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAWFIRM OF THOMAS A. TARRO III.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above ***Memorandum*** regular mail on the 3rd day of ~~April,~~ May 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903