**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S OBJECTION TO THE DEFENDANTS, CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION D/B/A TARGET STORES', MOTION FOR AWARD OF COSTS**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Defendants, Cherokee, Inc., Robert Margolis and Target Corporation d/b/a Target Stores', Motion for Award of Costs. Plaintiff's relies on the attached Memorandum of Law filed contemporaneously herewith in support of its objection.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

**CERTIFICATION**

I hereby certify that I mailed a copy of the above Objection to Motion for Award of Costs regular mail on the 3rd day of ~~April~~ May, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| VS. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO THE DEFENDANTS, CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION D/B/A TARGET STORES', MOTION FOR AWARD OF COSTS**

Now comes your Plaintiff, Mag Jewelry Co., Inc., and objects to the Motion for Award of Costs filed on behalf of Cherokee, Inc., Robert Margolis and Target Corporation d/b/a Target Stores as follows:

## I. THE DEFENDANTS' BILL OF COSTS SEEKING COURT REPORTER FEES FOR ALL OR ANY PART OF TRANSCRIPTS SHOULD BE DENIED.

As part of the Motion for Award of Costs and within their Bill of Costs filed with the Court, the Defendants seek fees of the court reporter in the total amount of $396.67. Specifically, the Defendants seek recovery for the cost of the deposition transcript of Lourdes Sanchez in the amount of $360.15, and the cost for the transcript related to a Pre-Trial Hearing, in the amount of $36.52.

Plaintiff submits that these costs should not be allowed where: (1) the deposition transcript of Lourdes Sanchez was never introduced into evidence at trial nor used at trial; and (2) the transcript of the Pre-Trial Hearing was never introduced into evidence at the trial, and further, the Defendants failed to identify the Pre-Trial Hearing from which the transcript relates, in order to make a determination as to whether it was used at trial, at all.

**A. The deposition transcript of Lourdes Sanchez was not introduced at trial nor used at trial, and therefore, the cost in the amount of $360.15 should be denied.**

Pursuant to 28 U.S.C. §1920(2), the Court may permit taxation as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." However, such fees only include the cost of deposition transcripts that are introduced into evidence or used at trial. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985), *Cert denied,* 474 US 1021, 106 S. Ct. 571, 88 L. Ed. 2d 556 (1985) The only time the Court may exercise its discretion to tax costs of transcript fees that are not introduced into evidence or used at trial, is when there are "special circumstances" warranting the action. *Imperial Arrow Associated Services v. Peerless Insurance Co.,* 2000 WL 32105766 (D.R.I. 2002), Citing *Templeman v. Chris Craft Corp.*, 770 F.2d at 249. Special circumstances have been shown where the transcripts were necessary for the purposes of cross-examination of adverse party witnesses. But no special circumstances are shown with respect to transcripts of the party's own witnesses, since they are obtained in preparation of trial to assist counsel. *Donnelly v. Rhode Island Board of Governors for Higher Education,* 946 F. Supp. 147, 152 (D.R.I. 1996) (Denying costs related to deposition transcript of Defendants' own witnesses, where the testimony

of those witnesses were neither used at trial nor were necessary part of the Defendants' trial preparation, but rather were obtained for convenience and to assist defense counsel.) In the case at bar, the Defendants obtained the deposition transcript of Lourdes Sanchez. Ms. Sanchez was an employee of the Defendant Target Stores at the relevant times related to the Plaintiff's copyright infringement claims. Further, Ms. Sanchez was identified in the Defendants' Supplemental Pre-Trial Memorandum as a witness who would be presented, in person, to testify at trial, on Defendants' behalf, with respect to her experience as a jewelry buyer for Target, knowledge of the Crystal Angel jewelry, stock of the accused Crystal Angel piece, and sales of the accused Crystal Angel piece.

In accordance with the well-settled law, the costs for the deposition transcript of Lourdes Sanchez – the Defendants' own witness – should properly be denied by this Court where: (1) it is undisputed that the deposition transcript relates to the Defendants' own witness, whom the Defendants intended to call to testify at trial, in person; and (2) it is undisputed that the deposition transcript was not introduced as evidence at trial nor was it used at trial by the Defendant, but rather, the transcript was obtained by defense counsel only for convenience and to be helpful to defense counsel.

Pursuant to this Court's ruling in *Donnelly v. RI Board of Governors*, the Defendants' Motion for Costs in the amount of $360.15 for the deposition transcript of Lourdes Sanchez should be denied.

