UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION'S MOTION FOR AWARD OF COSTS**

On April 6, 2006, defendants Cherokee, Inc., Robert Margolis and Target Corporation ("Target") moved for an Award of Costs in the amount of $2,510.99 pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d) and LR Cv 54. Plaintiff Mag Jewelry, Inc. ("Mag") objected to $1,273.27 of the costs sought.

Absent a specific statutory provision or rule to the contrary, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The Court's discretion to deny recovery of costs that fall within the Rule 54(d) categories "operates in the long shadow of a background presumption favoring cost recovery for prevailing parties." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1st Cir. 1993). Here, Mag's objections to the specific costs are unfounded and defendants' Motion for Award of Costs should be granted in its entirety.

**A. Defendants Are Entitled to Have the Sanchez Deposition Taxed as Costs.**

Plaintiff first argues that defendants are not entitled to recovery for the cost of the deposition transcript of Lourdes Sanchez ($360.15) because, plaintiff asserts, defendants did not use the transcript at trial. Plaintiff is wrong.

On March 1, 2006, Mag filed a Motion in Limine to preclude defendants from introducing evidence of costs associated with the manufacture and sale of the accused piece. In its Motion, Mag argued that defendants failed to provide certain cost information in discovery. Among other things, Mag claimed incorrectly that Target only produced one witness, Lourdes Sanchez, in response to a Rule 30(b)(6) Deposition Notice; plaintiff characterized Ms. Sanchez's deposition testimony in support of its Motion in Limine. (Memorandum in Support of Plaintiff's Motion in Limine, pp. 5-6.)

In their Objection, defendants identified multiple inaccuracies in plaintiff's Motion. Defendants relied on the transcript from the Lourdes Sanchez deposition to assert the following:

> Lourdes Sanchez is a buyer at Target and testified in June, 2005 about certain cost information, but her testimony largely concerned acquiring, selling, advertising and discontinuing the accused crystal angel piece, as well as her knowledge of crystal angel jewelry that goes back to the early 1990's.[1]

On March 8, 2006, after hearing, the Court denied plaintiff's Motion in Limine.

The statute on taxation of costs, 28 U.S.C. § 1920, lists six items that may be taxed as costs, including "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In *Templeman v. Chris Craft Corp.*, 770 F.2d 245 (1st Cir. 1985), the Court of Appeals for the First Circuit articulated guidelines for determining when a cost award under 28 U.S.C. § 1920 is proper. The *Templeman* Court determined that prevailing parties are entitled to reimbursement for costs for the deposition

[1] Memorandum of Law in Support of Defendants' Objection to Plaintiff's Motion in Limine, p. 3.

of witnesses when the depositions were introduced into evidence at trial or used at trial. *Id.* at 248-49. The *Templeman* Court clarified, however, that it is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at trial. *Id.*

Here, defendants needed the Sanchez deposition transcript to prepare for and possibly use at trial, as it was unclear for some time whether Ms. Sanchez, a Florida resident, would be available to testify in Rhode Island. Moreover, defendants successfully used the Sanchez transcript on the second day of trial to defend against plaintiff's Motion in Limine, which was critical in preserving damages evidence if the case had advanced to that stage. Since defendants needed the Sanchez transcript for use in the case and actually used the transcript in pretrial proceedings initiated by plaintiff, defendants are entitled to have the Sanchez deposition taxed as costs. *See id.* at 249 (allowing taxation of costs of six depositions even though only parts of two depositions were read to the jury); *see also Riofrio Anda v. Ralston Purina Co.*, 772 F. Supp. 46, 55 (D.P.R. 1991) (noting that § 1920(2) "does not mean that depositions must be used at trial in order to be taxed as costs").

**B. The Transcript from the Hearing on the Motions for Summary is a Taxable Cost.**

Plaintiff next argues that defendants are not entitled to recover $36.52 for the cost of the transcript of the hearing on the Motions for Summary Judgment. Like the deposition transcript, the hearing transcript is taxable as costs if it was "necessarily obtained for use in the case." 28 U.S.C. 1920(2).

Once Mag's role in drafting the Alan Gregerman affidavit came to light in plaintiff's Summary Judgment filings, those filings, and the hearing, became contentious. The hearing itself was a roadmap for the Rule 50 Motions that ultimately occurred and revealed, among other

things, plaintiff's efforts to manipulate the testimony of Alan Gregerman via affidavit. To memorialize Mag's representations about Alan Gregerman, independent creation and vicarious liability, defendants ordered the transcript for use in preparing for trial. This is precisely the type of case where a hearing transcript was "necessarily obtained for use in the case" and is appropriately taxed as a cost.

**C. DigiPat Provided Properly Taxable Copying Services.**

Finally, plaintiffs object a DigiPat invoice for obtaining and copying certified copies of United States Copyrights. Defendants recognized that it was important to have complete certified copies of copyrights at issue here, including the deposit copy, so as to avoid evidentiary disputes. Accordingly, defendants contacted DigiPat, a Washington, DC-based entity, to obtain certified copies from the United States Copyright Office of certain copyright registrations raised in plaintiff's case. Therefore, the Digipat invoice is a proper cost taxable under 28 U.S.C. § 1920(4).

## CONCLUSION

For the foregoing reasons, and for the reasons previously articulated in their Motion and supporting papers, defendants respectfully request that the Court grant their Motion for Award of Costs in its entirety and award defendants prevailing party costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54 (d)(1) and LR Cv 54 in the amount of $2,510.99.

Respectfully Submitted,
Cherokee, Inc., Robert Margolis
and Target Corporation
By Their Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

Dated: May 22, 2006

**CERTIFICATION**

TO:

Thomas A. Tarro, III, Esq.
Kris R. Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro III, Esq.
The Summit East, Suite 330
300 Centerville Road
Warwick, RI 02886

Robert W. Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main St.
Providence, RI 02903

I hereby certify that I caused a true copy of the within *Reply Memorandum in Support of Motion for Award of Costs* to be sent via First Class Mail to the above named counsel of record on the 22 day of May, 2006.

Theresa Benson

H:\Clients\Target Corporaton.MAG\Style Fashion Jewelry - Mag\Pleadings\Reply Motion for Award of Costs.doc