UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

**DEFENDANT STYLE ACCESSORIES, INC.'S REPLY MEMORANDUM TO MAG'S OBJECTION TO STYLE'S BILL OF COSTS**

The plaintiff, Mag Jewelry Co., Inc. has filed a series of mistaken and flawed objections to the items appearing on the Bill of Costs submitted by defendant Style Accessories, Inc., following the court's dismissal of the action under Rule 50.

## A. ARGUMENT

Style herein responds to each item of objection as they may be reasonably grouped, as follows.

### 1. Transcripts for Depositions of Witnesses Chad Mollica, David Josephs, Alan Gregerman, Frank Vescera, Eliot Salter, Dave Anderson, Donald Donnelly, and Martha Freitas.

As an initial matter, Mag incorrectly states and distorts the standard for the award of the costs of transcript fees. Mag distorts the standard by claiming that "such fees *only include* the cost of deposition transcripts that are introduced into evidence or used at trial." Mag's *Memorandum in Support of Its Objection*, p. 2 (emphasis added)(citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.) cert. denied, 474 U.S. 1021, 106 S. Ct. 571,

88 L. Ed. 2d 556 (1985)). Mag continues this distortion by stating that "[t]he *only* time the Court may exercise it discretion to tax costs of transcript fees that are not introduced into evidence or used at trial is when there are 'special circumstances' warranting the action." Mag's *Memorandum in Support of Its Objection*, p. 2-3 (emphasis added)(citing *Imperial Arrow Assoc. Serv. v. Peerless Insur. Co.*, 2003 U.S. Dist. LEXIS 9368 (D.R.I. 2003)(Magistrate Judge Hagopian). These statements are simply incorrect. Neither the *Templeman* nor the *Imperial Arrow* court ever used the word "only" or implied such a limitation.[1]

The correct standard is found in 28 U.S.C. § 1920(2), which permits the recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." "Those fees include the cost of transcripts of depositions that are 'either introduced in evidence or used at trial.'" *Donnelly v. Rhode Island Board of Governors for Higher Education*, 946 F.Supp. 147, 151 (D.R.I. 1996) (quoting *Templeman*, 770 F.2d at 249 (emphasis added). Moreover, "even if the transcripts are not introduced in evidence or used at trial, the Court has discretion to include the transcript fees in an award of costs 'if special circumstances warrant it.'" *Id.*

---

1 The actual language of *Templeman* is –

> "While some cases hold that the costs of depositions are taxable only if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the depositions is shown to have been reasonably necessary in light of the particular situation at the time it was taken. *Copper Liquor, Inc. v. Adolph Coors Company, 684 F.2d 1087, 1099 (5th Cir. 1982). See generally* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice § 54.77[4] (2d ed. 1985). We hold that if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial."

*Templeman*, 770 F.2d at 249. In *Imperial Arrow Assoc. Serv. v. Peerless Insur. Co.*, the magistrate judge first noted that prevailing parties are entitled to reimbursement for costs for the deposition of witnesses when those depositions were introduced into evidence at trial or used at trial, and in addition "it is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at trial." *Imperial Arrow*, 2003 U.S. Dist. LEXIS 9368, *4 (D.R.I. 2003)(Magistrate Judge Hagopian).

In applying *Templeman*, the district court in *Donnelly* allowed the prevailing party to recover the cost of transcripts of its opponent's witnesses, including transcripts that were neither introduced at trial nor actually used in impeaching the witnesses, after finding that the party had a "legitimate need to have the transcripts . . . available at trial for purposes of cross examination." *Donnelly,* 946 F.Supp. at 151-52. It appears that the court, without explicitly stating so, found that the "legitimate need to have the transcripts . . . available at trial for purposes of cross examination" amounted to "special circumstances."

Mag's addition of the word "only" is legally incorrect and would illogically restrict the district court's ability to award costs. Under the incorrect standard proffered by Mag, a party that prevails on summary judgment would not be able to recover the cost of transcripts since they were not introduced at trial.

It is also worth noting that the plain language of 28 U.S.C. § 1920(2) refers to "case" not "trial." Most courts, in addressing costs for depositions not used at trial, permit taxation "if the taking of the deposition appeared to be reasonably necessary at the time it was taken." *10 Moore's Federal Practice*, §54.103(3)(c) (Matthew Bender 3d) (citing among numerous citations: *Fogelman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)(costs of deposition transcripts are reimbursable costs if, at time depositions were taken, the litigant could reasonably have expected to use them at trial or in trial preparation); *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)(district court should have awarded cost of deposition if it appeared reasonably necessary when taken, even though defendant was granted directed verdict and therefore did not use deposition at trial); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (determination of necessity must be made in light of facts known at time of deposition; actual use is not

prerequisite to finding of necessity). Factual investigation is absolutely necessary to the development and defense of a case, and the mere fact that a deposition was taken "solely for discovery purposes" does not preclude taxation of those expenses as costs. *10 Moore's Federal Practice*, §54.103(3)(c). "[T]he court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken." *Id.*

In addition, the Supreme Court, in referring to 28 U.S.C. § 1920, has stated that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 13 L. Ed. 2d 248, 85 S. Ct. 411 (1964). Clearly, even assuming *arguendo* that these transcripts do not fall within §1920(2), the district court has the discretionary ability to tax costs beyond those listed in that statute.

