**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**STYLE ACCESSORIES INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF PAYMENT OF COSTS**

Defendant Style Accessories, Inc. ("Style") hereby objects to the plaintiff Mag Jewelry Co., Inc.'s Motion for Stay of Payment of Costs. As grounds for its objection, Style relies upon the Memorandum In Support, and attached exhibits, filed contemporaneously herewith.

Wherefore, the Plaintiff's Motion should be denied.

Dated: December 22, 2006

STYLE ACCESSORIES, INC.
By Its Attorneys,

/s/ John R. Harrington
Thomas R. Noel (#4239)
John R. Harrington (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on December 22, 2006, I served a true copy of this document by electronic means to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

/s/ John R. Harrington

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

**MEMORANDUM IN SUPPORT OF STYLE ACCESSORIES INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF PAYMENT OF COSTS**

Plaintiff Mag Jewelry Co., Inc.'s ("Mag's") Motion for Stay, brought at this late hour, is dilatory, vexatious, and further evidence of a pattern of litigation conduct that has unnecessarily and wastefully inflated the costs and fees associated with this litigation from its inception.

Mag's motion comes only after defendant Style Accessories, Inc. ("Style") was forced to obtain a writ of execution, have it served on the plaintiff (who refused inasmuch as to sign for it), successfully defend against a similarly misplaced motion by Mag in the appeals court, and then move for an attachment just to satisfy the $8,814.55 debt at issue. Style has for four months now attempted to collect on the judgment that it should be reimbursed for its costs, and from the very beginning implored the plaintiff through its counsel either to pay or to properly seek a stay. Plaintiff stubbornly did neither, forcing Style to jump through a series of hoops wasteful of time, energy, and money, only to file for the protection of this court at the last minute. Now, in a last-ditch effort to avoid paying Style what was ordered months ago, Mag has paid the money into the registry of the court, and in

the process has made absolutely *no argument* as to why it should be allowed to do so. Mag's Motion must be denied.

This Court, at the close of the plaintiff's case on March 9, 2006, granted defendants' Rule 50 Motion to Dismiss as a Matter of Law, as the Court properly determined that Mag had wholly failed to present a case on which it could prevail. Judgment entered thereafter. On July 11, 2006, the United States District Court for the District of Rhode Island taxed costs against Mag and in favor of Style Accessories, Inc. in the amount of eight thousand eight hundred fourteen dollars and fifty-five cents ($8,814.55).[1] Mag did not file a motion for review objecting to the cost awards as it could have done under Rule 54(d)(1) of the Federal Rules of Civil Procedure, nor did it appeal the award in any other manner. Failure to make a timely objection to a cost award constitutes waiver of the right to challenge the award.[2] "After any grounds for objecting to the taxation of costs have been exhausted, the party liable for costs must pay them." 8 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 2680, p 491 (2d ed. 1988).

After the objection and appeal period expired, Style made request of Mag through counsel to pay the cost award that had been rendered. *See Letter* to counsel for Mag dated August 25, 2006, a true and accurate copy of which is attached as *Exhibit A*. Ten days later, Style made another request for payment. *See email* to counsel for Mag dated September 5, 2006, a true and accurate copy of which is attached as *Exhibit B*. Mag responded by calling the requested payment "premature," and threatening to file a motion "with the Court of

---

1 The Court also taxed costs against Mag and in favor of defendants Cherokee, Inc. and Target Corporation in the amount of one thousand two hundred eight dollars and eighty-nine cents ($1,208.89).

2 *Walker v. California,* 200 F.3d 624 (9th Cir. 1999) ("A party may demand judicial review of a cost award only if the party has filed a proper motion within the five-day period."); *see also Prince v. Poulos*, 876 F.2d 30, 33-34 (5th Cir. 1989); *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1244 (7th Cir. 1988).

