**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | |

**NOTICE OF ATTORNEYS' LIEN**

Noel & Gyorgy LLP hereby gives notice of and asserts a lien in the amount of $83,025.39 plus interest against Style Accessories, Inc. ("Style") for unpaid legal fees. Between September, 2004 and April 3, 2007, Noel & Gyorgy LLP acted as legal counsel to Style in this action, in the appeal from the Judgment in this action taken by plaintiff Mag Jewelry Co., Inc. to the United States Court of Appeals for the First Circuit, and in the cross-appeal taken by Style concerning the District Court's denial of attorneys' fees to Style as prevailing party (Appeal Nos. 06-1556 and 06-2127). Noel & Gyorgy LLP also represented Style in a related matter, *Alan Gregerman Company v. Style Accessories, Inc.,* C.A. No. 06-332ML, D.R.I. (voluntarily dismissed).

Noel & Gyorgy LLP rendered legal services to Style pursuant to a contract under which it is currently owed $83,025.39 plus accrued and accruing interest.

You are hereby notified that the filing and service of this Notice perfects a lien in that amount under and subject to the terms of R.I.G.L. §§ 9-3-1 and 9-3-2, copies of which are attached to this Notice.

Dated: April 10, 2007

NOEL & GYORGY LLP

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
401-272-7400 Tel.
401-621-5688 Fax

Subscribed and sworn to before me in Providence, Rhode Island, this 10th day of April, 2007.

Notary Public

Commission Expires 7/18/08

**CERTIFICATION**

I certify that on April 10, 2007, I served this document *via* First Class Mail to the following:

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

Ms. Claire Parvin, Finance Officer
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

and *via* Certified Mail, Return Receipt Requested upon:

Mr. Chad R. Mollica, President
Style Accessories, Inc.
3 Acorn Street
Providence, RI 02903

James O. Reavis, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903

General Laws of Rhode Island
Copyright; 1953-2006 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2006 Session ***
*** Annotations current through November 14, 2006 ***

TITLE 9. COURTS AND CIVIL PROCEDURE--PROCEDURE GENERALLY
CHAPTER 3. LIENS AGAINST CAUSES OF ACTION

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*R.I. Gen. Laws § 9-3-1* (2007)

§ 9-3-1. Attorney's lien -- Creation

Whenever the relationship of attorney and client has been entered into by an implied or express contract for service, wherein the attorney does not agree to be responsible for costs of suit, the attorney shall have a lien to the value of his or her contractual interests in the cause of action, claim, demand, counterclaim, or other matter concerning which the contract is entered into.

**HISTORY:** P.L. 1917, ch. 1515, § 1; G.L. 1923, ch. 301, § 32; P.L. 1931, ch. 1761, § 1; G.L. 1938, ch. 450, § 1; G.L. 1956, § 9-3-1.

*R.I. Gen. Laws § 9-3-2* (2007)

§ 9-3-2. Operation of attorney's lien

From the time notice is given by an attorney of the relationship of attorney and client to the person or party against whom a claim, demand, or counterclaim is made, or a cause of action or other matter is pending, the attorney's implied or express agreement shall begin to operate as a lien, and no settlement either before or after judgment shall invalidate it, but it may be enforced like any other lien against the money or thing of value which is the consideration for the settlement, or the parties, if they have made a settlement, may be proceeded against jointly or severally in an action on the case at law and shall be jointly or severally liable to the attorney for the full value of his or her lien in accordance with his or her implied or express agreement.

**HISTORY:** P.L. 1917, ch. 1515, § 1; G.L. 1923, ch. 301, § 32; P.L. 1931, ch. 1761, § 1; G.L. 1938, ch. 450, § 1; G.L. 1956, § 9-3-2.