**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>v.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

**MOTION OF ATTORNEYS' LIEN-HOLDER NOEL & GYORGY LLP TO RELEASE MONEY FROM THE REGISTRY OF THE COURT**

Noel & Gyorgy LLP ("N&G"), former legal counsel to defendant Style Accessories, Inc. ("Style"), and now a lien-holder in this matter, hereby moves for an order that the amount of $8,814.55 plus apportioned interest be paid from the Registry of the Court to Noel & Gyorgy LLP. Noel & Gyorgy LLP relies further on the Memorandum In Support filed contemporaneously herewith. Pursuant to Local Rule Cv 7(e), movant does not believe that oral argument will be necessary for the disposition of this Motion.

Dated: August 17, 2007

NOEL & GYORGY LLP

[signature]

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
401-272-7400 Tel.
401-621-5688 Fax

**CERTIFICATION**

I certify that on August 17, 2007, I served this document electronically *via* the Court's ECF filing system upon the following:

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

and *via* First Class Mail upon:

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

James O. Reavis, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

____________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>v.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

**MEMORANDUM IN SUPPORT OF**
**MOTION OF ATTORNEYS' LIEN-HOLDER NOEL & GYORGY LLP**
**TO RELEASE MONEY FROM THE REGISTRY OF THE COURT**

Noel & Gyorgy LLP ("N&G"), former legal counsel to defendant Style Accessories, Inc. ("Style"), and now a lien-holder in this matter, has moved for an order that the amount of $8,814.55 plus apportioned interest be paid from the Registry of the Court to N&G. N&G holds an attorneys' lien over funds recovered by Style in this matter, and Style does not object to this motion or the payment of funds to N&G in partial satisfaction of that lien.

## I. RELEVANT FACTS

On July 10, 2006, the Clerk of this Court taxed costs in this case against the plaintiff, Mag Jewelry Co., Inc. ("Mag"), in favor of Style, one of the prevailing defendants, in the amount of $8,814.55. A true and accurate copy of the *Bill of Costs* awarded to Style is attached to this motion as *Exhibit A*. The Clerk had separately taxed costs in favor of co-defendants Target Corporation and Cherokee, Inc. in the amount of $1,208.89.

On February 21, 2007, the Court entered an Order directing that the plaintiff, Mag Jewelry Co., Inc. ("Mag"), pay into the Registry of the Court the amount of $10,023.44, representing the total costs that had been awarded to all defendants as prevailing parties,

pending the outcome of the appeal taken by Mag to the United States Court of Appeals for the First Circuit (Appeal No. 06-1556). A true and accurate copy of the February 21 Order is attached to this motion as *Exhibit B*. Paragraph 3 of the February 21 Order states in relevant part:

> If Defendants prevail on the Rule 50 Appeal, the monies shall be withdrawn and turned over to the Defendants, based on the allocations set forth in their respective Bills of Costs previously awarded by the Court.

*February 21 Order*, ¶ 3.

On April 3, 2007, the Court issued an Order permitting the withdrawal of N&G as legal counsel for Style in this matter. A true and accurate copy of the Order permitting withdrawal is attached hereto as *Exhibit C*. On April 10, 2007, N&G filed and served a Notice of Attorneys' Lien under R.I.G.L. §§ 9-3-1 and 9-3-2. The lien is in the amount of $83,025.39 plus accrued and accruing interest. A true and accurate copy of the Notice of Attorneys' Lien is attached hereto as *Exhibit D*.

On August 8, 2007, the United States Court of Appeals for the First Circuit issued a decision upholding the Judgment of this Court in favor of the defendants under Rule 50. (*See 2007 U.S. App. LEXIS 18762*). The defendants have therefore now prevailed on the "Rule 50 Appeal" as cited in the February 21 Order. Accordingly, the Registry must now pay the defendants the amount held "based on the allocations set forth in [the] respective Bills of Costs." Defendant Style therefore would be entitled to receive $8,814.55 of the amount deposited.