**B. The cost for Pre-Trial hearing transcript is not allowable, particularly where it was not introduced into evidence, nor have the Defendants identified the hearing from which the transcript relates, in order to make a determination as to whether it was used at trial.**

Accordingly, the cost of the transcript in the amount of $36.52 should be denied. This Court has recognized that fees for transcripts of pre-trial arguments on various Motions ordinarily are not taxable as costs. _Donnelly vs. Rhode Island Board of Governors for Higher Education_, 946 F. Supp. at 152 (D.R.I. 1996).

Further, Local Rule 25(c)(1) provides, in pertinent part, as follows:

> Costs shall be taxed as provided in Rule 54(d) of the Federal Rules of Civil Procedure. A party entitled to costs shall, within ten days after the entry of Judgment, unless time is extended under Rule R6(b) of the Federal Rules of Civil Procedure, deliver to the clerk of the court and serve on the attorneys for all adverse parties, a cost statement together with a Notice of Application to have the costs taxed. This statement shall include a Memorandum of Costs and necessary disbursements, so specifying each item that the nature of each can be readily understood, and the statement of costs shall be verified by a person acquainted therewith. (Emphasis added) [See also _Donnelly vs. Rhode Island Board of Governors for Higher Education_, 946 F. Supp. at 152 (D.R.I. 1996) it is incumbent upon the party seeking costs to describe the nature of the expenses adequately or to explain why they should be awarded.]

In the instant matter, the Defendants seek to recover the cost of transcript of a pre-trial hearing in the amount of $36.52; which is not ordinarily taxable as a cost. Moreover, the Defendants have failed to meet the standard required by Rule 54 and Local Rule 25(c)(1) with respect to the specification of said cost, for which reimbursement is sought, as well as the nature of said cost and an explanation as to why they should be awarded by the Court. Indeed, the only document that the Defendants have submitted in support of the cost for the hearing transcript is a copy of the check made to Angela Reynolds, in the amount

of $36.52. The Defendants have failed to identify the specific hearing, which the transcript relates to, and further, fails to provide any explanation as to why the costs related to said transcript should be allowed.

Based on the forgoing, your Plaintiff submits that the Defendant's request for Award of Costs, in the total amount of $396.67, related to fees of the court reporter as set forth above should not be allowed.

**II. THE DEFENDANTS' BILL OF COSTS SEEKING FEES FOR EXEMPLIFICATION AND COPIES PERTAINING TO DIGIPAT, INC. SHOULD BE DENIED.**

As part of the Defendants' Motion for Allowance of Costs, they seek fees for exemplification and copies of paper necessarily obtained for use in the case. Along these lines, the total amount of costs which the Defendants seek to have taxed is $2,034.32. The Plaintiff objects to only one item listed with respect for exemplification and copies, and specifically, the costs related to DigiPat, Inc., dated March 15, 2006, in the amount of $876.60.

With respect to this costs, Plaintiff submits that the Defendants fail to adequately identified the nature of this cost nor provided an explanation as to why it should be awarded as a proper taxable fee for exemplification and copies of papers. Along these lines, although the Defendants identify the invoice of DigiPat within the section of the bill of costs related to copying costs, Plaintiff's counsel has reviewed the website of DigiPat and discovered that DigiPat houses collections of file histories related to United States Patent and Trademark Office, which includes online databases for full texts of patent and published applications

and trademark applications. The company further provides services with respect to researching applications to the USPTO and its in-house database.

Your Plaintiff submits that the costs related to DigiPat, Inc. sought by the Defendants are not allowable as fees for exemplification and copies of papers. Although Plaintiff is unable to determine specifically what services DigiPat provided to the Defendant related to this matter – due to Defendants' failure to provide an adequate explanation of the costs in its pleadings filed with the Court - it appears that DigiPat provided research services to the Defendants related to copyright applications filed with the United States Patent and Trademark Office related to the subject Crystal Angel piece. Accordingly, your Plaintiff submits that the invoice of DigiPat in the amount of $876.60 should not be allowed as a taxable cost where it does not fall within the scope of fees for exemplification and copies of papers.

## III. CONCLUSION

Based on the foregoing, your Plaintiff objects to those portions of the Defendants' Motion for Award of Costs as set forth herein and seeks an Order of the Court denying the fees of the court reporter in the amount of $396.67, as well as the fees of DigiPat, Inc. in the amount of $876.60 from any award of costs awarded the Defendant in this case.

Plaintiff,
By and Through Its Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

Robert W. Clarida Esq. #3190
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9266
(212) 575-0671 (facsimile)

## CERTIFICATION

I hereby certify that I mailed a copy of the above ***Memorandum*** regular mail on the 3rd day of ~~April~~ May, 2006 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903