Clearly, the cost of the deposition transcripts of Chad Mollica, Dave Anderson, Alan Gregerman, Frank Vesera, Eliot Salter, Donald Donnely, and Martha Frietas -- all listed as Mag witnesses in *Plaintiff's Supplemental Pre-Trial Memorandum* – should be allowable costs.[2] All were clearly reasonably necessary when taken, and were in fact "used" in this case, both in preparing for direct and cross examination of the deponent and other witnesses, and in exploring and questioning the factual basis for plaintiff's case and in developing defenses.

The only deposition transcript of a witness not on the plaintiff's witness list is that of David Josephs, Esq. Mr. Josephs was defendant's expert witness, who was obviously never called to testify at trial as the defendants' case was never reached. The Josephs transcript is

---

[2] Mr. Mollica is Style's principal; his deposition was noticed by Mag, not by Style. Several of these witnesses - Chad Mollica, Alan Gregerman, and Eliot Salter – also appeared on Style's Witness list. Dave Anderson, Frank Vescera, Donald Donnelly, and Martha Freitas did not appear on Style's witness list. *See Witness and Exhibit List of Defendant Style Accessories, Inc.*

recoverable under §1920(2) as it was "necessarily obtained for use in the case." Mr. Josephs was deposed upon request from Mag. The transcript was reasonably necessary to the defendants at the time it was taken in terms of factual and legal development of the case, and aided Style's counsel in preparing for and countering plaintiff's anticipated cross-examination of Mr. Josephs. It is acknowledged that in *Donnelly*, the court disallowed certain deposition transcript costs, holding that "[n]o such need existed with respect to the deposition testimony of the defendants' own witnesses. The testimony of those witnesses was neither used at trial nor was it a necessary part of the defendants' trial preparation." *Donnelly*, 946 F.Supp. at 152 (emphasis added). Here, the deposition was noticed by Mag, not by Style, and it concerned defendant's proffered expert, whose participation and central role at trial was fully anticipated.

**2. <u>Transcript of December 12, 2005 Pre-Trial Hearing</u>**

In *Donnelly*, the court denied the request for the award of costs for obtaining pretrial transcripts, stating that "fees for transcripts of pretrial arguments . . . ordinarily, are not taxable as costs." The court included the caveat "ordinarily." There was no need to discuss the term "ordinarily" because of the failure of the party moving for costs in that case "to adequately describe the nature of these expenses or to explain why they should be awarded [was] sufficient reason to disallow them." *Donnelly*, 146 F.Supp at 152. In addition, the exclusion of the cost of the transcript of pretrial proceedings does not appear to be the prevailing view.

> Section 1920(2) is not restricted to transcription of the entire record, but applies to 'any part' of the transcript necessary in the case. The statute therefore permits an award of costs for transcription of pretrial and post-trial proceedings.

10 *Moore's Federal Practice*, §54.103(3)(e).

As the Court is well aware from previous memoranda in this case, Mag's counsel represented at the hearing on Style's Motion for Summary Judgment that the signed affidavit from Mr. Gregerman submitted by Mag indicated that Mr. Gregerman had been selling Mag's piece pursuant to a license and also that Mr. Gregerman was repudiating his earlier claim of independent creation. Because the defendants understood those positions argued by Mag to have been contradictory to all of Mr. Gregerman's prior sworn testimony, Style was compelled to pursue production of the Gregerman documents from Mag. In its *Motion to Compel,* Style sought documents exchanged with Mr. Gregerman on the belief that these documents were highly relevant and would clarify Mr. Gregerman's position on any purported "agreement" or "license" with Mag and his independent creation of his crystal angel.

On December 12, 2005, the Court heard the defendant's *Motion to Compel Production of Documents* relating to documents exchanged with Alan Gregerman. At the hearing before the Magistrate Judge, Mag's counsel averred that the documents were protected by the work-product privilege because the "correspondence had attached to them affidavits, and those affidavits did include certain, the theory of the plaintiff's case and that's why we're still seeking to enforce the work product privilege." Transcript of December 12, 2005 hearing before Magistrate Judge Lincoln Almond, p. 11, ln. 2-5. The following exchange took place between the Magistrate Judge and plaintiff's counsel at the hearing:

> Magistrate Judge — So I'm requesting an in camera submission of those two letters and the attachments. All right, do you have those today, Ms. Marotti?
>
> Ms. Marotti — I do, your Honor.