Appeals." *See Letter* from Mag dated September 8, 2006, a true and accurate copy of which is attached as *Exhibit C*. Style responded by warning Mag explicitly that filing a motion with the Court of Appeals was not the proper vehicle through which to seek relief. *See email* to Mag dated September 13, 2006, a true and accurate copy of which is attached as *Exhibit D*. Mag nevertheless filed a motion with the appeals court, to which Style was compelled to respond. The appeals court denied the motion, echoing the position that Style had communicated to Mag weeks earlier – that the motion was not proper before the Court of Appeals under its own rules.

Style, meanwhile, was forced to obtain a writ of execution, and in fact had it served upon Mag, which not only refused to satisfy it but refused to sign for it. Style thereafter filed with the court a *Motion to Attach*, which is currently pending. Mag's response to the *Motion to Attach* was to file the *Motion for Stay*.[3]

Mag has provided the court with absolutely no basis, let alone reason, to issue a stay at this late date. By virtue of the absence of an objection by Mag at the time costs were awarded, Mag does not contest any individual cost. By virtue of the payment by Mag into the registry of the court, there is no issue of Mag's ability to pay. It is apparent that the only reason Mag has failed to pay Style is that it does not want to pay Style. That reason is insufficient to permit Mag to continue to ignore its obligations. That Mag's motion comes after months of effort by Style simply to recoup some of the costs it was forced to incur is further evidence of Mag's vexatious and wasteful litigation tactics. Mag's *Motion for Stay* must be denied.

---

3 Mag's *Objection* to the *Motion to Attach* merely refers to its *Motion for Stay*.

Dated: December 22, 2006

STYLE ACCESSORIES, INC.
By Its Attorneys,

/s/ John R. Harrington

Thomas R. Noel (#4239)
John R. Harrington (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
401.272.7400 Telephone
401.621.5688 Facsimile

**CERTIFICATION**

I hereby certify that on December 22, 2006, I served a true copy of this document by electronic means to Thomas A. Tarro III, Esq., The Summit East, Suite 330, Centerville Road, Warwick, RI 02886 and Craig M. Scott, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903.

/s/ John R. Harrington

**Exhibit A**

NOEL & GYORGY LLP
50 SOUTH MAIN STREET • PROVIDENCE RHODE ISLAND 02903 • TELEPHONE 401-272-7400 • FAX 401-621-5688

JOHN P. GYORGY
THOMAS R. NOEL †
JOHN R. HARRINGTON

† Also Admitted in Massachusetts

MASSACHUSETTS OFFICE
8 NORTH MAIN STREET
ATTLEBORO MA 02703
TELEPHONE 508-223-5800

TNoel@LawNoel.com

August 25, 2006

*Via Facsimile and First Class Mail*

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Law Firm of Thomas A. Tarro, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

Re: Mag Jewelry Co., Inc. v. Cherokee, Inc., Target Corporation d/b/a Target Stores, and Style Accessories, Inc., C.A. No. 04-174T

Dear Counsel:

On July 11, 2006, the Clerk of the District Court taxed costs against Mag Jewelry Co., Inc. in the amount of $8,814.55. No objection was filed thereafter, and no appeal was taken. Accordingly, please remit payment to this office on behalf of Style Accessories, Inc. in the taxed amount. Thank you for your prompt attention to this matter.

Sincerely,

Thomas R. Noel

TRN/
cc: Mr. Chad R. Mollica
Craig M. Scott, Esq.
Christine K. Bush, Esq.

**Exhibit B**

## Thomas Noel

**From:** Thomas Noel [tnoel@lawnoel.com]

**Sent:** Tuesday, September 05, 2006 3:56 PM

**To:** 'ttarro3rd@tarrolawfirm.com'; 'kmarotti@tarrolawfirm.com'

**Cc:** 'Clarida, Robert'; 'Craig Scott'; 'Christine Bush'; 'jrharrington@lawnoel.com'

**Subject:** Costs

Tom/Kris:

I did not hear back from you after my letter of August 25 concerning the payment of costs. I'm just trying to get that issue resolved. If it's a timing issue and he wants a couple of weeks to get us checks, let me know. But I would also appreciate hearing if he does not intend to pay. I'm going to have to start supplementary proceedings and seek our fees for doing so if compelled. Please let me know by Friday.