N&G holds an Attorney's Lien over all amounts recovered by its former client, Style, in this action. N&G therefore respectfully requests that the Clerk be ordered to pay from the

Registry $8,814.55 to Noel & Gyorgy LLP in partial satisfaction of its lien. [1] Style itself does not object to the payment to N&G. Attached as *Exhibit E* is a true and accurate copy of a communication from Style's current counsel indicating that Style has no objection to the money being paid to and retained by N&G.[2]

The February 21 Order directs that the money be held in an interest-bearing account and, pursuant to Local Rule Cv 67 (c), that the Registry deduct ten percent (10%) of the interest earned as its fee.

## II. ARGUMENT

Pursuant to Local Rule Cv 67 (b), any party seeking to withdraw monies from the Registry must file and serve a motion together with a proposed order. A proposed order is attached as *Exhibit F*. N&G, as the holder of a valid attorneys' lien over Style, is entitled to receive the funds in question, and respectfully requests an order of the Court in the form attached.

## III. CONCLUSION

N&G respectfully requests an Order:

1. directing the Clerk to account for the interest earned on the amount deposited into the Registry of the Court and to retain ten-percent (10%) of the interest earned as its fee;

2. directing the Clerk to pay from the Registry to Noel & Gyorgy LLP the amount of $8,814.55, representing the amount awarded in Style's Bill of Costs; and

3. directing the Clerk to pay from the Registry to Noel & Gyorgy LLP a percentage of the interest remaining in the account after deduction of

---

[1] N&G's federal tax identification number is 65-1204337.

[2] N&G will certify this Motion to Style through its current legal counsel, Matthew T. Oliverio, Esq. The undersigned represents that Mr. Oliverio is Style's attorney in related litigation in the Superior Court of the State of Rhode Island. N&G will also certify this Motion to James O. Reavis, Esq., Style's registered agent for service of process.

the Clerk's fee, on a pro rata basis calculated as follows: 8,814.55/10,023.44 x 100 = 87.9 % (Style's approved costs divided by the total amount held multiplied by 100 to yield a percentage).

This calculation is reflected in the proposed order submitted as *Exhibit F*.

Dated: August 17, 2007

NOEL & GYORGY LLP

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
401-272-7400 Tel.
401-621-5688 Fax

**CERTIFICATION**

I certify that on August 17, 2007, I served this document electronically *via* the Court's ECF filing system upon the following:

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

and *via* First Class Mail upon:

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

James O. Reavis, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903

Matthew T. Oliverio, Esq.
Oliverio & Marcaccio LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

# Exhibit A

AO 133 (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

MAG JEWELRY CO., INC.

V.

CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.

## BILL OF COSTS

Case Number: 04-174 T

Judgment having been entered in the above entitled action on March 23, 2006 (Date) against Mag Jewelry Co., Inc.

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk | $ |
| Fees for service of summons and subpoena | 395.00 (Tab A) |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 4,675.44 (Tab B) |
| Fees and disbursements for printing | |
| Fees for witnesses (itemize on reverse side) | ~~479.39~~ 379.75 (Tab C) |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | ~~4,034.36~~ 3,364.36 (Tab D) |
| Docket fees under 28 U.S.C. 1923 | |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | |
| Other costs (please itemize) | |
| TOTAL | $ ~~9,579.19~~ $ 8,814.55 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Counsel of Record

Signature of Attorney: [signature]

Name of Attorney: Thomas R. Noel, Esquire (#4239)

For: Defendant, Style Accessories, Inc. (Name of Claiming Party) Date: April 6, 2006

Costs are taxed in the amount of $ 8,814.55 and included in the judgment.