December 12, 2005 hearing transcript, p. 14, ln. 20-23. Style had a compelling need to

obtain the transcript of the December hearing – both to challenge the denial of its *Motion* and to scrutinize the claims made by Mag's counsel at that hearing. After Style successfully sought reversal of the Magistrate Judge's denial of the motion to compel production of the document, Mag's counsel claimed no longer to possess a copy of the unexecuted affidavit. It appears that the plaintiff never provided the unexecuted affidavit to the Magistrate Judge, despite his request for the attachments and plaintiff's counsel's apparent representation that they were being provided. The transcript was necessary at the time to support a spoliation instruction at trial, based on Mag's counsel's representation that it had the documents in December, but never produced them and apparently lost or destroyed them. Defendants were thereafter able to obtain a copy of the unexecuted affidavit from Mr. Gregerman, who had retained a copy, and were then compelled (because Mag would not agree) to seek the court's permission to depose Mr. Gregerman on this series of events to clarify his position on the record.

The December 15, 2005 transcript therefore was necessarily obtained for use in the case as required under 28 U.S.C. 1920(2). The documents sought were highly relevant to Style's defense of this action, Style's legal position was correct (necessitating the appeal of the Magistrate Judge's denial), and the transcript was necessary for that successful appeal.[3] Moreover, Style was compelled to obtain this transcript in the event it was needed to support a spoliation instruction at trial. Based on these circumstances, the cost of this transcript should fall within the court's discretion to include the transcript fees in an award of costs as "special circumstances warrant it."

---

[3] "[I]f a decision of a master or magistrate judge is reversed in the district court, the fees for transcription of the record may be taxed in favor of the prevailing party." 10 *Moore's Federal Practice*, §54.103(3)(e) (citing *Danner v. United States Civil Serv. Comm'n.*, 635 F.2d 427, 433 (5th Cir. 1981).

**3. <u>Transcript of *Mag v. Russ Berrie* trial</u>**

Mag's principal, Mr. Magnanimi, had testified in a trial in this court (*Mag v. Russ Berrie*) two years prior to the trial of this matter. That case also involved the crystal angel piece over which Mag claims exclusive rights. It was essential to retrieve and review prior testimony of the plaintiff's principal, the purported creator of the piece, prior to trial. Under the circumstances, it would have been irresponsible for Style *not* to do so. Style and the other defendants had a "legitimate need to have the transcripts . . . available at trial for purposes of cross examination" of Mag's principal witness. In addition, Style had a need for the transcript to prepare for the cross-examination of Mag's anticipated expert testimony. Mag had presented an expert witness on its behalf in the *Russ Berrie* trial, but named a different expert, Elliot Salter, for this matter. Style and the other defendants had a legitimate need to review prior testimony of the plaintiff's expert witness in another case concerning the same design in order to anticipate and prepare cross examination based on consistencies and inconsistencies in that prior testimony. Moreover, as Mag admits in its *Memorandum in Support of Its Objection*,[4] Style "used the transcript to assist [it] at trial," and even referred to the trial transcript in the cross-examination of Mr. Magnanimi.

**4. <u>Fees for obtaining copies of copyright applications</u>**

Mag apparently objects to the entire cost of obtaining copies of five copyright registrations from the United States Copyright Office. Mag objects because the cost includes a search fee, an expedited delivery fee, a copyright registration (VA 873-382) it believes is unrelated to the case, and other copyrights. Section 1920(4), allows for the recovery of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

---

4 Mag's *Memorandum in Support of Its Objection*, p. 5-6.

The evidence produced "may be deemed necessary even if not actually used at trial." 10 *Moore's Federal Practice*, §54.103(3)(d). Style here attaches as Exhibit A a copy of the correspondence to the United States Copyright office requesting material on file for identified copyright registrations.[5] Registration VA 873-382 is a copyright owned by a party Mag once sued, Cathedral Art Metal, for another crystal angel design. Registrations VA 735-686 and VA 819-623 were owned by Bharat Dass, who had created and sold a substantially similar crystal angel in 1989. Mag claimed to own the Dass copyright by assignment; clearly, copies of registrations and/or deposit material of a purportedly earlier crystal angel design would have been "obtained for use in the case." Registrations VA 758-661 and VA 787-020 were both registered to Mag, and were believed to represent early copyright registrations obtained by the plaintiff. Style intended to compare the dates on those registrations with the dates shown on the registration of the crystal angel to rebut plaintiff's claims concerning its registration and the creation dates it has claimed. These registrations are clearly related to and necessarily obtained for use in this case. Four of them were marked as trial exhibits and were also utilized as exhibits to Style's *Motion for Summary Judgment*.[6]

The search fee to the copyright office is a standard fee payable upon a request for copies of registrations and deposit material, and was thus necessary to obtain the registrations. The expedited delivery fee ($200) was also necessary in this case. The copyright registrations were requested on July 13, 2005 and were not sent out by the Copyright office until August 30, 2005. *See* Request Form and Invoice attached with Bill of

---

[5] See July 8, 2005 correspondence from Thomas R. Noel to Copyright Office.