Thanks,
Tom

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
Phone: 401-272-7400
Fax: 401-621-5688

TNoel@LawNoel.com

---

This message may be a confidential attorney-client communication or may be otherwise privileged from disclosure to anyone other than the intended recipient. If it is not clear that you are the intended recipient, and you think you may have received this message by mistake, please let us know by telephone at 401-272-7400 or by return e-mail to TNoel@LawNoel.com so that the message can be re-sent to the person for whom it was intended.

---

**Exhibit C**

THE LAW FIRM OF
THOMAS A. TARRO III, ESQ.
THE SUMMIT EAST — SUITE 330
300 CENTERVILLE ROAD
WARWICK, RHODE ISLAND 02886

(401) 737-7200
FAX: (401) 732-3362

THOMAS A. TARRO III
ttarro3rd@tarrolawfirm.com

ANTHONY S. BUGLIO
abuglio@tarrolawfirm.com

KRIS R. MACARUSO MAROTTI
kmarotti@tarrolawfirm.com

September 8, 2006

***Via Facsimile & E-mail***

Thomas R. Noel, Esq.
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903

RE: Mag Jewelry Co., Inc. v. Cherokee, Inc., et al

Dear Attorney Noel:

I am in receipt of your e-mail dated September 7, 2006, concerning the above-entitled matter. Please be advised that Plaintiff does not intend on paying any costs at this time, in view of the pending appeal in the First Circuit Court of Appeals. It is Plaintiff's position that any payment of costs during the pendency of the appeal would be premature.

If you intend to press this matter, Plaintiff will file a Motion with the Court of Appeals seeking a stay of the Order concerning payment of costs until the appeal is heard and decided.

Very truly yours,

Kris Macaruso Marotti

KMM/aat
Cc: Robert Clarida, Esq.
Craig Scott, Esq.
Christine Bush, Esq.
John Harrington, Esq.

**Exhibit D**

**John Harrington**

**From:** Thomas Noel [trn@lawnoel.com]
**Sent:** Wednesday, September 13, 2006 3:27 PM
**To:** 'Ashley Toneatti'; ttarro3rd@tarrolawfirm.com; kmarotti@tarrolawfirm.com
**Cc:** 'Clarida, Robert'; cscott@duffysweeney.com; jrharrington@lawnoel.com; cbush@duffysweeney.com
**Subject:** RE: Mag Jewelry Co., Inc. vs. Target

Tom/Kris:

I want to be clear in this so none of us ends up wasting our time. Your client has no basis for not paying. If you know of some authority for your position, I'd love to see it; we couldn't find any. There was no objection to the Bill of Costs, and no appeal was taken. The Appeals Court has no jurisdiction over the Bill of Costs, and therefore cannot issue a stay. Jurisdiction over the Bill of Costs is with the District Court, as it always has been, and we are taking steps to execute. I urge you to reconsider to save everybody the time and money.

Tom

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
Phone: 401-272-7400
Fax: 401-621-5688

TNoel@LawNoel.com

---

This message may be a confidential attorney-client communication or may be otherwise privileged from disclosure to anyone other than the intended recipient. If it is not clear that you are the intended recipient, and you think you may have received this message by mistake, please let us know by telephone at 401-272-7400 or by return e-mail to TNoel@LawNoel.com so that the message can be re-sent to the person for whom it was intended.

---

**From:** Ashley Toneatti [mailto:atoneatti@tarrolawfirm.com]
**Sent:** Friday, September 08, 2006 12:51 PM
**To:** trn@lawnoel.com
**Cc:** Clarida, Robert; cscott@duffysweeney.com; jrharrington@lawnoel.com; cbush@duffysweeney.com
**Subject:** Mag Jewelry Co., Inc. vs. Target

September 8, 2006