David A. DiMarzio
Clerk of Court

By: [signature] Deputy Clerk

7/10/06 Date

**WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees)**

| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Robert Piro, 41 Esterbrook Rd., Acton, MA 01720 | 1 | $40.00 | | | 124 | $55.18 | $ 95.18 |
| Keeper of Recs., Potpourri, Inc., 222 Mill Rd., Chelmsford, MA 01824 | 1 | 40.00 | | | 134 | 59.64 | 99.64 |
| Elliot Salter, Esq., 321 South Main Street, Providence, RI 02903 | 1 | 40.00 | | | 1 | .45 | 40.45 |
| Nicholas Verrechia, 245 Larpener Rd., Scituate, RI | 1 | 40.00 | | | 40 | 17.90 | 57.90 |
| Joseph Avanzato, One Citizens Plaza, 8th Floor, Providence, RI 02903 | 1 | 40.00 | | | 2 | 1.00 | 41.00 |
| Keeper of Recs., Law Firm of Thomas Tarro, 300 Centerville Rd., Suite 330, Warwick, RI 02886 | 1 | 40.00 | | | 23 | 10.32 | 50.32 |
| Keeper of Recs., Mag Jewelry Co., Inc., 838 Dyer Ave., Cranston, RI 02920 | 1 | 40.00 | | | 16 | 6.88 | 46.88 |
| David P. Beaupre, 1163 Newman Ave., Seekonk, MA 02771 | 1 | 40.00 | | | 18 | 8.02 | 48.02 |
| | | | | | TOTAL | | $479.39 |

NOTICE

**Section 192 4, Title 28, U.S. C ode (effective Se ptember 1, 1948) prov ides:**
"Sec. 1924. Verification of bill of costs."
"Before anybill of costs istaxed, theparty claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself orby his duly authorized attorney oragent having knowledge of the facts,thatsuch item is correctand has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily perform ed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Fede ral Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br><br>Plaintiff<br><br>VS.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br><br>Defendants | : | C.A. NO.: 04-174T |

**ORDER**

The above-entitled matter came on for hearing before the Honorable Chief Judge Ernest C. Torres on February 15, 2007 on the Plaintiff's Motion to Stay Payment of Costs Pending Appeal and the Defendant's Motion for Pre-Judgment Attachment. After hearing thereon, it is hereby

**ORDERED, ADJUDGED AND DECREED**

1. The Plaintiff, Mag Jewelry Co., Inc. shall deposit into the Registry of the Court, the total sum of costs of $10,023.44 within one (1) week, or on or by February 22, 2007;

2. Said funds shall be deposited into a money market account (or other interest bearing account), at Bank of America, 111 Westminster Street, Providence, RI 02903 and shall remain there pending determination of the Plaintiff's appeal of the Judgment based on the grant of defendant's Rule 50

Motion in the United States Court of Appeals for the First Circuit (C.A. 06-1556) (the "Rule 50 Appeal").

3. If the Plaintiff prevails on the Rule 50 Appeal, the monies shall be withdrawn and returned to the Plaintiff, Mag Jewelry Co., Inc. If Defendants prevail on the Rule 50 Appeal, the monies shall be withdrawn and turned over to the Defendants, based on the allocations set forth in their respective Bills of Costs previously awarded by the Court.

4. The clerk shall deduct from the income earned on the funds deposited or invested a fee in the amount of 10% of the income earned, whenever such income becomes available for such deduction and without further order of the Court.

5. Nothing contained in this Order shall affect Plaintiff's obligation to pay to Defendants post-judgment interest on the costs awarded to Defendants pursuant to their respective Bills of Costs, to the extent Defendants prevail on the Rule 50 Appeal.

ENTER:

Ernest C. Torres

Chief Judge Ernest C. Torres

2/21/07

PER ORDER:

Deputy Clerk

**CERTIFICATION**

I hereby certify that I mailed, by regular mail, and faxed a copy of the above Order on the 19th day of February, 2007 to:

Craig M. Scott, Esq.
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas R. Noel, Esq.
Noel & Gyorgy, LLP
50 South Main Street
Providence, RI 02903

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff | : | |
| vs. | : | C.A. No. 04-174 T |
| CHEROKEE, INC.,<br>TARGET CORPORATION d/b/a<br>TARGET STORES and STYLE<br>ACCESSORIES, INC.<br>Defendants | : | |

**ORDER PERMITTING WITHDRAWAL AS LEGAL COUNSEL**
**FOR DEFENDANT STYLE ACCESSORIES, INC.**

Upon motion of counsel, Thomas R. Noel, Esq. and Noel & Gyorgy LLP, for permission to withdraw as legal counsel on behalf of defendant Style Accessories, Inc. in this matter, it is hereby Ordered that the *Motion to Withdraw* is allowed, effective immediately.