[6] *See Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429,1441 (7th Cir. 1994) (expense of preparation and copying of exhibit attached to summary judgment motion was compensable under §1920(4)).

Costs. Style had filed its Motion for Summary Judgment on July 29, 2005 and anticipated the need for the requested registrations to support that motion.

5. **<u>Cost of Subpoena and Witness Fee for Potpourri, Inc.</u>**

Despite Mag's claimed ignorance of the significance of Potpourri, Inc. to this case, Mag was informed that Potpourri, Inc., was the employer of Mr. Robert Piro, a witness identified for appearance at trial. *See Witness and Exhibit List of Defendant Style Accessories, Inc.* Mag cannot credibly dispute that it was aware of Mr. Piro and his company's connection to this matter. Mr. Piro's company had published a catalog in 1992 selling a substantially similar crystal angel:







Style had, prior to trial, served a subpoena on the Keeper of Records of Potpourri, Inc. with an attached Schedule A that clearly identified the records sought from Potpourri. The significance of records concerning the advertising and sale of a similar piece prior to the claimed creation date of the plaintiff – even the earlier claimed creation date – should have

been obvious to Mag in this action.[7]

**B. CONCLUSION**

The Bill of Costs submitted by defendant Style Accessories, Inc. should be allowed in its entirety.

Dated: May 22, 2006

STYLE ACCESSORIES, INC.
By Its Attorneys,

Thomas R. Noel (#4239)
John R. Harrington (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on May 22nd, 2006, I served a copy of the foregoing via First Class Mail to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

[7] Amazingly, prior to trial, Mag attempted to preclude the testimony of Mr. Piro, based in part on the argument that such testimony concerning the sale of another substantially similar piece would somehow be irrelevant. That motion was denied.

# NOEL & GYORGY LLP

FIFTY SOUTH MAIN STREET • PROVIDENCE RHODE ISLAND 02903 • TELEPHONE (401) 272-7400 • FAX 401-621-5688

JOHN P. GYORGY
THOMAS R. NOEL †

† *Also Admitted in Massachusetts*

MASSACHUSETTS OFFICE
8 NORTH MAIN STREET
ATTLEBORO MA 02703
TELEPHONE (508) 223-5800

TNoel@LawNoel.com


July 8, 2005

*Via Courier Delivery*

Library of Congress
Copyright Office
Certifications and Documents Section, LM-402
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Re: Request for Certified Copies of Registrations and Deposit Material

Dear Sirs/Madams:

This office represents Style Accessories, Inc., a defendant in litigation now pending in the United States District Court for the District of Rhode Island titled *Mag Jewelry Co., Inc. v. Cherokee, Inc., Robert Margolis, Target Corporation d/b/a Target Stores, and Style Accessories, Inc.*, C.A. No. 04-174T. I hereby request certified copies, on an expedited basis, of the following five (5) registrations and their accompanying deposit material:

| Reg. No. | Claimant | Registration Date |
|---|---|---|
| VA 873-382 | Cathedral Art Metal Co., Inc. | July 31, 1997 |
| VA 735-686 | Bharat Dass | January 22, 1996 |
| VA 819-623 | Bharat Dass | December 31, 1996 |
| VA 758-661 | Mag Jewelry Co., Inc. | November 29, 1995 |
| VA 787-020 | Mag Jewelry Co., Inc. | June 13, 1996 |

I enclose Litigation Statement Forms for each requested registration. I also enclose a check in the amount of $830.00 to cover anticipated costs and fees, as follows:

| | |
|---|---|
| Certified copies of five registrations: | $ 150.00 |
| Search fee for five registrations: | 80.00 |
| Certified copies of deposit material (5): | 400.00 |
| Fee to expedite request: | 200.00 |
| Total: | $ 830.00 |

I do not know whether VA 819-623 or VA 787-020 have their own deposit material as they were supplemental filings. I assume you will adjust the fees according to what is found, and I understand you will contact my office concerning copying fees when they are determined.

Thank you for your assistance with this matter.

Sincerely,

Thomas R. Noel

TRN/

cc: Craig M. Scott, Esq. (with enclosures)
Mr. Chad R. Mollica (with enclosures)