ENTER:

Ernest C. Torres,
Senior District Judge

Date: 4/3/07

ORDER:

Presented By:

Dated: March 26, 2007

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATION**

I hereby certify that on March 26, 2007, I served a copy of the foregoing via First Class Mail upon:

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200,
Providence, RI 02903

Mr. Chad R. Mollica, President
Style Accessories, Inc.
3 Acorn Street
Providence, RI 02903

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

**Exhibit D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC.<br>Plaintiff<br><br>vs.<br><br>CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC.<br>Defendants | : | C.A. No. 04-174 T |

## NOTICE OF ATTORNEYS' LIEN

Noel & Gyorgy LLP hereby gives notice of and asserts a lien in the amount of $83,025.39 plus interest against Style Accessories, Inc. ("Style") for unpaid legal fees. Between September, 2004 and April 3, 2007, Noel & Gyorgy LLP acted as legal counsel to Style in this action, in the appeal from the Judgment in this action taken by plaintiff Mag Jewelry Co., Inc. to the United States Court of Appeals for the First Circuit, and in the cross-appeal taken by Style concerning the District Court's denial of attorneys' fees to Style as prevailing party (Appeal Nos. 06-1556 and 06-2127). Noel & Gyorgy LLP also represented Style in a related matter, *Alan Gregerman Company v. Style Accessories, Inc.*, C.A. No. 06-332ML, D.R.I. (voluntarily dismissed).

Noel & Gyorgy LLP rendered legal services to Style pursuant to a contract under which it is currently owed $83,025.39 plus accrued and accruing interest.

You are hereby notified that the filing and service of this Notice perfects a lien in that amount under and subject to the terms of R.I.G.L. §§ 9-3-1 and 9-3-2, copies of which are attached to this Notice.

Dated: April 10, 2007

NOEL & GYORGY LLP

Thomas R. Noel, Esq. (#4239)
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903
401-272-7400 Tel.
401-621-5688 Fax

Subscribed and sworn to before me in Providence, Rhode Island, this 10th day of April, 2007.

Notary Public

Commission Expires 7/18/08

**CERTIFICATION**

I certify that on April 10, 2007, I served this document *via* First Class Mail to the following:

Thomas A. Tarro III, Esq.
Kris Macaruso Marotti, Esq.
The Summit East, Suite 330
Centerville Road
Warwick, RI 02886

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Robert Clarida, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas, 35th Floor
New York, NY 10036

Ms. Claire Parvin, Finance Officer
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

and *via* Certified Mail, Return Receipt Requested upon:

Mr. Chad R. Mollica, President
Style Accessories, Inc.
3 Acorn Street
Providence, RI 02903

James O. Reavis, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903

1 of 6 DOCUMENTS

General Laws of Rhode Island

Copyright; 1953-2006 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2006 Session ***
*** Annotations current through November 14, 2006 ***

TITLE 9. COURTS AND CIVIL PROCEDURE--PROCEDURE GENERALLY
CHAPTER 3. LIENS AGAINST CAUSES OF ACTION

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*R.I. Gen. Laws § 9-3-1* (2007)

§ 9-3-1. Attorney's lien -- Creation

Whenever the relationship of attorney and client has been entered into by an implied or express contract for service, wherein the attorney does not agree to be responsible for costs of suit, the attorney shall have a lien to the value of his or her contractual interests in the cause of action, claim, demand, counterclaim, or other matter concerning which the contract is entered into.

**HISTORY:** P.L. 1917, ch. 1515, § 1; G.L. 1923, ch. 301, § 32; P.L. 1931, ch. 1761, § 1; G.L. 1938, ch. 450, § 1; G.L. 1956, § 9-3-1.

*R.I. Gen. Laws § 9-3-2* (2007)

§ 9-3-2. Operation of attorney's lien

From the time notice is given by an attorney of the relationship of attorney and client to the person or party against whom a claim, demand, or counterclaim is made, or a cause of action or other matter is pending, the attorney's implied or express agreement shall begin to operate as a lien, and no settlement either before or after judgment shall invalidate it, but it may be enforced like any other lien against the money or thing of value which is the consideration for the settlement, or the parties, if they have made a settlement, may be proceeded against jointly or severally in an action on the case at law and shall be jointly or severally liable to the attorney for the full value of his or her lien in accordance with his or her implied or express agreement.

**HISTORY:** P.L. 1917, ch. 1515, § 1; G.L. 1923, ch. 301, § 32; P.L. 1931, ch. 1761, § 1; G.L. 1938, ch. 450, § 1; G.L. 1956, § 9-3-2.

# Exhibit E

**From:** Matthew T. Oliverio [mailto:mto@om-rilaw.com]
**Sent:** Tuesday, August 14, 2007 4:02 PM
**To:** Craig Scott
**Cc:** 'chad mollica'
**Subject:** Joint Motion in Style

Craig, Chad is fine with filing a joint motion to retrieve the costs on deposit in the registry, with the understanding that the majority of those costs be paid to Noel & Gyorgy to reduce Styles' indebtedness to that firm, and the remaining amount to be paid to Target directly to reduce Styles' indebtedness to Target. Styles' Tax ID is [redacted] Please let me know the breakdown from that $10,000. Thanks.

Matt

*Matthew T. Oliverio, Esquire*
*OLIVERIO & MARCACCIO LLP*
*55 Dorrance Street, Suite 400*
*Providence, RI 02903*
*Phone: (401) 861-2900*
*Facsimile: (401) 861-2922*
*Visit us at our website: www.om-rilaw.com*

Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MAG JEWELRY CO., INC. | : | |
| Plaintiff | : | |
| v. | : | C.A. NO.: 04-174T |
| CHEROKEE, INC., ROBERT MARGOLIS AND TARGET CORPORATION d/b/a TARGET STORES and STYLE ACCESSORIES, INC. | : | |
| Defendants | : | |

**ORDER**

The above-entitled matter came on for consideration by the Honorable Senior Judge Ernest C. Torres on the Motion of Lien-Holder Noel & Gyorgy LLP to Release Money from the Registry of the Court, and the Motion of Cherokee, Inc. and Target Corporation to Release Money for the Registry of the Court. After consideration thereof, it is hereby

**ORDERED, ADJUDGED AND DECREED**

The Clerk, having received the Federal Tax Identification Numbers for both payees, Noel & Gyorgy LLP and Duffy Sweeney & Scott, Ltd., shall forthwith take the following actions:

1. Calculate and account for all interest earned on the amount held in the Registry of the Court in this matter since on or about February 28, 2007;

2. Deduct and retain ten-percent (10%) of the interest accrued as its own fee, in accordance with Local Rule Cv 67(c);

3. Of the remaining interest amount held ("Remaining Interest"), calculate shares thereof in accordance with the respective Bills of Costs entered in the matter, namely:

8,814.55/10,023.44 x 100 = 87.9% for Style Accessories' Bill of Costs

1,208.89/10,023.44 x 100 = 12.1% for Target Corporation's/Cherokee, Inc.'s Bill of Costs

4. Issue payment in the amount of $8,814.55 plus 87.9% of the Remaining Interest to:

Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903

such payment to Noel & Gyorgy LLP to be in accordance with the Bill of Costs of defendant Style Accessories, Inc. entered on or about July 11, 2006 and the Attorney's Lien of Noel & Gyorgy LLP filed on or about April 10, 2007; and;

5. Issue payment in the amount of $1,208.89 plus 12.1% of the Remaining Interest to:

Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

such payment to Duffy Sweeney & Scott, Ltd. to be in accordance with the Bill of Costs of defendants Cherokee, Inc. and Target Corporation entered on or about June 22, 2006.

ENTER: PER ORDER:

____________________________ ____________________________

Senior Judge Ernest C. Torres Deputy Clerk